1  Thomas J. Nolan (SBN 066992)
   Robert Herrington (SBN 234417)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 S. Grand Avenue, Suite 3400
3  Los Angeles, California 90071
   Telephone:  213.687.5000
4  Facsimile:  213.687.5600
   tnolan@skadden.com
5  rherring@skadden.com

6       *and*

7  James F. Jorden (*Pro Hac Vice*)
   Stephen J. Jorden (*Pro Hac Vice*)
8  JORDEN BURT LLP
   1025 Thomas Jefferson Street, NW
9  Suite 400 East
   Washington, DC 20007-5208
10 Telephone 202.965.8100
   Facsimile 202.965.8104
11 jfj@jordenusa.com
   sj@jordenusa.com
12 *Attorneys for Defendant*
   *Allianz Life Insurance Company of North America*
13
                    **UNITED STATES DISTRICT COURT**
14                   **CENTRAL DISTRICT OF CALIFORNIA**
                          **WESTERN DIVISION**
15

16 VIDA F. NEGRETE, as Conservator      )   Case No.:  CV 05-6838 (CAS) (MANx)
   for EVERETT E. OW, an individual,    )   Class Action
17 and on Behalf of All Other Similarly )
   Situated Persons,                    )
18                                       )   **DEFENDANT ALLIANZ LIFE**
                    Plaintiff,           )   **INSURANCE COMPANY OF**
19                                       )   **NORTH AMERICA'S**
        v.                               )   **NOTICE AND SECOND MOTION**
20 ALLIANZ LIFE INSURANCE               )   **FOR PARTIAL SUMMARY**
   COMPANY OF NORTH                      )   **JUDGMENT AND MEMORANDUM**
21 AMERICA,   a Minnesota               )   **OF POINTS AND AUTHORITIES IN**
   corporation,                          )   **SUPPORT OF ITS SECOND**
22                  Defendant.           )   **MOTION FOR PARTIAL**
   _____  )   **SUMMARY JUDGMENT**
23 CAROLYN Y. HEALEY, on Behalf         )
   of Herself and All Others Similarly  )
24 Situated,                            )
                                         )   Hearing Date:  April 12, 2010
25                  Plaintiff,           )   Time:   10:00 a.m.
                                         )   Room:  5, 2nd Floor
26      v.                               )   Hon. Christina A. Snyder
   ALLIANZ LIFE INSURANCE               )
27 COMPANY OF NORTH                     )   Case No.:  CV 05-8908 (CAS) (MANx)
   AMERICA,   a Minnesota               )
28 corporation,                         )   Class Action
                    Defendant.           )

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Notice is hereby given that on April 12, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Allianz Life Insurance Company of North America ("Allianz"), by its attorneys, will and hereby does move this Court for partial summary judgment, because there is no genuine issue as to any material fact and Allianz is entitled to judgment as a matter of law on the claims of certain class members in this case based on the operation of claim and issue preclusion.

In support thereof, Allianz states as follows:

1. The claims of certain class members in this action are barred as a result of the final judgment entered in Allianz's favor on January 29, 2010 in *Mooney v. Allianz Life Insurance Company of North America*, No. 06-CV-00545 ADM/FLN (D. Minn. filed Feb. 9, 2006) ("*Mooney*"). The *Mooney* plaintiffs, representing a class significantly overlapping the class in this case, sought damages and other equitable relief arising out of the sale of hundreds of thousands of annuity transactions. Those transactions included many of the same transactions at issue in this class action.

2. The final judgment in *Mooney* was that "Plaintiffs recover nothing, the action be dismissed on the merits, and the Defendant recover costs from the Plaintiffs." The judgment was based on the jury's verdict that neither the class representatives nor any other member of the class suffered any injury as a proximate result of any conduct by Allianz.

3. Allianz is entitled to summary judgment in this case on all claims involving annuity sales subject to the *Mooney* judgment ("the Common Annuity Claims") because all four elements of claim preclusion are met.

   a. First, the claims are the same, as they involve the same class members, seeking relief related to the same annuity transactions based

on allegations of fraud relating to the same Allianz prepared written sales material.

b.    Second, the parties are the same.   Claim preclusion is being asserted against the same individual class members.   A judgment in a class action binds class members in subsequent litigation.

c.    Third, the judgment entered by the *Mooney* court on January 29, 2010 was a final judgment on the merits.   The time for appeal has passed, and no appeal was taken.

d.    Fourth, the *Mooney* plaintiffs had a full and fair opportunity to litigate their claims, concluding with a three-week trial resulting in the final judgment in Allianz's favor.

4.    The grounds of Allianz's Second Motion are discussed in greater detail in the accompanying Memorandum of Points and Authorities.

5.    This Second Motion is based on this Notice of Second Motion and Second Motion; the Memorandum of Points and Authorities; the Statement of Uncontroverted Facts and Conclusions of Law; the Request for Judicial Notice; the Declaration of Stephen J. Jorden and accompanying exhibits; the Declaration of Steven D. Mueller and accompanying exhibits; the Declaration of Roland C. Goss and upon such other matters as may be presented to the Court at the time of the hearing.

