1 | Thomas J. Nolan (SBN 066992)
tnolan@skadden.com
2 | Robert Herrington (SBN 234417)
rherring@skadden.com
3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
4 | Los Angeles, California 90071
Telephone: 213.687.5000
5 | Facsimile: 213.687.5600

6 |
James F. Jorden (*Pro Hac Vice*)
7 | jfj@jordenusa.com
Stephen J. Jorden (*Pro Hac Vice*)
8 | sj@jordenusa.com
JORDEN BURT LLP
9 | 1025 Thomas Jefferson Street, NW
Suite 400 East
10 | Washington, DC 20007-5208
Telephone 202.965.8100
11 | Facsimile 202.965.8104
*Attorneys for Defendant*
12 | *Allianz Life Insurance Company of North America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VIDA F. NEGRETE, as conservator for EVERETT E. OW, an individual, and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>Defendant. | Case No.: CV 05-6838 (CAS) (MANx)<br><br>Class Action<br><br>**DEFENDANT ALLIANZ LIFE INSURANCE COMPANY'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO GRANT LEAVE TO FILE A RESPONSE TO PLAINTIFFS' REPLY** |
| CAROLYN Y. HEALEY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>Defendant. | Case No.: CV 05-8908 (CAS) (MANx)<br><br>Class Action<br><br>Judge: Hon. Christina A. Snyder<br>Hearing Date: August 2, 2010<br><br>Courtroom 5, 2nd Floor |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that as soon as its counsel may be heard, in Courtroom 5, Second Floor, located at 312 North Spring Street, Los Angeles, California 90012, in accordance with Local Rules 7-10 and 7-19, defendant Allianz Life Insurance Company of North America ("Allianz") will seek the entry of an order striking Plaintiffs' Reply Memorandum in Support of Cross-Motion for Summary Judgment (Dkt. No. 581) as an improper surreply or, in the alternative, granting Allianz leave to file the proposed response to Plaintiffs' Reply attached to the Declaration of James F. Jorden ("J. Jorden Declaration"), filed herewith.  In support thereof, Allianz relies on this *Ex Parte* Application, the Memorandum of Points and Authorities incorporated herein, and the J. Jorden Declaration.  A proposed order accompanies the *Ex Parte* Application.

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-19**

Good cause exists to decide Allianz's *Ex Parte* Application outside the regular noticed motions procedure.  Both Allianz and the Court will be unfairly prejudiced by the Court's consideration of the improper surreply arguments contained in Plaintiffs' Reply.  *See Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1361 (Fed. Cir. 2005) (urging counsel "to file timely motions to strike improper surreply arguments because the prejudice from improper surreply arguments is difficult to eliminate once such arguments have been read by the court").

On July 16, 2010, at 3:37 p.m., counsel for Allianz advised Plaintiffs' counsel by electronic mail message of the intended date, time and substance of the *Ex Parte* Application.  J. Jorden Decl. ¶ 6.  Plaintiffs' counsel have advised that they are considering whether and to what extent they will object.  *Id.*  Plaintiffs' lead co-counsel are with the law firms of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, telephone (619) 231-1058, and

Bonnett, Fairbourn, Friedman & Balint, P.C., 2901 North Central Avenue, Suite 1000, Phoenix, Arizona 85012, telephone (602) 274-1100. *Id.* ¶ 7.

DATED: July 19, 2010        By:   /s/ Stephen J. Jorden
                                             Thomas J. Nolan (SBN 066992)
                                             Robert Herrington (SBN234417)
                                             SKADDEN, ARPS, SLATE, MEAGHER
                                                & FLOM LLP
                                             300 S. Grand Avenue, Suite 3400
                                             Los Angeles, California 90071
                                             Telephone:  213.687.5000
                                             Facsimile:   213.687.5600
                                             tnolan@skadden.com
                                             rherring@skadden.com

                                             *and*

                                             James F. Jorden (*Pro Hac Vice*)
                                             Stephen J. Jorden (*Pro Hac Vice*)
                                             JORDEN BURT LLP
                                             1025 Thomas Jefferson Street, NW
                                             Suite 400 East
                                             Washington, DC 20007-5208
                                             Telephone:  202.965.8100
                                             Facsimile:   202.965.8104
                                             jfj@jordenusa.com
                                             sj@jordenusa.com

                                             *Attorneys for Defendant Allianz Life Insurance Company of North America*

2

DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO GRANT LEAVE TO FILE A RESPONSE TO THE REPLY

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court should strike Plaintiffs' improper surreply – disingenuously labeled as a "Reply Memorandum in Support of Cross-Motion for Summary Judgment" – for four independent reasons.

