Thomas J. Nolan (SBN 066992)
tnolan@skadden.com
Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:  213.687.5000
Facsimile:  213.687.5600

James F. Jorden (*Pro Hac Vice*)
jfj@jordenusa.com
Stephen J. Jorden (*Pro Hac Vice*)
sj@jordenusa.com
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Telephone 202.965.8100
Facsimile 202.965.8104
*Attorneys for Defendant*
*Allianz Life Insurance Company of North America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VIDA F. NEGRETE, as conservator for EVERETT E. OW, an individual, and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>Defendant. | Case No.:  CV 05-6838 (CAS) (MANx)<br><br>Class Action<br><br>**DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S NOTICE AND MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CAROLYN Y. HEALEY, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>Defendant. | Case No.:  CV 05-8908 (CAS) (MANx)<br><br>Class Action<br><br>Judge: Hon. Christina A. Snyder<br>Hearing Date:  November 1, 2010<br>Hearing Time:  10:00 a.m.<br>Courtroom 5, 2nd Floor |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Notice is hereby given that on November 1, 2010, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Allianz Life Insurance Company of North America ("Allianz"), by its attorneys, will and hereby does move this Court to reconsider its August 19, 2010 Summary Judgment Order Denying Allianz's Second Motion for Partial Summary Judgment and Granting Plaintiffs' Cross-Motion for Partial Summary Judgment or, in the alternative, to amend its Summary Judgment Order and certify the questions presented herein to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).  In support thereof, Allianz states as follows:

1.      Given that the Court's waiver, judicial estoppel and inadequate notice determinations rested in whole or in part on Plaintiffs' representations that they were unaware (i) of the risk of claim preclusion resulting from a *trial* (as opposed to settlement) in *Mooney*, and (ii) that Allianz intended to assert the defense, the Court should consider the attached transcript of the September 17, 2007 hearing before the MDL Panel, Declaration of S. Jorden in Support of Reconsideration (Sept. 24, 2010) (S. Jorden Reconsideration Decl., Ex. 2) which was not in the summary judgment record.  *See* Local Rule 7-18(a); Order, *Fidelity Nat'l Fin., Inc. v. Friedman*, No. CV 06-4271 (CAS) (C.D. Cal. July 23, 2007) (unpublished) (reconsidering entry of summary judgment for defendant/debtor in RICO case where plaintiffs provided deposition testimony raising facts the court had not considered, notwithstanding that deposition preceded conclusion of summary judgment briefing) (S. Jorden Reconsideration Decl., Ex. 7).  During that hearing, Allianz made its position clear to the Panel and Plaintiffs' counsel, who was present, that simultaneous litigation of the overlapping class actions would have preclusive effect on the overlapping claims—regardless of how the cases were resolved—stating affirmatively that "if it is by settlement" or "if it goes to trial, there will be preclusive effect."

2.     In denying Allianz summary judgment on claim preclusion grounds, and *sua sponte* granting Plaintiffs summary judgment on Allianz's claim preclusion defense, the Court failed to consider material facts and evidence presented to the Court, and accepted as true factual assertions made by Plaintiffs without any evidence to support those assertions.  *See* Local Rule 7-18(c);  *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp.2d 968, 979 (C.D. Cal. 2004) (reconsideration granted under Local Rule 7-18(c) where district court failed to "fully address" or "consider material facts presented to the court" on an issue important to court's earlier summary judgment decision).

3.     Even if Plaintiffs had provided evidence of disputed facts sufficient to defeat Allianz's motion, in deciding whether to enter summary judgment *for Plaintiffs*, the Court did not consider the evidence in the light most favorable to Allianz.  The Court ignored Allianz's evidence or reached factual conclusions where disputed issues remain.  *See* Local Rule 7-18(c).

4.     To the extent that the Court believes there are no disputed factual issues, Allianz requests that the Court certify the questions presented below for interlocutory appeal under 28 U.S.C. § 1292(b).  Guidance from the Ninth Circuit in these complicated factual circumstances involving partially overlapping class actions would facilitate a more efficient resolution of the case.

5.     The grounds of Allianz's Motion for Reconsideration or in the Alternative Certification Under 28 U.S.C. § 1292(b) are discussed in greater detail in the accompanying Memorandum of Points and Authorities.

6.     This Motion is based on this Notice and Motion; the Memorandum of Points and Authorities; the Declaration of Stephen J. Jorden and accompanying exhibits, and upon such other matters as may be presented to the Court at the time of the hearing.

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1    WHEREFORE, for these reasons, Allianz respectfully requests that the Court

2  grant Defendant's motion for reconsideration or in the alternative certify the

3  questions presented herein to the Ninth Circuit Court of Appeals pursuant to

4  28 U.S.C. § 1292(b).

5

6  **Certification of Compliance with Local Rule 7-3**

7    This motion is made following the conference of counsel pursuant to L.R. 7-3,

8  which occurred on September 8, 2010.

9

10  DATED:  September 24, 2010        By:        /s/ Stephen J. Jorden

11                                   Thomas J. Nolan (SBN 066992)
                                     Lance A. Etcheverry (SBN 199916)
12                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM LLP
13                                   300 S. Grand Avenue, Suite 3400

14                                   Los Angeles, California 90071
                                     Telephone:  213.687.5000
15                                   Facsimile:  213.687.5600

16                                   tnolan@skadden.com
                                     lance.etcheverry@skadden.com
17
                                     *and*
18
                                     James F. Jorden (*Pro Hac Vice*)
19                                   Stephen J. Jorden (*Pro Hac Vice*)

20                                   JORDEN BURT LLP
                                     1025 Thomas Jefferson Street, NW
21                                   Suite 400 East

22                                   Washington, DC 20007-5208
                                     Telephone 202.965.8100
23                                   Facsimile 202.965.8104

24                                   jfj@jordenusa.com
                                     sj@jordenusa.com
25
                                     *Attorneys for Defendant Allianz Life*
26                                   *Insurance Company of North America*

27

28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................. 1

II.    BACKGROUND ................................................................. 2

III.   LEGAL STANDARD ........................................................... 4

IV.    ARGUMENT..................................................................... 5

    A.     The Court Should Reconsider Its Summary Judgment Rulings Based On Factual Findings That Allianz Waived The Claim Preclusion Defense. .........................................5

    B.     The Court Should Reconsider Its Ruling That Allianz Is "Judicially Estopped" From Asserting The Claim Preclusion Defense. ..........................................................10

    C.     The Court Should Reconsider Its Ruling That The *Mooney* And *Negrete* Claims Are Different For Claim Preclusion Purposes.........................................................................13

    D.     The Court Should Reconsider Its Ruling That The *Mooney* Class Notice Was Constitutionally Deficient. ...................16

    E.     In Addition, Or In The Alternative, The Court Should Amend The Order To Certify An Immediate Interlocutory Appeal. .............................................................................17

        1.     The Order raises controlling questions of law. .........18

        2.     The questions raised by the Order are ones as to which there are substantial grounds for difference of opinion....................................................................19

