UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Theodore Pintar | | Stephen Jorden <br> Denise Fee |

| Proceedings: | **DEFENDANT'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CERTIFICATION UNDER 28 U.S.C. § 1292(b)** (filed 09/24/10) |
|---|---|

## I. INTRODUCTION AND BACKGROUND

In these related class action cases, plaintiffs Vida F. Negrete ("Negrete"), as conservator for Everett Ow ("Ow"), and Carolyn B. Healey ("Healey") (collectively, "plaintiffs"), on behalf of themselves and a nationwide class of an estimated 200,000 senior citizens, allege that defendant Allianz Life Insurance Company of North America, Inc. ("Allianz") conspired with a network of affiliated Field Marketing Organizations ("FMOs") to induce class members to purchase deferred annuities issued by Allianz by means of misleading statements and omissions regarding the value of those annuities.

Negrete filed suit against Allianz on September 19, 2005, alleging the following claims for relief: (1) violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. ("RICO"); (2) elder abuse under Cal. Welf. & Inst. Code §§ 15610 et seq. ("§ 15610"); (3) unlawful, unfair and fraudulent business practices under California's Unfair Competition Law ("the UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) false and misleading advertising under Cal. Bus. & Prof. Code §§ 17500, et seq. (the "False Advertising Law" or "FAL"); (5) breach of fiduciary duty; (6) aiding and abetting breach of fiduciary duty; and (7) unjust enrichment and imposition of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

constructive trust. On December 22, 2005, Healey filed suit against Allianz, alleging similar claims for relief. The Court ordered coordination of the two actions as related cases (collectively, "Negrete").

On March 12, 2010, Allianz moved for summary judgment on the RICO claims of certain Negrete class members, which it contended were barred by the doctrine of claim preclusion as a result of the final judgment entered in Allianz's favor on January 29, 2010 in Mooney v. Allianz Life Ins. Co. of N. Am., Case No. CV 06-00545 ADM/FLN (D. Minn.) ("Mooney"). In an order issued August 18, 2010 (the "Order"), the Court denied Allianz's motion for summary judgment and granted plaintiffs' cross-motion for partial summary judgment on Allianz's affirmative defense of claim preclusion. Order at 24. The Court concluded that the RICO claims of certain Negrete class members were not barred by the doctrine of *res judicata* for four reasons. First, the Court found that Allianz had waived its claim preclusion defense by failing to assert it until after the final judgment was entered in Mooney. Id. at 14. Second, the Court found that Allianz was judicially estopped from asserting claim preclusion by its representations that the Mooney and Negrete cases were distinct. Id. at 13 n.10. Third, the Court found that the RICO claims in Negrete were not the same claims asserted in Mooney. Id. at 17–18. Finally, the Court found that the Mooney class notice language was inadequate to bind the absent Negrete class members. Id. at 24.

On September 24, 2010, Allianz moved the Court to reconsider the findings in the Court's Order or, in the alternative, to certify questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On October 12, 2010, plaintiffs filed their opposition. Allianz replied on October 18, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. RECONSIDERATION PURSUANT TO LOCAL RULE 7-18

### A. Legal Standard

Local Rule 7-18 sets forth the bases upon which this Court may reconsider "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

decision on any motion:"

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### B. Discussion

Allianz seeks reconsideration under 7-18(a) on the grounds that there is a "material difference in fact . . . from that presented to the Court," that rebuts plaintiffs claim that they were unaware of the risk of claim preclusion resulting from trial in Mooney. Mot. at 1; Reply at 6. Allianz directs the Court to the transcript of the September 17, 2007 hearing before the Judicial Panel on Multidistrict Litigation ("MDL Hearing"), wherein Allianz's counsel stated, in the presence of plaintiffs' counsel, that resolution of one case by trial would result in claim preclusion in the other.[1] Mot. at 1, 8; Declaration of S.

