1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  PATRICK J. COUGHLIN (111070)
THEODORE J. PINTAR (131372)
3  655 West Broadway, Suite 1900
San Diego, CA  92101
4  Telephone:  619/231-1058
619/231-7423 (fax)
5  patrickc@rgrdlaw.com
tedp@rgrdlaw.com
6
BONNETT, FAIRBOURN, FRIEDMAN
7    & BALINT, P.C.
ANDREW S. FRIEDMAN
8  KIMBERLY C. PAGE
2325 E. Camelback Road, Suite 300
9  Phoenix, AZ  85016
Telephone:  602/274-1100
10  602/274-1199 (fax)
afriedman@bffb.com
11  kpage@bffb.com

12  Co-Lead Class Counsel
[Additional counsel appear on signature page.]
13

14  UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
15

16  VIDA F. NEGRETE, as Conservator for )   No. CV-05-6838-CAS(MANx)
EVERETT E. OW, an individual, on       )
17  Behalf of All Other Similarly Situated   )   CLASS ACTION
Persons,                         )
18                             )   PLAINTIFFS' MOTION *IN LIMINE*
            Plaintiff,   )   NO. 1 TO EXCLUDE CERTAIN RICO
19                           )   STATUTORY TERMS
    vs.                       )
20                           )   JUDGE:  Hon. Christina A. Snyder
ALLIANZ LIFE INSURANCE      )   DATE:   November 18, 2013
21  COMPANY OF NORTH AMERICA, a )   TIME:   10:00 a.m.
Minnesota corporation,        )   CTRM:   5 – 2nd Floor
22                           )
          Defendant.   )
23  _____)

24  [Caption continued on following page.]

25

26

27

28

840713_1

1   CAROLYN Y. HEALEY, on Behalf of  )  No. CV-05-8908-CAS(MANx)
    Herself and All Others Similarly  )
2   Situated,  )  <u>CLASS ACTION</u>
    )
3                     Plaintiff,  )
    )
4         vs.  )
    )
5   ALLIANZ LIFE INSURANCE  )
    COMPANY OF NORTH AMERICA, a )
6   Minnesota corporation,  )
    )
7                   Defendant.  )
    )

840713_1

1    Pursuant to the Court's Order Regarding Pretrial Dates, entered August 15,

2  2013, plaintiffs respectfully submit this memorandum in support of their Motion *in*

3  *Limine* No. 1 to exclude reference to certain RICO statutory terms.

4  **I.    INTRODUCTION**

5    Plaintiffs seek to exclude any reference by defendant, or its counsel, to certain

6  RICO statutory terms, namely "racketeer," "racketeering," "corrupt organization," the

7  trebling of damages and an award of attorneys' fees.  Numerous courts have held that,

8  although these terms appear in the statute, they could be highly prejudicial to plaintiffs

9  if mentioned.  *E.g.*, *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir.

10  1987) (excluding reference to RICO's treble damage provision); *Fujisawa Pharm. Co.

11  v. Kapoor*, No. 92 C 5508, 1999 U.S. Dist. LEXIS 11381 (N.D. Ill. July 21, 1999)

12  (excluding reference to treble damages and attorneys' fees); *see Noble v. McClatchey*

13  *Newspapers*, 533 F.2d 1081, 1091 (9th Cir. 1975) (excluding reference to Clayton

14  Act's trebling provision).

15    Further, plaintiffs will be unduly prejudiced if defendant or its counsel reference

16  terms such as "racketeering" and "corrupt organization" because RICO is not limited

17  to mobsters and organized crime.  Indeed, according to the Supreme Court, "[RICO]

18  has become a tool for everyday fraud cases brought against 'respected and legitimate'

19  enterprises."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499, 105 S. Ct. 3275, 87

20  L. Ed. 2d 346 (1985).  With respect to RICO's trebling and attorneys' fees provisions,

21  they are "irrelevant to the jury questions of liability and damages and may tend to

22  confuse or prejudice a jury into reducing its eventual award, thus frustrating Congress'

23  goal . . . ."  *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994).  Accordingly,

24  reference to these RICO statutory terms should be excluded at trial.

