1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  PATRICK J. COUGHLIN (111070)
   THEODORE J. PINTAR (131372)
3  655 West Broadway, Suite 1900
   San Diego, CA 92101
4  Telephone: 619/231-1058
   619/231-7423 (fax)
5  jstoia@rgrdlaw.com
   tedp@rgrdlaw.com
6  rjensen@rgrdlaw.com
   sjodlowski@rgrdlaw.com
7
   BONNETT, FAIRBOURN, FRIEDMAN
8    & BALINT, P.C.
   ANDREW S. FRIEDMAN
9  KIMBERLY C. PAGE
   2325 E. Camelback Road, Suite 300
10 Phoenix, AZ 85016
   Telephone: 602/274-1100
11 602/274-1199 (fax)
   afriedman@bffb.com
12 kpage@bffb.com

13 Co-Lead Class Counsel
   [Additional counsel appear on signature page.]
14
                  UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
                      WESTERN DIVISION
16

17 VIDA F. NEGRETE, as Conservator for )   No. CV-05-6838-CAS(MANx)
   EVERETT E. OW, an individual, on    )
   Behalf of All Other Similarly Situated )   CLASS ACTION
18 Persons,                            )
                                       )   PLAINTIFFS' *DAUBERT* MOTION
19               Plaintiff,            )   TO EXCLUDE THE TESTIMONY OF
                                       )   CRAIG MERRILL
20       vs.                           )
                                       )   JUDGE:  Hon. Christina A. Snyder
21 ALLIANZ LIFE INSURANCE             )   DATE:   November 18, 2013
   COMPANY OF NORTH AMERICA, a )   TIME:   10:00 a.m.
22 Minnesota corporation,              )   CTRM:   5 – 2nd Floor
                                       )
23               Defendant.            )
   _____ )
24 [Caption continued on following page.]

25                     **REDACTED**

26

27

28

   870007_1

1  CAROLYN Y. HEALEY, on Behalf of )   No. CV-05-8908-CAS(MANx)
   Herself and All Others Similarly )
2  Situated,                        )   CLASS ACTION
                                    )
3                     Plaintiff,    )
                                    )
4         vs.                       )
                                    )
5  ALLIANZ LIFE INSURANCE           )
   COMPANY OF NORTH AMERICA, a      )
6  Minnesota corporation,           )
                                    )
7                     Defendant.    )
   _____)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

870007_1

## I.    INTRODUCTION

Plaintiffs hereby move to exclude Dr. Craig Merrill, one of Allianz's designated expert witnesses, from offering any testimony at trial relating to his "utility analysis" or that otherwise references, incorporates, or rests upon the individual characteristics or preferences of policyholders.[1]

Allianz intends to offer at trial the expert testimony of Dr. Merrill on the features of Allianz's deferred annuities and to review and evaluate the reports offered by plaintiffs' experts, Dr. Craig J. McCann and Jeffrey K. Dellinger.  Ex. 8, Expert Report of Professor Craig Merrill ("Merrill Report") at 3-4.  The vast majority of Dr. Merrill's report is directed at plaintiffs' damages analysis, which was conducted by Dr. McCann.  *Id.*, Merrill Report at 3-4.  In his report, Dr. Merrill criticizes the methods employed by Dr. McCann, who, after a two-day *Daubert* hearing, was qualified as an expert by this Court, and whose methods for measuring damages in this case were found to be relevant and reliable.  Predictably, Dr. Merrill opines that plaintiffs' "out-of-pocket damages are zero." *Id.*, Merrill Report at 4.

Dr. Merrill's testimony should be excluded for two reasons.  First, in offering his opinions, Dr. Merrill ignores the claims certified by the Court and plaintiffs' objective damage methodologies.  Dr. Merrill opines that ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮  But, in certifying a class, the Court held just the opposite.  It found that this case *is not* based on "individual financial circumstances [or plaintiffs'] tolerance for risk." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal.