WHEREFORE, for these reasons, Allianz respectfully requests that the Court grant Defendant's Second Motion for Partial Summary Judgment and enter an order dismissing the claims of all *Negrete* class members who were also subject to the judgment entered in *Mooney*.

DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

**<u>Certification of Compliance with Local Rule 7-3</u>**

This motion is made following the conference of counsel pursuant to L.R. 7-3, which occurred over several discussions among multiple counsel for plaintiffs and defendant in January 2010.  Counsel for the parties agreed to a schedule for the filing of this motion as reflected in a Joint Stipulation to Continue Hearing Date filed by Plaintiffs on January 26, 2010, which filing date was extended to March 12, 2010 pursuant to this Court's Order of March 3, 2010 [Docket # 544].


DATED:  March 12, 2010   By:  /s/ Stephen J. Jorden
            Thomas J. Nolan (SBN 066992)
            Robert Herrington (SBN234417)
            SKADDEN, ARPS, SLATE, MEAGHER &
            FLOM LLP
            300 S. Grand Avenue, Suite 3400
            Los Angeles, California 90071
            Telephone:  213.687.5000
            Facsimile:  213.687.5600
            tnolan@skadden.com
            rherring@skadden.com

            *and*

            James F. Jorden (*Pro Hac Vice*)
            Stephen J. Jorden (*Pro Hac Vice*)
            JORDEN BURT LLP
            1025 Thomas Jefferson Street, NW
            Suite 400 East
            Washington, DC 20007-5208
            Telephone 202.965.8100
            Facsimile 202.965.8104
            jfj@jordenusa.com
            sj@jordenusa.com

            *Attorneys for Defendant Allianz Life*
            *Insurance Company of North America*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................2

    A.      The Overlapping Class Members And Annuity Transactions In *Mooney* And *Negrete* ...................................2

    B.      The *Negrete* And *Mooney* Class Claims ............................3

    C.      Policyholders In *Negrete* And *Mooney* Were Provided With Notice And An Opportunity To Opt-Out. ...................................6

    D.      The Trial And Final Judgment In *Mooney*. ...........................7

    E.      Carolyn Healey's Deferred Annuity Purchase. ......................9

III.    SUMMARY JUDGMENT STANDARD ........................................9

IV.     ARGUMENT ...............................................................9

    A.      Minnesota's Law Of Claim Preclusion Governs. ....................9

    B.      The Claims Of *Mooney* Class Members Are Barred ..........................10

        1.      *Mooney* involved the same claims. ...........................11

        2.      The class members against whom the *res judicata* defense is being asserted are the "same parties" subject to the *Mooney* judgment. ...........................13

        3.      The *Mooney* judgment is final.. ...............................14

        4.      The *Mooney* Class Members had a full and fair opportunity to litigate their claims. ...........................15

CONCLUSION ...............................................................16

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                <u>Page(s)</u>

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231,
    138 L. Ed. 2d 689 (1997) ...................................................................13

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S. Ct. 2505,
    91 L. Ed. 2d 202 (1986) ....................................................................9

*Anderson v. Werner Continental, Inc.*, 363 N.W.2d 332
    (Minn. Ct. App. 1985) ...............................................................11-12

*Brown v. Felsen*, 442 U.S. 127, 99 S. Ct. 2205,
    60 L. Ed. 2d 767 (1979) ...................................................................11

*Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209
    (Minn. 2007)....................................................................................14

*Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548,
    91 L. Ed. 2d 265 (1986) ....................................................................9

*Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867,
    104 S. Ct. 2794, 81 L.Ed.2d 718 (1984)..........................................14

*Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*,
    482 N.W.2d 771 (Minn. 1992)........................................................10

*Hanson v. Friends of Minnesota Sinfonia*, No. A05-1783,
    2006 WL 1738243 (Minn. Ct. App. June 27, 2006) ...........11, 12, 13

*Hauschildt v. Beckingham*, 686 N.W.2d 829 (Minn. 2004) .........11, 12, 13

*Hauser v. Mealey*, 263 N.W.2d 803 (Minn. 1978) ................................11

*Healey v. Allianz Life Ins. Co. of N. Am.*,
    No. CV 05-8908 (CAS) (MANx)......................................................2

*Mattsen v. Packman*, 358 N.W.2d 48 (Minn. 1984) ..............................10

*Mooney v. Allianz Life Ins. Co. of N. Am.*,
    No. 06-CV-00545 ADM/FLN (D. Minn. filed Feb. 9, 2006) ...................*passim*

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    No. CV 05-6838 (CAS) (MANx)............................................*passim*

*Nelson v. Short-Elliot-Hendrickson*, 716 N.W.2d 394
    (Minn. Ct. App. 2006) ...........................................................10, 11

*Nitz v. Nitz*, 456 N.W.2d 450 (Minn. Ct. App. 1990)................................12