<u>First</u>, Plaintiffs' Cross-Motion for Summary Judgment is itself improper. In filing a Cross-Motion based solely on the alleged insufficiency of Allianz's Second Motion for Partial Summary Judgment, Plaintiffs are manipulating the cross-motion procedure in a transparent attempt to "have the last word." Moreover, Plaintiffs admit that their purported cross-motion was not accompanied by a notice of motion, as required by Local Rule 7-4, *see* Pls.' Reply Mem. in Supp. of Cross-Mot. for Summ. J. at 3 n.2; nor did Plaintiffs' counsel contact Allianz's counsel to discuss "the substance of the contemplated motion and any potential resolution," as required by Local Rule 7-3. J. Jorden Decl. ¶ 4. The Court should not entertain Plaintiffs' superfluous and procedurally defective Cross-Motion, or the Reply associated with it.

<u>Second</u>, the so-called "Reply" is actually a surreply, which Plaintiffs also admit. *See* Dkt. No. 581 at 3 n.3 ("the Court should accept this brief as a 'surreply' under Local Rule 7-10"). The obvious purpose of Plaintiffs' filing is to address the arguments raised in Allianz's Reply supporting its Motion for Partial Summary Judgment. In fact, Allianz's Reply is explicitly cited and discussed on 13 pages of Plaintiffs' 21-page filing, and the points made in Allianz's Reply are discussed on virtually every page of Plaintiffs' Reply. The proper function of a cross-motion reply brief is to rebut arguments raised in opposition to one's own motion, not to attack arguments the opposing party made in its reply. *See Poullos v. United States*, No. C05-03690 CRB, 2006 WL 3050828, at *13 n.7 (N.D. Cal. Oct. 26, 2006) (granting motion to strike reply purportedly supporting cross-motion for summary judgment as an improper surreply containing arguments related to the initial motion).

1

Third, the filing violates Local Rule 7-10, which provides that a response to an opposing party's reply memorandum may be filed only by "***prior*** written order of the Court." (Emphasis supplied.) Since Plaintiffs did not seek (or obtain) leave to file what is, by their own admission, "a 'surreply' under Local Rule 7-10," *see* Dkt. No. 581 at 3 n.3, the Court should not consider it.

Fourth, the surreply contravenes the briefing schedule agreed upon by the parties and approved in the Court's Orders dated April 19, 2010 (Dkt. No. 554) and May 18, 2010 (Dkt. No. 570). The parties stipulated to a specific schedule that did not contemplate a cross-motion or a surreply from Plaintiffs, and the Court originally ordered that Plaintiffs would file an opposition to Allianz's Motion for Partial Summary Judgment by April 30, 2010, and that Allianz would file a reply by May 21, 2010. The Court later modified the schedule to allow Allianz to file a reply by June 11, 2010. At no point did the Court contemplate or approve another filing by Plaintiffs.

If, however, the Court does not strike Plaintiffs' improper surreply, Allianz should be allowed to file its own response to Plaintiffs' cross-motion Reply. As the party that bears the burden of proof with respect to the elements of claim preclusion, Allianz is "entitled to the last word in both the briefs and at oral argument[.]" *Princess Cruises*, 397 F.3d at 1361

Based on the foregoing, Allianz respectfully requests that the Court enter an order striking Plaintiffs' Reply as procedurally improper. In the alternative, Allianz respectfully requests leave to file the proposed response to Plaintiffs' Reply attached to the Jorden Declaration.

| | | | |
|---|---|---|---|
| 1 | DATED: July 19, 2010 | By: | /s/ Stephen J. Jorden |
| 2 | | | Thomas J. Nolan (SBN 066992) |
| | | | Robert Herrington (SBN234417) |
| 3 | | | SKADDEN, ARPS, SLATE, MEAGHER |
| | | |   & FLOM LLP |
| 4 | | | 300 S. Grand Avenue, Suite 3400 |
| | | | Los Angeles, California 90071 |
| 5 | | | Telephone:  213.687.5000 |
| | | | Facsimile:   213.687.5600 |
| 6 | | | tnolan@skadden.com |
| | | | rherring@skadden.com |

and

James F. Jorden (*Pro Hac Vice*)
Stephen J. Jorden (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Telephone:  202.965.8100
Facsimile:   202.965.8104
jfj@jordenusa.com
sj@jordenusa.com

*Attorneys for Defendant Allianz Life Insurance Company of North America*

LA#609409