        3.     An immediate appeal will materially advance the ultimate termination of this action.............................20

V.     CONCLUSION ................................................................ 22

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d
   1081 (E.D. Cal. 2008) ................................................................... 18, 19, 20, 21

*Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528 (9th Cir. 1985) ...........................9

*Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209
   (Minn. 2007).........................................................................................................3

*Community Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002) ........................16

*Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025 (E.D. Cal. 2009)...................20-21

*Epstein v. MCA, Inc.*, 179 F.3d 641 (9th Cir. 1999) ......................................4, 16, 19

*Fidelity Nat'l Fin., Inc. v. Friedman*, No. CV 06-4271 (CAS)
   (C.D. Cal. July 23, 2007) ................................................................................i, 1

*Helman v. Alcoa Global Fasteners Inc.*, No. CV 09-1353 SVW,
   2009 WL 2058541 (C.D. Cal. June 16, 2009) ................................................19

*Holsey v. Armour & Co.*, 743 F.2d 199 (4th Cir. 1984)............................................9

*In re Cal. Title Ins.*, No. 08-01341 JSW, 2010 WL 785798
   (N.D. Cal. Mar. 3, 2010) .................................................................................19

*Jenkins v. Missouri*, 78 F.3d 1270 (8th Cir. 1996)...................................................8

*Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656
   (E.D. Cal. 1986) *aff'd in part, rev'd in part on other grounds*,
   828 F.2d 514 (9th Cir. 1987)...............................................................................4

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990)............................19

*Major v. Benton*, 647 F.2d 110 (10th Cir. 1981) ......................................................4

*McGinest v. GTE Serv. Corp.*, 247 F. App'x 72 (9th Cir. 2007)................................3

*Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482
   (C.D. Cal. 2006)..........................................................................................14, 21

*New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808,
   149 L.Ed.2d 968 (2001) ....................................................................................11

*Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011
   (C.D. Cal. 2000)..........................................................................................18, 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TABLE OF AUTHORITIES
(continued)

**Page**

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp.2d
    968 (C.D. Cal. 2004)...................................................................ii, 2, 10

*Pepper & Tanner, Inc. v. Shamrock Broad. Inc.*, 563 F.2d 391
    (9th Cir. 1977) ........................................................................8, 10

*Ringgold Corp. v. Worrall*, 880 F.2d 1138 (9th Cir. 1989).....................................16

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs.,
    Inc.*, 86 F.3d 656 (7th Cir. 1996).....................................18

*Tremain v. Bell Indus., Inc.*, 196 F.3d 970 (9th Cir. 1999) .......................................9

*U.S. v. Castillo-Basa*, 483 F.3d 890 (9th Cir. 2007) ................................................11

*Wyler Summitt P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184,
    1190 (9th Cir. 2000)........................................................................10

### FEDERAL STATUTES AND LOCAL RULES

28 U.S.C. § 1292(b) .................................................................................*passim*

Federal Rule of Civil Procedure 24(a)................................................................8

Federal Rule of Civil Procedure 24(b) ...............................................................8

Local Rule 7-18. ......................................................................................*passim*

### OTHER REFERENCES

C. Wright, A. Miller & E. Cooper, 18 Federal Practice and
    Procedure § 4478 ...............................................................................4

*Manual for Complex Litigation (Fourth)* § 15.11 (2004)........................................17

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

## I.      INTRODUCTION

Allianz Life Insurance Company of North America ("Allianz") seeks reconsideration of the Court's Order on Defendant's Second Motion for Partial Summary Judgment, entered on August 19, 2010 [Docket No. 599] ("Summary Judgment Order" or "SJ Order"), which nullifies a jury verdict and final judgment in Allianz's favor as to approximately 150,000 financial transactions.  The grounds for the motion are as follows:

*First*, given that the Court's waiver, judicial estoppel and inadequate notice determinations rested in whole or in part on Plaintiffs' representations that they were unaware (i) of the risk of claim preclusion resulting from a *trial* (as opposed to settlement) in *Mooney* and (ii) that Allianz intended to assert the defense, the Court should consider the attached transcript of the September 17, 2007 hearing before the MDL Panel, Declaration of S. Jorden in Support of Reconsideration (Sept. 24, 2010) ("S. Jorden Reconsideration Decl."), Ex. 2, which was not in the summary judgment record.  *See* Local Rule 7-18(a); Order, *Fidelity Nat'l Fin., Inc. v. Friedman*, No. CV 06-4271 (CAS) (C.D. Cal. July 23, 2007) (unpublished) (reconsidering entry of summary judgment for defendant/debtor in RICO case where plaintiffs provided deposition testimony raising facts the court had not considered, notwithstanding that deposition preceded conclusion of summary judgment briefing) (S. Jorden Reconsideration Decl., Ex. 7).  During that hearing, Allianz made its position clear to the Panel and Plaintiffs' counsel, who was present, that simultaneous litigation of the overlapping class actions would have preclusive effect on the overlapping claims— regardless of how the cases were resolved—stating affirmatively that "if it is by settlement" or "if it goes to trial, there will be preclusive effect." [1]

---

[1] After the August 2, 2010 oral argument on the summary judgment motion, where Plaintiffs claimed for the first time that they were concerned only with the risks of preclusion from *settlement* and did not believe that Allianz intended to assert the defense if *Mooney* proceeded to *trial*, S. Jorden Reconsideration Decl., Ex. 1, Aug. 2,

*(footnote continued on next page)*

1

1    *Second*, in denying Allianz summary judgment on claim preclusion grounds,

2    and *sua sponte* granting Plaintiffs summary judgment on Allianz's claim preclusion

3    defense, the Court failed to consider material facts and evidence presented by

4    Allianz, and accepted as true factual assertions made by Plaintiffs without any

5    evidence to support those assertions.  *See* Local Rule 7-18(c); *Pegasus Satellite*

6    *Television, Inc. v. DirecTV, Inc.*, 318 F. Supp.2d 968, 979 (C.D. Cal. 2004)

7    (reconsideration granted under Local Rule 7-18(c) where district court failed to

8    "fully address" or "consider material facts presented to the court" on an issue

9    important to court's earlier summary judgment decision).  And even if Plaintiffs had

10   provided evidence of disputed facts sufficient to defeat Allianz's motion, in deciding

11   to enter summary judgment *for Plaintiffs*, the Court did not consider the evidence in

12   the light most favorable to Allianz, ignored Allianz's evidence, and made factual

13   findings where disputed issues remain.

14       To the extent that the Court believes there are no disputed factual issues,

15   Allianz requests that the Court certify the questions presented below for interlocutory

16   appeal under 28 U.S.C. § 1292(b).  In these complicated factual circumstances

17   involving partially overlapping class actions, guidance from the Ninth Circuit would

18   facilitate a more efficient resolution of the case.