---

[1] Allianz asks the Court to consider its counsel's response to a question posed by Judge Scirica during the MDL Hearing:

> JUDGE SCIRICA: When you said there are overlapping class members, as to all of the issues, how would they be handled in different class actions, those overlapping class members?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

Jorden in Support of Reconsideration, Ex. 2, September 17, 2007 MDL Hearing Tr. at 9:13–10:4. According to Allianz, at the August 2, 2010 hearing of the summary judgment motion ("Summary Judgment Hearing"), plaintiffs claimed for the first time that they were concerned only with the risks of preclusion from settlement, and did not believe that Allianz intended to assert the defense if Mooney proceeded to trial. Id. at 1 n.1. Allianz contends that the Court's waiver, judicial estoppel, and inadequate notice findings rest on the premise that although plaintiffs were aware of the preclusive effect of a settlement in Mooney, they were justifiably unaware of the preclusive effect of a judgment resulting from a trial in Mooney. Mot. at 1, 6; Reply at 4 (citing August 2, 2010 Hearing Tr. at 18:19–19:11, 20:25–21:14, 28:19–29:1, 32:8–19). Allianz argues that its counsel's statements at the MDL Hearing demonstrate that plaintiffs appreciated the risk of claim preclusion from the Mooney trial, and had approximately two years to take appropriate action. Mot. at 1, 8; Reply at 6. Allianz asserts that the Court may

---

> MR. JORDEN: There are overlapping class members with respect to the same annuity transactions. There are different theories being pursued about what was wrong with that particular transaction, what the fraudulent inducement, I guess you could say, was with respect to that transaction.
>
> So the cases will get resolved one way or the other.
>
> If it is by settlement, there will be a proceeding before the judge who is familiar with that case on that theory under that statute, and people can object to any settlement of that case. Mr. Stoia can or, if it is in his case, if there is a settlement, somebody else can object.
>
> If it goes to trial, there will be a preclusive effect. So that is the way it will be resolved.

Mot. at 7–8 (citing S. Jorden Reconsideration Decl., Ex. 2, September 17, 2007 MDL Hearing Tr. at 9:13–10:4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

consider the new evidence at this stage because after the Summary Judgment Hearing, Allianz searched the factual record, including the MDL Hearing transcript, and discovered the additional evidence. Mot. at 1; Reply at 6 (citing Fidelity Nat'l Fin., Inc. v. Friedman, No. CV 06-4271 CAS (C.D. Cal. July 23, 2007)).

     Allianz also submits a laundry list of facts and evidence that it claims the Court failed to consider. Mot. at 2, 10–16 (citing L.R. 7-18(c); Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 979 (C.D. Cal. 2004)). Specifically, Allianz argues that the Court should reconsider its finding that Allianz waived its claim preclusion defense because the Court did not address plaintiffs' written submissions to the MDL panel, wherein plaintiffs represented that failure to consolidate the actions could result in claim preclusion. Id. at 6–7 (citing Decl. of S. Jorden in Supp. of Allianz's Reply in Supp. of Second Mot. for Partial Summ. J., Ex. 48 at 2). Allianz asks the Court to reconsider its judicial estoppel finding on the grounds that notwithstanding Allianz's statements about differences in the cases relating to nonoverlapping policyholders and nonoverlapping transactions, class certification theories, discovery, and the scope of admissible evidence at the Mooney trial, its statements about claim preclusion were consistent.[2] Id. at 11–13. Allianz seeks reconsideration of the Court's finding that the Mooney and Negrete claims are different for claim preclusion purposes on the grounds

---

     [2] Allianz also contends that the Court ignored evidence regarding plaintiffs' written submissions to the MDL Panel, wherein plaintiffs stated, "there is a risk that, under principles of *res judicata*, an adverse judgment in one case could bar class members from receiving the benefits of a subsequent favorable result by judgment or settlement in the other case." Id. at 7 (citing S. Jorden Reply Decl., Ex. 48 at 2). Allianz further argues that the Court failed to address plaintiffs' statements acknowledging that the cases "involve common themes, common facts, common proof and common witnesses dealing with [the] same or similar legal issues." Id. at 12 n.7 (citing Allianz's Reply Mem. in Supp. of Its Second Mot. for Partial Summ. J. at 8 n.7 (citing S. Jorden Reply Decl., Ex. 48 (Brief of Pls. in Supp. of Mot. for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407) at 1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

that the finding is at odds with the factual record, and predicated on plaintiffs' factual assertions not supported by evidence. Id. at 13–14. Finally, Allianz argues that the Court should reconsider its ruling that the Mooney class notice language was inadequate to bind the absent Negrete class members because, even if the Mooney class notice did not sufficiently apprise overlapping Negrete class members that their claims might be impacted, Negrete class counsel understood the risk of not opting out of the Mooney class. Id. at 16.