25

26

27

28

- 1 -

840713_1

**II.   ANY REFERENCE TO THE TERMS "RACKETEER," "RACKETEERING," OR "CORRUPT ORGANIZATION" AS WELL AS REFERENCES TO THE WRONG BURDEN OF PROOF, SHOULD BE EXCLUDED**

By this motion *in limine*, plaintiffs and Class members seek an Order of this Court precluding all reference to the terms "racketeer," "racketeering," or "corrupt organization" at trial, except to the extent necessary in the jury instructions given at the end of the trial.[1] Plaintiffs and Class members will be substantially prejudiced if defendant, its employees and/or its counsel are allowed to assert or argue that plaintiffs and Class members have branded them "racketeers" because that term is publicly associated with extortion and organized crime while the RICO statute requires no such finding. *See* 18 U.S.C. §1962(c) & (d) (violations); 18 U.S.C. §1964(c) (private right of action).

Although the terms "racketeer" and "racketeering" were used by Congress in drafting the RICO statute, 18 U.S.C. §1961 *et seq.,* in the public mind the association

---

[1]   Consistent with the applicable precedents, plaintiffs and Class members will ask this Court to instruct the jury as follows:

> Although RICO uses the terms "racketeer," "racketeering" and "corrupt organizations," Congress did not mean that plaintiffs must prove that defendant is a "racketeer" or a member of what is commonly referred to as "organized crime" in order to recover damages. You should not assume that defendant or defendant's employees are "racketeers" because defendant has been sued under RICO as those concepts do not apply to this [class action].

> *       *       *

> Use of the terms "racketeering," "racketeer," or "corrupt organization" in RICO and during this trial should not be thought of as having anything to do with your determination of whether plaintiffs have established the elements of plaintiffs' [civil RICO] claims.

3B Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice and Instructions: Civil* §§161.01 and 161.02 (5th ed. 2001); Fifth Circuit Pattern Jury Instructions (Civil), Instruction 8.1; *Manual for Complex Litigation* §35.35 (4th ed. 2004).

- 2 -

840713_1

1  of "racketeer" with "organized crime" is immediate and unavoidable.[2]  However, the

2  public's perception is not consistent with the law.  Thus, in the notable words of the

3  Supreme Court:[3]

> Instead of being used against mobsters and organized criminals, [RICO] has become a tool for everyday fraud cases brought against "'respected and legitimate' enterprises." Yet Congress wanted to reach both "legitimate" and "illegitimate" enterprises. The former enjoy neither an inherent incapacity for criminal activity nor immunity from its consequences. The fact that [RICO] is used against respected businesses allegedly engaged in a pattern of specifically identified criminal conduct is hardly a sufficient reason for assuming that the provision is being misconstrued . . . . "[The] fact that RICO has been applied in situations not expressly anticipated by Congress does not demonstrate ambiguity. It demonstrates breadth."

> It is true that private civil actions under the statute are being brought almost solely against such defendants, rather than against the archetypal, intimidating mobster. Yet this defect – if defect it is – is inherent in the statute as written, and its correction must lie with Congress.

13  *Sedima*, 473 U.S. at 499; *accord Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46

14  F.3d 258, 262-63 (3d Cir. 1995); *Furman v. Cirrito*, 741 F.2d 524, 529 (2d Cir. 1984),

15  *vacated on other grounds sub nom.*, *Joel v. Cirrito*, 473 U.S. 922, 105 S. Ct. 3550, 87

16  L. Ed. 2d 672 (1985).

17

---

[2]     In the words of another authority:

> The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the plaintiff has established the elements of the claim. The term is only a term used by Congress to describe the statute.