---

[1]    All references to "Ex." are to the Declaration of Theodore J. Pintar in Support of Plaintiffs' (i) Motions *in Limine* Nos. 1-4; (ii) Motion to Exclude the Testimony of Craig Merrill; and (iii) Motion to Exclude the Testimony of Mary F. Keller, filed concurrently.

- 1 -

870007_1

1  2006) ("*Negrete I*").[2]  The Court recently reiterated this holding in its December 2012

2  order denying Allianz's motion for decertification. *Negrete v. Allianz Life Ins. Co. of*

3  *N. Am.*, 287 F.R.D. 590, 596 (C.D. Cal. 2012) ("*Negrete II*") ("[W]ith regard to class-

4  wide proof of damages, ***the Court found that the financial circumstances of the***

5  ***individual class members were irrelevant* . . . .**"). Dr. Merrill's opinions are therefore

6  neither "relevant" nor "useful" to the issue of damages.

7      Second, Dr. Merrill applies an incorrect legal standard in undertaking his

8  damages analysis.  Out-of-pocket damages in RICO mail and wire fraud cases are

9  measured by the difference between the price paid and actual value received.  This

10  inquiry must be determined using an ***objective*** standard, ***not*** a ***subjective*** one based on

11  the value placed on the annuity by a purchaser.

12      Dr. Merrill's approach, which he calls a "utility analysis," attempts to transform

13  the damage inquiry from an objective, economic analysis to a speculative inquiry

14  where damage is based on unique, intangible "individual-specific characteristics and

15  behavior" that cannot be measured.  As explained below, various circuit courts,

16  including the Ninth Circuit, have rejected this approach as not useful in measuring

17  out-of-pocket damages in fraud cases. *Berg. v. First State Ins. Co.*, 915 F.2d 460, 464

18  (9th Cir. 1990); *Maiz v. Virani*, 253 F.3d 641, 662-63 (11th Cir. 2001).  Indeed, to

19  plaintiffs' knowledge, ***no*** court in a RICO mail and wire fraud case has ever accepted

20  an approach similar to the one Dr. Merrill employs to measure damages.  This Court

21  should not be the first to do so.  Because Dr. Merrill's opinions concerning damages

22  are based on an incorrect legal standard, they should be excluded.[3]

23  _____

24  [2]  Unless otherwise noted, citations are omitted and emphasis is added, here and

25  throughout.

26  [3]  Dr. Merrill's opinions significantly overlap with those of one of Allianz's other
   experts, Bradford Cornell, who opines in his report that "Dr. McCann's valuation
   methodology ignores the personal utility that individual purchasers expect to derive

27  from annuity products and ignores the effects of competition," and that "many of

28  [Allianz's annuity] features have an intangible quality that is difficult to value at the

- 2 -

870007_1

## II.   LEGAL STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.  That rule requires that the expert's proffered opinion must "assist the trier of fact" and requires that: (1) "the testimony [be] based [upon] sufficient facts or data"; (2) "the testimony [be] the product of reliable principles and methods"; and (3) "the witness [must] appl[y] the principles and methods [reliably] to the facts of the case."  Fed. R. Evid. 702.  In *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 469 (1993), the Supreme Court defined the admissibility inquiry as a question of "relevan[ce]" and "reliab[ility]."  *Id.* at 589.  "[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Id.*  The Supreme Court extended this requirement to all expert testimony in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999).  The party seeking to introduce expert testimony bears the burden of proving, by a preponderance of the evidence, that the expert's testimony is admissible under Rule 702.  *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Of particular importance to this motion is the well-settled rule that expert testimony based on incorrect legal standards must be excluded.  "In such a case, '[e]xpert testimony . . . would have been not only superfluous but mischievous.'"  *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (citing *United States v. Brodie*, 858 F.2d 492 (9th Cir. 1988)) (affirming exclusion of expert testimony where expert applied an erroneous legal standard); *see also Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003) (expert opinions based on wrong legal standard properly excluded as unhelpful and

---

time of purchase in precise dollar terms, such as the choice between annuitization alternatives if the customer elects annuitization many years hence."  Ex. 9, Expert Report of Professor Bradford Cornell, ¶¶14, 23.  Accordingly, plaintiffs concurrently move to exclude the testimony of Dr. Cornell.