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Schaaf v. Residential Funding Corp.*, 517 F.3d 544 (8th Cir. 2008)..........................4

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497,
    121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)..........................................10

*Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975)....................13

*State v. Joseph*, 636 N.W.2d 322 (Minn. 2001)..................................11, 15

*Surf & Sand, Inc. v. Gardebring*, 457 N.W.2d 782
    (Minn. Ct. App. 1990) ...........................................................11

*Taco Bell v. TBWA Chiat/Day Inc.*, 552 F.3d 1137 (9th Cir. 2009) ........................10

*Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161,
    171 L. Ed. 2d 155 (2008) ...................................................... 9-10

**FEDERAL RULES**

18 U.S.C. § 1341...............................................................4

18 U.S.C. § 1343...............................................................4

18 U.S.C. § 1961, *et seq.*......................................................4

18 U.S.C. § 1964, *et seq.*......................................................4

Fed. R. Civ. P. 56(c) ...........................................................9

Fed. R. Civ. P. 56(e) ...........................................................9

**STATE STATUTES**

Minn. Stat. § 8.31, *et seq.*...................................................4

Minn. Stat. § 325F.68, *et seq.*.............................................*passim*

Minn. Stat. § 325F.69, *et seq.*................................................4

**OTHER REFERENCES**

RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 95 (1971) ...................................10

1    Defendant Allianz Life Insurance Company of North America ("Allianz")
2  submits this Memorandum in support of its Second Motion for Partial Summary
3  Judgment on the claims of certain class members because of the operation of claim
4  preclusion.

5  **I.    INTRODUCTION**

6    This motion springs from the final judgment entered in Allianz's favor on
7  January 29, 2010 in *Mooney v. Allianz Life Insurance Company of North America*,
8  No. 06-CV-00545 ADM/FLN (D. Minn. filed Feb. 9, 2006) ("*Mooney*"), a case
9  involving class members and annuity sales that substantially overlap those involved
10  in this case.  In *Mooney*, the plaintiffs, on behalf of a nationwide class of Allianz
11  policyholders, sought damages and equitable relief against Allianz for allegedly
12  using misleading sales materials to induce policyholders into buying their annuities.
13  The final judgment in *Mooney* provides that "Plaintiffs recover nothing, the action be
14  dismissed on the merits, and the Defendant recover costs from the Plaintiffs."  FACT
15  30.   This judgment is based on a jury verdict concluding that neither the class
16  representatives nor any other member of the class suffered an injury proximately
17  caused by Allianz.

18    The judgment in *Mooney* has claim preclusion ramifications in this case.
19  Many of the class members in this case were also members of the *Mooney* class—
20  people who already have litigated their claims and lost.   Based on the *Mooney*
21  judgment, summary judgment should be entered in this case for Allianz on any and
22  all claims seeking damages or other relief involving the same *Mooney* class members
23  and the same annuity transactions (the "Common Annuity Claims").   The Common
24  Annuity Claims involve the same policyholders challenging the same annuity
25  transactions, based on alleged misstatements or omissions in the same Allianz sales
26  material.   Claim preclusion bars class members in this case from seeking or
27
28
                                            1

1   obtaining relief in this Court as to the same claims already litigated to final judgment

2   in *Mooney*.

3         Plaintiffs cannot avoid summary judgment by pointing to different tactical

4   choices that were or might have been made by counsel in pursuing the same

5   claims—such as the selection of statutes under which relief would be sought.  Claim

6   preclusion does not require that the claims be identical; the doctrine bars the re-

7   litigation of any claim that was or might have been litigated in *Mooney*.  Regardless,

8   both cases involved the same *legal claims*—that the same written materials prepared

9   by Allianz misled policyholders into purchasing their annuities.  The *Negrete*

10   plaintiffs cannot seriously contest this conclusion, having argued that the *Negrete*

11   and *Mooney* actions "are substantially identical, are being pursued against Allianz,

12   advance comparable legal claims against Allianz, and are being litigated on behalf of

13   overlapping nationwide . . . classes."  FACT 21.

14   **II.**    **FACTUAL AND PROCEDURAL BACKGROUND**

15       **A.**    **The Overlapping Class Members And Annuity Transactions In**

16              ***Mooney* And *Negrete***

17         The nationwide classes certified in *Mooney* and *Negrete* substantially

18   overlapped one another in class membership and annuity transactions.[1]  In *Negrete*,

19   this Court certified a class of all persons who between September 19, 2001 and

20

21   [1] The Court ordered coordination of *Negrete v. Allianz Life Insurance Company of*

22   *North America*¸ No. CV 05-6838 (CAS) (MANx), and *Healey v. Allianz Life*

    *Insurance Company of North America*¸ No. CV 05-8908 (CAS) (MANx) as related

23   cases.  The *Healey* Complaint made similar allegations and Mrs. Healey also sought

24   to represent all Allianz deferred annuity purchasers 65 or older.  FACT 2; *Negrete v.*

    *Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 485 (C.D. Cal. 2006)

25   (acknowledging that the *Negrete* and *Healey* complaints "allege similar claims for

26   relief.").  The Court's November 21, 2006 certification order applied to both cases.