19   ## II.    BACKGROUND

20       On March 12, 2010, Allianz filed a motion for partial summary judgment on

21   claim preclusion grounds as to the RICO claims of Plaintiff Carolyn Healey and

22   certain absent class members, who seek damages purportedly arising out of the

23   identical annuity transactions that were subject to the trial and January 30, 2010 final

24   _____

25   2010 Hearing Tr. at 28:19-29:1, Allianz investigated the communications and factual

26   record, including the transcript of the MDL hearing, which Allianz did not, at the time, have in its possession.  *Id.* ¶¶ 4-6.  If the Court concludes that Plaintiffs'

27   counsel's statements about what they believed are relevant to the waiver analysis, then the Court also should consider the evidence of the MDL hearing, which is a

28   written record flatly contradicting counsel's supposed beliefs.

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1  judgment in *Mooney v. Allianz,* No. 06-CV-00545 ADM/FLN ("*Mooney*").   The
2  Court not only denied Allianz's motion, it also granted summary judgment for
3  Plaintiffs on Allianz's claim preclusion defense—despite the Court's observation
4  that Allianz's *res judicata* arguments presented a "very close question,"[2] and despite
5  the absence of a valid cross-motion.[3]

6          The Court found that:

7          1.      Allianz waived its claim preclusion defense by not formally notifying
8  Plaintiffs of its intent to assert claim preclusion should the *Mooney* matter be
9  resolved by trial.  SJ Order at 13.  The Court inferred that Allianz's assertion of the
10 defense "at this late stage"[4] prejudiced Plaintiffs because it prevented or restricted
11 their ability to intervene in *Mooney* to protect the overlapping class members'
12 interests—*e.g.*, to address perceived deficiencies in the *Mooney* class notice or seek
13 to assert a RICO claim at the *Mooney* trial, *id.*;

14         2.      Allianz is "judicially estopped" from asserting that the *Negrete* and
15 *Mooney* claims are the same for claim preclusion purposes because of statements

16

17  _____
    [2] Declaration of Stephen J. Jorden in Supp. of Mot. for Reconsideration ("S. Jorden
18  Reconsideration Decl."), Ex. 2, August 2, 2010 Hearing Tr. at 3:21-22.

19  [3] In its *Ex Parte* Application to Strike Plaintiffs' Reply in Support of Its Cross-
    Motion, Allianz argued, and the Court agreed, that Plaintiffs never properly cross
20  moved for summary judgment on the claim preclusion defense.  Order Granting
    Defendant Allianz's *Ex Parte* Application to Strike Pls.' Reply Memo. in Supp. of
21  Cross-Mot., Or In The Alt., To Grant Leave to File a Response to Pls.' [Sur]Reply.

22  [4] The defense was not available until the final judgment was entered on January 30,
23  2010.  *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 221 (Minn.
    2007) ("for res judicata purposes, a judgment becomes final when it is entered in the
24  district court and it remains final, despite a pending appeal, until it is reversed,
    vacated or otherwise modified"); *McGinest v. GTE Serv. Corp.*, 247 F. App'x 72, 75
25  (9th Cir. 2007) ("Also, it is not even clear that any significant delay occurred since
    Defendant could not have succeeded on a *res judicata* defense until after the state
26  judgment became final when the California Supreme Court denied review.  ***Any
27  affirmative defense pleaded before that time would have been speculative***.")
    (emphasis supplied).
28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1   Allianz made in filings in other courts about differences between the two class action

2   cases, *id.* at 13 n.10;

3       3.    The *Negrete* and *Mooney* claims are not the same for claim preclusion

4   purposes because (a) the *Negrete* claims "are predicated on an entirely different set

5   of factual circumstances"—an "allegedly fraudulent scheme to target vulnerable

6   senior annuity purchasers"—and (b) the *Negrete* claims seek damages for alleged

7   "injuries[] which are unique to senior annuity purchasers with limited life

8   expectancies" and linked to "all of the undisclosed product features, and not just the

9   bonus provisions at issue in *Mooney*," *id.* at 17-18; and

10      4.    The *Mooney* class notice was constitutionally deficient because it did

11  not reference *Negrete* specifically and did not adequately notify overlapping class

12  members that claims relying on other theories or statutes with respect to the same

13  transactions, such as those asserted in *Negrete*, would be barred.  *Id.* at 24.  The

14  Court found that the claims were not the same for *res judicata* purposes, and,

15  therefore, the Ninth Circuit's decision in *Epstein v. MCA, Inc.*, 179 F.3d 641 (9th

16  Cir. 1999) did not bar collateral review of the *Mooney* court's approval of the class

17  notice.  SJ Order at 23.

18  **III.   LEGAL STANDARD**

19      A "denial of summary judgment is an interlocutory decree, . . . and

20  accordingly the court in its discretion may reconsider such order."  *Kern-Tulare*

21  *Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986) (citations

22  omitted), *aff'd in part, rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

23  "Courts have distilled various grounds for reconsideration of prior rulings into three

24  major grounds for justifying reconsideration: (1) an intervening change in controlling

25  law; (2) the availability of new evidence or an expanded factual record; and (3) need

26  to correct a clear error or prevent manifest injustice."  *Id.* (citing C. Wright, A. Miller

27  & E. Cooper, 18 Federal Practice and Procedure § 4478 at 790; *Major v. Benton*, 647

28

F.2d 110, 112 (10th Cir. 1981)).

Although Allianz believes the Court erred in the application of governing law, its motion seeks reconsideration on the grounds provided for in the local rules:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

## IV.   ARGUMENT

In denying summary judgment to Allianz, and *sua sponte* granting summary judgment for Plaintiffs, the Court reached factual conclusions and drew factual inferences that were unsupported by any evidence and contrary to the evidence Allianz presented but the Court ignored.   The Court should reconsider those conclusions and inferences pursuant to Local Rule 7-18(a) and (c), and grant summary judgment to Allianz as to the overlapping *Negrete* and *Mooney* class members.

### A.   The Court Should Reconsider Its Summary Judgment Rulings Based On Factual Findings That Allianz Waived The Claim Preclusion Defense.

The Court should reconsider its determination that Allianz waived the claim preclusion defense, which was based on factual findings and inferences that cannot be reconciled with the evidence and/or failed to consider evidence submitted by Allianz.  In addition, given the distinction Plaintiffs now draw, and that the Court has adopted, between claim preclusion resulting from *settlement* and claim preclusion

1   resulting from *trial*, the Court should consider the September 2007 MDL hearing

2   transcript, which confirms that Allianz made clear that it would assert claim

3   preclusion whether *Mooney* was resolved by settlement or trial.  At the very least, to

4   the extent the Court believes there exists a genuine factual dispute as to the waiver

5   issue, it may not properly be resolved in a Rule 56 motion, even if Plaintiffs had filed

6   one.