Plaintiffs respond that the Court should not consider Allianz counsel's statements during the MDL Hearing because Allianz fails to demonstrate that "in the exercise of reasonable diligence," it could not have discovered such evidence at the time Allianz moved for summary judgment. Opp'n at 6–7 (citing L.R. 7-18(a); Metoyer v. Chassman, 248 Fed App'x 832, 835 (9th Cir. 2007) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.") (internal quotation omitted); Target Tech. Co., LLC v. Williams Advanced Materials, Inc., No. SACV 04-1083, 2008 WL 5002935, at *21 (C.D. Cal. Nov. 21, 2008) (L.R. 7-18(a) means a party is "not entitled to a second bite at the apple.")). Plaintiffs contend that Allianz's reliance on Friedman is misplaced because in that case, the Court agreed to reconsider summary judgment where, under Local Rule 7-18(b), new material facts emerged. Id. at 7. Plaintiffs point out that the Court did not undertake a "reasonable diligence" analysis in Friedman, and that in the instant case, Allianz seeks reconsideration pursuant to 7-18(a) and (c), not 7-18(b). Id. Plaintiffs further argue that even if the Court considers the MDL Hearing transcript, such evidence does not warrant a change in the Court's analysis because Allianz counsel's statements do not undermine the fact that Allianz subsequently acquiesced to the dual prosecution of two distinct sets of class claims, without giving notice of the claim preclusion defense in the Mooney pleadings or Class Notice. Id. at 4–5.

Plaintiffs also respond that Allianz has failed to demonstrate that the Court disregarded any material facts as to any of the four independent grounds supporting the Court's decision. Id. at 8–11. Plaintiffs observe that Allianz's motion for reconsideration repeats arguments made in support of its original motion for summary judgment, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

violation of Local Rule 7-18. Id. at 12–14.

Allianz replies that the Court should consider the transcript from the MDL Hearing because Allianz was unaware of the distinction plaintiffs drew between the preclusive effect of settlement and trial until the Summary Judgment Hearing, and therefore had no opportunity to investigate the record to determine whether there was any factual basis for such a distinction. Reply at 6. Accordingly, Allianz contends that it did not know the relevancy of its counsel's statements during the MDL Hearing until after briefing was completed for the summary judgment motion. Id. at 7 (citing Ellis v. Penn. Higher Educ. Assistance Agency, No. CV-07-4498, 2008 WL 4351746, at *3 (C.D. Cal. Sept. 23, 2008)). Allianz further replies that the Court's decision in Friedman is instructive because there, the Court granted reconsideration where plaintiffs discovered a misrepresentation in a summary judgment declaration by reviewing a deposition transcript available to them prior to filing their summary judgment opposition. Id. at 6.

Allianz further replies that "Plaintiffs' footnoted commentary about the merely arguable application of judicial estoppel was inadequate both to raise the doctrine and to notify Allianz that it must present responsive facts and law in its summary judgment reply memorandum or risk a judicial estoppel ruling." Id. at 10 (citing Ellis, 2008 WL 4351746, at *3). Allianz also argues that the Court's judicial estoppel finding is flawed because the Court "fail[ed] to make the requisite findings as to the essential elements of the doctrine." Id. at 10. Finally, Allianz replies that there is no evidence to support the Court's statement that the damages sought in Negrete are "unique to seniors" and based on "undisclosed product features." Id. (citing Order at 18).

The Court finds that plaintiff has not demonstrated sufficient grounds for reconsideration of the Court's Order under Local Rule 7-18. With respect to Allianz counsel's statements during the MDL Hearing, the Court finds that reconsideration is not warranted because Allianz offers no legitimate excuse for failing to present the statement on its motion for summary judgment. See L.R. 7-18(a) (reconsideration of the decision on any motion may be made on the grounds of "a material difference in fact . . . from that presented to the Court . . . that in the exercise of reasonable diligence could not have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

known to the party moving for reconsideration at the time of such decision") (emphasis added); Hopkins v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court."). First, Allianz cannot establish that its own counsel's statements were not available to it in the exercise of reasonable diligence at the time that Allianz submitted evidence on its motion for summary judgment. Second, Allianz's contention that it did not fully comprehend the relevancy of the MDL Hearing until after the Summary Judgment Hearing is belied by the fact that Allianz included plaintiffs' briefs filed before the MDL panel in the record on summary judgment, see Allianz's Reply Mem. in Supp. of Its Second Mot. for Partial Summ. J. at 8 n.7 (citing S. Jorden Reply Decl., Ex. 48 (Brief of Pls. in Supp. of Mot. for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407) at 1), and repeatedly made reference to the parties' representations to the MDL panel at the Summary Judgment Hearing. See, e.g., August 2, 2010 Hearing Tr. at 28:18–30:4.