4B Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Nancy Batterman, *Modern Federal Jury Instructions – Civil* ¶84.04 – Instruction 84-21 (2012).  The comment to this model instruction states:

> Because of the pervasive use of the word "racketeering" in both the statute and in charging a RICO jury, this instruction should be given in order to minimize the potential prejudice from the sinister applications of the word. It is especially important in contexts where the defendant has no obvious connection with what the public would conceive to be organized crime or organized crime activity.

*Id.*

[3]     Unless otherwise noted, citations are omitted and emphasis is added, here and throughout.

840713_1

1   No persons or organizations are immune from RICO's prescriptions and

2   penalties, no matter what their alleged pedigree or purported community stature. *See,*

3   *e.g.*, *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 109 S. Ct. 2893, 106 L. Ed. 2d 195

4   (1989).  Nevertheless, despite cautionary instructions to follow the law as described

5   by the Court, plaintiffs and Class members would be prejudiced by the public's

6   perception of a "racketeer" and improper emotional appeals utilizing the term

7   "racketeer."  With thoughts of organized crime in mind, the jury with aid of improper

8   appeals by parties or their counsel may hold plaintiffs and Class members to a higher

9   burden of proof (beyond a reasonable doubt) than is appropriate under the law (proof

10  by a preponderance of the evidence).  *See Sedima*, 473 U.S. at 491; *see also Wilcox v.*

11  *First Interstate Bank N.A.*, 815 F.2d 522, 531 (9th Cir. 1987) (collecting cases; "We

12  conclude that the preponderance of evidence standard applies to proof of predicate

13  acts in civil RICO litigation.").

14  Therefore, plaintiffs and Class members respectfully submit that defendant, its

15  witnesses and its counsel should be precluded from suggesting or asserting that a

16  higher burden of proof applies to the civil RICO claim(s).

17  **III.   ANY REFERENCE TO THE TREBLING OF DAMAGES**
          **AND/OR AN AWARD OF ATTORNEYS' FEES UNDER RICO**

18        **SHOULD BE EXCLUDED**

19  At the conclusion of trial, the jury will determine whether defendant is liable for

20  violations of RICO.  If the jury finds that defendant has violated RICO, it will then

21  determine the amount of damages, if any, suffered by reason of the RICO violation.

22  Section 1964(c) of RICO mandates that the amount of damages be trebled.  If

23  defendant, its witnesses and/or its counsel are allowed to mention that the amount of

24  compensatory damages awarded will be trebled, then the jury may "compensate" for

25  that trebling in their determination of damages, thereby unfairly prejudicing plaintiffs'

26  and Class members' recovery.  For these reasons, circuit and district courts have

27

28

- 4 -

840713_1

1  uniformly granted motions *in limine* precluding civil RICO plaintiffs and defendants

2  from telling the jury about the trebling of damages and the award of attorneys' fees.

3     For example, in *Liquid Air*, a civil RICO action tried to a jury in the Central

4  District of Illinois, on appeal defendants objected to the trial court's "refusal to allow

5  defendants to explain the treble damage provision of RICO to the jury." *Id.*, 834 F.2d

6  at 1308 n.7.  The Seventh Circuit held that "[s]uch information is irrelevant to a jury's

7  deliberations and may confuse or prejudice the jury.  It is properly excluded." *Id.*  To

8  the same effect is Judge Bucklo's ruling on motions *in limine* in *Fujisawa*, another civil

9  RICO action.  In its motion, the plaintiff moved to bar any reference to the fact that

10  treble damages and attorneys' fees are recoverable under §1964(c) of RICO.  Following

11  the Seventh Circuit's decision in *Liquid Air*, 834 F.2d at 1308 n.7, Judge Bucklo stated

12  that "[s]uch evidence . . . is properly excluded from the jury" and the court granted

13  plaintiff's motion *in limine*.  *Fujisawa*, 1999 U.S. Dist. LEXIS 11381, at *56 & nn.15-

14  16.[4]

15     The above-referenced decisions in civil RICO cases track a long line of civil

16  antitrust cases holding that it is error for a court to instruct or inform a jury that it will

17  subsequently treble any damages that the jury may award.  In the words of the Fifth