870007_1

1   irrelevant); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 650 (10th Cir. 1991)

2   (trial court "properly intercepted" expert's "testimony which was based upon the

3   wrong legal standard").

4   **III.   DR. MERRILL'S OPINIONS CONCERNING THE**
       **"INDIVIDUAL-SPECIFIC CHARACTERISTICS AND**

5       **BEHAVIOR" OF ALLIANZ'S POLICYHOLDERS IS**
       **NEITHER RELEVANT NOR USEFUL AND SHOULD BE**

6       **EXCLUDED**

7       **A.   Dr. Merrill's Opinions Do Not "Fit" Plaintiffs' Class Claims**
           **and Are Therefore Not Helpful**

8

9           There is a fundamental disconnect between Dr. Merrill's opinions concerning

10   damages and plaintiffs' claims. Expert testimony which does not relate to any issue in

11   the case is not relevant and, therefore, non-helpful. *Daubert*, 509 U.S. at 591 (citing

12   3 J. Weinstein & M. Berger, *Weinstein's Evidence*, P702[02], at 702-18) (expert

13   testimony is only admissible if it "fits" the facts of the case)). If "there is simply too

14   great an analytical gap between the data and the opinion[s] proffered," the expert's

15   testimony is inadmissible. *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139

16   L. Ed. 2d 508 (1997).

17           The facts of this case have repeatedly been discussed in the numerous decisions

18   handed down by the Court in this action. Plaintiffs allege that Allianz sold deferred

19   annuities to elderly class members through a standardized sales program premised

20   upon three key misrepresentations: that Allianz's annuities carried "'no sales

21   charges,'" offered an "'immediate bonus,'" and would pay "'full value'" if certain

22   deferral requirements were met. Plaintiffs allege that these descriptions were false

23   and misleading. *Negrete II*, 287 F.R.D. at 594-95. These three key descriptions of the

24   Allianz annuities were contained in sales brochures that Allianz agents were required

25   to provide to prospective purchasers, along with a Statement of Understanding. *Id.*

26   The brochures did not discuss how Allianz allegedly recouped the bonus and sales

27   commissions through reduced annuity yields or the expense recovery adjustment. *Id.*

28

- 4 -

1  Plaintiffs contend that the three alleged misrepresentations are part of Allianz's
2  scheme to defraud elderly purchasers. *Id.*

3      Dr. Merrill's opinions concerning the amount of losses suffered by plaintiffs
4  and the Class, as well as his critiques of Dr. McCann's model, are irrelevant, because
5  they do not address the certified claims.  His opinions rest on the notion that any
6  damages model must take into account an individual's preferences and characteristics
7  when determining the value of an annuity.  As Dr. Merrill states in his report, █████

8  ████████████████████████████████████████████████████████████████████

9

10 ███████████████████ Ex. 8, Merrill Report, ¶¶1, 116; *see also id.*, Merrill Report, ¶12

11

12 █████████████████████ *id.*, Merrill Report, ¶49 ███████████████████████

13

14 ████████████████████████████████ *id.*, Merrill Report, ¶49 ██████████

15 ████████████████████████████████████ But this exercise has nothing to

16 do with the claims certified by the Court.