    *Negrete*, 238 F.R.D. at 484-85, 496-97.  Allianz refers to the cases collectively as

27   *Negrete*.

28

1   November 21, 2006 "while 65 years of age or older, purchased one or more Allianz []
2   deferred Annuities," excluding only "cash bonus annuities," which were the subject
3   of a suit pending in state court at that time.  FACT 3.  The certified class in *Negrete*
4   thus covered nearly every *type* of fixed deferred annuity sold by Allianz.  FACT 3.

5           On May 10, 2008, the U.S. District Court for the District of Minnesota in
6   *Mooney* certified a nationwide class of all individuals, who from February 9, 2000 to
7   May 10, 2007, purchased any of seven Allianz "two-tiered" deferred annuities.
8   FACT 5.  Only annuity sales made to California residents 65 or older were excluded.
9   FACT 5.  Given that the claims certified in *Mooney* covered seven types of deferred
10  annuity contracts at issue in *Negrete,* that the *Mooney* class period subsumes the
11  entire *Negrete* class period, and that the *Mooney* class includes purchasers 65 or
12  older, many of the annuity sales that are the subject of the claims certified in *Negrete*
13  were also the subject of the claims encompassed in the final judgment in *Mooney*.
14  FACTS 1-5.[2]

15      **B.    The *Negrete* And *Mooney* Class Claims**

16          The complaints in both cases articulate claims on behalf of class members
17  sounding in fraud.  In the *Negrete* Complaint, Mr. Ow alleges that Allianz engaged
18  in fraudulent and deceptive practices in connection with the sale and marketing of its
19  deferred annuities, claiming that Allianz made misrepresentations and omissions in
20  sales and marketing material.  FACTS 10-11.  Likewise, the *Mooney* amended
21  complaint rests on allegations that Allianz engaged in fraudulent and deceptive
22  practices in connection with the sale and marketing of Allianz's deferred annuities
23  through misrepresentations and omissions in allegedly uniform marketing materials.
24  FACT 12.

25

26  _____
27  [2] If this Court grants this motion, Allianz can provide a list of the policyholders and transactions in this case subject to the *Mooney* judgment.

28                                          3

Plaintiffs in *Negrete* are pursuing claims on behalf of a class for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). FACT 8. The *Negrete* plaintiffs premise the claimed RICO violations on "racketeering activity" involving the "predicate acts" of mail and wire fraud, under 18 U.S.C. § 1341, 1343, which prohibit the use of the mails or wires in furtherance of a scheme to defraud. *See* Declaration of Stephen J. Jorden in Support of Allianz's Second Motion for Partial Summary Judgment ("S. Jorden Decl."), Ex. 1 (*Negrete* Compl.) ¶¶ 56-63. Plaintiffs seek damages under 18 U.S.C. § 1964(c), claiming that they were injured "by reason of" the alleged fraud. *Id.* at ¶¶ 72-74.

Plaintiffs in *Mooney* chose to pursue claims on behalf of class members for damages and equitable relief under the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-325F.70 ("MPCFA"), using the Minnesota Private Attorney General Act, Minn. Stat. § 8.31, sub. 3a. FACT 9; S. Jorden Decl., Ex. 6 (*Mooney v. Allianz Life Ins. Co. of N. Am.*, 2009 WL 511572, at *4 (D. Minn. Feb. 26, 2009) (granting summary judgment for Allianz on plaintiffs' unjust enrichment claim)). The MPCFA prohibits the use of any "fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice . . . in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby." Minn. Stat. § 325F.69, subd. 1. The Minnesota Private Attorney General Act provides for a private right of action for "any person injured by a violation of" the MPCFA. Minn. Stat. § 8.31, subds. 1, 3a. To obtain recovery under section 8.31 for a MPCFA violation, a plaintiff must demonstrate that a false or misleading statement proximately caused harm to the plaintiff. S. Jorden Decl., Ex. 25 (January 29, 2010 *Mooney* Memorandum and Opinion) at 4 (finding that "the MPCFA 'provides a remedy only to those actually 'injured by' the wrongdoer's misconduct'") (citing *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 551 (8th Cir. 2008)).

Although class counsel in *Negrete* and *Mooney* chose to rely on different statutes and pursue some different allegations, the fundamental premise of the claims asserted on behalf of the class members was the same: that alleged misrepresentations or omissions in uniform written material caused the policyholders to enter into their annuity transactions.  FACTS 10-20.  As the *Negrete* plaintiffs have stated, both actions ***"are predicated on alleged written misstatements made by Allianz in the marketing and sale of its deferred annuities."***  FACT 21 (emphasis in original).