7          The Court found that Plaintiffs suffered the requisite prejudice to establish

8   waiver based on Plaintiffs' oral argument that they "would have been able to take

9   appropriate action [by intervening] in Mooney" had Allianz provided Plaintiffs with

10  "timely notice of Allianz's claim."  SJ Order at 13; S. Jorden Reconsideration Decl.,

11  Ex. 1, August 2, 2010 Hearing Tr. at 28:19-29:1 (plaintiffs' counsel stating "we

12  unfortunately have a lot of experience in cases where people with one class go and

13  settle three other classes and would get a release as broad as could be and we did not

14  want that to happen here.  Our concern with the settlement release wasn't that there

15  was going to be an extinction of judgment.").   Although the Court seemed to

16  recognize that Plaintiffs were in fact aware that a *Mooney* **settlement** would likely

17  result in *res judicata*, it expressed the view that the risks of claim preclusion from a

18  *Mooney* **trial** were not so apparent.  *Id.* at 32:8-19.

19         The Court's conclusion on prejudice necessarily rests on inferences that

20  Plaintiffs' counsel (1) did not appreciate the claim preclusion consequences should

21  *Mooney* go to trial (or misapprehended Allianz's intent to assert claim preclusion in

22  the event the defense became available), and (2) failed to intervene in *Mooney* prior

23  to trial because Allianz did not formally assert the claim preclusion defense before

24  the *Mooney* case was tried to judgment.  In so holding, the Court ignored evidence

25  submitted by Allianz that is to the contrary, relying instead on speculation about

26  Plaintiffs' counsel's state of knowledge supported only by counsel's unsworn

27  statements.   The attached MDL hearing transcript further supports Allianz's

28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1  evidence, and dispels the notion that Plaintiffs were unaware of the risk of claim

2  preclusion resulting from a *Mooney* trial.  *See* S. Jorden Reconsideration Decl., Ex.

3  2.

4      Plaintiffs acknowledged in written submissions to the MDL Panel in July

5  2007, which Allianz cited but the Order does not reference, that "there is a risk that,

6  under principles of *res judicata*, an ***adverse judgment*** in one case could bar class

7  members from receiving the benefits of a subsequent favorable result by judgment or

8  settlement in the other case."  Decl. of S. Jorden in Supp. of Allianz's Reply in Supp.

9  of Second Mot. for Partial Summ. J. ("S. Jorden Reply Decl.") Ex. 48 at 2 (emphasis

10  supplied).  Plaintiffs' recognition that "an adverse judgment"—which is not how one

11  describes a negotiated settlement—could by operation of law bar their overlapping

12  *Negrete* claims negates any basis for inferring that Plaintiffs were unaware of the

13  risks of claim preclusion by trial or of the reasonably certain risk that Allianz would

14  assert the defense should it become available.

15      The transcript of the September 2007 MDL hearing on Plaintiffs'

16  consolidation motion confirms the long-ago airing of this issue.  S. Jorden

17  Reconsideration Decl., Ex. 2.  Allianz made clear to both the Panel and to Plaintiffs'

18  counsel that claim preclusion would bar overlapping class member claims following

19  *trial or settlement*, notwithstanding differences in the two cases.  Counsel for Allianz

20  specifically stated that "there are overlapping class members.  If cases are resolved, I

21  agree, there will be preclusive effects, regardless of which way that happens,

22  potentially on other class members.  I do agree with that."  *Id.* at 8:24-9:3.  Allianz's

23  counsel repeated the company's position in response to a clarifying question from

24  Third Circuit Chief Judge Scirica about how the overlapping class claims would be

25  resolved:

26      JUDGE SCIRICA:  When you said there are overlapping class
27      members, as to all of the issues, how would they be handled in
         different class actions, those overlapping class members?

28

7

1
2
3
4

MR. JORDEN:   There are overlapping class members with respect to the same annuity transactions.  There are different theories being pursued about what was wrong with that particular transaction, what the fraudulent inducement, I guess you could say, was with respect to that transaction.

5

*So the cases will get resolved one way or the other.*

6
7
8

*If it is by settlement*, there will be a proceeding before the judge who is familiar with that case on that theory under that statute, and people can object to any settlement of that case.  Mr. Stoia can or, if it is in his case, if there is a settlement, somebody else can object.

9
10

*If it goes to trial*, there will be a preclusive effect.  So that is the way that it will be resolved.

11

*Id.* at 9:13-10:4 (emphasis supplied).

12

Even accepting that counsel's subjective understanding of the law or Allianz's

13
14
15
16
17
18
19
20
21
22
23

intentions to assert a future meritorious defense is legally relevant to the waiver inquiry, Allianz's position was clear after the September 2007 MDL hearing: resolution of one case by settlement *or trial* would result in claim preclusion in the other case, notwithstanding different legal theories being pursued on behalf of the policyholders as to the same annuity transactions.  Plaintiffs had approximately two years before the *Mooney* trial   "to take appropriate action"—as a matter of right pursuant to Rule 24(a) or permissive intervention under Rule 24(b)—if they believed that the rights of overlapping class members were not adequately represented.  *See, e.g.*, *Jenkins v. Missouri*, 78 F.3d 1270, 1275-76 (8th Cir. 1996) (presumption that absent class members are adequately represented may be overcome and intervention permitted upon showing inadequate representation of party's interests).

24
25
26
27

The inference the Court drew, that Plaintiffs' counsel's failure to take "appropriate action" was somehow caused by Allianz, is speculative.  *Pepper & Tanner, Inc. v. Shamrock Broad. Inc.*, 563 F.2d 391, 393 (9th Cir. 1977) ("On a motion for summary judgment neither we nor the trial courts are permitted to . . .

28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1    speculate as to ultimate findings of fact.") (citation omitted).  Plaintiffs provided no

2    evidence that Allianz ever did anything to prevent or restrict their filing a motion to

3    intervene, whether to object to the adequacy of the *Mooney* class notice, to assert a

4    RICO claim in *Mooney*, or to address any other purported shortcoming of *Mooney*

5    counsel or the *Mooney* court.[5]

6         The Court then compounded the error by *sua sponte* entering summary

7    judgment for Plaintiffs.  "The district court may decide the case by summary

8    judgment.  It may not do so, however, if there are genuine issues of material fact in

9    dispute."   *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 978 (9th Cir. 1999).

10   "[S]ummary judgment should not be granted where contradictory inferences may be

11   drawn from [the] facts, even if undisputed." *Braxton-Secret v. A.H. Robins Co.*, 769

12   F.2d 528, 531 (9th Cir. 1985).  As the Court correctly observed, "[w]hen deciding a

13   motion for summary judgment, 'the inferences to be drawn from the underlying facts

14   . . . must be viewed in the light most favorable to the party opposing the motion.'"

15   SJ Order at 5 (citations omitted); *see also* S. Jorden Reconsideration Decl., Ex. 1

16   (August 2, 2010 Hearing Tr.) at 3:21-23 ("Counsel, to be candid I find this to be a

17   very close question. I have in the last several weeks come to two alternative

18   conclusions regarding this motion.").