Even if the Court considers Allianz counsel's statements during the MDL Hearing, the evidence does not affect the Court's analysis. Allianz counsel's statements during the MDL Hearing are irrelevant to the Court's conclusion that "allowing Allianz to assert claim preclusion at this late stage would work a substantial injustice on the plaintiffs." Order at 13. As the Court recognized at the Summary Judgment Hearing, and in its Order, the question was whether Allianz's subsequent actions gave adequate notice to plaintiffs about their intention to invoke the claim preclusion defense. Relying upon the Mooney pleadings and class notice, plaintiffs made clear that the notice was constitutionally defective because it did not apprise Negrete class members that their failure to opt out of Mooney could result in their claims being barred. In light of the class notice in Mooney, and the fact that Allianz first raised the claim preclusion defense after it had obtained a favorable judgment in Mooney, the Court concluded that claim preclusion could not apply because Allianz had failed to apprise Negrete class members that failure to opt out of Mooney would potentially eviscerate their rights.

To the extent that Allianz seeks reconsideration on the grounds that the Court failed to consider material facts and evidence presented to the Court, and accepted as true

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

plaintiffs' factual assertions without any evidence to support those assertions, these claimed errors are simply not supported by the record. Local Rule 7-18(c) does not require the Court to address in its Order every single piece of evidence Allianz submits, or argument in Allianz's briefs. See Chagby v. Target Corp., No. CV 08-4425-GHK, 2009 WL 398972, at *1 (C.D. Cal. Feb. 11, 2009) (under L.R. 7-18(c), "[w]e need not, and are not required to, address every single allegation made in Plaintiff's Complaint, or argument made in Plaintiff's opposition, in the Order."). Finally, insofar as Allianz challenges the Court's judicial estoppel finding, it bears mention that the judicial estoppel finding was an alternative to the Court's waiver finding. See Order at 13 n.10 ("the Court concludes, in the alternative, that Allianz is judicially estopped to assert the defense of claim preclusion.") (emphasis added). Furthermore, plaintiffs adequately raised the doctrine in their opposition to Allianz's summary judgment motion, and there is no authority to support Allianz's argument that the Court must make explicit findings as to each judicial estoppel factor.

In accordance with the foregoing, the Court DENIES Allianz's motion for reconsideration pursuant to Local Rule 7-18.

## III. CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

### A. Legal Standard

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026; 28 U.S.C. § 1292(b). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)); Fukuda v. County of Los Angeles, 630 F. Supp. 228, 229 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

 **B.** **Discussion**

 Allianz argues that the Court should certify its Order for interlocutory appeal. Mot. at 17. Allianz contends that the following questions are controlling questions of law that the Court should certify for appeal:

 (a) Where a defendant has opposed certification in simultaneous class actions with partly overlapping class memberships pursuing fraudulent inducement claims arising out of the same transactions, does it waive the claim preclusion defense as to the overlapping class members' claims if it formally presents the defense after trial in the first case but before trial in the second case?
 (b) Where a defendant has opposed certification in simultaneous class actions with partly overlapping class memberships pursuing fraudulent inducement claims arising out of the same transactions, can the defendant be judicially estopped from pursuing a claim preclusion affirmative defense in the second case because of arguments it made in the first case about differences in the cases that were not addressed to whether claim preclusion would apply and did not alter the scope of the trial in the first case?
 (c) Whether claim preclusion principles bar prosecution of class action claims seeking damages for fraudulent inducement of financial transactions where the same class members already tried and lost fraudulent inducement claims involving the same financial transactions?
 (d) Whether Epstein v. MCA, Inc., 179 F.3d 641 (9th Cir. 1999), which holds that the "certifying court is charged with protecting the interests of the absent class members," and that its determinations in certifying a class are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

> not "subject to collateral review," bars another district court from finding that the approved notice did not adequately advise overlapping class members of the consequences of not opting out of the later certified class?