18  Circuit:

19

---

20  [4]  In a footnote, Judge Bucklo noted that defendant argued that plaintiff should not
be permitted to recover both treble damages under RICO and punitive damages under

21  its common law fraud claim.  "Dr. Kapoor contends that if he is found liable under
RICO and if Fujisawa then argues for punitive damages, Dr. Kapoor should be

22  allowed to inform the jury of RICO's treble damages provision." *Fujisawa*, 1999 U.S.
Dist. LEXIS 11381, at *56 n.15.  Citing the Ninth Circuit's decision in *Neibel v. Trans

23  World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997) (*see* discussion, *supra*), Judge
Bucklo stated that "[a] plaintiff may recover both RICO treble damages and state law

24  punitive damages for the same conduct.  Accordingly, that is not a basis for relaxing
the rule barring evidence of RICO treble damages." *Fujisawa*, 1999 U.S. Dist. LEXIS

25  11381, at *56 n.15.

26     To the same effect is the district court's decision in *City of Huntsville v.
Proliance Energy, LLC*, No. CV-02-VEH-1296, 2005 U.S. Dist. LEXIS 7385, at *8

27  (N.D. Ala. Apr. 21, 2005), which cited the Ninth Circuit's decision in *Neibel,* 108
F.3d at 1130-31, and the Second Circuit's decision in *HBE Leasing Corp.*, 22 F.3d at

28  44, permitting plaintiffs to recover both punitive damages under state law claims and
treble damages under RICO.

840713_1

1  The purpose of treble damages is to deter violations and encourage
2  private enforcement of the anti-trust laws. The justifiable fear of anti-
   trust plaintiffs is that the juries will adjust the damage award downward
3  or find no liability, therefore thwarting Congress's purpose, because of
   some notions of a windfall to the plaintiff. One court has even suggested
4  that a jury might take the revelation of the treble damage provision as an
   intimation from the court to restrict the amount of damages.

5                              *      *      *

6         Second, it is not for the jury to determine the amount of a
   ***judgment***. Its function is to compute the amount of ***damages***. Congress's
7  authorization in 15 U.S.C.A. §15 to triple the award of damages is a
   matter of law to be applied by the district court without interference from
8  the jury. The fact that the awarded amount will be tripled has no
   relevance in determining the amount a plaintiff was injured by the anti-
9  trust violation.

10 *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242-43 (5th Cir. 1974)

11 (emphasis in original).

12       This reasoning has been followed by the Ninth Circuit in *Noble*, which stated

13 that an instruction informing the jury of the Clayton Act's trebling provision "is an

14 invitation to the jury to negate Congress' determination that actual damages should be

15 trebled in order to deter antitrust violations and encourage private enforcement of the

16 antitrust laws." *Noble*, 533 F.2d at 1091; *see also Brooks v. Cook*, 938 F.2d 1048,

17 1051-53 (9th Cir. 1991) (holding that the trial court abused its discretion by informing

18 that in a civil rights case, the plaintiff could be awarded attorneys' fees under 42

19 U.S.C. §1988); *United States ex rel. Laymon v. Bombardier Transp. (Holdings) USA,*

20 *Inc.*, 656 F. Supp. 2d 540, 547 (W.D. Pa. 2009) ("There is . . . a great weight of

21 authority in a variety of other contexts establishing a general rule that it is error to

22 instruct a jury as to treble damages, attorneys' fees, or other court-determined awards

23 that might corrupt the jury's damage determination.") (citing antitrust, civil RICO,

24 civil rights and discrimination cases).

25       In *HBE Leasing Corp.*, a civil RICO action that was tried to a jury, defendants

26 argued on appeal that the district court erred when it precluded them from putting

27 before the jury RICO's treble damages and attorneys' fees provisions.  Their

28 contention was that they had been deprived of valuable impeachment material that

- 6 -

840713_1

1  would have demonstrated that plaintiffs' witnesses had a motive to lie in order to

2  obtain the bonanza of a treble damages award as well as attorneys' fees under RICO.