17      When this Court certified plaintiffs' claims for class treatment, it found that
18 damages could be proven through Dr. McCann's valuation model, which sought to
19 objectively measure the value of Allianz's annuities at the time of sale. *Negrete I*, 238
20 F.R.D. at 492-93.  In so doing, the Court noted that the "individual-specific
21 characteristics," such as those Dr. Merrill says must be considered, do not address
22 plaintiffs' claims, as "plaintiffs [did not seek] to prove their case by showing the
23 individual financial circumstances [or] tolerance for risk of absent class members." *Id.*

24      The Court recently addressed this issue again after Allianz argued, in its motion
25 for decertification, that plaintiffs' claims were not amenable to common proof because
26 of class members' individual preferences and characteristics.  Dkt. No. 830-1,
27 Defendant Allianz Life Insurance Company of North America's Memorandum of
28 Points and Authorities in Support of Its Motion to Decertify the Class at 27-40.

- 5 -

1    Allianz even attached and cited Dr. Merrill's expert report as support for its argument.

2    *Id.* at 10.  In its December 2012 order denying Allianz's motion, the Court again

3    dismissed Allianz's argument as irrelevant.  "[W]ith regard to class-wide proof of

4    damages, ***the Court found that the financial circumstances of the individual class***

5    ***members were irrelevant . . . .***" *Negrete II*, 287 F.R.D. at 596; *see also id.* at 610 n.11

6    ("Plaintiffs' current out-of-pocket loss damages theory does not depend on whether

7    individual class members surrendered their policies or annuitized them . . . .").  The

8    Court then reiterated that damages must be measured through an objective, out-of-

9    pocket analysis focusing on the "the price increase or overcharge resulting from each

10   misrepresentation." *Negrete II*, 287 F.R.D. at 613.

11          Thus, contrary to Dr. Merrill's belief, it is not necessary to account for the

12   "individual-specific characteristics and behavior" of class members.  In determining

13   the amount a policyholder unknowingly paid in undisclosed charges stemming from

14   Allianz's misrepresentation of the premium bonus, its sales commissions, and its

15   deferral requirements, there is no reason to inquire into the value a policyholder may

16   subjectively place on their policy.  Without any nexus to plaintiffs' claims, Dr.

17   Merrill's opinions concerning damages and Dr. McCann's model are irrelevant.

18   **B.      An Individual's Subjective Perception of the Value of an**
             **Investment Product Is Irrelevant to the Objective Economic**
19           **Analysis Required by RICO**

20          Dr. Merrill's novel view that the jury must take into account the subjective

21   views of individual class members when calculating damages is fundamentally wrong

22   and has been expressly rejected as a valid method to compute damages under RICO

23   or, for that matter, any common law fraud claim.

24          Out-of-pocket damages are measured by "the difference in actual value between

25   what the plaintiff[s] gave and what [they] received." *In re First Alliance Mortg. Co.*,

26   471 F.3d 977, 1001-02 (9th Cir. 2006); *see also* Jed S. Rakoff & Howard W.

27   Goldstein, *RICO: Civil and Criminal Law* §4.02[2][a] (ALM Pub. 2009) ("A standard

28

- 6 -

870007_1

1 measure of out-of-pocket loss is monies paid out minus any value received.");

2 *McCullough v. Sutter*, 757 F.2d 142, 143 (7th Cir. 1985).   Importantly, when

3 measuring out-of-pocket damages, "[c]alculation of value received [is] governed by

4 an objective fair market value analysis." *United States v. Reddeck*, 22 F.3d 1504,

5 1513 (10th Cir. 1994) (citing *United States v. Gennuso*, 967 F.2d 1460, 1462 (10th

6 Cir. 1992)) ("Calculation of value received [under the out of pocket method] was also

7 governed by an objective fair market value analysis.").   As such, the inquiry into the

8 amount of damage does ***not*** depend on the subjective value placed on an annuity by an

9 individual purchaser. *Berg*, 915 F.2d at 464 (finding that RICO's "'actual injury'"

10 requirement contemplates a "financial loss or injury," not "personal damage"); *Titan*

11 *Global LLC v. Organo Gold Int'l, Inc.*, No. 12-CV-2104-HLK, 2012 U.S. Dist.