Moreover, the alleged fraud underlying each Common Annuity Claim is predicated on the same sales documents.  In *Negrete*, the plaintiffs allege a scheme to defraud based on Allianz's alleged use of "standardized uniformly misleading documents," including "'consumer brochures' and 'Statements of Understanding' ("SOU") that Allianz prepared and required its sales force to distribute to all prospective purchasers."  FACT 13; *see also* FACT 14.  Similarly, the *Mooney* plaintiffs alleged in their amended complaint that Allianz used standardized marketing materials to market and sell deferred annuities, FACT 15, and in seeking certification, that Allianz's deceptive and unfair practice under the MPCFA was the use of "uniform pre-sale *Consumer Brochure(s)* and *Statement of Understanding(s)* to sell the annuity products at issue."  FACT 16 (emphasis in original).

This Court and the *Mooney* court likewise premised certification on the alleged existence of misrepresentations or omissions in the same sales materials—the brochures and SOUs allegedly relied on by each class member.  This Court stated when certifying the *Negrete* class:

> [h]ere, plaintiffs have submitted evidence that Allianz's FMOs and independent agents ***used standardized written marketing materials*** supplied by Allianz in selling the Allianz deferred annuities at issue in these cases.  In particular, plaintiffs have offered evidence that Allianz prepared standardized consumer brochures and SOUs for each annuity product. . . .  ***This evidence of standardized written presentations,***

*coupled with plaintiffs' allegations that class members purchased annuity products far less valuable than other comparable products or the prices paid for them, adequately establishes proximate causation under* Poulos *at the certification stage.*

FACT 17 (emphasis supplied).  Likewise, in granting certification, the *Mooney* court framed plaintiffs' class claims as premised on allegedly misleading brochures and SOU's, stating that "Mooney and Thorpe's claims rely heavily on alleged misrepresentations in the MasterDex 10 Consumer Brochure[.]"  FACT 18.[3]

Moreover, the *Negrete* plaintiffs have argued that the two cases involve the same legal claims, stating "[i]t is beyond dispute that [the *Negrete* and *Mooney*] cases challenge the same underlying conduct—the alleged deceptive marketing and sales practices employed by Allianz in connection with its deferred annuities.  Indeed, [both cases are] predicated on systematic misstatements in the standardized sales materials Allianz presented to each and every purchaser."  FACT 21.

## C. Policyholders In *Negrete* And *Mooney* Were Provided With Notice And An Opportunity To Opt-Out

On February 20, 2007, this Court approved a notice of class action ("*Negrete* Class Notice"), which was mailed to class members by the class administrator, Gilardi & Co., in March 2007.  S. Jorden Decl., Ex. 12 (*Negrete* Class Notice Order) and Ex. 13 (Nov. 27, 2007 letter from M. Sherwood of Gilardi & Co. to S. Jorden including *Negrete* class member mailing list identifying all individuals to whom class notice was mailed in March 2007).   In December 2008, after the class

---

[3] The Court also noted that "Plaintiffs assert that the Statement of Understanding shows that the same standard written materials are provided to every purchaser[,]" and certified a class based on class counsel's representations that "every policyholder receives the same standardized written materials," finding that "class-wide proof is appropriate for determining whether Allianz's marketing materials violated the MPCFA."  FACT 19; S. Jorden Decl., Ex. 9 (*Mooney v. Allianz Life Ins. Co. of N. Am.*, 2007 WL 128841, at **3, 8 (D. Minn. Jan. 12, 2007).

certification order was entered in *Mooney*, the class notice administrator, Analytics, Incorporated, mailed the court-approved notice of class action ("*Mooney* Class Notice") to the *Mooney* Class Members.  FACT 22.  Individuals that received both notices were informed that they had a right to opt-out of the class, and that if they failed to do so, a final judgment in either action would bar such class members from suing (or continuing to sue) Allianz in any other action involving the same annuities. FACT 23; S. Jorden Decl., Ex. 14 (*Negrete* Class Notice).  The *Mooney* Class Notice informed putative class members that if they did not opt out of the *Mooney* class they would be bound by a final judgment:

> Keep in mind if you do nothing now, regardless of whether Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Allianz or maintain any other legal action against Allianz – as part of any other lawsuit or legal proceeding – about the same legal claims that are the subject of this lawsuit.  This means that if you do nothing, you may only be able to sue Allianz for purchases of its annuities that occurred *before* February 9, 2000 or occurred *after* May 10, 2007 only. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

FACT 23 (emphasis in original).

### D.  The Trial and Final Judgment In *Mooney*

Last fall, the U.S. District Court for the District of Minnesota presided over a jury trial in *Mooney* on the claim that Allianz violated the MPCFA, Minn. Stat. §§ 325F.68-325F.70.  FACTS 9, 26-27; Declaration of Roland C. Goss in Support of Allianz's Second Motion for Partial Summary Judgment (R. Goss Decl.") ¶ 5; S. Jorden Decl. Ex. 6 (*Mooney v. Allianz Life Ins. Co. of N. Am.*, 2009 WL 511572, at *4 (D. Minn. Feb. 26, 2009) (granting summary judgment for Allianz on plaintiffs' unjust enrichment claim).  The trial began on September 22, 2009.  FACT 26.  The jury heard testimony from 36 witnesses, including the two representative plaintiffs, Linda L. Mooney and Lieselotte W. Thorpe, and fourteen other policyholders.  S. Jorden Decl., Ex. 18; R. Goss Decl. ¶ 7.  Much of the plaintiffs' and classmembers'