19        But the Court did not view the underlying facts in the light most favorable to

20   Allianz in granting summary judgment to Plaintiffs.  Instead, without referencing

21   myriad contradicting evidence submitted by Allianz, the Court merely accepted as

22

23   [5] It is undisputed that in January 2010, before the elements of claim preclusion were
     satisfied, Allianz addressed, and even entered a stipulation as to, a briefing schedule
24   for Allianz's claim preclusion defense.  *See* Allianz's Notice and Second Mot. for
     Partial Summ. J. at iii; Stipulation to Continue Hearing Date [Docket No. 540] at 1-
25   2.  Plaintiffs had standing to intervene in *Mooney* to challenge the notice and to
     appeal the judgment to the Eighth Circuit, but they failed to do either.  *See Holsey v.*
26   *Armour & Co.*, 743 F.2d 199, 205 (4th Cir. 1984) (no abuse in district court's
     decision to allow three non-named class members to intervene as plaintiffs after trial
27   and before entry of final judgment).

28

9

1    true Plaintiffs' version of the facts and the inferences to be drawn from those "facts."
2    Even if the Court determined that Plaintiffs' submitted evidence was sufficient to
3    raise a genuine issue of material fact to defeat Allianz's motion, it must reconsider its
4    resolution of disputed "subsidiary facts not conclusively established in the record.
5    On a motion for summary judgment neither we [the Ninth Circuit] nor the trial courts
6    are permitted to weigh the evidence, pass upon credibility, or 'speculate as to
7    ultimate findings of fact.'"  *Pepper & Tanner, Inc.*, 563 F.2d at 393 ("The trial court
8    may not enter a summary judgment which rests on a chain of inferences from"
9    disputed facts) (citation omitted).

10       Because the *evidence* submitted by Allianz, which is definitively corroborated
11   by the MDL hearing transcript, shows Plaintiffs were in fact aware that claim
12   preclusion would result from a *Mooney* settlement *or trial*, and that Allianz would
13   assert the defense should it become available, the Court should reconsider its rulings
14   denying Allianz's motion for summary judgment, and granting summary judgment to
15   Plaintiffs, on waiver grounds.

16       **B.    The Court Should Reconsider Its Ruling That Allianz Is "Judicially
17            Estopped" From Asserting The Claim Preclusion Defense.**

18       Similarly, based on the undisputed *evidence* that the only statements made by
19   either party about claim preclusion were that it would result (Allianz) or might result
20   (Plaintiffs) from trial in *Mooney*, the Court should reconsider its footnote finding that
21   the judicial estoppel doctrine applies to preclude Allianz from asserting the claim
22   preclusion defense.  *See* SJ Order at 13 n.10.  *Pegasus Satellite Television, Inc. v.*
23   *DirecTV, Inc.*, 318 F. Supp.2d 968, 979 (C.D. Cal. 2004) (reconsideration granted
24   under Local Rule 7-18(c) where district court failed to "fully address" or "consider
25   material facts presented to the court" on an issue important to court's earlier
26   summary judgment decision).

27       "Judicial estoppel applies when a party's position is tantamount to a knowing
28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

misrepresentation to or even fraud on the court." *Wyler Summitt P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000) (quotations omitted). Three factors inform whether the doctrine applies: (1) whether "a party's later position [was] 'clearly inconsistent' with its earlier position"; (2) whether "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine,* 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815, 149 L.Ed.2d 968 (2001). The Court did not address any of these elements in its Order, and the only evidence submitted contradicts the Court's summary conclusion.

*First*, Allianz's statements about claim preclusion were consistent—not "clearly inconsistent"—with the application of claim preclusion to overlapping claimants. *See U.S. v. Castillo-Basa*, 483 F.3d 890, 899 n.5 (9th Cir. 2007) (judicial estoppel "precludes a party from taking a position in a legal proceeding that ***directly contradicts*** an earlier position it took in the same or an earlier proceeding") (emphasis supplied). Allianz's only statements on claim preclusion were that, whether it was *Mooney* or *Negrete* that first went to trial, claim preclusion would apply to overlapping class members in the second case—notwithstanding that the fraudulent inducement claims were pursued under different legal theories. S. Jorden Reconsideration Decl., Ex. 2 at 9:13-10:4. Allianz's subsequent statements about differences in the *cases* related to nonoverlapping policyholders and nonoverlapping transactions, class certification theories, discovery, and the scope of admissible evidence at the *Mooney* trial.[6] The statements did not address claim preclusion and

---

[6] *See, e.g.*, Declaration of Steven M. Jodlowski in Supp. of Pls.' Opp'n to Allianz's Second Motion for Partial Summ. J. ("S. Jodlowski Decl."), Ex. 16 at 1-2 (Mem. of Law in Supp. of Def.'s Second Mot. to Decertify Class) (seeking decertification

(*footnote continued on next page*)

11

1    were not inconsistent ("manifestly" or otherwise) with the position that claim

2    preclusion should apply to the overlapping claims, much less "tantamount to a

3    knowing misrepresentation."[7]

4          *Second*, the Court ignored Allianz's evidence that its statements about

5    differences in the cases did not give it an unfair strategic advantage.  Allianz did not

6    represent to any tribunal that resolution of one case would not have a preclusive

7    effect on the other—instead, Allianz stated that it would.[8]  The MDL panel did not

8    "accept" that the overlapping class actions were different for *res judicata* purposes.

9    The Panel, having been informed of Allianz's clear position on claim preclusion,

10   _____

11   based on class member depositions that demonstrated the absence of predominant
     common questions of law and fact and that it [would] not be possible to conceive of

12   a trial plan that either proves claims simultaneously based on common evidence or
     preserves Allianz's right to present rebuttal evidence); *id.*, Ex. 17 (Reply Mem. in

13   Supp. of Allianz's Mot. to Decertify Class) at 16-17 (explaining that the *Negrete*
     Certification Order did not support certification in *Mooney*, because the *Negrete*

14   court certified a different theory "based on the plaintiffs' assertion 'that no rational
     class member would have bought the annuities had they known the truth about the

15   annuities' true value'") (citation omitted); *id.*, Ex. 2 (Def.'s Mem. of Law in Supp. of
     its Mot. *in Limine* to Exclude Evidence of Other Lawsuits) at 7-8, 10 (explaining that

16   the *Negrete*  complaint and depositions cannot be used in *Mooney* because they
     involved non-overlapping products and transactions and were being used improperly

17   for the purpose of showing bad character); *id.*, Ex. 24 (Def.'s Mem. of Law in Supp.
     of its Mot. for Judicial Notice of Limited Nature of Pls.' Claim) (explaining on the

18   first page of the motion that the *Mooney* plaintiffs have unequivocally asserted "that
     the 'common thread' of their case was based on Allianz's consumer brochures and

19   Statements of Understanding").

20   [7]  The Court also ignored evidence regarding Plaintiffs' many statements
     acknowledging facts that the cases are the same, including that they "involve

21   common themes, common facts, common proof and common witnesses dealing with
     [the] same or similar legal issues."  Allianz's Reply Mem. in Supp. of Its Second

22   Mot. for Partial Summ. J. ("Allianz's Reply") at 8 n.7 (citing S. Jorden Reply Decl.,
     Ex. 48 (Brief of Pls. In Supp. of Mot. for Consolidation and Transfer Pursuant to 28

23   U.S.C. § 1407) at 1). *See* FACT 21; Allianz's Mem. & Auth. In Supp. of Its Second
     Mot. for Partial Summ. J. at 2, 5.