Id. at 18–19.

Allianz further argues that the Court's observation at the Summary Judgment Hearing that the issues presented a "very close question," and that "in the last several weeks [the Court has] come to two alternative conclusions," demonstrates that there are substantial grounds for a difference of opinion. Id. at 20 (citing Ex. 1, August 2, 2010 Hearing Tr. at 3:21–23). Allianz also contends that the Court's waiver finding presents a question of first impression in the Ninth Circuit. Id. Finally, Allianz argues that an immediate appeal will materially advance the ultimate termination of the litigation for two reasons: (1) uncertainty about whether a substantial portion of the class is eligible to seek recovery presents a substantial complication in settling the case and (2) eliminating the claims relating to two-tier annuities would impact trial because Allianz maintains that many of the principal allegations upon which plaintiffs' claims are based are relevant only to two-tiered annuities. Id. at 21–22.

Plaintiffs respond that the Court's Order does not involve a controlling question of law because the questions "involve the application of established standards governing claim preclusion" and "involve mixed questions of law and fact." Opp'n at 16 (citing McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) (section 1292(b) appeals are reserved "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.")). Plaintiffs further respond that the presence of a disputed issue of first impression is, standing alone, insufficient to establish substantial grounds for a difference of opinion. Id. at 17 (citing Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010)). Plaintiffs contend that Allianz's disagreement with the Court's application of established case law is not enough to establish a difference of opinion. Id. at 18–19. Finally, plaintiffs argue that interlocutory appeal will not materially advance the litigation because even if the appeal is resolved in Allianz's favor, the case would still

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-6838 CAS (MANx)<br>CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE:<br>CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

proceed to trial because there are more than one hundred thousand class members whose claims are unchallenged at this stage. Id. at 19–20. Plaintiffs further contend that judicial efficiency would be undermined if part of the case were split off for interlocutory appeal while the remaining claims proceed to trial. Id. at 20. Plaintiffs assert that it is equally inefficient and unfair to class members to stay the litigation while Allianz pursues an appeal in the Ninth Circuit dealing only with a portion of the case. Id.

Allianz replies that the issues for appeal present the "legal question of whether the Mooney and Negrete claims are the same for *res judicata* purposes." Reply at 12 n.3. Allianz further replies that "the absence of authority addressing the application of waiver and class notice issues in partly overlapping class cases, and the absence of any on-point authority adopting Plaintiffs' arguments, plainly support a finding that Allianz has stated substantial grounds for differences of opinion." Id. at 12. With respect to plaintiffs' contention that certification under section 1292(b) will not materially advance the litigation because the remaining claims would still proceed to trial, Allianz replies that it is unlikely the parties will be ready for trial before the Ninth Circuit could issue a decision on the possible interlocutory appeal because the parties still have many pretrial issues to address, including the admissibility of Dr. McCann's opinion. Id. at 13. Allianz further argues that if the Court does not permit interlocutory appeal and is overturned by the Ninth Circuit after a trial and final judgment, plaintiffs' claims subject to Allianz's *res judicata* defense may have to be re-tried. Id. at 13 n.4.

As previously noted, certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is reserved for "exceptional circumstances." The Court concludes that Allianz has not satisfied its burden of establishing that the issues as to which interlocutory appeal is sought present the type of "exceptional circumstances" that would "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Fukuda, 630 F. Supp. at 229 (citing Coopers & Lybrand, 437 U.S. at 475). Accordingly, the Court concludes that certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is not warranted under the present circumstances, and therefore DENIES Allianz's motion for certification pursuant to 28 U.S.C. § 1292(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-6838 CAS (MANx) <br> CV 05-8908 CAS (MANx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | VIDA F. NEGRETE; ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA; AND RELATED CASE: <br> CAROLYN B. HEALEY, ETC. v. ALLIANZ LIFE INS. CO. OF N. AMERICA | | |

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES Allianz's motion for reconsideration or, in the alternative, certification under 28 U.S.C. § 1292(b).

IT IS SO ORDERED

|  | 00 : 12 |
|---|---|
| Initials of Preparer | CMJ |