3  *HBE Leasing Corp.*, 22 F.3d at 45.  Rejecting defendants' argument while marshaling

4  RICO and antitrust precedents, the Second Circuit stated that:

> Reference to treble damages and attorneys' fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award, thus frustrating Congress's goal of deterring improper conduct by assessing treble damages and attorneys fees.

8  *Id.*   In support of this conclusion, the Second Circuit noted that "[e]very authority

9  brought to this court's attention upholds excluding references to trebling and attorneys

10  fees in the RICO context."  *Id.*  Thus, the appellate court held that the district court

11  "did not abuse its discretion, and indeed followed the proper course, by precluding

12  defendants' counsel from parading RICO's treble damage and attorneys fees

13  provisions before the jury." *Id.* at 47; *accord Insignia Sys., Inc. v. News Am. Mktg. In-*

14  *Store, Inc.*, No. 04-4213 (JRT/AJB), 2011 U.S. Dist. LEXIS 10740, at *4 (D. Minn.

15  Feb. 3, 2011) ("The Court will also preclude Insignia from mentioning it can recover

16  attorney fees, as such a determination is within the discretion of the Court, and not

17  committed to the jury.") (citing *HBE Leasing Corp.*, 22 F.3d at 46).

18         For the reasons set forth above, defendant and its counsel should be precluded

19  from mentioning, asserting, or arguing to the jury that treble damages and attorneys'

20  fees are recoverable under §1964(c) of RICO.

21                                          Respectfully submitted,

22  DATED:  September 4, 2013         ROBBINS GELLER RUDMAN
                                          & DOWD LLP
23                                      PATRICK J. COUGHLIN
                                        THEODORE J. PINTAR
24

25
                                                s/ Theodore J. Pintar
26                                         THEODORE J. PINTAR

27

28

- 7 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

DATED:  September 4, 2013          BONNETT, FAIRBOURN, FRIEDMAN
                                      & BALINT, P.C.
                                   ANDREW S. FRIEDMAN
                                   KIMBERLY C. PAGE


                                   _____s/ Andrew S. Friedman_____
                                         ANDREW S. FRIEDMAN

                                   2325 E. Camelback Road, Suite 300
                                   Phoenix, AZ  85016
                                   Telephone:  602/274-1100
                                   602/274-1199 (fax)

                                   BONNETT, FAIRBOURN, FRIEDMAN
                                      & BALINT, P.C.
                                   MANFRED MUECKE
                                   501 W. Broadway, Suite 1450B
                                   San Diego, CA  92101
                                   Telephone:  619/756-7748

                                   Co-Lead Class Counsel


## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated:  September 4, 2013          By:  s/ Theodore J. Pintar
                                         THEODORE J. PINTAR

840713_1

CERTIFICATE OF SERVICE

1

2      I hereby certify that on September 4, 2013, I authorized the electronic filing of

3 the foregoing with the Clerk of the Court using the CM/ECF system which will send

4 notification of such filing to the e-mail addresses denoted on the attached Electronic

5 Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6 document or paper via the United States Postal Service to the non-CM/ECF

7 participants indicated on the attached Manual Notice List.

8      I certify under penalty of perjury under the laws of the United States of America

9 that the foregoing is true and correct.  Executed on September 4, 2013.

10

11                         s/ Theodore J. Pintar
THEODORE J. PINTAR

12                         ROBBINS GELLER RUDMAN
                          & DOWD LLP

13                         655 West Broadway, Suite 1900
                        San Diego, CA  92101-3301

14                         Telephone:  619/231-1058
                        619/231-7423 (fax)

15

                        E-mail:  tedp@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

840713_1

CM/ECF - California Central District-
Case 2:05-cv-06838-CAS-MAN   Document 975   Filed 09/04/13   Page 12 of 14   Page ID
#:38101

Page 1 of 3

## Mailing Information for a Case 2:05-cv-06838-CAS-MAN

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi D Bandman**
  randib@rgrdlaw.com