12 LEXIS 171484, at *15 (N.D. Cal. Dec. 2, 2012) ("Personal physical or emotional

13 injuries are not actionable under RICO.") (citing *Berg*, 915 F.2d at 464); *Maiz*, 253

14 F.3d at 662-63 (rejecting defendant's argument that, under RICO, a damages expert is

15 required to question individual plaintiffs about their subjective expectations).

16       Consistent with these rules, plaintiffs intend to offer the expert testimony of Dr.

17 McCann at trial.   Dr. McCann has isolated the damages directly attributable to each of

18 Allianz's misrepresentations and omissions by separately quantifying the diminished

19 values resulting from the excessive commissions, the expense recovery adjustment, and

20 the illusory bonuses. Ex. 10, McCann March 21, 2011 Supplemental Declaration, ¶102.

21 Based on this analysis, Dr. McCann valued Allianz's deferred annuities as of the

22 applicable purchase dates. *Id.*   This Court has already found that Dr. McCann's

23 methodology is relevant and reliable for determining damages under RICO, and that a

24 rational jury could conclude that plaintiffs suffered concrete injuries within the meaning

25 of RICO based upon Dr. McCann's testimony. *Negrete v. Allianz Life Ins. Co.*, No.

26 CV-05-6838, 2011 U.S. Dist. LEXIS 118527, at *29 (C.D. Cal. Oct. 13, 2011).

27       Dr. Merrill's approach, on the other hand, is hardly a model of scientific or

28 economic rigor.   According to Dr. Merrill, Dr. McCann's risk neutral approach does not

870007_1

1   measure damages to the Class because ████████████████████████████

2   ████████████████████████████████████████████████████ Ex. 8, Merrill

3   Report, ¶116. ████████████████████████████

4   ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████ *Id.*, Merrill Report, ¶¶11-22.

7        But, as the Ninth Circuit made clear in *Berg*, this is not an acceptable way to

8   prove (or disprove) RICO damages.  In *Berg*, the Ninth Circuit held that the value

9   plaintiffs supposedly place on the safety provided by their insurance product is

10  irrelevant to whether plaintiffs suffered damages under RICO.  *Compare Berg*, 915

11  F.2d at 464 *with* Ex. 8, Merrill Report, ¶¶5, 17-32, 70.  Plaintiffs in *Berg* argued that

12  they were entitled to recover for, among other things, "the present peace of mind that

13  flows from [the] protection" of their insurance policies.  *Berg*, 915 F.2d at 464.  The

14  Ninth Circuit rejected the argument, explaining that RICO's "'actual injury'"

15  requirement contemplates a "financial loss or injury," not "***personal damage***."  *Id*; *see*

16  *also Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 483 U.S. 143, 151, 107 S. Ct.

17  2759, 97 L. Ed. 2d 121 (1987) ("[b]oth RICO and the Clayton Act are designed to

18  remedy economic injury"); *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 785

19  (9th Cir. 1992) (*en banc*) (noting that injury to an intangible property interest has no

20  place in a RICO damage analysis).[4]

21        The Eleventh Circuit reached the same conclusion in *Maiz*.  There, plaintiffs

22  brought a RICO fraud action, alleging that defendant had duped them into investing in

23  various real estate investments.  *Maiz*, 253 F.3d at 650-51.  Defendant argued that the

24  damage methodology offered by plaintiffs' expert was unreliable because it should

25  have, but did not, take into account the intentions of each individual plaintiff with

26  _____

27  [4]   As one state court correctly put, "[t]he measure of damages for fraud is ***objective***, namely value differential, ***not subjective***, as in deprivation of a use which is purely

28  personal in nature." *Hays v. Sparks*, 566 S.W.2d 115, 117 (Tex. Civ. App. 1978).