7

testimony concerned the policyholder's review and understanding of the brochures and SOUs.  R. Goss Decl. ¶ 9.  The *Mooney* Court admitted into evidence 105 brochures and 114 SOUs, and during the opening statements and closing arguments both parties devoted significant time to addressing them.  R. Goss Decl. ¶¶ 8-9.[4] Closing arguments and jury instructions were completed on Friday, October 9, 2010; and at approximately 1:10 pm on the following Monday, October 12, 2009, the jury returned a verdict for Allianz.  *Id.* ¶ 6; FACT 27.  The jury found that neither plaintiffs, nor any member of the class, was "harmed as a direct result of" Allianz's conduct.  FACT 28.  Having determined that no class member suffered any injury attributable to Allianz, the jury's "verdict [was] complete."  S. Jorden Decl., Ex. 24 (*Mooney* Verdict Form).

Following post-trial motions, the *Mooney* court denied plaintiffs' request for injunctive and equitable relief and attorney's fees (FACT 29) and entered an amended final judgment for Allianz on the merits as to the following persons who did not opt out of the class:

> [a]ll individuals who from February 9, 2000 to May 7, 2007 purchased one of the following two-tiered annuities from Allianz Life Insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10. The Class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.

FACT 31.  The *Mooney* Court rejected plaintiffs' argument that the Jury's verdict pertained only to damages, stating that "[t]he jury's verdict was not merely a finding

---

[4] The *Mooney* plaintiffs were permitted to substantially expand the case as tried to the jury beyond allegations specifically addressed in their complaint.  For example, the *Mooney* plaintiffs were permitted to litigate, *inter alia*, a number of other allegations that the *Negrete* plaintiffs have indicated an intention to rely on, such as attacks on the manner in which Allianz establishes nonguaranteed benefits above the promises in the policies.  S. Jorden Decl. ¶¶ 32-37.

1   of *no damages*; rather the jury expressly found that Plaintiffs were *not harmed* as a

2   direct result of Allianz's conduct."  S. Jorden Decl., Ex. 25 at 4-5 n.3 (*Mooney*

3   Court's Jan. 29, 2010 Memorandum and Opinion) (emphasis in original).

4          **E.     Carolyn Healey's Deferred Annuity Purchase**

5          On February 4, 2002, Mrs. Healey purchased an Allianz Bonus Maxxx annuity

6   in Florida.  FACT 6.  She concedes that this is her only annuity at issue in this case.

7   *See* S. Jorden Decl., Ex. 4 at 9 n.4 (plaintiffs conceding that Mrs. Healey's Bonus

8   Maxxx annuity is her only annuity at issue in *Negrete*).  Mrs. Healey's sole annuity

9   purchase at issue in this case falls within the policies subject to the *Mooney*

10  Judgment.  FACT 31.

11  **III.    SUMMARY JUDGMENT STANDARD**

12         Summary judgment is proper when the pleadings, discovery and affidavits

13  "show that there is no genuine issue as to any material fact and that the movant is

14  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is only

15  material when it affects the outcome of the case.  *Anderson v. Liberty Lobby Inc.*,

16  477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A dispute over a

17  material fact is "genuine" when "the evidence is such that a reasonable jury could

18  return a verdict for the non-moving party."  *Id.*  While the initial burden is on the

19  movant to demonstrate the absence of any genuine issues, having made that initial

20  showing, the burden shifts to the party opposing summary judgment to "designate

21  'specific facts showing that there is a genuine issue for trial.'"  *Celotex v. Catrett*,

22  477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (citing Fed. R.

23  Civ. P. 56(e)).

24  **IV.    ARGUMENT**

25         **A.     Minnesota's Law Of Claim Preclusion Governs**

26         "The preclusive effect of a federal-court judgment is determined by federal

27  common law."  *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 2171, 171 L. Ed.

28

9

2d 155 (2008). For judgments in diversity cases, federal common law "incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 1271 n.4; *see also Taco Bell v. TBWA Chiat/Day Inc.*, 552 F.3d 1137, 1144 (9th Cir. 2009) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)). "What issues are determined by a valid judgment is determined, subject to constitutional limitations, by the local law of the State where the judgment was rendered." RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 95 (1971); *id.* cmt. g ("The local law of the State where the judgment was rendered will be consulted to determine whether the parties should be precluded in a subsequent action upon a different cause of action from relitigating issues that were essential to the judgment and were actually litigated and determined by the judgment.").

Because the rendering court, the United District Court for the District of Minnesota, sits in Minnesota and the *Mooney* court's jurisdiction was based on diversity, S. Jorden Decl., Ex. 3 ¶ 4, Minnesota law governs the preclusive effect of the *Mooney* judgment.