24
25
26   [8]  Likewise, as Plaintiffs' lead counsel expressly acknowledged in writing, "Allianz
     conceded in its submissions to [this Court], the ongoing settlement discussion in . . .

27   *Mooney* **affect the claims of the certified class in the *Negrete/Healey* action**."  S.
     Jorden Reply Decl., Ex. 45 at 1 (bold emphasis supplied).

28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

1  denied consolidation because "[f]our of the five actions [were] at a significantly

2  advanced stage" with certified classes, and "fact discovery [was] completed (or . . .

3  nearing completion) in three of them."  S. Jorden Reply Decl., Ex. 49 (*In re Allianz*

4  *Life Ins. Co. of N. Am. Deferred Annuity Mktg. & Sales Practices Litig.*, MDL No.

5  1884 (J.P.M.L. Oct. 10, 2007 Order)) at 1.

6       *Third*, the Court ignored the undisputed evidence that Allianz did not

7  "succeed" with any purportedly inconsistent statements made in motions for

8  decertification cited by the Court.  Indeed, had Allianz been successful in obtaining

9  decertification of the *Mooney* class, the overlap with *Negrete* class members and the

10  claim preclusion issue would have been mooted.   Likewise, Allianz provided

11  evidence, uncontradicted by Plaintiffs, showing that the *Mooney* court in fact did not

12  limit the scope of the *Mooney* trial based on representations made about differences

13  in the cases.  Allianz's Resp. and Objs. to Pls.' Purported Add'l Material Fact No.

14  42.  To the contrary, the *Mooney* plaintiffs were permitted to submit evidence and

15  argument to the jury about the same fraud-based theories Plaintiffs continue to

16  pursue in *Negrete*.  *See id.* Nos. 6, 42, 54-62.

17       **C.    The Court Should Reconsider Its Ruling That The *Mooney* And**

18       **        *Negrete* Claims Are Different For Claim Preclusion Purposes.**

19       The Court's ruling that the overlapping class members' claims were not the

20  same for *res judicata* purposes rests on two observations that find no support in, and

21  ignore the evidence in the record:  *first*, that the *Negrete* claims "are predicated on an

22  entirely different set of factual circumstances"—an "allegedly fraudulent scheme to

23  target vulnerable senior annuity purchasers;" and *second*, that the *Negrete* Plaintiffs

24  are seeking damages from injuries "unique to senior purchasers with limited life

25  expectancies" and are "attributable to all of the undisclosed product features."  SJ

26  Order at 18.

27       The Court's characterization of the class claims of the overlapping *Mooney*

28

13

class members arising out of "entirely different set of factual circumstances" than the class claims in *Negrete* is at odds with the Court's own Certification Order, which found that claims could be pursued on a classwide basis **only** if premised upon proof that allegedly "uniform" written sales material misled purchasers into buying their annuities.  FACT 17  (citing *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006)) (emphasis supplied).  The Summary Judgment Order does not reference the Certification Order in discussing the nature of the certified class claims in *Negrete,* and it leaves unexplained what allegedly uniform classwide conduct by Allianz—other than the use of the exact same allegedly misleading sales material underlying the *Mooney* court's class certification and the *Mooney* fraud claims—is  involved in the supposed "scheme to target vulnerable senior annuity purchasers."

The Court's second ground for distinguishing the *Negrete* and *Mooney* claims—that *Negrete* seeks recovery for an injury "unique to seniors" and based on "all undisclosed product features"—is predicated on *statements made in Plaintiffs' briefs* without any evidentiary support.[9]  Plaintiffs cited no testimony from their purported damages expert that his model would create different or special damages for policyholders depending on their age at purchase.  In fact, as Allianz has pointed out in previous briefing, it is clear from the testimony of Dr. McCann that nothing in

---

[9] *See* Pls.' Mem. In Opp'n to Allianz's Second Motion for Partial Summ. J. ("Pls.' Opp'n") at 6 (citing no evidence relating to injury) (claiming that "unlike younger policyholders, seniors typically do not have the opportunity to recoup expenses and losses through many years of future earnings. Indeed, many of them have placed much, if not all, of their retirement savings into their Allianz annuity."); Pls.' Opp'n at 27 (citing no evidence relating to injury) (claiming that "[c]ontrasted with their younger counterparts, elderly purchasers are exponentially more likely to die before the applicable surrender penalties end, are far less likely to readily replace lost assets through employment income, and are far more likely to need short-term access to funds for medical or living expenses"); Pls.' Response to Allianz's FACT No. 13 (citing no evidence of unique injury) (arguing that "[a]s plaintiffs demonstrated the harm from these 'half truths' is particularly acute for seniors because they do not have the opportunity to recoup losses through years of future earnings).

1  his "true value" damages theory accounts for the age of the policyholder.   *See*

2  Allianz's Reply Mem. in Supp. of Its Mot. for Partial Summ. J. [Docket No. 470] at

3  20-21; Def.'s Mem. in Supp. of Its Objections and Mot. to Exclude the Decl. of

4  Craig McCann in Supp. of Pls.' Opp'n to Def.'s Mot. for Partial Summ. J. [Docket

5  No. 469-2] at 18; *see generally* Decl. of Craig J. McCann in Supp. of Pls.' Opp'n to

6  Def.'s Mot. for Partial Summ. J. [Docket No. 376] ¶¶ 48-60.

7       But even if Plaintiffs' argument is elevated to "evidence," it does not survive

8  even minimal scrutiny.  Plaintiffs argue that any financial loss incurred by a 65 year

9  old is somehow worse than the same loss incurred by a 64 year old (because the 65

10  year old has, on an aggregate actuarial basis, less time to generate income to make up

11  the for the loss).  Assuming this proposition might be proven, it is irrelevant to the

12  damages sought, which seeks to calculate some alleged financial loss irrespective of

13  age at the time of purchase or award.