- **Christopher G Barnes**
  cgb@jordenusa.com

- **Stephen R Basser**
  sbasser@barrack.com

- **Arthur G Boylan**
  arthur.boylan@leonard.com

- **Frank G Burt**
  fgb@jordenusa.com,pjc@jordenusa.com,jal@jordenusa.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Raul A Cuervo**
  rac@jordenusa.com,vhv@jordenusa.com,bpp@jordenusa.com,jam@jordenusa.com

- **Lance A Etcheverry**
  lance.etcheverry@skadden.com,jon.powell@skadden.com,jessica.walker@skadden.com,al.chua@skadden.com

- **Ingrid M Evans**
  ingrid@evanslaw.com,paralegal@evanslaw.com,info@evanslaw.com,judy@evanslaw.com

- **Tonna Kaye Farrar**
  tfarrar@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Denise A Fee**
  daf@jordenusa.com

- **Lawrence J Field**
  lawrence.field@leonard.com

- **Howard David Finkelstein**
  hdf@classactionlaw.com

- **Andrew S Friedman**
  afriedman@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Roland C Goss**
  rcg@jordenusa.com

- **Wilson F Green**
  wgreen@bfgwc.com

- **Evangeline F Grossman**
  egrossman@shernoff.com,eramirez@shernoff.com

- **Tania Marie Hoff**
  tania.hoff@nbcuni.com,brenda.dalusong@nbcuni.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **James F Jorden**
  jfj@jordenusa.com,lw@jordenusa.com

- **Stephen J Jorden**
  sj@jordenusa.com,sxg@jordenusa.com

- **Kurtis J Kearl**

- 10 -

kjkearl@kjklegal.com

- **Mark L Knutson**
  mlk@classactionlaw.com

- **J Andrew Meyer**
  ameyer@forthepeople.com,vgerlach@forthepeople.com

- **Jason A Morris**
  jam@jordenusa.com

- **NBC Universal, Inc.**
  tania.krebs@nbcuni.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,rebecca.isomoto@skadden.com

- **Linda B Oliver**
  loliver@reedsmith.com,swurth@reedsmith.com

- **Kimberly C Page**
  kpage@bffb.com

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Wiet Reutter**
  elizabeth.reutter@leonard.com

- **Elaine A Ryan**
  eryan@bffb.com

- **Eric C Schaffer**
  eric@bblandlaw.com

- **Kristin A Shepard**
  kas@jordenusa.com

- **William M Shernoff**
  wshernoff@shernoff.com,tcorby@shernoff.com,hlacey@shernoff.com

- **James Paul Sizemore**
  paul@sizemorelawfirm.com,kamerrer@sizemorelawfirm.com,rizkalla@sizemorelawfirm.com,moss@sizemorelawfirm.com

- **John J Stoia , Jr**
  johns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com,rcreech@bffb.com,pwerner@bffb.com,eryan@bffb.com,ezard@bffb.com,lgomez@BFFB.com,afriedman@bffb.com

- **Leah O Taylor**
  lotaylor@taylorlawyers.com

- **Michael D Thamer**
  michael@trinityinstitute.com,office@trinityinstitute.com

- **Phong L Tran**
  ptran@rgrdlaw.com

- **Michael Valerio**
  mav@jordenusa.com

- **Dawn B Williams**
  dbw@jordenusa.com

- **Jeffrey L Williams**
  jlw@jordenusa.com,ksm@jordenusa.com

- **C Todd Willis**
  ctw@jordenusa.com,jal@jordenusa.com

- **John A Yanchunis**
  jyanchunis@forthepeople.com,tponder@forthepeople.com

- 11 -

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Joel                A Cohen**
Shernoff Bidart Darras Echeverria LLP
600 South Indian Hill Boulevard
Claremont, CA 91711

**Christa              L Collins**
Christa L Collins LLC
300 West Platt Street  Suite 100
Tampa, FL 33606-4119

- 12 -