- 8 -

870007_1

1  respect to their use of the pilfered funds. *Id.* at 666. The Eleventh Circuit rejected the

2  argument, finding that, under RICO, an expert was not required to interview

3  individual plaintiffs to support their damages model. *Id.* In so doing, the court

4  specifically cited with approval the reasoning of plaintiffs' expert, who opined that

5  most economists would not interview each plaintiff for the obvious reason "that [the]

6  responses would be distorted by hindsight." *Id.*

7       By trying to incorporate an individual's preferences, Dr. Merrill has attempted

8  to change the methodology for measuring out-of-pocket damages, just as an expert did

9  in *Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.*, No. 12-CV-05803-

10  JLG, 2013 U.S. Dist. LEXIS 34368 (S.D.N.Y. Mar. 12, 2013). In that case, the

11  defense expert, Allan W. Kleidon, attempted to discount plaintiffs' out-of-pocket

12  damages on a fraud claim by assigning a value to what plaintiffs knew and expected

13  when they purchased the stock at issue. *Id.* at *59-*62. The court found the expert's

14  testimony irrelevant and unreliable, and excluded it. *Id.* Such an inquiry, the court

15  said, had no bearing on the issue of damages, and "would essentially change the

16  methodology for measuring out-of-pocket damages by permitting a hindsight revision

17  of the parties' agreed-upon purchase price." *Id.* at *60.

18       As is evident, the undisclosed costs of which plaintiffs complain are hardly

19  some vague, intangible property interest which might require testimony about how an

20  individual feels about their annuity or how they intended to use the proceeds from the

21  annuity. Rather, the undisclosed costs of which plaintiffs complain are a concrete set

22  of costs secretly passed to every purchaser on every class annuity, and they are

23  objectively and economically measurable. Dr. Merrill should thus be precluded from

24  offering his testimony which relies on the individual preferences of policyholders. As

25  a matter of law, Dr. Merrill's testimony concerning ██████████████████

26  █████████████████████████████████████████████████

27  █████████████████████████████████████████ (*see* Ex. 8,

28  Merrill Report, ¶¶11-22, 116-118) is irrelevant.

- 9 -

## IV.  CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Merrill from offering any testimony at trial relating to his "utility analysis" or that otherwise references, incorporates, or rests upon the individual preferences of policyholders.   Such testimony is not relevant to issues certified by this Court for class treatment, and is contrary to the law.

Respectfully submitted,

DATED:  September 4, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
THEODORE J. PINTAR


_____
          s/ Theodore J. Pintar
          THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

DATED:  September 4, 2013

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
KIMBERLY C. PAGE


_____
          s/ Andrew S. Friedman
          ANDREW S. FRIEDMAN

2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
MANFRED MUECKE
501 W. Broadway, Suite 1450B
San Diego, CA  92101
Telephone: 619/756-7748

Co-Lead Class Counsel

- 10 -

870007_1

**ECF CERTIFICATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: September 4, 2013

By: s/ Theodore J. Pintar
THEODORE J. PINTAR

- 11 -

870007_1

1

CERTIFICATE OF SERVICE

2      I hereby certify that on September 4, 2013, I authorized the electronic filing of

3  the foregoing with the Clerk of the Court using the CM/ECF system which will send

4  notification of such filing to the e-mail addresses denoted on the attached Electronic

5  Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6  document or paper via the United States Postal Service to the non-CM/ECF

7  participants indicated on the attached Manual Notice List.

8      I certify under penalty of perjury under the laws of the United States of America

9  that the foregoing is true and correct. Executed on September 4, 2013.

10

                              s/ Theodore J. Pintar

11                              THEODORE J. PINTAR

12                              ROBBINS GELLER RUDMAN
                                     &amp; DOWD LLP

13                              655 West Broadway, Suite 1900
                              San Diego, CA  92101-3301

14                              Telephone: 619/231-1058
                              619/231-7423 (fax)

15

                              E-mail:  tedp@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

870007_1

## Mailing Information for a Case 2:05-cv-06838-CAS-MAN

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi D Bandman**
  randib@rgrdlaw.com