### B. The Claims Of *Mooney* Class Members Are Barred

The doctrine of *res judicata* prevents parties from re-litigating causes of action already determined in a prior action. *Nelson v. Short-Elliot-Hendrickson*, 716 N.W.2d 394, 398 (Minn. Ct. App. 2006). "Res judicata is essentially a finality doctrine which dictates that there be an end to litigation." *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*, 482 N.W.2d 771, 773-74 (Minn. 1992). Simply put, "[a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein." *Id.* (quoting *Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn. 1984)).

"A subsequent claim is barred under the doctrine of res judicata when:  (1) the earlier claim involved the same claim for relief; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter."  *Nelson,* 716 N.W.2d at 398 (citing *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001)).  With respect to the Common Annuity Claims, each of the four prongs is satisfied.

### 1.    *Mooney* **involved the same claims**

"Res judicata involves circumstances that give rise to a claim and precludes a second claim for the same cause of action 'not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.'"  *Nelson*, 716 N.W.2d at 398 (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).  "This prong of the res-judicata test derives from the principle that a 'plaintiff may not split his cause of action and bring successive suits involving the same set of factual circumstances.'"  *Hanson v. Friends of Minnesota Sinfonia*, No. A05-1783, 2006 WL 1738243, at *2 (Minn. Ct. App. June 27, 2006) (quoting *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn. 1978)).  "Once there has been an adjudication of a dispute between parties, res judicata prevents either party from relitigating claims arising from the original circumstances, ***even under new legal theories.***"  *Hauschildt*, 686 N.W.2d at 837 (emphasis supplied).  In other words, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Surf & Sand, Inc. v. Gardebring*, 457 N.W.2d 782, 786 (Minn. Ct. App. 1990) (quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979)).  As long as the same set of facts give rise to both claims, *res judicata* applies even if plaintiffs choose to "emphasize or include certain of those facts, and omit others, in asserting different bases for recovery."  *Hanson*, 2006 WL 1738243, at *3 (citing *Anderson v.*

1  *Werner Continental, Inc.*, 363 N.W.2d 332, 335 (Minn. Ct. App. 1985) (adopting the

2  "same transaction" test)).

3       "Central to considering this prong is what is meant by 'claim' or 'cause of

4  action.'  A claim or cause of action is a group of operative facts giving rise to one or

5  more bases for suing."  *Hauschildt*, 686 N.W.2d at 840 (quotations omitted).  "[T]he

6  *cause* of action, for purposes of applying res judicata, refers not to the theory of

7  liability, but quite literally to the *cause* of the action."  *Hanson*, 2006 WL 1738243,

8  at *3 (emphasis in original).  Consequently, when determining whether two suits

9  involve the same claims, the Court must inquire "whether both claims arise from the

10  'same operative nucleus of facts.'"  *Id.* (quoting *Nitz v. Nitz*, 456 N.W.2d 450, 451

11  (Minn. Ct. App. 1990)).

12       The Common Annuity Claims involve the same operative nucleus of facts as

13  the claims litigated in *Mooney*.  The parties, the policies, the transactions, and the

14  underlying premise—fraud predicated on Allianz brochures and SOUs—are the

15  same.[5]  As Plaintiffs have argued:

16      [i]t is beyond dispute that [both] cases challenge the same underlying

17      conduct – the alleged deceptive marketing and sales practices employed

18

19  [5] Plaintiffs base their claims on the same purportedly uniform consumer brochures
and SOU that were allegedly relied on by every class member.  FACTS 13-19.

20  Indeed, the allegations about Allianz's purportedly uniform marketing and sale
process are nearly identical in both actions.  In *Mooney*, plaintiffs assert that "Allianz

21  used **uniform** pre-sale **Consumer Brochure(s) and Statement of Understanding(s)**

22  to sell the annuity products at issue."  FACT 16 (emphasis supplied).  And in

23  *Negrete* the plaintiffs similarly allege that: Allianz "used standardized uniformly
misleading documents" to sell its deferred annuities and that "[t]hese **uniform**

24  documents included **'consumer brochures' and 'Statements of Understanding'
("SOU").**"  FACT 13 (emphasis supplied).  Counsel in both actions assert that "the

25  same standard written materials are provided to **every purchaser**."  FACT 19

26  (emphasis supplied); *see also* FACT 14 ("Allianz requires agents to provide **all**

27  **prospective purchasers** with copies of consumer brochures and Statements of
Understanding ("SOU").") (emphasis supplied).

28

by Allianz in connection with its deferred annuities.  Indeed, [both cases are] based on systematic misstatements in the standardized sales materials Allianz presented to each and every purchaser.  FACT 21.

It is irrelevant that the *Mooney* plaintiffs did not pursue a RICO claim.  Both causes of action arise from the same *cause*:  Allianz's marketing and sale of the deferred annuities.  FACTS 10-20.  These same parties should not be permitted to serially relitigate under new theories the same transactions, involving the same deferred annuity policies, and particular brochures based on the same sales materials.  *Hauschildt*, 686 N.W.2d at 837: *Hanson*, 2006 WL 1738243, at *3 ("One purpose of res judicata is to prevent successive suits involving the same set of factual circumstances but which are based on different legal theories.").