14       Likewise, although Plaintiffs cited to a pre-trial expert report to support the

15  assertion that the damages sought in *Mooney* were limited to the amount of the bonus

16  (Pls.' Opp'n at 26), the Court ignored Allianz's evidence of the variety of damages

17  actually requested at the *Mooney* trial.  Indeed, as reflected in the first demonstrative

18  exhibit *Mooney* plaintiffs' counsel showed the jury during opening arguments, the

19  *Mooney* plaintiffs sought damages not only from an allegedly illusory bonus, but also

20  based on alleged hidden fees and the so-called haircut calculation.   *See* Decl. of

21  Roland C. Goss in Supp. of Allianz's Second Mot. for Partial Summ. J. [Docket No.

22  546-34], Ex. A.   *See also* S. Jodlowski Decl., Ex. 23 at 2559:12-2560:6 (plaintiffs'

23  counsel in *Mooney* asking jury in closing argument for damages award based on

24  purported hidden fees).[10]

25

26  [10] The Court's statement that Dr. McCann's damages theory incorporates "all of the
undisclosed product features" (SJ Order at 18) likewise was an argument in
27  Plaintiffs' brief without citation.  Pls.' Opp'n at 26.  As Allianz pointed out in its first
summary judgment motion, Dr. McCann's damages theory does not seek to attribute
28

15                                                           *(footnote continued on next page)*

1   Even if the Court found that Plaintiffs could, through argument and self-
2   serving characterizations of their theories, create a genuine issue of material fact as
3   to whether the claims are the same, Allianz has presented ample evidence of the
4   similarities in the claims—including the undisputed facts that the cases involve the
5   exact same transactions and sales material—to defeat Plaintiffs' summary judgment
6   "motion" and to warrant a denial *without prejudice* of Allianz's motion.

7   **D.    The Court Should Reconsider Its Ruling That The *Mooney* Class**
8   **Notice Was Constitutionally Deficient.**

9   The Court's ruling on notice was premised on the conclusion that Ninth
10  Circuit law permits collateral second-guessing of the adequacy of the *Mooney* notice
11  because the claims are not the same for claim preclusion purposes.  If the Court
12  reconsiders its factual finding that the claims are not the same for *res judicata*
13  purposes, *Epstein v. MCA, Inc.*, 179 F.3d 641 (9th Cir. 1999) bars a challenge to the
14  adequacy of the *Mooney* notice sent to Ms. Healey and the other overlapping *Negrete*
15  class members—an overlap about which the *Mooney* court was well aware in
16  certifying the class and approving the notice.

17  But even if the approved *Mooney* notice was inadequate in apprising
18  overlapping *Negrete* class **members** that their claims would be impacted by
19  resolution of the *Mooney* case, the indisputable fact remains that *Negrete* class
20  **counsel** were fully aware of the risk of not opting out of the *Mooney* class.  It is
21  disingenuous indeed for Plaintiffs' counsel to argue that Ms. Healey and other
22  overlapping class members upon receiving the *Mooney* notice did not and could not
23

24  damage to any particular, much less all, of the alleged misrepresentations and
    omissions on which Plaintiffs' RICO claims are based.  *See* Allianz's Reply Mem. in
25  Support of Its Mot. for Partial Summ. J. at 20-21; Def.'s Mem. in Supp. of Its
    Objections and Mot. to Exclude the Decl. of Craig McCann in Supp. of Pls.' Opp'n
26  to Def.'s Mot. for Partial Summ. J. at 17-18 (citing testimony of Dr. McCann that a
27  disclosure of commissions would not affect, under his theory, the fact or amount of
    damages).
28

16

1  understand its import *viz* their *Negrete* claims.   Plaintiffs' counsel certainly

2  understood the risk of claim preclusion and aired those concerns to Allianz, the MDL

3  Panel, this Court, and the Ninth Circuit.  *See Community Dental Servs. v. Tani*, 282

4  F.3d 1164, 1168 (9th Cir. 2002) (Clients are "considered to have notice of all facts

5  known to their lawyer-agent.") (quoting *Ringgold Corp. v. Worrall*, 880 F.2d 1138,

6  1141-42 (9th Cir. 1989)).

7       **E.**  **In Addition, Or In The Alternative, The Court Should Amend The**

8         **Order To Certify An Immediate Interlocutory Appeal.**

9       If the Court upon reconsideration does not dismiss altogether the RICO claims

10  of overlapping *Mooney* class members, then 28 U.S.C. § 1292(b) appropriately

11  provides the basis for an interlocutory appeal.   The circumstances under which

12  partially overlapping members of two certified class actions are barred from pursuing

13  a subsequent favorable result in the second case, after an adverse judgment in the

14  first case on claim(s) arising from the same transaction that could have been asserted

15  in the first case, is an issue of first impression in this Circuit.  The only case cited by

16  Plaintiffs involving implied waiver in a class action case—*Power Travel Int'l v. Am.*

17  *Airlines*, No. 1:02-CV-7434RWS, 2004 WL 5299598 (S.D.N.Y. Nov. 5, 2004)—is

18  an unpublished out-of-circuit district court opinion addressing completely

19  overlapping class cases.[11]   Indeed, as this Court recognized during oral argument on

20  the *res judicata* motion, certifying a § 1292(b) appeal "may be an efficient way to

21  proceed" under the present circumstances.  S. Jorden Reconsideration Decl., Ex. 1 at

22  36:16-21.

23       "Adopted with complex litigation in mind, 28 U.S.C. § 1292(b) provides a

24  mechanism for obtaining early review of crucial orders where an appellate ruling

25

26  [11] Moreover, the court in *Power Travel* premised its ruling that claim preclusion did

27  not apply on finding that the party asserting the defense made a deliberate tactical
   decision not to inform the MDL panel of the existence of the case in violation of the

28  rules. *Id.* at **8-9.

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

may simplify or shorten the litigation." *Manual for Complex Litigation (Fourth)* § 15.11 (2004) ("*Manual*").  That provision states in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order  [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (alterations supplied).

### 1.     The Order raises controlling questions of law.

A question is "controlling" if reversal of the order "could materially affect the outcome of the litigation," *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal. 2000), and "the Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1093 (E.D. Cal. 2008) ("*AIR*").  Thus, the controlling question "does not need to dispose of the litigation, only advance its ultimate termination."  *Id.* at 1092; *see also Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) (a legal question "may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so").

Allianz proffers the following controlling questions of law as appropriate for interlocutory appeal (assuming with respect to each issue that the Court has not found the existence of disputed factual issues preventing the issuance of summary judgment for Allianz):

(a)     Where a defendant has opposed certification in simultaneous class

1  actions with partly overlapping class memberships pursuing fraudulent inducement

2  claims arising out of the same transactions, does it waive the claim preclusion

3  defense as to the overlapping class members' claims if it formally presents the

4  defense after trial in the first case but before trial in the second case?

5       (b)   Where a defendant has opposed certification in simultaneous class

6  actions with partly overlapping class memberships pursuing fraudulent inducement

7  claims arising out of the same transactions, can the defendant be judicially estopped

8  from pursuing a claim preclusion affirmative defense in the second case because of

9  arguments it made in the first case about differences in the cases that were not

10  addressed to whether claim preclusion would apply and did not alter the scope of the

11  trial in the first case?

12       (c)   Whether claim preclusion principles bar prosecution of class action

13  claims seeking damages for fraudulent inducement of financial transactions where

14  the same class members already tried and lost fraudulent inducement claims

15  involving the same financial transactions?