- **Christopher G Barnes**
  cgb@jordenusa.com

- **Stephen R Basser**
  sbasser@barrack.com

- **Arthur G Boylan**
  arthur.boylan@leonard.com

- **Frank G Burt**
  fgb@jordenusa.com,pjc@jordenusa.com,jal@jordenusa.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Raul A Cuervo**
  rac@jordenusa.com,vhv@jordenusa.com,bpp@jordenusa.com,jam@jordenusa.com

- **Lance A Etcheverry**
  lance.etcheverry@skadden.com,jon.powell@skadden.com,jessica.walker@skadden.com,al.chua@skadden.com

- **Ingrid M Evans**
  ingrid@evanslaw.com,paralegal@evanslaw.com,info@evanslaw.com,judy@evanslaw.com

- **Tonna Kaye Farrar**
  tfarrar@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Denise A Fee**
  daf@jordenusa.com

- **Lawrence J Field**
  lawrence.field@leonard.com

- **Howard David Finkelstein**
  hdf@classactionlaw.com

- **Andrew S Friedman**
  afriedman@bffb.com,paquilino@bffb.com,rcreech@bffb.com

- **Roland C Goss**
  rcg@jordenusa.com

- **Wilson F Green**
  wgreen@bfgwc.com

- **Evangeline F Grossman**
  egrossman@shernoff.com,eramirez@shernoff.com

- **Tania Marie Hoff**
  tania.hoff@nbcuni.com,brenda.dalusong@nbcuni.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven M Jodlowski**
  sjodlowski@rgrdlaw.com,e_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **James F Jorden**
  jfj@jordenusa.com,lw@jordenusa.com

- **Stephen J Jorden**
  sj@jordenusa.com,sxg@jordenusa.com

- **Kurtis J Kearl**

kjkearl@kjklegal.com

- **Mark L Knutson**
  mlk@classactionlaw.com

- **J Andrew Meyer**
  ameyer@forthepeople.com,vgerlach@forthepeople.com

- **Jason A Morris**
  jam@jordenusa.com

- **NBC Universal, Inc.**
  tania.krebs@nbcuni.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,rebecca.isomoto@skadden.com

- **Linda B Oliver**
  loliver@reedsmith.com,swurth@reedsmith.com

- **Kimberly C Page**
  kpage@bffb.com

- **Theodore J Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elizabeth Wiet Reutter**
  elizabeth.reutter@leonard.com

- **Elaine A Ryan**
  eryan@bffb.com

- **Eric C Schaffer**
  eric@bblandlaw.com

- **Kristin A Shepard**
  kas@jordenusa.com

- **William M Shernoff**
  wshernoff@shernoff.com,tcorby@shernoff.com,hlacey@shernoff.com

- **James Paul Sizemore**
  paul@sizemorelawfirm.com,kamerrer@sizemorelawfirm.com,rizkalla@sizemorelawfirm.com,moss@sizemorelawfirm.com

- **John J Stoia , Jr**
  johns@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Patricia N Syverson**
  psyverson@bffb.com,rcreech@bffb.com,pwerner@bffb.com,eryan@bffb.com,ezard@bffb.com,lgomez@BFFB.com,afriedman@bffb.com

- **Leah O Taylor**
  lotaylor@taylorlawyers.com

- **Michael D Thamer**
  michael@trinityinstitute.com,office@trinityinstitute.com

- **Phong L Tran**
  ptran@rgrdlaw.com

- **Michael Valerio**
  mav@jordenusa.com

- **Dawn B Williams**
  dbw@jordenusa.com

- **Jeffrey L Williams**
  jlw@jordenusa.com,ksm@jordenusa.com

- **C Todd Willis**
  ctw@jordenusa.com,jal@jordenusa.com

- **John A Yanchunis**
  jyanchunis@forthepeople.com,tponder@forthepeople.com

- 14 -

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Joel          A Cohen**
Shernoff Bidart Darras Echeverria LLP
600 South Indian Hill Boulevard
Claremont, CA 91711

**Christa          L Collins**
Christa L Collins LLC
300 West Platt Street  Suite 100
Tampa, FL 33606-4119