In that the Common Annuity Claims arise from the sale of the same two-tiered deferred annuities and rest on fraud allegations premised on the same sales documents, they are the same legal claims for claim preclusion purposes.  The first prong of claim preclusion is satisfied.

### 2.   The class members against whom the *res judicata* defense is being asserted are the "same parties" subject to the *Mooney* judgment

Claim preclusion is being asserted against the same class members, who are treated as parties in both actions for claim preclusion purposes.  If a class action lawsuit "proceeds to judgment on the merits, it is contemplated that the decision will bind all persons who have been found at the time of certification to be members of the class."  *Sosna v. Iowa*, 419 U.S. 393, 399 n.8, 95 S. Ct. 553, 557, 42 L. Ed. 2d 532 (1975); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15, 117 S. Ct. 2231, 2246, 138 L. Ed. 2d 689 (1997) ("Rule 23(b)(3) added to the complex-litigation arsenal class actions for damages designed to secure judgments binding all class members save those who affirmatively elected to be excluded.").  There can be

13

"no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874, 104 S. Ct. 2794, 2798, 81 L.Ed.2d 718 (1984) ("Basic principles of res judicata . . . apply."). The amended judgment in *Mooney* dismissed the action on the merits for persons to whom the *Mooney* Class Notice was directed and who have not requested exclusion. FACT 31.   The *Mooney* Class Notice was directed towards every *Negrete* class member who purchased one of seven Allianz deferred annuities between February 9, 2000 and May 10, 2007, while a resident of a state other than California.  FACTS 5, 22-23.   Any such *Negrete* class member who failed to request exclusion from *Mooney* is bound by the final judgment entered in *Mooney*.

Accordingly, the second prong of claim preclusion is satisfied.

### 3.      The *Mooney* judgment is final

The third prong—a final judgment on the merits—is also met.  Following a jury trial that culminated in a defense verdict for Allianz, the *Mooney* court entered an amended judgment on January 29, 2010.  FACTS 26-28, 30.   The amended judgment adjudicated ***on the merits*** the claims of all persons who did not request exclusion from the class and who

> from February 9, 2000 to May 7, 2007 purchased one of the following two-tiered annuities from Allianz Life Insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10. The Class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.

FACT 31.  Under Minnesota law, "for res judicata purposes, a judgment becomes final when it is entered in the district court and it remains final, despite a pending appeal, until it is reversed, vacated or otherwise modified."  *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 221 (Minn. 2007).  Here, the time for appeal

has passed, and no notice of appeal was filed.  FACT 33.  Thus, there can be no question that the *Mooney* judgment is final and that the third prong is satisfied.

### 4.    The *Mooney* Class Members had a full and fair opportunity to litigate their claims

The fourth prong is "[w]hether a party had a full and fair opportunity to litigate a matter."  This prong focuses generally on "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."  *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted).  This prong is also satisfied.

The *Mooney* court found that class counsel was "well qualified to vigorously prosecute claims on behalf of the [] class;" and that "the named representatives, through their counsel, will fairly and adequately protect the interests of the class." FACT 25.   The class representatives and class counsel in *Mooney* had every incentive to fully litigate the matter, and there were no procedural limitations on the litigation.  To the contrary, before trial, the parties litigated the matter for well over three years.  FACTS 4 and 26.  The docket in *Mooney* reveals 529 entries in an extremely litigious case where over 45 depositions were taken and over 1.4 million pages of documents produced.   S. Jorden Decl., Ex. 17; R. Goss Decl., ¶ 4. Moreover, at trial, the *Mooney* plaintiffs were permitted to present an expansive case. R. Goss Decl., ¶¶ 7-9; S. Jorden Decl., ¶¶ 32, 34, and 36.  The jury heard from 36 witnesses, hundreds of exhibits were admitted into evidence and the class representatives had ample time to present their voluminous evidence in the three-week trial.  FACTS 26-27; R. Goss Decl., ¶¶ 6-9; S. Jorden Decl., Ex. 18.  The *Mooney* plaintiffs, thus, unquestionably had a full and fair opportunity to litigate the matter.

DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

## CONCLUSION

Because all the requirements for claim preclusion have been met, the Court should enter summary judgment in Allianz's favor on the claims of Mrs. Healey and all *Negrete* class members pursuing Common Annuity Claims.

DATED:  March 12, 2010            By:        /s/ Stephen J. Jorden

Thomas J. Nolan (SBN 066992)
Robert Herrington (SBN234417)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:  213.687.5000
Facsimile:  213.687.5600
tnolan@skadden.com
rherring@skadden.com

*and*

James F. Jorden (*Pro Hac Vice*)
Stephen J. Jorden (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Telephone 202.965.8100
Facsimile 202.965.8104
jfj@jordenusa.com
sj@jordenusa.com

*Attorneys for Defendant Allianz Life Insurance Company of North America*