16       (d)   Whether *Epstein v. MCA, Inc.*, 179 F.3d 641 (9th Cir. 1999), which

17  holds that the "certifying court is charged with protecting the interests of the absent

18  class members," and that its determinations in certifying a class are not "subject to

19  collateral review," bars another district court from finding that the approved notice

20  did not adequately advise overlapping class members of the consequences of not

21  opting out of the later certified class?

22
23       **2.**     **The questions raised by the Order are ones as to which there are substantial grounds for difference of opinion.**

24       The "central inquiry" of the second certification requirement is "the strength

25  of the arguments in opposition to the challenged ruling." *Helman v. Alcoa Global*

26  *Fasteners Inc.*, No. CV 09-1353 SVW, 2009 WL 2058541, at *5 (C.D. Cal. June 16,

27  2009) (quotation marks omitted). Substantial grounds for difference of opinion also

28

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

may arise if the relevant issue is one of first impression.  *AIR*, 634 F. Supp. 2d at 1091 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)); *see also In re Cal. Title Ins.*, No. 08-01341 JSW, 2010 WL 785798, at *1 (N.D. Cal. Mar. 3, 2010) ("In light of the lack of precedent bearing on the issue, the Court concludes that Defendants have shown a substantial ground for a difference of opinion.") (citations omitted); *Helman*, 2009 WL 2058541, at *6 (finding substantial doubt where "the issue is one of first impression in the Ninth Circuit") (citation omitted); *Ovando*, 92 F. Supp. 2d at 1025 (finding substantial doubt where there "is limited case law guiding courts on the constitutional claims here").

The Court's own comments about having reached alternative resolutions of the motion demonstrates the strength of Allianz's arguments.  Moreover, courts have not addressed claim preclusion and notice issues with respect to factual circumstances like those presented here.  On the waiver issue, for example, neither side cited cases addressing application of the implied claim preclusion waiver doctrines to partly overlapping class action cases—where the overlapping claims are by definition created by certification orders issued by two or more courts.  And although the Plaintiffs cited Ninth Circuit cases finding that a defendant can waive the claim preclusion defense when asserted after trial, *see* Pls.' Opp'n at 18-22 (citing *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328-29 (9th Cir. 1995); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735 (9th Cir. 1988); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1119 (9th Cir. 2003), the parties did not cite any Ninth Circuit authority to the effect that a defendant can waive a claim preclusion defense raised before trial in the second action and before the elements of the defense have been satisfied.

### 3.   An immediate appeal will materially advance the ultimate termination of this action.

The third requirement also is met.  "An interlocutory appeal must be likely to

1   materially speed the termination of the litigation.  This factor is linked to whether an

2   issue of law is 'controlling' in that the Court should consider the effect of a reversal

3   by the court of appeals on the management of the case."  *AIR*, 634 F. Supp. 2d at

4   1092 (citations omitted).  "The controlling question does not need to dispose of the

5   litigation, only advance its ultimate termination.  However, an appeal must present a

6   clear-cut question of law against a background of established facts."  *Id.*

7        Resolution of the controlling questions could materially affect the outcome of

8   the case, and would frame and narrow the issues for trial.  *See, e.g.*, *Dalie v. Pulte*

9   *Home Corp.*, 636 F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (certifying order, stating

10  "the question is controlling because it will determine what claims are litigated in this

11  court"); *AIR*, 634 F. Supp. 2d at 1088 (certifying order, stating that "success on

12  appeal would materially affect the outcome of the third cause of action (and one third

13  of the outcome of the entire litigation)").   A claim preclusion finding would

14  eliminate approximately 150,000 Allianz two-tier contracts from this litigation, *see*

15  S. Jorden Reconsideration Decl. ¶ 8, materially affecting the outcome of the

16  litigation in several respects.

17        *First*, the uncertainty about whether nearly half the class is even eligible to

18  seek recovery will likely make resolution by settlement exponentially more

19  problematic.  The prospect of reversal on the application of claim preclusion—a

20  question this Court believed presented "a very close question" on which it had "come

21  to two alternative conclusions"—presents a substantial complication in and

22  impediment to the exchange of settlement proposals parallel in scope and structure.

23        *Second*, eliminating most of the claims relating to two-tier annuities would

24  impact the trial of the case because many of the principal allegations upon which

25  Plaintiffs' claims are based are relevant only to two-tiered annuities.[12]  For example,

26

27  [12] Allianz maintains that none of Plaintiffs' fraud allegations have any connection to
    the "worthless annuity" reliance and damages theory espoused by Plaintiffs' putative

28  expert and which the Court previously has stated is the predicate of Plaintiffs' class

*(footnote continued on next page)*

Plaintiffs argue that the premium bonus is not immediate (as did the *Mooney* plaintiffs) because the bonus amount is credited to the contract's "annuitization value," which is subject to deferral and payout requirements.  S. Jorden Decl., Ex. 4 (Plaintiffs' Mem. of P. & A. in Opp. to Allianz's Mot. for Partial Summ. J.) at 6 ("there is nothing 'immediate' about the bonus, as plaintiffs must hold their annuities for at least *fifteen years* to receive it").  And they claim the bonus is illusory—as did the *Mooney* plaintiffs (*id.*, Ex. 21 (*Mooney* Trial Tr.) at 185:8-12))—because upon surrender a policyholder receives the contract's "cash value," which does not include the bonus.  S. Jorden Reconsideration Decl., Ex. 7 (Vida F. Negrete's Corrected Supplemental Resp. to Allianz's Second Set of Interrogs. at 72, 75).  Neither of these core allegations has any application to single-tier annuities, which have but one value to which the bonus is credited.  Allianz's Resp. to Pls.' Fact No. 227 (Docket No. 470-3].

---

claims.  FACT 17 (citing *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006)); S. Jodlowski Decl., Ex. 4 (September 10, 2007 Hearing Transcript) at 7 ("your case which I will call the case of the annuities, all annuities are worthless").

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

## V.    CONCLUSION

For the foregoing reasons, Allianz requests that the Court reconsider its Summary Judgment Order and (1) grant Allianz's second motion for partial summary judgment and/or (2) withdraw its order granting summary judgment to Plaintiffs on Allianz's claim preclusion defense.  In addition or in the alternative, Allianz requests the Court to amend its Summary Judgment Order and certify the questions presented herein to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

DATED: September 24, 2010

By:  /s/ Stephen J. Jorden
Thomas J. Nolan (SBN 066992)
Lance A. Etcheverry (SBN199916)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:       213.687.5000
Facsimile:       213.687.5600
tnolan@skadden.com
lance.etcheverry@skadden.com

*and*

James F. Jorden (*Pro Hac Vice*)
Stephen J. Jorden (*Pro Hac Vice*)
JORDEN BURT LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Telephone:       202.965.8100
Facsimile:       202.965.8104
jfj@jordenusa.com
sj@jordenusa.com

*Attorneys for Defendant Allianz Life Insurance Company of North America*

DC 232697v6

23

**Defendant's Motion for Reconsideration or in the Alternative Certification under 28 U.S.C. § 1292(b)**

604940-Los Angeles Server 1A - MSW