# EXHIBIT A

1

2          UNITED STATES DISTRICT COURT

3          CENTRAL DISTRICT OF CALIFORNIA

4          WESTERN DIVISION

5  | VIDA F. NEGRETE, as Conservator for | No. CV-05-6838-CAS(MANx)
6  | EVERETT E. OW, an individual, on
   | Behalf of All Other Similarly Situated | CLASS ACTION
7  | Persons,
8  |
   |                    Plaintiff,
9  |
10 |      vs.
11 | ALLIANZ LIFE INSURANCE
   | COMPANY OF NORTH AMERICA, a
12 | Minnesota corporation,
13 |
   |                    Defendant.
14 |
15 |
16 | CAROLYN Y. HEALEY, on Behalf of | No. CV-05-8908-CAS(MANx)
17 | Herself and All Others Similarly
   | Situated,                           | CLASS ACTION
18 |
   |                    Plaintiff,
19 |
20 |      vs.
21 | ALLIANZ LIFE INSURANCE
   | COMPANY OF NORTH AMERICA, a
22 | Minnesota corporation,
23 |
   |                    Defendant.
24 |

25

26          **STIPULATION OF SETTLEMENT**

27

28

# TABLE OF CONTENTS

| Section | Page |
|---|---|
| I.   INTRODUCTION | 1 |
| A.   The Action and Underlying Allegations | 1 |
| B.   The Positions of the Parties | 3 |
| 1.   Plaintiffs' Position | 3 |
| 2.   Allianz Life's Position | 4 |
| II.   DEFINITIONS AND CONVENTIONS | 6 |
| A.   Definitions | 6 |
| B.   Conventions | 20 |
| III.   SETTLEMENT PROCESS | 21 |
| IV.   THE SETTLEMENT RELIEF | 23 |
| A.   Settlement Relief for Active Deferred Settlement Annuities | 25 |
| 1.   Settlement Relief for Single-Tier Settlement Annuities | 25 |
| 2.   Settlement Relief for Two-Tier Active Deferred Settlement Annuities | 26 |
| B.   Settlement Relief for Settlement Annuities Which Have Been Annuitized | 30 |
| 1.   Settlement Annuities Which Have Been Annuitized with a Payment Option of Life and a Guarantee Period of 10 Years or Greater | 31 |
| 2.   Settlement Annuities Which Have Been Annuitized with a Payment Option Other than Life and a Guarantee Period of 10 Years or Greater | 31 |

C.   Settlement Relief for Settlement Annuities Which Have Been
     Fully Surrendered...................................................................................34

     1.   Claim Categories ............................................................35

     2.   Claim Forms ....................................................................36

     3.   Review of Claim Forms....................................................39

     4.   Settlement Relief .............................................................41

     5.   Claim Process Benefits Caps............................................43

     6.   Finality of Claim Process Determinations.........................43

     7.   Distribution of Claim Process Benefits .............................44

     8.   Administration of the Claim Process.................................44

D.   Settlement Relief Adjustment ...................................................45

V.   ADMINISTRATOR..............................................................................45

A.   The Retention and Payment of an Administrator .......................45

B.   The Duties of the Administrator ................................................46

     1.   The Administrator shall:...................................................46

VI.  NOTICE TO THE CLASS AND COMMUNICATIONS WITH
     SETTLEMENT CLASS MEMBERS .................................................51

A.   Timing of Class Settlement Notice Package..............................51

B.   Content of Class Settlement Notice Package..............................51

C.   Remailing of Notice ..................................................................54

VII.  LIMITED REQUESTS FOR EXCLUSION.........................................54

VIII. OBJECTIONS TO SETTLEMENT .....................................................56

IX.  RELEASE AND WAIVER ...................................................................57

A.   Definitions.................................................................................57

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.    Release and Waiver ........................................................... 60

X.    SERVICE AWARDS, CLASS COUNSEL ATTORNEYS' FEES, AND CLASS COUNSEL EXPENSES ............................................ 63

A.    Service Awards ................................................................ 63

B.    Class Counsel Attorneys' Fees and Class Counsel Expenses ............ 63

C.    Payment of Attorneys' Fees and Expenses ............................ 64

D.    Distribution of Attorneys' Fees and Expenses Payment to Class Counsel ........................................................................ 64

E.    Costs of the Implementation of the Proposed Settlement ................. 65

XI.    PRELIMINARY APPROVAL ORDER .................................... 65

XII.   FINAL ORDER AND JUDGMENT ....................................... 70

XIII.  MODIFICATION OR TERMINATION OF THIS AGREEMENT ........... 76

XIV.   GENERAL MATTERS AND RESERVATIONS ......................... 79

A.    Integration and Drafting ................................................... 79

B.    Amendment, Court Approval, Extensions ............................. 79

C.    Construction ................................................................. 79

D.    Integration of Exhibits ..................................................... 79

E.    Waiver ........................................................................ 80

F.    Counterparts ................................................................ 80

G.    No Evidence, No Admission .............................................. 80

H.    Tax and Medicare/Medicaid Consequences .......................... 80

I.    Notice ......................................................................... 82

J.    No Effect on Contract or Duty ........................................... 83

K.    Cooperation in Effecting Settlement .................................... 83

- iii -

L.   Confidentiality ............................................................. 83

M.   Disposition of Materials ............................................. 84

N.   Governing Law ........................................................... 86

O.   No Third Party Beneficiaries .................................... 86

P.   Parties Bound ............................................................. 86

Q.   Authority to Execute Agreement .............................. 86

R.   Execution Date ........................................................... 87

**ADDENDUM**

List of Exhibits ......................................................... 92

IT IS HEREBY STIPULATED AND AGREED, by, between and among Vida F. Negrete, as conservator for Everett E. Ow, and Carolyn Y. Healey, in their individual capacities and/or as conservators or representatives of the certified classes in the Action (collectively "Plaintiffs"), and Allianz Life Insurance Company of North America ("Allianz Life"), through their respective duly-authorized counsel, that the proceedings in the United States District Court for the Central District of California, Western Division, captioned *Vida F. Negrete, as Conservator for Everett E. Ow v. Allianz Life Insurance Company of North America*, No. CV-05-6838-CAS(MANx), and *Carolyn Y. Healey v. Allianz Life Insurance Company of North America*, No. CV-05-8908-CAS(MANx) (collectively, the "Action"), and matters described in Section IX – Release and Waiver, are settled fully and finally, compromised, and dismissed on the merits with prejudice, on the terms and conditions set forth in this Agreement and the exhibits hereto, subject to the occurrences set forth herein that permit Plaintiffs or Allianz Life to terminate this Agreement, and further subject to and expressly conditioned upon the approval of the Court and the entry of judgment substantially in the form provided for in this Agreement.

## I.    INTRODUCTION

### A.    The Action and Underlying Allegations

1.    The Action consists of two coordinated cases.  On February 17, 2005, Plaintiff Everett E. Ow commenced an action against Allianz Life in the Superior Court of the State of California for the County of San Diego.   On September 19, 2005, Vida F. Negrete, as conservator for Everett E. Ow, re-filed the action in this Court on behalf of a nationwide class of seniors who had purchased one or more Allianz Life deferred annuities.   The action alleged violations of civil RICO (18 U.S.C. §§1961-1968), California's Elder Abuse Act,

- 1 -

Unfair Competition Law, False Advertising Law, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment.  Allianz Life denied the allegations and asserted various affirmative defenses.

2.     On December 22, 2005, Plaintiff Carolyn Healey filed suit against Allianz Life, alleging similar claims for relief.  Along with the complaint, Plaintiff Healey filed a notice identifying the *Negrete* action as a related case. Plaintiff Healey amended her complaint on February 21, 2006.  The *Negrete* and *Healey* actions were subsequently coordinated for purposes of pre-trial discovery and motion practice.  Allianz Life denied the allegations and asserted various affirmative defenses.

3.     On March 2, 2006, Plaintiffs moved for the appointment of Bonnett, Fairbourn, Friedman & Balint, P.C. and Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP (now known as Robbins Geller Rudman & Dowd LLP), as Interim Co-Lead Counsel, which the Court granted on April 10, 2006.  The order authorized the two firms to act on behalf of Plaintiffs and the proposed nationwide class.

4.     On May 30, 2006, Plaintiffs filed their motion for class certification.  On November 21, 2006, after the Parties had submitted briefing and oral argument on the motion, the Court entered an order granting in part and denying in part Plaintiffs' motion.  The Court certified a nationwide RICO class of persons who, while age 65 or older, purchased one or more Allianz Life deferred annuities, and a California statewide class of persons who, while age 65 or older,  purchased one or more Allianz Life deferred annuities based upon Plaintiffs' claims under the Unfair Competition Law, False Advertising Law and Elder Abuse Act.

5.     The Parties vigorously litigated issues relating to Plaintiffs' claims over the next seven years in district and appellate courts, including this Court, the District of Minnesota, and the Courts of Appeals for the Eighth and

- 2 -

Ninth Circuits.  The Parties litigated, among other things, a motion to enjoin other proceedings involving overlapping annuity transactions, multiple motions for summary judgment, a motion for judgment on the pleadings, two motions for decertification, two interlocutory appeals, motions *in limine* and *Daubert* motions. A settlement was reached by the Parties less than four weeks before trial was set to begin and only after extensive and protracted settlement negotiations.

6.    To reach this Settlement, the Parties engaged in numerous, arm's-length settlement meetings, including several mediation sessions with Robert J. Kaplan of Judicate West Mediation Services, beginning in August 2013 and concluding in February 2014.

**B.    The Positions of the Parties**

Following are the statements of position of each of the Parties.  The Parties do not agree with or endorse the statement of position of the other Party.

**1.    Plaintiffs' Position**

(a)    Plaintiffs assert in this Action that Allianz Life's Settlement Annuities are deceptively designed, high cost, illiquid and opaque investment products  Plaintiffs further assert that Allianz Life misrepresented and otherwise failed to disclose to consumers material facts concerning the costs and benefits associated with its Settlement Annuities, including sales commissions and other expenses, profits, spreads between Allianz Life's investment returns and policy owner benefits, the bonus features of certain of its Settlement Annuities, the "Expense Recovery Adjustment" applied by Allianz Life upon Annuitization, the surrender penalties, surrender loads,  and withdrawal provisions of the Settlement Annuities, the fixed maturity dates of the Settlement Annuities, the interest crediting method and interest crediting to the Settlement Annuities, and other material facts, which plaintiffs contend adversely impact the post-sale  benefits declared and to be declared or provided with respect to the Settlement Annuities,

including the continuing crediting of interest through rates and index caps and the determination of annuitization benefits and death benefits, which impact Plaintiffs contend can be expressed monetarily as a purchase-date damage. Plaintiffs also allege that Allianz Life, and its agents, sales representatives and marketing organizations engaged in various other inappropriate sales tactics, including senior seminar selling and failing to adequately train or supervise individuals and entities involved in marketing or selling its annuities.

(b)     In the course of the Action, Class Counsel have reviewed over 2 million pages of documents, analyzed extensive data, and taken the depositions of numerous Allianz Life officers, employees, independent agents, other third parties and experts. In addition, Plaintiffs have retained and consulted with a variety of experts concerning the merits of Plaintiffs' claims and the defenses raised by Allianz Life.

(c)     Based upon the discovery, investigation and evaluation of the facts and the law, and notwithstanding their firm belief in the merits of their claims, Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as: (1) the benefits to Plaintiffs and the Class provided by this Settlement Agreement; (2) the risks and uncertainty of trial, especially in complex actions such as this, as well as the difficulties and delays inherent in any appeals which would likely follow the trial; and (3) the desirability of consummating this Settlement Agreement in order to provide relief to Plaintiffs and the Class, many of whom are elderly and in need of a prompt resolution.

## 2.   Allianz Life's Position

(a)     Allianz Life expressly denies any and all wrongdoing alleged in the  Action, including all versions of the Complaints and  all other contentions and allegations made, recognized, explicitly or implicitly, or pursued during the course of the litigation, and does not admit or concede any claimed,

- 4 -

actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.

        (b)    Allianz Life furthermore contends that the claims in the Action are barred, in whole or in substantial part, by the Final Judgment in favor of Allianz Life in *Mooney v. Allianz Life Insurance Company of North America*, Case No. 06-cv-00545 in the United States District Court for the District of Minnesota, and by the Final Judgments in *Iorio v. Allianz Life Insurance Company of North America*, Case No. 05-cv-0633 in the United States District Court for the Southern District of California, and in *Castello v. Allianz Life Insurance Company of North America*, Case No. MC 03-020405 in the Fourth Judicial District, County of Hennepin, State of Minnesota, by the doctrines of *res judicata*, collateral estoppel and merger and bar.

        (c)    Allianz Life contends that Plaintiffs' claims are not cognizable and are otherwise improper as a matter of law, and that Plaintiffs would suffer failures of proof at trial that would be fatal to their claims.

        (d)    Allianz Life contends that the language in its disclosures to seniors was submitted to and agreed to by the California Insurance Department, and that such language complies with all requirements of California law.

        (e)    Allianz Life contends that its sales materials were not misleading and that it completely fulfilled its obligations to all Settlement Class Members before and after the sale of the products, including by providing benefits and value equal to or in excess of that promised.  Allianz Life disputes any contention that persons in the Class purchased annuities without the appropriate and required disclosures of deferral periods, withdrawal provisions or other product features, including but not limited to surrender charges, or that any Settlement Annuities sold to Settlement Class Members were unsuitable or less valuable than represented.

- 5 -

(f)     Allianz Life contends that Settlement Class Members have not suffered any damage or loss as a result of the conduct alleged in the Action.

(g)     Allianz Life contends that this case is not proper to be certified as a contested class action for litigation purposes insofar as manageability, predominance and considerations of procedural due process would not permit compliance with the provisions and requirements of Federal Rule of Civil Procedure 23. However, Allianz Life does believe, in light of *Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231 (1997), that such considerations do not apply to certification of settlement classes, and that acceptable procedural safeguards have been incorporated into this Agreement.

(h)     Notwithstanding the forgoing, Allianz Life considers it desirable for the Action to be settled and dismissed, because the Settlement will: (i) provide substantial benefits to Allianz Life's policyholders; (ii) confer benefits on Allianz Life, including the avoidance of further expense and disruption of the management and operation of Allianz Life's business due to the pendency and defense of the Action; (iii) finally put to rest Plaintiffs' and the Class claims and the underlying matters; and (iv) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the Action.

## II.     DEFINITIONS AND CONVENTIONS

### A.     Definitions

As used in this Agreement and the attached exhibits (which are incorporated by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1.     "Accumulation Value," and "Annuitization Value" or "AV" are defined contract values set forth in the Settlement Annuities. Each of these terms

means the contract value determined by or based on the premium paid for the applicable Settlement Annuity, plus any contractual bonus and any index or fixed interest credited to the AV, less any withdrawals and charges incurred, as reflected in the business records of Allianz Life as of the date such value is to be calculated. The AV may include further adjustments if provided for in the annuity contract. If a Settlement Annuity contract contains a different definition of these terms or concepts, the terms of the contract control.

2.     "Action" means the above-captioned consolidated class action lawsuits, collectively and individually.

3.     "Active Deferred Settlement Annuity" means a Settlement Annuity that, as of the Annuity Status Date, has (a) not been fully surrendered, (b) not been partially or completely Annuitized, or (c) not become eligible for death benefits, except if the Settlement Annuity was continued in effect by the surviving spouse. A Settlement Annuity that as of the Annuity Status Date has been partially surrendered, with a portion still in deferral, shall only be eligible for Settlement Relief with respect to the portion remaining in deferral status as an Active Deferred Settlement Annuity, pursuant to Section IV.A. of this Agreement.

4.     "Administrator" means the third-party agent or administrator retained by Allianz Life to provide services in the administration of this Agreement, including providing notice to the Settlement Class Members, the processing and evaluation of Claim Forms, and the processing of other documents or tasks as provided for in this Agreement or as otherwise agreed to by the Parties and Administrator.

5.     "Agreement" or "this Agreement" or "Settlement Agreement" means this Stipulation of Settlement and the exhibits attached hereto or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

6.    "Allianz Life" means Allianz Life Insurance Company of North America.

7.    "Allianz Life's Counsel" means Carlton Fields Jorden Burt PA.

8.    "Annual Gross Income" means annual gross income of the Settlement Class Member as defined by the Internal Revenue Code, including without limitation wages, dividends, interest, capital gains, pension and tax-qualified retirement plan payments, payments from annuities, and social security payments.

9.    "Annuitant" means the natural person upon whose life the amount and duration of Annuity Payments depend.

10.   "Annuitization" means the conversion of the applicable value of a Settlement Annuity into the right to receive periodic payments, as provided for in the Settlement Annuity contracts.

11.   "Annuitize" means to convert the applicable value of a Settlement Annuity into the right to receive periodic payments.

12.   "Annuitized" means to have converted an applicable value of a Settlement Annuity into the right to receive periodic payments, as provided for in the Settlement Annuity contracts.  If a Settlement Annuity has been partially Annuitized and part remains in deferral as of the Annuity Status Date, or if a Settlement Annuity has been partially surrendered and partially Annuitized as of the Annuity Status Date, such Settlement Annuities shall only be eligible for Settlement Relief with respect to any amount of the scheduled Annuitization payments not paid as of the Annuity Status Date as an Annuitized Settlement Annuity, pursuant to Section IV.B. of this Agreement.

13.   "Annuity Payment" means one of the periodic payments to be made by Allianz Life following and in connection with the Annuitization of a Settlement Annuity.

- 8 -

14. "Annuity Status Date" means 11:59PM on the day that a Motion for Preliminary Approval of this Agreement is filed with the Court.

15. "AV Bonus" means the amount credited to the Accumulation Value of Single-Tier Settlement Annuities to determine the Annuity Payment amount in accordance with Section IV.A.1. of this Agreement.

16. "Beneficiary" and "Beneficiaries" means the person or persons designated under the terms of the Settlement Annuity contract as a beneficiary at the time of a claim for death benefits.

17. "Cash Surrender Value" means the cash value or other amounts payable upon full surrender of the Settlement Annuity, according to the terms of the applicable Settlement Annuity contract. The Settlement Annuity contracts may refer to this value as "Cash Value," "Surrender Value," or some other term used in the annuity contracts.

18. "Cash Surrender Value Credit" means the additional amount credited to the Cash Surrender Value of Two-Tier Settlement Annuities in accordance with Section IV.A.2.a. of this Agreement.

19. "Claim" means the claim of a Settlement Class Member submitted in connection with the Claims Process.

20. "Claim Category" or "Claim Categories" means the following categories of Claims under the Claim Process described in Section IV.C.1. of this Agreement: Misrepresentation Category Claim, Suitability Category Claim and Financial Need Category Claim.

21. "Claim Form" means the form that the Administrator will send to Settlement Class Members with Surrendered Annuities as a part of the Class Settlement Notice Package, substantially in the form set forth as Exhibit 6. Settlement Class Members with Surrendered Annuities who choose to participate in the Claim Process are required to submit a complete and timely Claim Form to

- 9 -

the Administrator to be potentially eligible to receive Settlement Relief in accordance with the terms of this Agreement.  Settlement Class Members who have not surrendered their Settlement Annuity as of the Annuity Status Date are not eligible to participate in the Claims Process for that Settlement Annuity or receive Claim Process Benefits for that Settlement Annuity, and will not be sent a Claim Form as part of their Settlement Notice Package.

22.   "Claim Process" means the process and procedures for the presentation, evaluation, and notification to Claimants of the approval or disapproval of Claims as described in Section IV.C. of this Agreement.

23.   "Claim Process Benefits" means the relief awarded to Claimants with approved Claims under the Claim Process.

24.   "Claimant" has the meaning ascribed thereto in Section IV.C.

25.   "Class Counsel" means the law firms of: (a) Bonnett, Fairbourn, Friedman & Balint, P.C.; (b) Robbins Geller Rudman & Dowd LLP; (c) Barrack Rodos & Bacine; (d) Finkelstein & Krinsk; (e) the Evans Law Firm; and (f) James Hoyer Newcomer & Smiljanich, P.A.  By signing this Agreement Plaintiffs and Plaintiffs' Lead Counsel (1) represent that the law firms (and their lawyers) listed in this definition of Class Counsel are the only law firms and lawyers who have provided services to or on behalf of Plaintiffs and the Settlement Class with respect to the Action and (2) agree that if other attorneys or law firms contend that they are entitled to compensation for providing services to Plaintiffs, to Class Counsel or to the Settlement Class in the Action, that Plaintiffs and Class Counsel shall be solely responsible for contesting such claims for compensation, and shall hold Allianz Life harmless and indemnify Allianz Life for any financial obligation which may be imposed upon Allianz Life (over Allianz Life's objection) to pay attorneys' fees or costs to such other counsel for services or expenses relating to the Action.

26. "Class Counsel Attorneys' Fees" means the payment that Allianz Life agrees to make to Class Counsel for attorneys' fees in an amount approved by the Court, not to exceed $42.5 million dollars. Class Counsel Attorneys' Fees does not include, and is in addition to, Allianz Life's payment of Class Counsel Expenses.

27. "Class Counsel Expenses" means the payment that Allianz Life agrees to make to Class Counsel for all reasonable expenses and costs incurred, advanced or charged by Class Counsel in connection with the Action, in an amount approved by the Court, not to exceed $4.9 million. Class Counsel Expenses does not include, and is in addition to, Allianz Life's payment of Class Counsel Attorneys' Fees.

28. "Class Representatives" mean Plaintiffs Vida F. Negrete, as conservator for Everett E. Ow, and Carolyn Y. Healey.

29. "Class Settlement Notice" means the notice provided to Settlement Class Members pursuant to this Agreement in the form attached hereto as Exhibit 2.

30. "Class Settlement Notice Package" means the package of materials described in Section VI.B.1. of this Agreement.

31. "Court" means the United States District Court, Central District of California, Western Division.

32. "Current Owner" and "Current Owners" means the following:

(a)    As to Active Deferred Settlement Annuities, the person or persons listed in Allianz Life's corporate records as the Owner(s) of each Settlement Annuity as of the Annuity Status Date;

(b)    As to Settlement Annuities that were Annuitized as of the Annuity Status Date, the person or persons listed in Allianz Life's corporate records as the Owner(s) as of the Annuity Status Date;

- 11 -

(c)     As to Surrendered Annuities, the person or persons listed in Allianz Life's corporate records as the Owner(s) as of the date of surrender or the legal representative of that Owner provided the legal representative submits acceptable proof of authority to represent the Owner.

33.     "Disposable Income" means Annual Gross Income minus: (i) taxes, and (ii) amounts expended for essential living expenses such as medical expenses, payment for nursing home or in home medical care, the retention of the principal place of residence of the owner of the Surrendered Annuity or the payment of necessary living expenses (defined as food, housing, housing repairs or upkeep necessary for the dwelling to be safe, habitable or maintained in good condition and/or transportation necessary for medical care or employment).

34.     "Election Form" means a form to be sent to Owners of Two-Tier Active Deferred Settlement Annuities that is substantially in the form attached hereto as Exhibit 4, as described in Section IV.A.2. of this Agreement.

35.     "Enhanced Penalty-Free Withdrawal" means an increase in the contractually permitted penalty-free yearly withdrawal amounts (which may also be described as partial surrenders in the annuity contracts) as described in Section IV.A.2.b. of this Agreement.

36.     "Fairness Hearing" means a hearing to be held on a date set by the Court, at which time the Court will make a final decision on whether to approve this Agreement as fair, reasonable, and adequate.

37.     "Final Order" means the Court's order approving the proposed Settlement and this Agreement that is substantially in the form attached hereto as Exhibit 9, as described in Section XII.C. of this Agreement. If for any reason the actions of the Court and any appellate court do not result in the final approval of the Settlement, this Agreement shall become null and of no effect, and Allianz Life shall not owe any payments or other obligations with respect to the proposed

Settlement Relief, Class Counsel Attorneys' Fees, Class Counsel Expenses and Plaintiff Service Awards.

38.     "Final Settlement Date" means the date on which the Final Order approving the settlement and the Judgment become final for all purposes, including appeal.  For purposes of this Agreement:

(a)     if no appeal is taken from the Final Order and Judgment, "Final Settlement Date" means the date on which the time to appeal from the Final Order and Judgment has expired; or

(b)     if any appeal has been taken from the Final Order and Judgment, "Final Settlement Date" means the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally resolved by order, mandate or otherwise, in a manner that affirms the Final Order and Judgment; or

(c)     if the Parties agree in writing and the Court so orders, "Final Settlement Date" can mean any other agreed date.

39.     "Financial Need Category Cap" means the $9.8 million cap on relief available for Financial Need Category Claims approved for benefits under the Claim Process.

40.     "Financial Need Category Claim" means a Claim submitted in the Claim Process that the surrender of the Surrendered Annuity was necessitated by a pressing need for funds for the reasons specified in Section IV.C.1.(c) of this Agreement.

41.     "Former Owner" and "Former Owners" means the person or persons, if any, listed in Allianz Life's corporate records from time to time as the owner(s) of each Settlement Annuity from the issuance of the annuity to the Annuity Status Date, other than the Current Owners.

- 13 -

42.    "Formula Amount" means the product of the calculation described in Section IV.C.4. below.

43.    "Household" in the context of financial information for the Claim Process means the aggregate or total amounts for all persons residing in the same home as the Claimant.

44.    "Implementation Date" means 120 days after the Final Settlement Date.

45.    "Joint Annuitants" means the natural persons upon whose joint lives the amount and duration of Annuity Payments depend, if applicable with respect to a particular Settlement Annuity.

46.    "Judgment" means the Court's order entering final judgment of dismissal with prejudice that is substantially in the form attached hereto as Exhibit 10, as described in Section XII.B. of this Agreement.

47.    "Liquid Asset" means cash or an asset that can be converted to cash quickly and with no material loss in value.  Examples of Liquid Assets include most stocks, money market instruments and government bonds.

48.    "Litigation Class Notice" means the class notice approved by the Court on February 20, 2007 (Docket No. 169) that was mailed to class members in the Action based on the mailing list compiled by Allianz Life from its existing business records.

49.    "Misrepresentation Category Cap" means the $13.3 million cap on relief available for Misrepresentation Category Claims approved for benefits under the Claim Process.

50.    "Misrepresentation Category Claim" means a claim that a misrepresentation(s) was made during the process of the sale of the Surrendered Annuity, as specified in Section IV.C.1.(a) of this Agreement.

- 14 -

51.   "Net Payment" means the product of the calculation described in Section IV.C.4.(a) below.

52.   "Net Worth" means the value of all monetary assets that Claimant (or the Claimant's Household, as may be applicable) has the legal right to apply to his or her own benefit, and all non-monetary assets, whether tangible or intangible, and whether real or personal property, that the Claimant (or the Claimant's Household, as may be applicable) has the right to sell and utilize the proceeds thereof for his or her own benefit, minus the amount of any debts or liabilities of the Claimant (or the Claimant's Household, as may be applicable), provided that neither the  Claimant's (or of the Claimant's Household, as may be applicable) principal residence nor any debt secured by such residence shall be considered in determining the Claimant's (or the Claimant's Household, as may be applicable) Net Worth.

53.   "Owner" means any person or entity identified in Allianz Life's corporate records as having an ownership interest at any time in a Settlement Annuity, whether as a Former Owner or a Current Owner.  For the purpose of this Agreement, a Beneficiary shall be treated as an Owner only if and to the extent that the Settlement Annuity was in death benefit payout status as of the Annuity Status Date.

54.   "Parties" means Plaintiffs and Allianz Life, collectively.

55.   "Penalty-Free Withdrawal" means a withdrawal from, or a partial surrender of, a Settlement Annuity that is not subject to any fee or penalty under the terms of the Settlement Annuity contract.

56.   "Plaintiffs" means Vida F. Negrete, as conservator for Everett E. Ow, and Carolyn Y. Healey.

57.   "Plaintiffs' Lead Counsel" means the law firms of Bonnett, Fairbourn, Friedman & Balint, P.C. and Robbins Geller Rudman & Dowd LLP.

- 15 -

58.   "Policy Year" means one (1) plus the number of complete years since the date the Settlement Annuity of a Settlement Class Member was issued as stated in the Settlement Annuity.

59.   "Preliminary Approval Order" means the order to be entered by the Court in substantially the form attached as Exhibit 8 preliminarily approving this Agreement, as described in Section XI. of this Agreement.

60.   "Release" means the release and waiver set forth in Section IX. of this Agreement.

61.   "Released Transactions" are described in Section IX.A.2. below.

62.   "Relief Adjustment" means the adjustments to Settlement Relief described in Section IV.D. below.

63.   "Request for Individualized Quote" means the form of request submitted by the Current Owner of an Annuity that has been Annuitized before the Annuity Status Date, substantially in the form attached hereto as Exhibit 5, as described in Section IV.B.2. of this Agreement.

64.   "Settlement" means the aggregate of transactions, rights, obligations, conditions, Release, and other matters contemplated by, described in or provided by this Agreement.

65.   "Settlement Annuity" means a fixed deferred annuity contract issued by Allianz Life between September 19, 2001 and November 21, 2006 to a Settlement Class Member who was at the date of issuance age 65 or older.  Each of the Settlement Annuities are recorded in Allianz Life's records as being one of the following fixed deferred annuity products: 10% Bonus PowerDex Elite, 5% Bonus PowerDex Elite, Accumulator Bonus Maxxx, Accumulator Bonus Maxxx Elite, Accumulator Classic, Accumulator X, Annuitizer, Bonus Dex, Bonus Dex Elite, Cash Bonus Elite, Cash Buffet, Dominator 5 – 10, FlexDex Bonus, FlexDex Multi-

- 16 -

Choice, FlexDex MultiChoice Elite, Ideal, Ideal Index, Ideal Index 100, Ideal Index 75, InCommanDex, MasterDex, MasterDex 10, MasterDex 5, Power 7, Power 7 Elite, PowerDex, PowerDex Elite, Powerhouse, PowerRate 5, PowerRate 5 Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice, Total Security Annuity. "Settlement Annuities" is the plural form of "Settlement Annuity."

Some of the Settlement Annuities are Single-Tier annuities while others are Two-Tier annuities, as defined below. The Settlement Relief provided for in this Settlement differs, in some respects, for Single-Tier Settlement Annuities and Two-Tier Settlement Annuities. These differences in Settlement Relief address Plaintiffs' allegations about different alleged problems and issues with Single-Tier Settlement and Two-Tier Settlement Annuities.

66. "Settlement Class" means, subject to the exclusions listed below, the following persons: (a) all persons who purchased one or more Settlement Annuities from Allianz Life either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy and (b) all persons to whom an ownership interest in such Settlement Annuities was subsequently assigned or transferred or who otherwise held any interest as an Owner and (c) Beneficiaries of such Settlement Annuities terminated by death on or before the Annuity Status Date. ***Excluded from the Settlement Class*** are the following persons (and all subsequent owners, co-owners, and Beneficiaries of such person's Settlement Annuities): (1) purchasers who exercised their right to rescind the purchase of their annuity contract without penalty pursuant to the applicable "free look" provision in their annuity contract (with respect to such a rescinded contract); (2) the plaintiffs and class members in *Castello v. Allianz Life Ins. Co. of N. Am.*, Case No. MC03-20405 (Hennepin Cty., Minn.); (3) the plaintiffs and class members in *Iorio v. Allianz Life Ins. Co. of North America*, Case No. 05CV633JLS

- 17 -

(CAB) (S.D. Cal.) to the extent those claims were extinguished by the final judgment and release in that action; (4) persons who properly opted-out of the Action; (5) any officer, director, employee or agent of Allianz Life; and (6) any judge, justice, or judicial official presiding over the Action and the staff and immediate family of any such judge, justice, or judicial official.  A Special Notice affording the opportunity to opt-out of this Settlement shall be provided to Current Owners of Settlement Annuities if neither the Current Owner nor the Former Owner of a Settlement Annuity was included on the mailing list for the Litigation Class Notice, which is maintained by the administrator for the Litigation Class Notice.

67.    "Settlement Class Member" means and includes all persons included in the definition of the Settlement Class, excluding however, all such persons who timely submitted a written request for exclusion in response to the Special Notice signed by all Current Owners of the Settlement Annuity, which clearly expresses a desire for exclusion from the Action and which references the policy numbers of the Settlement Annuities sought to be excluded from the Action. Any action required or permitted to be taken with respect to a Settlement Annuity by this Agreement must be taken by all of the Current Owners (or the assignees of the Current Owners, if applicable) of the Settlement Annuity to be effective. Former Owners of Settlement Annuities do not, by the terms and conditions of this Agreement, have the right to take actions with respect to a Settlement Annuity other than as provided for or permitted by the annuity contract.  The terms and conditions of this Agreement do not provide Former Owners with the authority or any right to make any elections or take any other actions with respect to any Settlement Relief.

68.    "Settlement Relief" means the benefits provided to Settlement Class Members under the Settlement.

- 18 -

69.    "Single-Tier Settlement Annuity" with respect to a Settlement Annuity means Settlement Annuities with the following product names in Allianz Life's corporate records:

> 5% Bonus PowerDex Elite
> Dominator 5 – 10
> FlexDex Bonus
> FlexDex Multi-Choice
> FlexDex MultiChoice Elite
> MasterDex
> MasterDex 5
> Power 7
> Power 7 Elite
> PowerDex
> PowerDex Elite
> PremierDex
> PremierDex 5
> SelectDex Multi-Choice

70.    "Special Notice" means the "Special Notice of Right to Remain a Class Member or Request Exclusion from Class Action" substantially in the form attached hereto as Exhibit 7, as described in Section VII. of this Agreement.

71.    "Suitability Category Cap" means the $11.9 million cap on relief available for Suitability Category Claims approved for benefits under the Claim Process.

72.    "Suitability Category Claim" means a claim that the Surrendered Annuity was not suitable for the purchaser(s) of the Surrendered Annuity at the time of application for the Surrendered Annuity as specified in Section IV.C. of this Agreement.

73.    "Surrender Charge" means the surrender charge applicable under the provisions of any Single-Tier Settlement Annuity owned by a Settlement Class Member.

- 19 -

74.     "Surrendered Annuity" means a Settlement Annuity which has been fully surrendered to Allianz Life as of the Annuity Status Date.

75.     "Two-Tier Settlement Annuities" with respect to Settlement Annuities means Settlement Annuities with the following product names in Allianz Life's corporate records:

> 10% Bonus PowerDex Elite
> Accumulator X
> Accumulator Classic
> Accumulator Bonus Maxxx
> Accumulator Bonus Maxxx Elite
> Annuitizer
> Bonus Dex
> Bonus Dex Elite
> Cash Bonus Elite
> Cash Buffet
> Ideal
> Ideal Index
> Ideal Index 75
> Ideal Index 100
> InCommanDex
> MasterDex 10
> Powerhouse
> PowerRate 5
> PowerRate 5 Elite
> Total Security Annuity

**B.      Conventions**

1.      The terms "he" or "she" and "his" or "her" include "it" or "its," where applicable.  Defined terms expressed in the singular also include the plural form of such term, and vice versa, where applicable.

2.      All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs and exhibits of and to this Agreement, unless otherwise expressly stated in the reference.

- 20 -

### III.   SETTLEMENT PROCESS

The dates for certain events contemplated by this Settlement Agreement are as follows:

| Event Date | Event |
| --- | --- |
| The date the Motion for Preliminary Approval of the Proposed Settlement is filed with the Court | Annuity Status Date |
| To be set by Court | Hearing on Preliminary Approval |
| 45 days after entry of the Preliminary Approval Order | Mailing of Class Settlement Notice Package |
| 21 days prior to deadline for submission of exclusions and objections, or such other date set by court | Filing of motion for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses |
| 45 days after mailing of the Class Settlement Notice Package | Exclusions must be postmarked and sent to the Administrator and filed with the Court, and Objections must be postmarked and sent to counsel for the parties and filed with the Court |
| 45 days after mailing of the Class Settlement Notice Package | Requests to appear and be heard at the Fairness Hearing must be served on Class Counsel and Allianz Life's Counsel and filed with the Court |

| Event Date | Event |
|---|---|
| 55 days after mailing of the Class Settlement Notice Package | Administrator files with the Court and serves Parties with notice specifying those Settlement Class Members who properly have objected or requested exclusion |
| To be set by Court | Fairness Hearing |
| The date on which the Final Order and Judgment approving this Agreement becomes final for all purposes, including appeal | Final Settlement Date |
| 30 days after the Final Settlement Date | Postmark deadline for submitting Two-Tier Active Deferred Settlement Annuity Settlement Relief Election Forms, Requests for Individualized Quotes and Claim Forms to the Administrator |
| 120 days after the Final Settlement Date | Implementation Date |
| 120 days after the Implementation Date (this is a best efforts deadline and may vary depending on the volume of claims submitted) | Anticipated best efforts completion date for the review of all Claim Forms by the Administrator, and the submission of a final Claim Process report by the Administrator to Allianz Life's Counsel and Class Counsel in accordance with Section V.B.1.(p) |
| 60 days after the provision of the final Claim Process report by the Administrator | Allianz Life to provide Class Counsel and Administrator a report advising of the amounts of payments of Claim Process Benefits to Claimants found to be entitled to payments by the Administrator, after the application of the caps and Relief Adjustments |

- 22 -

| Event Date | Event |
| --- | --- |
| 60 days after the provision of the final Claim Process Report by the Administrator | Allianz Life disburses Claim Process Benefits and provides proof of such disbursement to Class Counsel and Administrator |
| 90 days after the provision of the final Claim Process report by the Administrator | Administrator provides a final report to Allianz Life and Class Counsel, and disposes of all materials related to the Agreement as set forth in Section XIV.M. |
| 60 days after the expiration of the two year period for the exercise of the cash surrender value credit settlement benefit in Section IV.A.2.a. | Allianz Life provides a certification to Class Counsel that all Settlement Benefits have been distributed or made available under the Settlement Agreement |

## IV.   THE SETTLEMENT RELIEF

The Parties agree that Allianz Life will provide the Settlement Relief described below to the Settlement Class Members.  For purposes of the Settlement Relief, the Single-Tier and Two-Tier Settlement Annuities will be divided further into three categories based upon the status of the Settlement Annuities as reflected in Allianz Life's corporate records as of the Annuity Status Date.   The three categories shall be:

- Active Deferred Settlement Annuities;

- Settlement Annuities with an active Annuitization payment stream as of the Annuity Status Date; and

- Settlement Annuities that have been fully surrendered.

Settlement Annuities that were terminated by death as of the Annuity Status Date shall be eligible for the Settlement Relief as set forth below in Sections IV.B. and IV.C. of this Agreement.

The Settlement Relief shall be made available according to the processes and timetables set forth in this Agreement for each type of Settlement Relief.  As set forth more fully below, starting on the Implementation Date Settlement Class Members are entitled to exercise and/or receive the Settlement Relief, if any, to which they are entitled in accordance with the Settlement Relief described in Section IV.A given their relief election.   The Settlement Benefit described in Section IV.B.1. will be included beginning with the first annuitization payments made by Allianz Life after the Implementation Date.  On the Implementation Date, Allianz Life will start processing Requests for Individualized Quotes (with quotes being based on annuity values as of the date of the quotes) pursuant to Section IV.B.2., and will use its best efforts to provide requested quotes within 60 days of the Implementation Date.   The acceptance or rejection of quotes and the implementation of accepted quotes will be subject to the time frames set forth in Section IV.B.2.   On the Implementation Date, the Administrator will start processing Claim Forms pursuant to Section IV.C., and will use its best efforts to complete the evaluation of all Claim Forms as soon as practicable.  Allianz Life shall have the option, but not the obligation, to begin implementation of any portion of the Settlement Relief on an earlier date.

Allianz Life will provide Settlement Relief only once, in a single annuity status category, with respect to each Settlement Annuity (although the payment of such Settlement Relief may be divided among multiple Current Owners or multiple Beneficiaries, as may be applicable).  If Settlement Relief is to be split among more than one Current Owner or Beneficiary, Allianz Life shall have the sole discretion to determine the amounts of Settlement Relief to be paid to each of the

- 24 -

Current Owners or multiple Beneficiaries, based on the ownership or beneficiary designations and other information in its records, the terms of the applicable Settlement Annuity contract and its normal business practices.

If a Settlement Annuity is in death benefit payment status, according to the records of Allianz Life, as of the Annuity Status Date, but one or more Beneficiaries of the death benefit have not notified Allianz Life of their election of a death benefit payment option, Allianz Life will pay $50.00 as the sole Settlement Relief with respect such Beneficiaries of that Settlement Annuity, which amount shall be divided among any multiple Beneficiaries who have not made a death benefit payment election as may be appropriate as their interests appear in the records of Allianz Life.

### A.   Settlement Relief for Active Deferred Settlement Annuities

Allianz Life shall provide the following Settlement Relief with respect to Active Deferred Settlement Annuities:

#### 1.   Settlement Relief for Single-Tier Settlement Annuities

For Single-Tier Active Deferred Settlement Annuities, Allianz Life will, upon the receipt of a request for Annuitization conforming with the terms of the annuity contract and seeking an annuity payment option providing for payments for the life of the Annuitant with a guarantee period of ten (10) years or longer, credit the AV on the date of Annuitization as recorded in Allianz Life's corporate records with an AV "Bonus" in the amount equal to a percentage of the AV as of the date of the application of the AV "Bonus." The amount of the AV "Bonus" shall vary depending upon the Single-Tier Active Deferred Annuity's Policy Year as of the date of Annuitization, in accordance with the following chart:

| Policy Year | AV "Bonus" Amount |
|---|---|

- 25 -

| 1-4.49 | 0% |
|--------|-----|
| 4.5-9.49 | 4.5% |
| 9.5+ | 5.0% |

This AV "Bonus" will not be applied if the authorized election is for an Annuity Payment option other than payments for the life of the Annuitant with a guarantee period of ten (10) years or longer.  No other Settlement Relief shall be applied to the Settlement Annuities which receive this AV "Bonus."

This credit to AV is available and shall be applied to the AV only if and when a Single-Tier Active Deferred Settlement Annuity is Annuitized; it is not available and will not be applied to the AV if a Settlement Annuity is fully surrendered at any time prior to the Implementation Date, or if the Settlement Annuity is or has been partially or fully Annuitized at any time prior to the Implementation Date.  Taking contractually permitted Penalty-Free Withdrawals or IRS required minimum distributions shall not be considered partial surrenders which disqualify an annuity from receiving the AV "Bonus."  This AV "Bonus" is not available for Two-Tier Settlement Annuities.

### 2. Settlement Relief for Two-Tier Active Deferred Settlement Annuities

Allianz Life will provide one (but only one) of two settlement benefits for Two-Tier Active Deferred Settlement Annuities, either: (1) the Cash Surrender Value Credit, or (2) the Enhanced Penalty-Free Withdrawal.  Only one of the settlement benefits described below for such annuities may be elected.  The Class Settlement Notice Package will include the Election Form for Two-Tier Active Deferred Settlement Annuities, which must be completed and returned to Allianz Life, if at all, postmarked within 30 days after the Final Settlement Date and on

- 26 -

which an election must be made as to which of the two forms of Settlement Relief is elected for each Two-Tier Active Deferred Settlement Annuity.  The Election Form shall be in substantially the form attached hereto as Exhibit 4.  The Class Settlement Notice, the Election Form and such other notice(s) agreed upon by the Parties will clearly and prominently state, *inter alia*, that: (1) the Cash Surrender Value Credit will be the only benefit received unless the Enhanced Penalty-Free Withdrawal is timely elected by all Current Owners; and (2) to receive the Cash Surrender Value Credit the Two-Tier Active Deferred Settlement Annuity must be fully and completely surrendered on or before the expiration of 24 months after the Implementation Date. If an Election Form is not timely returned or is not appropriately completed with respect to a Settlement Annuity in this category, the Current Owners of such Settlement Annuity will be deemed to have elected the Cash Surrender Value Credit, but not the Enhanced Penalty-Free Withdrawal.  If an Election Form is returned unsigned, or there is an apparent issue of the authority of the signer to act with respect to the Settlement Annuity in question, the Administrator shall return the form to the sender with a cover letter which describes the deficiency, providing the submitter a 20-day period in which to postmark a returned submission with the deficiency cured.  If the deficiency is not cured within this time period, the Election Form shall be deemed ineffective, and the Enhanced Penalty-Free Withdrawal benefit is not available with respect to the Settlement Annuity.  Such Settlement Annuities instead will be provided with the Cash Surrender Value Credit Settlement Benefit.

### a.  Cash Surrender Value Credit

(i)  A Cash Surrender Value Credit is available for Two-Tier Active Deferred Settlement Annuities if: (1) all of the Current Owners timely submit an Election Form selecting the Cash Surrender Value Credit benefit; or (2) no Election Form is timely submitted by all Current Owners selecting the

Enhanced Penalty-Free Withdrawal benefit.  If the Cash Surrender Value Credit is elected or no Election Form is properly returned selecting the Enhanced Penalty-Free Withdrawal benefit, Allianz Life will apply a credit to the Cash Surrender Value of any such annuity only if Allianz Life receives a Surrender Form on or after the Implementation Date and before the expiration of 24 months after the Implementation Date, requesting a full and complete surrender from all of the Current Owners of such annuity.

(ii)        Within 30 days after the Implementation Date is established, the Settlement Administrator will mail a postcard to the Current Owners of Two-Tier Active Deferred Annuities who elected to receive the Cash Surrender Value Credit settlement benefit, or who did not submit an Election Form, clearly stating the date by which the Two-Tier Active Deferred Settlement Annuities must be fully surrendered to receive the Cash Surrender Value Credit. The Cash Surrender Value Credit will be applied on and as of the date that the annuity is recorded as surrendered in Allianz Life's corporate records.  The amount of the credit will be 9.0% of the Cash Surrender Value as of the date of the processing by Allianz Life of the surrender request, as reflected in the business records of Allianz Life.  For purposes of this Agreement, and for purposes of calculating the Cash Surrender Value hereunder, a Surrender made pursuant to this Agreement shall be deemed effective on the date that a contractually compliant Surrender Form for a full surrender is processed by Allianz Life in accordance with Allianz Life's policies (which require submission of the original Settlement Annuity contract or a statement of lost contract).  Settlement Class Members will be given a reasonable opportunity to cure any deficiencies in any Surrender Forms submitted on or before the expiration of 24 months after the Implementation Date, in accordance with Allianz Life's normal business practices.

- 28 -

(iii)     The Cash Surrender Value Credit will not be available for any Single-Tier Settlement Annuities, and will not be available for Two-Tier Settlement Annuities for which a Surrender Form is postmarked after the expiration of 24 months after the Implementation Date, even if the Current Owner(s) submitted a timely and complete Election Form electing to receive the Cash Surrender Value Credit.   The Cash Surrender Value Credit will not be applied to any value of Two-Tier Settlement Annuities except upon full surrender pursuant to a surrender request postmarked between the Implementation Date and 24 months after the Implementation Date.

(iv)     The Cash Surrender Value Credit is not available if the Current Owner(s) of the Two-Tier Active Deferred Settlement Annuity is replacing the Settlement Annuity with another annuity issued by Allianz Life.

**b.     Enhanced Penalty-Free Withdrawal**

If all Current Owners of a Two-Tier Active Deferred Settlement Annuity timely submit an Election Form choosing to receive the Enhanced Penalty-Free Withdrawal, Allianz Life shall with respect to that Settlement Annuity increase the annual contractual limits on penalty-free yearly withdrawal amounts (which may also be described as partial surrenders in the annuity contracts) for any five years after the Implementation Date by an amount equal to up to 5% of the total premium paid with no requirement that the years be consecutive (for a 25% cap on the total additional penalty free withdrawals applicable to any Settlement Annuity by virtue of the Enhanced Penalty-Free Withdrawal), commencing on the Implementation Date.  If the contract for a Settlement Annuity does not provide for any contractual Penalty-Free Withdrawals, or permits such withdrawals subject to an aggregate limit but no annual limit, such annuities shall be permitted yearly Penalty-Free Withdrawals under this Settlement of up to 5% of the total premium paid for any five years after the Implementation Date, with no requirement that the

years be consecutive. Any contractual aggregate limit on contractual Penalty-Free Withdrawals shall be increased to accommodate the Enhanced Penalty-Free Withdrawals provided for in this Agreement.

With respect to Two-Tier Active Deferred Settlement Annuities eligible for this settlement benefit that are qualified annuities under the provisions of the United States Internal Revenue Code, and as to which the aggregate amount of penalty-free partial withdrawals and Required Minimum Distributions taken as of the Implementation Date had reached the aggregate contractual limit for Penalty-Free Withdrawals as stated in the annuity contract as issued by Allianz Life, the Enhanced Penalty-Free Withdrawal shall not be subject to any offset or reduction based on the amount of any Required Minimum Distribution taken from the Settlement Annuity under the United States Internal Revenue Code.

### B. Settlement Relief for Settlement Annuities Which Have Been Annuitized

Allianz Life will provide the following Settlement Relief with respect to Single-Tier and Two-Tier Settlement Annuities with an active Annuitization payment stream as of the Annuity Status Date. Settlement Annuities that were terminated by death on or before the Annuity Status Date and with respect to which one or more Beneficiaries of the death benefit payable from such annuity elected to receive the death benefit payable over five years or more, shall, with respect to the portion of the death benefit remaining payable, be considered to have been completely Annuitized as of the Annuity Status Date and eligible for the Settlement Benefit described in this Section IV.B., under the conditions set forth below, with respect to any future Annuity Payments remaining for such Beneficiaries as of the Implementation Date of the Settlement Relief.

1.   **Settlement Annuities Which Have Been Annuitized
with a Payment Option of Life and a Guarantee
Period of 10 Years or Greater**

For (1) Settlement Annuities with an active Annuitization payment stream as
of the Annuity Status Date pursuant to an Annuity Payment option providing for
payments for the life of the Annuitant with a guarantee period of ten (10) years or
longer or (2) death benefit payouts from Settlement Annuities that a Beneficiary
elected, prior to the Annuity Status Date, to take pursuant to an Annuity Payment
option providing for payments for the life of the Annuitant with a guarantee period
of ten (10) years or longer, the Annuity Payments payable after the Implementation
Date shall be increased by 3.5%, starting with the first Annuity Payment after the
Implementation Date.   All other terms of the Annuity Payments will remain the
same, subject to any state or federal statutes, regulations, or other legal
requirements.

2.   **Settlement Annuities Which Have Been Annuitized
with a Payment Option Other than Life and a
Guarantee Period of 10 Years or Greater**

Current Owners of Settlement Annuities with an active Annuitization
payment stream as of the Annuity Status Date pursuant to an Annuity Payment
option providing for Annuity Payments for a period other than for the life of the
Annuitant with a guarantee period of ten (10) years or greater may receive the
following Settlement Relief if and only if all of the Current Owners change the
basis for all future Annuity Payments to an Annuity Payment option providing for
payments for a period for the life of the Annuitant with a guarantee period of ten
(10) years or greater (which guarantee period will start on the date that the Annuity
Payments start in the new amount, if the quotation described below is accepted by
the Current Owners).   Current Owners who elect this benefit will have their future
Annuity Payments calculated on the basis of a period for the life of the Annuitant

- 31 -

with a guarantee period of ten (10) years or longer, and Allianz Life will increase the basis of such Annuity Payments by 3.5%, using the methodology set forth below. A Beneficiary of a death benefit payout who is receiving the death benefit over a period of years less than the life of the Annuitant with a guarantee period of 10 years or longer is eligible for this Settlement Benefit.

To elect and qualify for this form of Settlement Relief, all of the Current Owners of the eligible Settlement Annuity must submit to Allianz Life a Request for Individualized Quote postmarked no later than 30 days after the Final Settlement Date, using the request form contained in the Class Settlement Notice Package (which shall be substantially in the form of Exhibit 5 to this Agreement). If a Request for Individualized Quote is returned unsigned or there is an apparent issue of the authority of the signer to act with respect to the Settlement Annuity in question, the Administrator shall return the form to the sender with a cover letter which describes the deficiency, providing the submitter a 20 day period in which to postmark a returned submission with the deficiency cured.   If the deficiency is not cured within this time period, the Request for Individualized Quote shall be deemed to be ineffective, Allianz Life shall not provide quotes for a different Annuitization payment option, and the remaining Annuitization Payments with respect to the Settlement Annuity will continue without any change in the existing payment option.   If a Request for Individualized Quote is returned signed, indicating a desire for quotes, but the submitter does not indicate which quotes are desired, Allianz Life shall provide quotes for all payment options described in the Request for Individualized Quote.  Requests for Individualized Quotes which are postmarked later than 30 days after the Final Settlement Date will be deemed invalid, and Allianz Life shall not be obligated to provide a quote in response to such submissions.

Allianz Life will use its best efforts to provide quotes in response to Requests for Individualized Quotes no later than 60 days following the Implementation Date.  Quotes for Annuity Payments will be based on the life of the Annuitant with a guarantee period of ten (10) years or greater, stating the projected Annuity Payment amount and duration of future Annuity Payments using the same interest rate and mortality table as was used to calculate the original Annuity Payments, and using an Annuitization Value equal to the original Settlement Annuity Annuitization Value, decreased with Annuity Payments already received and increased with interest at the same interest rate as was used to calculate the original Annuity Payments. The resulting Annuity Payment will then be increased by 3.5%. The written quotations shall be based upon the commencement of a new guaranty period commencing as of the date of the first Annuity Payment under the new payment option.  The Current Owners shall have the option to accept or reject the new Annuity Payment quote within 30 days by returning the quote marked either accepted or rejected.  If the new Annuity Payment quote is rejected by any of the Current Owners, or all of the Current Owners fail to expressly accept a new Annuity Payment quote postmarked within 30 days of the date of the quote, Annuity Payments shall continue to be made on the terms of the existing Annuity Payment option applicable to those Settlement Annuities without any change due to the Settlement.  All quotes for this Settlement Benefit shall be subject to Allianz Life's normal business processes applicable to the Settlement Annuity.  Allianz Life will continue to make periodic Annuity Payments pursuant to the existing Annuity Payment option then in effect unless and until a quote for a new payment option is accepted and implemented pursuant to this Section of the Agreement.

For purposes of implementing this Settlement Benefit, Allianz Life shall use the annuitant age as of the date that the new Annuity Payment calculation is made,

- 33 -

and other related information and documents submitted when the election was originally made to annuitize the Settlement Annuity, rather than requiring submission of any additional information from the Settlement Class Member. Allianz Life may, however, verify the age of any new annuitant if it lacks current information, in accordance with its normal business practices for such age verification. This Settlement Benefit will be treated as the termination of the existing annuitization agreement and the election of a new annuitization agreement with the termination proceeds.

### C.    Settlement Relief for Settlement Annuities Which Have Been Fully Surrendered

Settlement Relief for Surrendered Annuities shall be available only through the Claim Process in which the Current Owner(s) of the Surrendered Annuity may submit a Claim. If the surrender proceeds paid by Allianz Life with respect to a Surrendered Annuity were paid to another insurance company or otherwise used, in whole or in part, to purchase another annuity, such Surrendered Annuity is not eligible to participate in the Claim Process or to receive Claim Process Benefits. A Beneficiary of a Settlement Annuity that was terminated by death on or before the Annuity Status Date and who elected to receive his or her death benefit payable over less than five years (including receipt as a single lump sum payment) shall, with respect to his or her portion of the death benefit, be considered to have fully surrendered an annuity and hence be eligible to participate in the Claim Process with respect to the Misrepresentation Category Claim and Suitability Category Claim only (and not with respect to the Financial Need Category Claim) described in this Section IV.C.

To participate in the Claim Process, all Current Owners of a Surrendered Annuity and all of the designated Beneficiaries of a Settlement Annuity terminated by death as of the Annuity Status Date who elected to receive their death benefits

payable over less than five years (including receipt as a single lump sum payment) (hereinafter "Claimants") must complete and sign a single Claim Form and submit it to the Administrator as required by Section IV.C.2.  The Claim Form shall be substantially in the form of attached Exhibit 6, and contain questions seeking the information set forth in Section IV.C.2. below.

       **1.**    **Claim Categories**

Except as described with respect to death benefit annuitizations, a Claimant may seek relief in the Claim Process with respect to his or her choice of the following Claim Categories:

       **(a)**    <u>**Misrepresentation Category Claim**</u>: a claim that a misrepresentation(s) was made during the process of the sale of the Surrendered Annuity, which misrepresentation(s) was material to the purchaser's decision to purchase the Surrendered Annuity;

       **(b)**    <u>**Suitability Category Claim**</u>: a claim that the Surrendered Annuity was not suitable for the purchaser of the Surrendered Annuity at the time of application for the Surrendered Annuity; or

       **(c)**    <u>**Financial Need Category Claim**</u>: a claim that the Current Owner's surrender of the Surrendered Annuity was necessitated by a need for funds for the payment of medical expenses, payment for nursing home or in home medical care, the retention of the principal place of residence of the Current Owner of the Surrendered Annuity or the payment of necessary living expenses (defined as food, housing, housing repairs or upkeep necessary for the dwelling to be safe, habitable or maintained in good condition and/or transportation necessary for medical care or employment).

Claimants shall indicate the Claim Categories with respect to which they seek Claim Process Benefits by filling in the appropriate sections of the Claim Form, as described below.  A Claimant shall be entitled to Claim Process Benefits

- 35 -

only if he or she establishes an entitlement to Settlement Relief.  If the Claimant requests and is entitled to Settlement Relief in more than one Claim Category, the Claimant will receive the Settlement Relief applicable to the Claim Category providing the greatest percentage recovery in accordance with the formula set forth in Section IV.C.4 below; provided, however, that the Claimant will receive only the Settlement Relief applicable to that single Claim Category.

## 2.    Claim Forms

The Administrator shall mail Claim Forms to the Current Owners of Surrendered Annuities and to the Beneficiaries who are eligible to participate in the Claim Process as part of the Class Settlement Notice Package, using a form that is substantially similar to the one attached hereto as Exhibit 6.  The Claim Forms shall be composed of a general introduction to the Claim Process, a section in which the Claimant indicates each Claim Category for which the Claimant is seeking Settlement Relief, and a section for each Claim Category described above that asks for information relevant to the determination of whether the Claimant is entitled to Settlement Relief.  As to each Claim Category, Claimants must describe the reasons the Surrendered Annuity was surrendered.  Claimants shall complete the section for each Claim Category as to which Settlement Relief is sought. Claimants must identify on the Claim Form any prior complaint or request for remediation with respect to the Surrendered Annuity that is the subject of the Claim Form.  Claimants must indicate whether any of the surrender proceeds were used to purchase another annuity.  A separate Claim Form must be submitted for each Settlement Annuity eligible for the Claims Process.

All Claim Forms, and any written statement submitted in support of a Claim Form, shall be signed under penalty of perjury, and shall be based upon the personal knowledge of the Claimant or person submitting a supporting statement. To be entitled to Settlement Relief, a Claimant must set forth facts or information

necessary to meet the criteria for the Claim Categories selected on the Claim Form, either in the Claim Form or by a supporting statement signed under penalty of perjury by persons with personal knowledge of such facts.    Completed Claim Forms, and any supporting information, must be mailed to the Administrator postmarked no later than 30 days after the Final Settlement Date.    A Claim Form will be considered to have been submitted on the date it is postmarked.    Claim Forms and other submissions relating to Claim Forms which do not comply with the requirements of this Agreement shall be considered ineffective and shall not be considered in the Claim Process.

In addition, the Claim Form sections shall include the following in substance:

### c.    With Respect to Misrepresentation Category Claim

With respect to a claim that a misrepresentation(s) was made during the process of the sale of the Surrendered Annuity, a Claimant must supply the following information requested on the Claim Form:

    (a)    describe the alleged misrepresentation(s), who made the alleged misrepresentation(s) and  how, when and to whom the alleged misrepresentation(s) was made;

    (b)    describe how the purchaser was misled by the alleged misrepresentation(s); and

    (c)    state how the alleged misrepresentation(s) was important to the purchaser in deciding to purchase the Surrendered Annuity.

If a Claim Form is based, in whole or in part, upon an alleged written misrepresentation(s), a copy of such alleged written misrepresentation(s), if still in the actual or constructive possession of the Claimant, must be submitted to the Administrator with the Claim Form.  The Claim Form will specify that the claim is more likely to be approved the greater the level of detail concerning the asserted

- 37 -

misrepresentation(s) (such as including the location or dates of any meetings or communications), the role, if any, of the Allianz Life product consumer brochure or Statement of Understanding in the purchase decision process, and submission of copies of any documents reflecting the misrepresentation(s) or notes made by the agent or recipients of the misrepresentation(s).

### d.      With Respect to Suitability Category Claim

Claimants seeking to establish that a Settlement Annuity was unsuitable for the purchaser at the time of policy issuance must provide the following financial information for the purchaser's Household:   Gross Annual Income, Disposable Income, Liquid Assets, and Net Worth, all as of the date of the application for the Settlement Annuity.    For purposes of this Claim Category, the purchaser's Household shall be considered to include all persons living in the same home as the purchaser as of the date of the application for the Settlement Annuity who were obligated to contribute or who customarily contributed funds for use by the Household.    Assuming that the Claimant is not entitled to an award for a Misrepresentation Category Claim, the Claimant will be entitled to relief where the Household information submitted demonstrates one or more of the following at the time of purchase of the Surrendered Annuity:

(a)     Liquid Assets of $65,000 or less, and less than $1,000 a month of Disposable Income, and Net Worth of less than $250,000 at the time of purchase; or,

(b)     Annual Gross Income of $40,000 or less, and Net Worth of less than $250,000, and Liquid Assets of less than $65,000 at the time of purchase; or,

(c)     Annuity premium greater than three times Annual Gross Income, and Net Worth of less than $250,000, and Liquid Assets of less than $65,000 at the time of purchase.

- 38 -

e.      **With Respect to Financial Need Category Claim**

With respect to Financial Need Category Claims, the Claimant must provide the following information for the Claimant's Household as of the time of his or her surrender of the Surrendered Annuity:

(i)      a description (including the dollar amount) of any medical expenses other than normal medical expenses;

(ii)     a description of any expenses (including the dollar amount) for nursing home or home health care;

(iii)    a description of any expenses (including the dollar amount) needed to retain the Claimant's principal residence other than normal mortgage expenses;

(iv)    a description of any essential living expenses (including the dollar amount) which the Claimants could not reasonably pay;

(v)     the Claimant's Annual Gross Income;

(vi)    the Claimant's Net Worth;

(vii)   the Claimant's Liquid Assets;

(viii)  a description of why the Claimant could not pay the outlined expenses without surrendering the Surrendered Annuity; and

(ix)    a description of why the Surrendered Annuity was surrendered.

3.      **Review of Claim Forms**

Allianz Life shall be entitled to submit information which is relevant to a Claim Form, including statements from agents or others which are contained in the files of the company, which submissions should be considered in the review of Claim Forms. Submitted Claim Forms, any supporting materials, and any submission by Allianz Life shall be reviewed by the Administrator to determine

whether they state a claim of misrepresentation, lack of suitability or financial needs as described in Section IV.C.1. above. A Misrepresentation Category Claim will be approved if the information submitted, considered together, credibly establishes that one or more misrepresentations about the annuity were made which misled the purchaser concerning the applicable surrender charges, right to Annuitize, or other policy terms and which credibly establishes how the alleged misrepresentation(s) was material to the purchaser's decision to purchase the Surrendered Annuity. A Misrepresentation Category Claim based on an alleged written misrepresentation will be less likely to be approved, based on the alleged written misrepresentation itself, if the Claimant fails to submit a copy of the document containing the misrepresentation.

A Suitability Category Claim will be approved if the information submitted justifies relief in accordance with the review to be performed under the suitability claim criteria set forth herein in Section IV.C.2.b.

A Financial Needs Category Claim will be approved if the information submitted establishes that the Claimant had, at the time of the full surrender of the Surrendered Annuity, a pressing financial need for funds for the payment of medical expenses, nursing home or in-home medical care expenses, the retention of the principal place of residence of the Current Owner of the Surrendered Annuity or the payment of necessary living expenses (defined as food, housing, housing repairs or upkeep necessary for the dwelling to be safe, habitable or maintained in good condition and/or transportation necessary for medical care or employment), which need could not have been met without surrendering the Surrendered Annuity.

Notwithstanding the above, no Claim shall be eligible for or approved for Settlement Relief with respect to any Settlement Annuity for which a valid

agreement or release exists between Allianz Life and the Claimant that would preclude the Claimant's right to submit a Claim in the Claim Process.

Any Claim that is not timely submitted and completed or which is ineligible for relief for any other reason will be denied.

Allianz Life reserves the right to direct the Administrator to deem any individual Claim or group of Claims to be justified and entitled to Settlement Relief.  Such direction shall not have any precedential value with respect to any other Claims in the Claim Process, or constitute an admission for any purpose either in the administration of the Agreement or in any other context.

### 4.     Settlement Relief

Allianz Life will pay to Claimants in the Claim Process who are determined to be entitled to relief an amount equal to a percentage (as described for each Claim Category below) of the sum of:

(a)     the amount equal to: [the total premiums paid for the Settlement Annuity] *minus* [the total payments made by Allianz Life with respect to the Settlement Annuity (such total payments shall not include any Relief Adjustments] (the difference of which is referred to as "the Net Payment"); *plus*

(b)     the amount equal to 5% of the total premium paid for the Surrendered Annuity.  However, if the Net Payment amount is negative, the amount of the 5% of the total premium paid shall be offset by and reduced by the amount by which the Net Payment is less than zero.

The sum of the Net Payment plus the 5% interest amount as defined in this Section shall be referred to as "the Formula Amount."

Claim Process Benefits are provided with respect to Surrendered Annuities due to the full surrender of such annuities to Allianz Life prior to the Annuity Status Date.  If a Surrendered Annuity that is the subject of a Claim was partially annuitized or partially surrendered prior to being fully surrendered, Claim Process

- 41 -

Benefits will be provided only with respect to the portion of the Surrendered Annuity that was the subject of the full surrender to Allianz Life.

If a Claimant is determined to be entitled to Settlement Relief, the Claimant will be paid the following amount (subject to any applicable Claim Process Benefit Caps and less any applicable Settlement Relief Adjustments):

(a)    for a Misrepresentation Category Claim: 70% of the Formula Amount;

(b)    for a Suitability Category Claim: 50% of the Formula Amount; and

(c)    for a Financial Need Category Claim: 30% of the Formula Amount.

The Claim Process Benefit for Settlement Annuities deemed to be entitled to Surrendered Annuity relief that were terminated by death as of the Annuity Status Date and for which the properly designated Beneficiaries of the death benefit payable from such annuity elected prior to the Annuity Status Date to receive the death benefit payable over less than five years, shall be 20% of the Formula Amount for claims in both the misrepresentation and suitability categories. These Settlement Annuities are not eligible for relief under the Financial Need Category.

If a Claimant is found to be entitled to Settlement Relief in more than one Claim Category, Allianz Life shall provide Settlement Relief with respect to only one Claim Category, and shall provide Settlement Relief in the Claim Category with the highest dollar amount of Settlement Relief for the Claimant as calculated in this Section IV.C.4. If a Claimant seeks Settlement Relief in the Claim Process in more than one Claim Category, the Administrator shall evaluate the Claim in the order of the greatest percentage award, namely: (1) the Misrepresentation Category (if applicable to that Claim); (2) the Suitability Category (if applicable to that Claim); and (3) the Financial Need Category (if applicable to that Claim). If the

- 42 -

Administrator finds the Claim to be sustained in any Claim Category it shall not evaluate that Claim in any subsequent Claim Category.

### 5.    Claim Process Benefits Caps

The amount of Settlement Relief provided by Allianz Life in the Claim Process shall be subject to the following caps: (1) Misrepresentation Category Claims – $13.3 million; (2) Suitability Category Claims – $11.9 million; and (3) Financial Need Category Claims – $9.8 million.  In order to implement these caps, all Claim Forms which elect to seek Settlement Relief with respect to each Claim Category shall be fully processed and evaluated prior to any payments being made by Allianz Life.  If the aggregate amount awarded for all Claim Forms with respect to a particular Category, less the Relief Adjustments described in Section IV.D., is less than or equal to the amount of the cap for that Claim Category, Allianz Life shall mail checks in the full amount of the Settlement Relief as calculated pursuant to IV.C.4. less any Relief Adjustments described in Section IV.D.  However, if the aggregate amount awarded for all Claim Forms with respect to a particular Claim Category, less the Relief Adjustments described in Section IV.D., is greater than the amount of the cap for that Claim Category, the amount of Settlement Relief payable with respect to each Claim with respect to that Claim Category as calculated pursuant to Section IV.C.4. above shall be reduced proportionally with other claim awards in that Claim Category, prior to any Relief Adjustment pursuant to Section IV.D, such that the total amount to be paid by Allianz Life with respect to that Claim Category is not greater than the amount of the cap for that Claim Category.

### 6.    Finality of Claim Process Determinations

All determinations by the Administrator of whether a Claimant has established a Misrepresentation Category, Suitability Category, or Financial Need Category Claim and all awards (subject to Allianz Life's application of Claim

- 43 -

Process Benefit Caps and Settlement Relief Adjustments) shall be final and binding, and Settlement Class Members, along with their predecessors, successors and assigns, Class Counsel, Allianz Life and any other party-in-interest may not appeal or seek review or vacatur of or otherwise challenge such determinations or awards in any subsequent court or administrative proceeding, including without limitation any proceeding under any applicable federal or state law, rule, or procedure.

### 7.   Distribution of Claim Process Benefits

Once the Claim Process Benefits have been determined for all of the Claims, each Claimant will be notified of the Claim Process Benefits he or she has been awarded.   Allianz Life's Counsel and Class Counsel and Allianz Life will be provided with the report required by Section V.B.1.(p) of this Agreement prior to Claimants being notified of such awards.

### 8.   Administration of the Claim Process

Allianz Life's Counsel and Class Counsel shall participate in training from time to time as appropriate to provide the Administrator with appropriate background information, materials and guidance with respect to the class annuities, the sales process, settlement-related issues, and the Claim Process, and shall be entitled to reasonably monitor and audit the administration of the Claim Process including selected individual Claims, and provide the Administrator additional training or comments for consideration based upon such monitoring and audits. The Administrator shall provide Allianz Life's Counsel and Class Counsel with regular, agreed-upon reports concerning the administration of the Claim Process on a weekly or monthly basis as directed by Allianz Life, which reports shall include the dollar amount of Claims found to be payable by Claim Category, and shall participate in conferences with Allianz Life's Counsel and Class Counsel concerning the administration of the Claim Process.  All training materials must be

approved by Allianz Life's Counsel and Class Counsel in advance of their use by the Settlement Administrator.

### D. Settlement Relief Adjustment

Any Settlement Relief due to any Settlement Class Member with respect to a Settlement Annuity under this Agreement shall be reduced by the dollar value or amount of any payment, relief or benefit payment (other than those paid by Allianz Life in the normal course under the Annuity) previously provided by Allianz Life with respect to such Settlement Annuity in any other lawsuit or arbitration, or any administrative proceeding or remediation proceeding related in any way to any state Department of Insurance or Attorney General's Office or for any other reason whatsoever (the principle being that the maximum amount of relief which Allianz Life should provide with respect to any Settlement Annuity, in the aggregate, in all forums, including any other settlement or remediation, should not exceed 100% of the amount set forth in the initial paragraph of Section IV.C.4. above). If the value or amount of such prior relief or payment with respect to a Settlement Annuity exceeds the value or amount of the settlement benefit due under this Agreement, no Settlement Relief shall be provided with respect to such Settlement Annuity under the terms of this Agreement.

## V. ADMINISTRATOR

### A. The Retention and Payment of an Administrator

Allianz Life will retain a professional class action settlement administrator to assist in the implementation of the Settlement (the "Administrator"). Allianz Life will propose to Class Counsel the names of three or four candidates to serve as the Administrator. Class Counsel may, upon reasonable grounds, in writing and within 10 business days of receiving the list of proposed Administrators from Allianz Life, object to any Administrator proposed by Allianz Life. Allianz Life

- 45 -

shall have the sole discretion to select the Administrator for the Settlement from those on the list provided to Class Counsel to which no reasonable objection has been made by Class Counsel.

Allianz Life will bear its own administrative expenses and those reasonably incurred by an Administrator retained by Allianz Life for the implementation of the Settlement, including:  preparation, publication, printing and mailing costs of the Class Settlement Notice, Special Notice, Class Settlement Notice Package and any deficiency notices (as described elsewhere in this Agreement); post-office rental box costs; any costs of receiving and distributing to counsel items received concerning the administration of the Settlement; other fees and costs of and disbursements to an Administrator, if any; administration costs of providing Settlement Relief, if any; and the costs of retrieving documents and data necessary to administer and provide the Settlement Relief.

**B.** **The Duties of the Administrator**

**1.** **The Administrator shall:**

(a) utilize the national change of address database to update the mailing list for the Class Settlement Notice prior to the mailing of the Class Settlement Notice;

(b) prepare and mail the Class Settlement Notice Package (subject to the deadline set forth in Section III. above);

(c) process returned mail, re-mail returned mail which provides a new address, investigate the availability of a correct address for other returned items once using an industry accepted source such as Accurint, and re-mail if an updated address is available;

(d) receive items submitted or mailed to the Administrator by Settlement Class Members and promptly provide copies of objections and

- 46 -

requests for exclusion  to the Parties and/or their  counsel as directed by Allianz Life's Counsel and Class Counsel;

(e)      receive Two-Tier Active Deferred Annuity Election Forms and mail deficiency notices for any such election forms as provided for in Section IV.A.2. of this Agreement, providing copies of all initial and any corrected submissions to the Parties and/or their counsel (or Allianz Life's designee) as directed by Allianz Life's Counsel and Class Counsel;

(f)      receive Requests for Individualized Quote forms and mail deficiency notices for any such quote forms as provided for in Section IV.B.2. of this Agreement, providing copies of all initial and any corrected submissions the Parties and/or their counsel (or Allianz Life's designee) as directed by Allianz Life's Counsel and Class Counsel;

(g)      receive Claim Forms, providing copies of all submissions to the Parties and/or their counsel (or Allianz Life's designee) as directed by Allianz Life's Counsel and Class Counsel;

(h)      evaluate Claims applying the standards set forth in Sections IV.C.2. and IV.C.3. of this Agreement (subject to the deadline set forth in Section III. above);

(i)      after the Claim Process caps and Settlement Relief Adjustments have been applied, notify each Claimant whether his or her Claim is approved for Claim Process Benefits, and if so in what amount, and provide a spreadsheet containing information concerning the final award amounts after any application of the caps and Settlement Relief Adjustments to Plaintiffs' Lead Counsel and Allianz Life (subject to the timetable set forth in Section III. above). If Allianz Life makes the payments of such awards it may provide this notification instead of the Administrator providing the notification;

- 47 -

(j)      receive   any   other   written   correspondence   or communication concerning the Settlement from Settlement Class Members, provide copies of such correspondence which require a response to the Parties' counsel, and send responses to such correspondence and communications as directed by Parties' counsel, until the Claim Process is completed;

(k)      arrange for, staff, and maintain a toll-free call center to respond to questions from persons or entities in the Settlement Class (in accordance with question-and-answer scripts approved by Parties' counsel), which shall be reasonably staffed during business hours to receive calls from the date of mailing of the Class Settlement Notice Package until 60 days after the provision of the final Claim Process Report by the Administrator;

(l)      mail copies of this Agreement to Settlement Class Members upon request;

(m)      make   any   additional   mailings   required   by   this Agreement;

(n)      create and maintain a settlement web site containing information concerning the Settlement, including important dates,  the ability to submit a change of address and downloadable copies of the most recent versions of the Complaints in the Action, this Agreement and the exhibits to this Agreement, which site will be available on-line from the date of mailing of the Class Settlement Notice Package until 60 days after the provision of the final Claim Process Report by the Administrator;

(o)      file with the Court and serve the Parties' counsel with a report specifying those Settlement Class Members who properly have excluded themselves from the Settlement Class (subject to the deadline set forth in Section III. above); and

(p)      no later than 20 days after the Administrator's completion of the evaluation of all Claims properly submitted, provide Allianz Life and Allianz Life's Counsel and Class Counsel with a report in the form of an Excel spreadsheet listing the following information for each Claim Form that is timely submitted and received in good order:  (i) the policy or certificate number of the Settlement Annuity with respect to which the Claim was submitted; (ii) the Claimant's name and current address or address listed on the Claim Form; (iii) whether the Claim Form was fully completed; (iv) whether the Claim Form was properly signed by the Current Owner; (v) the Claim Categories in which the Claimant seeks Settlement Relief; (vi) whether the Claim was approved for Claim Process Benefits, and if so, in which Claim Categories; (vii) the amount of the award in each Claim Category; and (viii) if a Claim was rejected, the basis for such rejection (subject to the deadline set forth in Section III. above).  This spreadsheet shall not take into account the Claim Process Benefit Caps or the Relief Adjustments, both of which shall be implemented prior to the mailing of checks for Settlement Relief to Claimants.

(q)      dispose of all written and electronic materials and information related in any way to this Agreement as provided in Section XIV.M. of this Agreement.;

(r)      perform other tasks requested by counsel for either party related to the Settlement that do not conflict with the obligations set forth above, if agreeable to the Administrator, at the sole expense of the requesting Party; and

(s)      execute other tasks delegated to the Administrator under this Agreement, or mutually agreed to by the Parties.

2.      Plaintiffs' Lead Counsel and Allianz Life's Counsel, and/or their respective designees, shall be entitled to observe and monitor the performance of the Administrator in a reasonable fashion.

- 49 -

3.     The contract governing the engagement of the Administrator shall obligate the Administrator to abide by the following performance standards:

(a)     the Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and neutrally describe, the provisions of this Agreement in all of its communications concerning this Agreement;

(b)     the Administrator may not render any legal, investment, insurance, tax or savings advice whatsoever;

(c)     the Administrator shall provide prompt, accurate and neutral responses to inquiries from the Plaintiffs' Lead Counsel and/or Allianz Life's Counsel;

(d)     if a Settlement Class Member requests that the Administrator and/or its agent or employee refer the Settlement Class Member to Class Counsel, or if the Settlement Class Member requests advice or information from the Administrator beyond merely ministerial information regarding applicable deadlines or the procedures for mailing or processing Claim Forms or other settlement-related forms, for which the Administrator does not have an approved scripted response, then the Administrator and/or its agent or employee shall promptly refer the inquiry to Plaintiffs' Lead Counsel; and

(e)     when the Administrator is required to provide copies of documents or other items to Counsel for the Parties or to the Parties, such items shall be made available electronically via a secure extranet or e-mail.

## VI.  NOTICE TO THE CLASS AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS

### A.  Timing of Class Settlement Notice Package

No later than 45 days after the entry of the Preliminary Approval Order, the Administrator will send a Class Settlement Notice Package to each Settlement Class Member (including those entitled to receive the Special Notice) by first-class mail, postage prepaid, to the last known address supplied by Allianz Life based on its records or as updated through the national change of address database as of the Annuity Status Date.

### B.  Content of Class Settlement Notice Package

1.    The Class Settlement Notice Package for each Settlement Class Member will include a cover letter (in substantially the same form as that attached hereto as Exhibit 1), the Class Settlement Notice (in substantially the same form as that attached hereto as Exhibit 2), for Two-Tier Active Deferred Settlement Annuities an Election Form (in substantially the same form as that attached hereto as Exhibit 4), for Annuitized Settlement Annuities a Request for Individualized Quote (in substantially the same form as that attached hereto as Exhibit 5), for Surrendered Annuities, a Claim Form (in substantially the same form as that attached hereto as Exhibit 6), a change of address form (in substantially the same form as that attached hereto as Exhibit 3), and, with respect to persons who owned a Settlement Annuity when the Litigation Class Notice was distributed but who were not included on the mailing list used by the administrator for the Litigation Class Notice, the Special Notice (in substantially the same form as that attached hereto as Exhibit 7).

2.    The Class Settlement Notice will be substantially in the form of Exhibit 2 hereto and will:

(a)     contain a concise statement of the background of the Action, the preliminary certification of the Settlement Class for settlement purposes and the Settlement;

(b)     describe the expansive nature and scope of the claims, causes of actions and facts compromised in the Settlement and that will be subject to the Release, including (i) claims concerning the design, marketing, sale and issuance of the Settlement Annuities, (ii) claims concerning any representation or omissions in Allianz Life's consumer brochures and Statements of Understanding, (iii) claims that Allianz Life failed to provide adequate disclosure of surrender charges, including disclosures required by the California Insurance Code in connection with sale, issuance, or delivery of the Settlement Annuities, and (iv) claims seeking damage for alleged reductions in the post-sale performance of the Settlement Annuities and benefits declared and to be declared over the life of the Settlement Annuities.

(c)     describe the Settlement Relief available for Active Deferred Settlement Annuities as of the Annuity Status Date;

(d)     describe the Settlement Relief available to Settlement Annuities with an active Annuitization payment stream as of the Annuity Status Date;

(e)     describe the Settlement Relief available to Surrendered Annuities that were fully surrendered as of the Annuity Status Date, including the Claim Process and Claim Process Benefits;

(f)     inform Settlement Class Members with Surrendered Annuities about the enclosed Claim Form and that to participate in the Claim Process, they must fully complete and return the Claim Form to the Administrator in an envelope postmarked no later than the deadline(s) specified in the Claim Form;

- 52 -

(g)      advise Settlement Class Members of their right to object to the Settlement and the deadline for same;

(h)      explain the impact of the Settlement on participation in any existing and future litigation, arbitration, regulatory action, remediation, or other proceeding;

(i)      direct Settlement Class Members to consult their own tax and other advisors regarding the potential tax and Medicaid/Medicare consequences of the Settlement and their receipt of Settlement Relief, including any payments or credits provided hereunder, and any tax or other reporting obligations they may have with respect thereto, using the language in the exhibits to this Agreement;

(j)      state that any relief to Settlement Class Members is contingent on the Court's Final Order approving the Settlement, and that Order becoming final;

(k)      state that Allianz Life will pay Class Counsel Attorneys' Fees and Class Counsel Expenses as approved by the Court as part of the Settlement, and that individual Settlement Class Members will not be responsible themselves for paying any attorneys' fees, costs, litigation expenses, administration expenses, or incentives for the class representative (unless they elect to retain their own attorney at their own expense);

(l)      inform the Settlement Class Members of the date, time, and place of the Fairness Hearing, their right to object, if they wish to do so, to the Settlement, their right to appear in support of any timely and validly submitted objection, and their right to request leave of Court to appear at the Fairness Hearing generally, on their own or through counsel of their own selection (at their own expense), and the deadlines and procedures for doing so, as further described below;

(m)     advise that any judgment entered in the Action will be binding on all Settlement Class Members who were included in the mailing lists for the Litigation Class Notice or the Special Notice and did not or do not timely exclude themselves from the class; and

(n)     inform Settlement Class Members that they will be releasing all current or future claims concerning or relating in any way to the Released Transactions (as defined in Section IX.) under the Release, which will be reprinted verbatim in the Class Settlement Notice.

### C.     Remailing of Notice

The Administrator will re-mail any Class Settlement Notice Package returned by the U.S. Postal Service with a forwarding address once. The Administrator will investigate the availability of a correct address for other returned items once using an industry accepted source such as Accurint, and re-mail if an updated address is available. The Administrator is not obligated to re-mail items received by the Administrator more than 30 days after the date of the mailing of the Class Settlement Notice Package.

## VII.  LIMITED REQUESTS FOR EXCLUSION

A.     Persons who owned a Settlement Annuity when the Litigation Class Notice was distributed but who were not included on the mailing list used by the administrator for the Litigation Class Notice, shall, as part of their Settlement Notice Package, receive the Special Notice in substantially the same form as that attached hereto as Exhibit 7, which shall afford such persons a right to exclude themselves from the Settlement Class.

B.     Any recipient of the Special Notice who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Administrator

- 54 -

at the address provided in the Special Notice, postmarked no later than 45 days after the mailing of the Special Notice.

C.      The Administrator will forward copies of any written requests for exclusion received from recipients of the Special Notice to Plaintiffs' Lead Counsel and Allianz Life's Counsel immediately upon receipt, and shall provide Plaintiffs' Lead Counsel and Allianz Life's Counsel with a list of all Settlement Class Members who wish to be excluded pursuant to the Special Notice no later than 55 days after the mailing of the Special Notice or such later date as the Court otherwise may direct.

D.      No later than 55 days after the mailing of the Class Settlement Notice Package, the Administrator shall file with the Court a list reflecting all requests for exclusion properly submitted in response to both the Litigation Class Notice (to be provided to the Administrator by Allianz Life's Counsel and Class Counsel) and the Special Notice.   Such list shall be served upon Class Counsel and Allianz Life's Counsel by the Administrator.

E.      Any Settlement Class Member who is not on the exclusion list filed with the Court in accordance with Section VII.D. shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation, arbitration or other proceedings against Allianz Life with respect to the Released Transactions.   To the extent practicable, based upon information concerning litigation, arbitration or other proceedings pending as of the Annuity Status Date supplied to the Administrator by Allianz Life, the Administrator will use reasonable efforts to serve the Class Settlement Notice Packages on legal counsel for all Class Members who have pending litigation against Allianz Life relating to the Released Transactions.   Allianz Life will promptly direct the Administrator to serve the Class Settlement Notice Package on counsel for Class Members who

- 55 -

receive the Special Notice and who subsequently initiate litigation, arbitration, or other proceedings against Allianz Life relating to the Released Transactions prior to the Final Settlement Date.

F.      If any one Current Owner of a Settlement Annuity excludes himself or herself from the Settlement Class pursuant to the Special Notice, all other Current Owners of that Settlement Annuity shall be deemed excluded from the Class, and all of their rights and obligations with respect to their annuities shall be unaffected by the Settlement Agreement.

## VIII. OBJECTIONS TO SETTLEMENT

A.      Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement, or to the award of Class Counsel Attorneys' Fees and/or Class Counsel Expenses, must deliver to Plaintiffs' Lead Counsel identified in the Class Settlement Notice and to Allianz Life's Counsel, and file with the Court, no later than 45 days after the mailing of the Class Settlement Notice Package, or as the Court otherwise may direct, a written statement of the objections, as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention, any evidence or other information the Settlement Class Member wishes to introduce in support of the objections and the Settlement Class Member's Settlement Annuity policy number(s).  Settlement Class Members may do so either on their own or through an attorney retained at their own expense. Class Members who properly excluded themselves or their annuities from the Class after receiving the Litigation Class Notice or, if they did not receive the Litigation Class Notice, from the Settlement Class after receiving the Special Notice, are excluded from the Settlement Class and do not have standing or the right to object to the Settlement.

B.      Any Settlement Class Member who files and serves a written objection, as described in the preceding paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's sole expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement, or to Allianz Life's payment of the Class Counsel Attorneys' Fees and/or Class Counsel Expenses.      Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Class Counsel identified in the Class Settlement Notice and to Allianz Life's Counsel, and file said notice with the Court, no later than 45 days after the mailing of the Class Settlement Notice Package, or as the Court may otherwise direct.

C.      Any Settlement Class Member who fails to comply with the provisions of this Section shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

D.      Any Settlement Class Member who properly objects consistent with the provisions of this Section VIII to the Settlement shall be entitled to all of the benefits of the Settlement if it is approved, so long as the objecting Settlement Class Member complies with all requirements of this Agreement applicable to Settlement Class Members, including, if appropriate, the timely submission of any settlement-related forms provided for in this Agreement.

IX.   **RELEASE AND WAIVER**

A.      **Definitions**

For purposes of this release and waiver (the "Release"):

1.      The term "Allianz Life Releasees" means Allianz Life and its

- 57 -

past, present and future parents, divisions, subsidiaries, affiliates, predecessors, successors and assigns (which shall include any person or entity that controls, is controlled by, or is under common control with any such party), and each of their and Allianz Life's respective past, present and future officers, directors, employees, representatives, agents, appointed agents, attorneys, field marketing organizations, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf or direction of any of them.

       2.    The term "Released Transactions" means any and all past, present, or future claims, complaints, causes of action, allegations of liability, damages, restitution, interest, demands or rights, whether known or unknown, that relate in any way, in whole or in part, to any facts, events, transactions, or circumstances concerning the Settlement Annuities that were alleged or asserted, or that could have been asserted, in the Action (including without limitation in any of the Complaints filed in the Action, the motions papers, submissions and other filings of the Parties, or in Plaintiffs' expert reports). Such Released Transactions include, without limitation, claims, complaints, causes of action, allegations of liability, damages, restitution, interest, demands or rights, whether known or unknown, that relate in any way, in whole or in part, to the following:

       a.    the design, construction, or development of the Settlement Annuities;

       b.    the marketing, solicitation or issuance of the Settlement Annuities by Allianz Life or any representative or agent of Allianz Life, including any presentation, illustration, brochure, advertisement, statement of understanding, contract, disclosure, or other written marketing or sales-related material, any oral sales-related representation, opinion, or projection, or any omission of information or disclosures;

- 58 -

c.    the suitability or lack thereof of the Settlement Annuity for any or all purchaser(s);

d.    the disclosure, nondisclosure or defective disclosure of information required by the California Insurance Code, including without limitation disclosures relating to surrender charges, prior to or in connection with the sale, issuance, or delivery of a Settlement Annuity.

e.    the crediting and crediting method of fixed or indexed interest to Settlement Annuity policy accounts during the term of the policies;

f.    any claimed charge, fee, or reduction associated with bonuses, commissions, or the operation of Allianz Life's formulas or methodologies for determining and providing nonguaranteed benefits, including but not limited to surrender charges, the market value adjustment, or the so-called expense recovery adjustment calculation.

g.    the operation, performance, worth, or value of the Settlement Annuities based on any conduct or events, known or unknown, occurring, prior to the Final Settlement Date;

h.    the compliance or lack of compliance with applicable or potentially applicable laws or administrative regulations in the design, purchase, sale or issuance of Settlement Annuities,

i.    the reasons a Person might decide to purchase or decide not to purchase a Settlement Annuity; and

j.    the administration, servicing, retention, and/or replacement (by means of surrender, partial surrender, loans respecting, withdrawal and/or termination of any annuity) of or relating to (i) a Settlement Annuity or Settlement Annuity contract, (ii) any Settlement Annuity sold or to be sold or offered in connection with, or relating in any way directly or indirectly to the sale or solicitation of, the Settlement Annuities, or (iii) external or internal

- 59 -

replacements of the Settlement Annuities.

**B.      Release and Waiver**

1.      Plaintiffs and the Settlement Class Members, on behalf of themselves, their spouses, heirs, assigns, beneficiaries, executors, administrators, trusts, trustees, predecessors and successors, hereby expressly release and discharge the Allianz Life Releasees from any and all causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for mental anguish and/or punitive or exemplary damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, that relate to the Released Transactions or that otherwise relate to the factual predicate(s) of the claims asserted in the Action, or that could have been asserted against Allianz Life in the Action or otherwise, either as a class claim or as an individual claim, or before any court, arbitration panel or regulatory or administrative agency, including the Released Transactions.  This Release encompasses all claims relating in any way to the Settlement Annuities, except those described in Section IX.B.3. below.

2.      Plaintiffs and the Settlement Class Members hereby expressly further agree that they shall not now or hereafter institute, maintain, or assert against the Allianz Life Releasees, either directly or indirectly, on their own behalf, on behalf of the Class, or on behalf of any other person or entity any action, regulatory action, arbitration, or court or other proceeding of any kind asserting causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for mental anguish and/or punitive or exemplary damages, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that relate to the Released Transactions and/or that were or could have been

- 60 -

asserted against Allianz Life in the Action or otherwise.

3.      Nothing in this Release shall be deemed to alter Plaintiffs' or the Settlement Class Members' contractual rights under the Settlement Annuities (except to the extent that such rights are specifically supplemented or altered by the Settlement Relief described in this Agreement), including but not limited to any right to make a claim for benefits that will become payable in the future pursuant to the express written terms of a Settlement Annuity.

4.      Plaintiffs and the Settlement Class Members expressly understand that §1542 of the Civil Code of the State of California provides that

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS [OR HER] FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM [OR HER] MUST HAVE MATERIALLY AFFECTED HIS [OR HER] SETTLEMENT WITH THE DEBTOR."

To the extent that California or other similar federal or state law may apply (because of or notwithstanding the choice of law provisions in this Agreement), Plaintiffs and the Settlement Class Members hereby agree that the provisions of §1542 and all such similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Settlement Class Members in connection with the Release and Released Transactions, and Plaintiffs and the Settlement Class Members agree that this is an essential term of this Agreement.

5.      In connection with this Release, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, facts in addition to or different from

- 61 -

those which they now know or believe to be true, or losses that may exist or have been underestimated with respect to the Released Transactions herein.  Plaintiffs and the Settlement Class Members nevertheless agree that this Release fully, finally, and forever shall settle and release all liability for the Released Transactions, which exists, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

6.      Without limiting the foregoing, nothing in this Release shall release, preclude, or limit any claim or action to enforce the terms of this Agreement.

7.      The Parties hereby agree and acknowledge that all provisions of this Section IX., including the Release, together constitute an essential term of the Agreement.

8.      Plaintiffs and the Settlement Class Members expressly agree that this Release is, and may be raised as, a complete defense to and precludes any claim, action, or proceeding encompassed by the Release against the Allianz Life Releasees herein. It is the intention of Plaintiffs in executing this Release on behalf of themselves and the Settlement Class Members to fully, finally and forever settle and release all matters, and all claims relating to the Settlement Annuities in any way.

9.      As of the Final Settlement Date, each of the Allianz Life Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Counsel, Plaintiffs and each and all of the Settlement Class Members, from all claims (including, without limitation, unknown claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Transactions.

- 62 -

## X.   SERVICE AWARDS, CLASS COUNSEL ATTORNEYS' FEES, AND CLASS COUNSEL EXPENSES

### A.   Service Awards

Subject to Court approval, in recognition of their service as Class Representatives, Allianz Life shall pay to Vida F. Negrete, as conservator for Everett E. Ow, and to Carolyn Y. Healey, individually, the sum of $10,000.00 each, or any lesser amount awarded by the Court, as full and complete compensation for their service as Class Representatives.  These service awards are not conditioned on Plaintiffs' support for the Settlement.  Allianz Life will pay these amounts in addition to any benefits that Plaintiffs are entitled to receive as Settlement Class Members.  However, Ms. Negrete, Mr. Ow and Ms. Healey agree to withdraw any claims they may have submitted (or which have been submitted or maintained by or on their behalf or in their name by a trust, conservator or other person or entity) with respect to the State of California Department of Insurance remediation, and/or any other remediation processes and release any rights they have to submit any such remediation claims.

### B.   Class Counsel Attorneys' Fees and Class Counsel Expenses

Class Counsel agrees to make, and Allianz Life agrees not to oppose, an application for the approval of Allianz Life's payment of Class Counsel Attorneys' Fees not to exceed a total of $42.5 million, plus Class Counsel Expenses in a further amount not to exceed a total of $4.9 million.  These amounts encompass all attorneys' fees, costs, expenses, and other amounts incurred or paid or for which Plaintiffs and Class Counsel or their predecessors are or may become obligated relating to the Actions for which they will seek compensation, including the time prior to the filing of the Actions, the conduct of the Actions and the full implementation of the Settlement.  If the Court enters an award of Attorneys' Fees,

- 63 -

costs or expenses that is in excess of these amounts, Plaintiffs will accept, in full satisfaction of the amounts awarded by the Court, payment by Allianz Life of $42.5 million for Class Counsel Attorneys' Fees and $4.9 million for Class Counsel Expenses.

Class Counsel will petition for approval of the Class Counsel Attorneys' Fees and Class Counsel Expenses at least 21 days prior to the deadline for the submission of Exclusions and Objections, or such other date set by the Court. The amount of the Class Counsel Attorneys' Fees and Class Counsel Expenses approved by the Court for payment by Allianz Life shall be determined at the Fairness Hearing, but shall not exceed attorneys' fees of $42.5 million and costs of $4.9 million. The Class Counsel Attorneys' Fees and Class Counsel Expenses will not reduce any other benefit provided to the Settlement Class or Plaintiffs.

### C.   Payment of Attorneys' Fees and Expenses

Allianz Life will pay Class Counsel Attorneys' Fees and Class Counsel Expenses approved by the Court to Plaintiffs' Lead Counsel on behalf of all Class Counsel, through an account established for this purpose by Plaintiffs' Lead Counsel. Allianz Life will do so no later than ten (10) days after the Final Settlement Date.

### D.   Distribution of Attorneys' Fees and Expenses
### Payment to Class Counsel

Plaintiffs' Lead Counsel will determine the amount of fees and expenses from any award made by the Court pursuant to Section X.B. above to be paid to other Plaintiffs' Counsel. Disagreements, if any, between or among Plaintiffs' Counsel in the Actions relating to the Court's award of fees and expenses, or of their individual shares of such an award, will be determined by the Court presiding over these Actions, which will retain sole and exclusive jurisdiction to resolve any such disagreements. Disagreements between or among Plaintiffs' Counsel will

- 64 -

have no impact on the effectiveness or the implementation of this Settlement, nor will such disagreements have any impact on or result in any increase of the obligations imposed upon Allianz Life by this Agreement.

### E.    Costs of the Implementation of the Proposed Settlement

Allianz Life will bear all administrative expenses reasonably incurred by Allianz Life or incurred by the Administrator retained by Allianz Life for the implementation of the Settlement, including those described in Section V.A. above.  However, the Class Counsel Attorney Fees and Class Counsel Expenses payment described in Section X.B. above is the total amount to which Class Counsel and their predecessors and any associated counsel will be entitled to receive from Allianz Life with respect to the Action, the Settlement or otherwise.

Allianz Life shall not be liable for, or obliged to pay any fees, expenses, costs, or other disbursements to, or incur any expense on behalf of, any Plaintiff, Settlement Class Member, or other person or entity, either directly or indirectly, in connection with the Action, this Agreement, or the Settlement, other than the amounts expressly provided for in this Agreement.

## XI.    PRELIMINARY APPROVAL ORDER

The Parties shall submit this Agreement, including all attached exhibits, to the Court and seek and obtain from the Court a Preliminary Approval Order in substantially the same form as Exhibit 8 to this Agreement.  The Preliminary Approval Order shall:

1.    provide for the preliminary certification of the Settlement Class for settlement purposes only;

2.    preliminarily approve the Settlement and find that the Settlement is sufficient to warrant sending notice to the Settlement Class;

- 65 -

3.  schedule the Fairness Hearing based on the Court's availability, but not less than 100 days after entry of the Preliminary Approval Order, to consider the fairness, reasonableness, and adequacy of the Settlement and whether it should be finally approved by the Court;

4.  approve the proposed Class Settlement Notice Package and notice methodology;

5.  direct the Administrator to mail the Class Settlement Notice Package to each Settlement Class Member by first-class mail, postage prepaid, to his or her last known address no later than 45 days after entry of the Preliminary Approval Order, as described in this Agreement;

6.  directing the Administrator to perform updating of addresses for notices returned as undeliverable and/or remailing of undeliverable notices in accordance with the provisions of this Agreement;

7.  determine that the Class Settlement Notice:

(a)  is the best practicable notice under the circumstances;

(b)  is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object to or exclude themselves from the Settlement;

(c)  is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d)  meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution and its Amendments;

8.  require the Administrator to file proof of the mailing of the Class Settlement Notice Packages at or before the Fairness Hearing;

9.  determine that the Litigation Class Notice and notice procedures, in accordance with the Court's prior orders in this regard:

- 66 -

(a)     was the best practicable notice under the circumstances;

(b)     was reasonably calculated to apprise Class Members of the pendency of the Action and of their right to exclude themselves from the Action;

(c)     was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

10.     meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and its Amendments, and prohibit Allianz Life from initiating communication with Settlement Class Members on matters specifically related to the Action or the Settlement, except in the context of determining Claims pursuant to Section IV above, but not preclude Allianz Life from:

(a)     speaking to Settlement Class Members in the ordinary course of Allianz Life's business, provided that if Settlement Class Members contact Allianz Life regarding the Action or the Settlement specifically, Allianz Life shall direct such Settlement Class Members to contact the Administrator; or

(b)     communicating with agents and employees of Allianz Life and from communicating with its auditors, rating agencies, insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement;

11.     require each Settlement Class Member who received the Special Notice and wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely written request for exclusion, postmarked no later than 45 days after mailing of the Class Settlement Notice Package, to the Administrator, in care of the address provided in the Special Notice;

12.     preliminarily bar and enjoin all Settlement Class Members and/or their representatives who do not timely exclude themselves from this Action

- 67 -

from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as Settlement Class Members or otherwise, or from receiving any benefits from any lawsuit, administrative, arbitration, remediation or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts alleged in the Action or the Released Transactions;

13.     preliminarily bar and enjoin all Settlement Class Members and all persons in active concert or participation with Settlement Class Members from filing, commencing, or prosecuting a lawsuit as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members, arising out of, based on or relating to the claims, causes of action, facts and/or circumstances relating thereto, in the Action and/or the Released Transactions;

14.     preliminarily bar and enjoin all Settlement Class Members and all persons in active concert or participation with Settlement Class Members from organizing or soliciting the participation of any Settlement Class Member in a separate class or group for purposes of pursuing a putative class action, or any claim or lawsuit, administrative, arbitration, remediation or regulatory proceeding or order in any jurisdiction based on, arising out of, or relating to the claims, causes of action and facts alleged in the Action or the Released Transactions;

15.     rule that any Settlement Class Member who did not submit a timely, written request for exclusion in response to the Litigation Class Notice or the Special Notice shall be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation, administrative, arbitration, remediation

or regulatory proceeding or order or other proceedings against Allianz Life relating to any Settlement Annuities;

16.     require each Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the Settlement, or to the award of Class Counsel Attorneys' Fees and/or Class Counsel Expenses, to serve on Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins Geller Rudman & Dowd LLP and Allianz Life's Counsel, and to file with the Court, no later than 45 days after mailing of the Class Settlement Notice Package, or at such other time as the Court may direct, a statement of the objection, as well as the specific reasons, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, or be forever barred from separately objecting;

17.     require any attorney hired by a Settlement Class Member at the Settlement Class Member's sole expense for the purpose of objecting to this Agreement or the Settlement, or to the award of Class Counsel Attorneys' Fees and/or Class Counsel Expenses, to file with the Clerk of the Court and deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins, Geller, Rudman & Dowd, LLP and Allianz Life's Counsel a notice of appearance no later than 45 days after mailing of the Class Settlement Notice Package, or as the Court otherwise may direct;

18.     require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense (who has filed a timely notice of appearance), to deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins Geller Rudman & Dowd LLP and Allianz Life's Counsel, and file with the Court no later than 45 days after

- 69 -

mailing of the Class Settlement Notice Package, or as the Court otherwise may direct, a notice of intention to appear at the Fairness Hearing;

19.  authorize Allianz Life and Class Counsel to establish the means necessary to administer the Settlement, in accordance with the terms of this Agreement;

20.  authorize Allianz Life to retain an Administrator to help administer the Settlement, including the notice provisions, in accordance with the terms of this Agreement;

21.  approve Allianz Life's retention of an Administrator to implement the terms of this Agreement;

22.  direct the Administrator to rent one or more post-office boxes in the name of the Clerk of the Court, to be used for receiving requests for exclusion from the Settlement Class and any other communications, and providing that no one other than the Court or the Clerk of the Court and the Administrator shall have access to these post-office boxes;

23.  direct Allianz Life's Counsel and Class Counsel promptly to furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession that are not otherwise provided by the Administrator; and

24.  contain any additional provisions that might be necessary or appropriate to implement and administer the terms of this Agreement and the Settlement.

## XII.  FINAL ORDER AND JUDGMENT

A.  After the Fairness Hearing, and upon the Court's approval of this Agreement, the Parties shall seek and obtain from the Court: (i) a Final Order in

- 70 -

substantially the same form attached as Exhibit 9 to this Agreement; and (ii) a Judgment in substantially the same form attached as Exhibit 10 to this Agreement.

     B.    The Judgment shall, among other things:

     1.    find that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action and to approve it and all Exhibits hereto and that venue is proper;

     2.    dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement and any court Order awarding Class Counsel Attorneys' Fees, Class Counsel Expenses and Service Awards to the Plaintiffs;

     3.    incorporate the Release set forth above in Section IX., make the Release effective as of the date of the Final Order and Judgment, and forever discharge the Allianz Life Releasees from any claims or liabilities in accordance with the provisions of Section IX above;

     4.    permanently bar and enjoin:

     (a)    all Settlement Class Members and/or their representatives from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members or otherwise, or from receiving any benefits from any lawsuit, administrative, arbitration, remediation or regulatory proceeding or order, or other legal proceeding in any jurisdiction, in accordance with the provisions of Section IX above;

     (b)    all Settlement Class Members, and all persons in active concert or participation with any Settlement Class Member, from filing, commencing, or prosecuting a lawsuit, arbitration, remediation or other legal proceeding as a class action, a separate class, or group for purposes of pursuing a

- 71 -

putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members, arising out of, based on, or relating to the claims, causes of action, facts and/or circumstances relating thereto, in the Action or the Released Transactions; and

(c)     all Settlement Class Members, and all persons in active concert or participation with any Settlement Class Member, from organizing or soliciting the participation of any Settlement Class Member in a separate class or group for purposes of pursuing a putative class action, or any claim or lawsuit, arbitration, remediation or other legal proceeding in any jurisdiction based on, arising out of, or relating to the claims, causes of action and facts alleged in the Action or the Released Transactions.

C.     The Final Order shall, among other things:

1.     finally approve this Agreement and the Settlement as fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Settlement Class;

2.     direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions;

3.     describe  the expansive nature and scope of the claims, causes of actions and facts litigated and compromised in the Settlement, including (i) that the allegations underlying plaintiffs' claims encompassed the design, marketing, sale and issuance of the Settlement Annuities, (ii) that the allegations covered any and all allegations that Allianz Life failed to provide adequate disclosure of surrender charges, including disclosures required by the California Insurance Code in connection with sale, issuance, or delivery of the Settlement Annuities, (iii) that plaintiffs sought damage for alleged reductions in the post-sale performance of the

Settlement Annuities and benefits declared and to be declared over the life of the Settlement Annuities, which plaintiffs' expert articulated in the form of present value damages as of the purchase date; and (iv) that the factual predicate for the action further includes and is reflected in numerous submissions and/or orders in this action, including Plaintiffs' Local Rule 16-2 disclosures in the Action, the parties' submissions in connection with their motions for summary judgment and Allianz Life's motion for judgment on the pleadings, and the parties' submissions on plaintiffs' motion to certify and Allianz Life's motions to decertify the nationwide and California-only classes.

4.      declare this Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits, arbitrations, administrative proceedings, remediation proceedings, regulatory proceedings or other legal proceedings (as set forth more fully in the Release provisions of this Agreement) maintained by or on behalf of Plaintiffs and all other Settlement Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors and assigns, that are encompassed by this Agreement or the Release;

5.      finally certify the Settlement Class for settlement purposes;

6.      find that the Class Settlement Notice Package and all other instruments provided to Settlement Class Members pursuant to this Agreement, the Litigation Class Notice, the Special Notice and the notice methodology utilized to distribute such notices:

(a)      constituted the best practicable notice under the circumstances;

(b)      constituted notice that was reasonably calculated to apprise Settlement Class Members of the pendency of the Action and their right to

- 73 -

object to or exclude themselves from the Settlement and to appear at the Fairness Hearing;

(c)     was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d)     met all applicable requirements of the Federal Rules of Civil Procedure and the United States Constitution and its Amendments, including the Due Process Clause;

7.     find that Class Counsel and the Plaintiffs adequately represented the Settlement Class for purposes of litigating the Action on their behalf and entering into and implementing the Settlement;

8.     without affecting the finality of the Final Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Agreement and the Final Order and Judgment, and for any other necessary purpose; and

9.     incorporate the Release provisions set forth in this Agreement;

10.     dismiss the Action on the merits and with prejudice, without an award of attorneys' fees and costs other than as approved by the Court as provided for in this Agreement;

11.     approve Allianz Life's retention of an Administrator, as provided for in this Agreement;

12.     authorize Allianz Life, its counsel, and the Administrator to communicate directly with Settlement Class Members as appropriate and necessary to implement this Agreement;

13.     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, or expansions of this Agreement and all exhibits attached hereto which (a) are consistent with the Final

Order, and (b) do not limit the rights of Settlement Class Members and any Person entitled to Settlement Relief under this Agreement;

14.     require that any appeal of the Final Order or Judgment, or any part thereof, be preceded by (a) an objection to the Settlement which is rejected by the Court, in whole or in part, (b) a request for a stay of implementation of the Settlement, and (c) posting of an appropriate bond, and absent satisfaction of all three of these requirements, shall authorize Allianz Life to proceed with implementation of the Settlement, even if such implementation would moot the appeal;

15.     without affecting the finality of the Final Order and Judgment, for purposes of appeal, retain jurisdiction as to all matters relating to the Action and Settlement, including modification, administration, consummation, enforcement, interpretation, and effectuation of this Agreement and the Final Order, including without limitation the Settlement Notice, Settlement Relief (and the amount thereof), any remand after appeal or denial of any appellate challenge, any collateral challenge to the Settlement, and any aspect of or collateral challenge to Class Counsel's or the Plaintiffs' representation of the Class, and for any other necessary or appropriate purpose; provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under this Agreement which are not in conflict with the Final Order and Judgment;

16.     approve Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses as the Court may determine to be appropriate, in amounts not to exceed the stipulated unopposed maximums under this Agreement, and shall include findings as may be appropriate in support of said award relating to Class Counsel's reasonable hourly billing rates, time reasonably incurred in the Action, costs and expenses reasonably incurred in the Action, and any requested fee multiplier.  Allianz Life will not join in but will not oppose the inclusion of and

- 75 -

request for such findings in the Final Order, so long as the requested awards do not exceed the unopposed amounts set forth herein;

17.    order that Allianz Life pay all reasonable administration expenses of the Administrator to the Administrator, in accordance with its contract with the Administrator and the terms of this Agreement;

18.    award to each of the Class Representatives service awards, as the Court may determine to be appropriate, not to exceed the stipulated unopposed amounts under the Agreement;

19.    require that Allianz Life produce to Class Counsel data concerning the Settlement Annuities as provided for by this Agreement;

20.    incorporate the provisions regarding the disposition of materials produced and generated during the course of the Action, as provided for in this Agreement; and

21.    contain any other provisions as the Court deems necessary and just.

D.    Within seven (7) business days after the entry of the Final Order and Judgment, if any Objections were filed to the Settlement, Class Counsel shall serve on all such Objectors (or their counsel if represented by counsel) a copy of the Final Order and Judgment.

## XIII. MODIFICATION OR TERMINATION OF THIS AGREEMENT

A.    Except as otherwise provided for herein, this Agreement may be terminated at the discretion of either Allianz Life or the Plaintiffs, through Class Counsel, if the Court, or any appellate court, rejects, modifies, or denies approval of any portion of this Agreement or the Settlement that the terminating party reasonably determines is material.  The terminating Party must exercise the option to withdraw from and terminate this Agreement, as provided in this Section, in

writing sent by first-class mail to counsel for the other Party, no later than 20 days after receiving notice of the event prompting the termination.

B.     Allianz Life may unilaterally terminate this Agreement if any regulator or governmental entity requires any modification to the Agreement, including without limitation, a constriction or expansion of the scope of the stated benefits that Allianz Life reasonably deems to be material.

C.     Allianz Life may terminate this Agreement if the conditions set forth in Section X.B. of this Agreement permitting termination occur.

D.     If this Agreement is terminated, it shall be void, and no Party shall be bound by any of its terms, except that the Parties shall remain bound by the terms of this Paragraph (including its subparts), which include:

a.     Allianz Life, the Class Representatives, and the Settlement Class Members shall be restored to their respective positions existing immediately before the execution of this Agreement;

b.     Any payments made by Allianz Life for attorneys' fees, costs and expenses to Class Counsel, and service award payments made by Allianz Life to the Class Representatives, paid pursuant to this Agreement, shall, within seven (7) days of the notice of termination, be repaid to Allianz Life;

c.     Allianz Life Releasees expressly and affirmatively reserve all defenses, arguments and motions as to all claims that have been or might later be asserted in the Action, including, without limitation, any applicable statutes of limitation and the argument that the Action may not be litigated as a class action;

d.     Plaintiffs, on behalf of themselves and their heirs, assigns, executors, administrators and successors, and the Settlement Class Members, expressly and affirmatively reserve and do not waive all motions as to, and arguments in support of, all claims, causes of actions or remedies that have

been or might later be asserted in the Action, including, without limitation, any argument concerning class certification, fraudulent concealment, equitable tolling, statute of limitations and damages or penalties;

e.     Neither this Agreement, the fact of its having been made, nor the negotiations leading to it, nor any action taken by a Party or Settlement Class Member pursuant to this Agreement shall be admissible or entered into evidence for any purpose whatsoever;

f.     Any order or judgment entered pursuant to the Settlement after the date of this Agreement, and prior to termination, shall be deemed vacated and shall be without any force or effect;

g.     The Parties shall jointly request that the Action be restored to the Court's trial calendar, at the earliest date available to the Court and counsel, taking into consideration whether the Parties wish to engage in further discussion regarding a potential settlement; and

h.     If this Agreement is terminated after mailing of the Settlement Class Notice Package, as provided *supra*, within twenty-one (21) days after termination, a written notice shall be mailed to the same recipients and mailing addresses of record as for the mailing the Settlement Class Notice Package, in a form to be jointly approved by the Parties, that the Settlement did not become final, is null and void, and no Settlement Relief will be available or distributed.   Said notice will be paid for by the Parties, 50% by Plaintiffs and 50% by Allianz Life.

E.     If this Agreement is terminated, Allianz Life expressly and affirmatively reserves all defenses, arguments and motions as to all claims that might have been or might later be asserted in this Action, including, without limitation, any applicable statute of limitations and the argument that the Action may not be litigated as a class action.

- 78 -

## XIV. GENERAL MATTERS AND RESERVATIONS

### A. Integration and Drafting

The Parties agree that this Agreement is clear and unambiguous, that it was drafted and negotiated by Allianz Life's Counsel and Class Counsel at arm's length, that it sets forth the entire Settlement Agreement among the Parties, that no other agreements not expressed or referred to in this Agreement exist, and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Agreement was made or executed.

### B. Amendment, Court Approval, Extensions

This Agreement may not be amended without the written consent of all Parties and approval of the Court; provided, however, that the Parties may agree to reasonable extensions of time for any deadline stated in this agreement to be a specific date or a fixed number of days from an identified event (including such dates and time periods provided for in Section III. above) that are necessary to carry out any provisions of this Settlement Agreement, provided that any extension of more than 45 days must be approved by the Court. However, after the entry of the Final Order, the Parties may make modifications and amendments as described in this Agreement or as otherwise permitted by the Final Order.

### C. Construction

For the purpose of construing this Agreement, the Parties agree that it shall be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any of the Parties.

### D. Integration of Exhibits

The exhibits hereto are incorporated by reference as if set forth herein verbatim and are an integral part of this Agreement.

**E.    Waiver**

The waiver by any Party of any breach of this Agreement shall not be construed as a waiver of any other breach.

**F.    Counterparts**

This Agreement may be executed in counterparts, each of which when executed and delivered shall be considered an original.  Executed signature pages shall be valid and enforceable whether they are originals or copies, and whether they are transmitted by facsimile, e-mail or any other means.

**G.    No Evidence, No Admission**

1.    In no event shall this Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Action, any other action, or in any other proceeding, except in a proceeding to enforce this Agreement.

2.    Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Allianz Life or any of the Allianz Life Releasees or as evidence of the appropriateness of certification of any class.

**H.    Tax and Medicare/Medicaid Consequences**

1.    No opinion concerning the tax or Medicare/Medicaid consequences of the Settlement and any Settlement Relief to Settlement Class Members, or anyone else is given or will be given by Allianz Life, Allianz Life's Counsel, Plaintiffs, or Class Counsel, nor are any representations in this regard made by virtue of this Agreement.

2.    Each Settlement Class Member's or other person or entity's tax or Medicare/Medicaid obligations or consequences, if any, and the determination

of those obligations, are the sole responsibility of the Settlement Class Member or other person or entity, and each such person or entity shall be deemed to release and hold Allianz Life harmless therefrom.  Allianz Life shall act as it determines is required by the Internal Revenue Code and the regulations promulgated thereunder in reporting, and income tax withholding with respect to, any Settlement Relief provided pursuant to this Agreement.

3.    Neither Allianz Life nor the Administrator shall make any payment hereunder if Allianz Life has determined in good faith that a withholding certificate or other document is required by any law or regulation to be provided by the payee prior to making such payment and the document has not been provided. In the event a withholding certification or other document is required by law or regulation to be provided by the payee, the Administrator or Allianz Life shall notify the payee within 15 days prior to the issuance of any payment to be made under this Agreement of the documents needed and notify the payee that completed copies of these documents must be received by the Administrator or Allianz Life prior to issuance of any payment under this Agreement.

4.    Allianz Life will submit IRS form 1099R or other appropriate filings with respect to Settlement Benefits provided under this Agreement to the extent it deems it appropriate to do so.

5.    The following disclosure shall be included in the Request for Individualized Quote form (Exhibit 5 to this Agreement) and in the annuitization payment quotes provided by Allianz Life in response to requests for such quotes:

Allianz Life will treat your acceptance of this settlement option for tax purposes as a termination of your existing annuitization agreement and the election of a new annuitization agreement with the termination proceeds, and may issue an IRS form 1099R with respect to the termination of your existing annuitization agreement. Terminations of Annuitization agreements may be treated as taxable income to the extent the amount received exceeds the "investment in

- 81 -

the contract."   Distributions from certain annuities may also be considered "investment income" for purposes of the newly elected Medicare tax on investment income."

You should consult with your tax adviser before requesting or accepting a new annuitization quote.

**I.     Notice**

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by U.S. mail or overnight delivery service as follows:

If to Allianz Life, then to:

> James F. Jorden
> Carlton Fields Jorden Burt PA
> 1025 Thomas Jefferson Street, N.W.
> Suite 400
> Washington, D.C.  20007-5208
> Telephone:  202/965-8100

If to Plaintiffs, then to:

> Andrew S. Friedman
> Bonnett, Fairbourn Friedman & Balint, P.C.
> 2325 E. Camelback Road, Suite 300
> Phoenix, AZ 85016

> Theodore J. Pintar
> Robbins Geller Rudman & Dowd LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

Should any of these addresses change, the person changing his or her address shall promptly advise the Court, the Administrator and the other Parties, in writing.

**J.     No Effect on Contract or Duty**

1.     Neither this Agreement nor any of the benefits to be provided under this Agreement shall be interpreted to alter in any way the terms of any Settlement Class Member's Settlement Annuity or to constitute a novation of any Settlement Class Member's Settlement Annuity, except as expressly provided by this Agreement or the benefits granted in accordance with the terms of this Agreement.

2.     This Agreement does not, and shall not be deemed to, create any fiduciary or similar relationship between Allianz Life and any of its current, past, or prospective policyholders or annuity Owners.  This Agreement does not impose, and shall not be deemed to impose, any fiduciary or other similar duty on Allianz Life, and Allianz Life expressly disclaims any fiduciary or other similar duties.  The duties and obligations assumed by Allianz Life are limited to those expressly set forth in this Agreement.

**K.     Cooperation in Effecting Settlement**

The Parties, their successors and assigns, and their attorneys, undertake to implement the terms of this Agreement in good faith, to use good faith in interpreting this Agreement and resolving any disputes that may arise in the implementation of this Agreement, to cooperate with one another in seeking Court approval of this Agreement, and to use their best efforts to effect the prompt consummation of this Agreement.

**L.     Confidentiality**

1.     All information and documentation provided to Class Counsel and the Administrator by Allianz Life or the Settlement Class Members is confidential, and cannot be provided to third parties or used for any other purpose than effectuating the terms of this Agreement.

2.     The Parties and their counsel agree to keep the existence and

- 83 -

contents of this Agreement confidential until the motion requesting the Court's preliminary approval of this Agreement is filed; provided, however, that this paragraph shall not prevent the disclosure of such information prior to the filing of such motion to (1) regulators, rating agencies, independent accountants, advisors, financial analysts, agents, insurers or reinsurers, Plaintiffs, Settlement Class Members, experts, courts, co-counsel, and/or Administrator(s) as may reasonably be required to effectuate the terms and conditions of this Agreement or as otherwise required to comply with any applicable law or regulation, or (2) any person or entity to whom the Parties agree disclosure must be made to effectuate the terms of this Agreement.

3.     The Parties and their counsel agree that their discussions and the information exchanged in the course of negotiating this Settlement and Agreement is confidential, and was made available on the condition that neither the Parties nor their counsel may disclose it to third parties (other than experts or consultants retained by the Parties in connection with this case), that they not be the subject of public comment, and that they not be publicly disclosed or used by the Parties or their counsel in any way in the Action should it not settle, or in any other proceeding.

**M.     Disposition of Materials**

1.     Within 90 days after the provision of the Final Claim Process report by the Administrator pursuant to Section V.B.1.(p), Plaintiffs, Class Counsel, Plaintiffs' and Class Counsel's consultants and experts shall destroy, in a secure manner, all documents (and all copies of such documents in whatever form made or maintained) produced by the Parties in this Action or prepared or submitted during the administration of the settlement and the implementation of this Agreement (including but not limited to materials submitted to the Administrator).  All electronic copies of documents or data received by Plaintiffs

- 84 -

and their counsel from Allianz Life's counsel stored on an electronic storage media (including CD's, DVD's, and computer hard drives) shall be destroyed, reformatted, or otherwise erased or deleted, so that the electronic information stored on such media cannot be retrieved.  Plaintiffs' Counsel shall, within 161 days of the Final Settlement Date, provide counsel for Allianz Life with a written certification of compliance with this Section XIV.M.

2.    Notwithstanding the foregoing, Class Counsel are entitled to retain an archival copy of the entire file (paper and/or electronic), including all pleadings, motion papers, transcripts, legal memoranda, correspondence, discovery, expert reports and exhibits thereto, or attorney work product, even if such materials contain material designated as confidential.  Said archival copy will not be used or disclosed for any purpose other than: (1) in this Action (including the Settlement approval process and/or Settlement Administration), (2) in responding to or defending against any objection or complaint by or on behalf of any Class Member or other Person entitled to Settlement Relief as to the adequacy of Class Counsel's representation of the Class, or (3) in response to a Court order or legal process requiring disclosure of such materials.  Prior to disclosing any such materials to any third party, under either (2) or (3) above, Class Counsel will provide notice to Allianz Life's Counsel as early as feasible so as to permit Allianz Life to seek appropriate relief, and no later than three (3) business days after receipt of such an order or legal process.

3.    Plaintiffs shall destroy the foregoing electronic and paper archival copy on the date six (6) years after the Final Settlement Date, unless during that time period a Class Member, or other Person entitled to or potentially entitled to Settlement Relief, or a legally authorized representative acting on their behalf, asserts any claim of malpractice or otherwise challenges the adequacy of Class Counsel's representation of the Class in the action, in a lawsuit or otherwise.

- 85 -

If such a claim is asserted, Class Counsel may retain the archival copy until the date six (6) years after the Final Settlement Date, until the final resolution of such claim, or the date five (5) years after the last assertion of such a claim, whichever is latest.

       4.     The Administrator will follow Allianz Life's direction about the disposition of any written or electronic information or materials provided to it or created during the administration or implementation of the Settlement Agreement, but will in no event dispose of any such information or materials prior to 90 days after the provision of the Final Claim Process report by the Administrator pursuant to Section V.B.1.(p).

## N.    Governing Law

This Settlement Agreement shall be governed by, and interpreted according to, the law of the State of California, excluding its conflict of laws provisions.

## O.    No Third Party Beneficiaries

The only individuals and entities which shall have any rights or interests in this Agreement or its subject matter shall be the signatories to this Agreement.  No one else shall have any rights, obligations or interests with respect to this Agreement or its subject matter.

## P.    Parties Bound

This Agreement shall be binding upon and inure to the benefit of Plaintiffs, Settlement Class Members, Class Counsel, Allianz Life and its affiliates, and the respective heirs, predecessors, successors and assigns of each of the foregoing.

## Q.    Authority to Execute Agreement

Each Party or person executing this Agreement in a representative capacity on behalf of a corporate entity hereby represents that he or she is duly authorized

- 86 -

by such entity to execute this Agreement on its behalf, and to bind it to the terms and conditions hereof.

**R.    Execution Date**

This Agreement shall be deemed executed upon the last date of execution by all the undersigned.

DATED: _____, 2014

_____
Plaintiff Vida F. Negrete, as
Conservator for Everette E. Ow

DATED: _____, 2014

_____
Plaintiff Carolyn Y. Healey

DATED: _____, 2014        ROBBINS GELLER RUDMAN
                                & DOWD LLP
                              THEODORE J. PINTAR
                              STEVEN M. JODLOWSKI

_____
THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

DATED: _____, 2014        BONNETT, FAIRBOURN, FRIEDMAN
                                & BALINT, P.C.
                              ANDREW S. FRIEDMAN
                              KIMBERLY C. PAGE

- 87 -

1   by such entity to execute this Agreement on its behalf, and to bind it to the terms

2   and conditions hereof.

3        **R.**    **Execution Date**

4       This Agreement shall be deemed executed upon the last date of execution by

5   all the undersigned.

6

7

8

9   DATED: _____, 2014

10

11                                       Plaintiff Vida F. Negrete, as
                              Conservator for Everette E. Ow

12

13   DATED: *Aug 11*, 2014

14                            *Carol Schultz   for CYH*

15                             Plaintiff Carolyn Y. Healey

16   DATED: _____, 2014    ROBBINS GELLER RUDMAN

17                                             & DOWD LLP

18                                     THEODORE J. PINTAR
                                STEVEN M. JODLOWSKI

19

20                                       THEODORE J. PINTAR

21                                   655 West Broadway, Suite 1900

22                                   San Diego, CA  92101
                                Telephone:  619/231-1058

23                                   619/231-7423 (fax)

24

25   DATED: _____, 2014    BONNETT, FAIRBOURN, FRIEDMAN

26                                           & BALINT, P.C.

27                                     ANDREW S. FRIEDMAN
                                KIMBERLY C. PAGE

28                              - 87 -

by such entity to execute this Agreement on its behalf, and to bind it to the terms and conditions hereof.

     **R.**    **Execution Date**

    This Agreement shall be deemed executed upon the last date of execution by all the undersigned.

DATED: _____, 2014

_____
Plaintiff Vida F. Negrete, as
Conservator for Everette E. Ow

DATED: _____, 2014

_____
Plaintiff Carolyn Y. Healey

DATED: _August 12_, 2014

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
STEVEN M. JODLOWSKI

_____
THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

DATED: _____, 2014

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
KIMBERLY C. PAGE

- 87 -

by such entity to execute this Agreement on its behalf, and to bind it to the terms and conditions hereof.

**R.   Execution Date**

This Agreement shall be deemed executed upon the last date of execution by all the undersigned.

DATED: _____, 2014

_____
Plaintiff Vida F. Negrete, as
Conservator for Everette E. Ow

DATED: _____, 2014

_____
Plaintiff Carolyn Y. Healey

DATED: _____, 2014    ROBBINS GELLER RUDMAN
                                   & DOWD LLP
                                THEODORE J. PINTAR
                                STEVEN M. JODLOWSKI

_____
THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

DATED: _August 12_, 2014    BONNETT, FAIRBOURN, FRIEDMAN
                                   & BALINT, P.C.
                                ANDREW S. FRIEDMAN
                                KIMBERLY C. PAGE

- 87 -

ANDREW S. FRIEDMAN

2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
MANFRED MUECKE
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619/756-7748
602/798-5894 (fax)

Co-Lead Class Counsel

DATED: _____, 2014    CARLTON FIELDS JORDEN
                                     BURT PA
                                   JAMES F. JORDEN
                                   STEPHEN J. JORDEN
                                   ROLAND C. GOSS


JAMES F. JORDEN

1025 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007-5208
Telephone: 202/965-8100
202/965-8104 (Fax)

Attorneys for Defendant Allianz Life
Insurance Company of North America

- 88 -

1

2

3                                    ANDREW S. FRIEDMAN

4                          2325 E. Camelback Road, Suite 300
                           Phoenix, AZ  85016
5                          Telephone:  602/274-1100
                           602/274-1199 (fax)
6

7                          BONNETT, FAIRBOURN, FRIEDMAN
                             & BALINT, P.C.
8                          MANFRED MUECKE
                           600 West Broadway, Suite 900
9                          San Diego, CA  92101
                           Telephone:  619/756-7748
10                         602/798-5894 (fax)
11

12                         Co-Lead Class Counsel

13   DATED: _8/13_____, 2014      CARLTON FIELDS JORDEN
                                        BURT PA
14                         JAMES F. JORDEN
                           STEPHEN J. JORDEN
15                         ROLAND C. GOSS
16

17

18                                    JAMES F. JORDEN

19                         1025 Thomas Jefferson Street, N.W.
                           Suite 400
20                         Washington, D.C.  20007-5208
                           Telephone:  202/965-8100
21                         202/965-8104 (Fax)
22

23                         Attorneys for Defendant Allianz Life
                           Insurance Company of North America
24

25

26

27

28                                    - 88 -

## ADDENDUM

## List of Exhibits

1.  Settlement Notice Cover Letter

2.  Class Settlement Notice

3.  Change of Address Form

4.  Settlement Relief Election Form For Two-Tier Settlement Annuities in Deferral

5.  Request for Individualized Quote Form

6.  Claims Review Process Claim Form

7.  Special Notice regarding Right to Remain a Class Member or Request Exclusion from Class

8.  Proposed Preliminary Approval Order

9.  Proposed Final Approval Order

10. Proposed Final Judgment

# EXHIBIT 1

## SETTLEMENT NOTICE COVER LETTER

STIPULATION OF SETTLEMENT, EXHIBIT 1: Settlement Notice Cover Letter

Allianz Life Insurance Company of North America
PO Box 59060
Minneapolis, MN 55459-0060
800.950.1962



[Mail Date]                                                Contract #: [Contract Number]

[Owner Name]
[Owner Address]
[Owner Address]

Dear [Owner Name]:

**[COMPANY LETTERHEAD AND LOGO]**

**[DATE]**

**[Notice Recipient Name and Address]**

Re:     **Proposed Settlement in** *Negrete/Healey v. Allianz Life Insurance Company* **of** *North America* **Class Action Lawsuit**

Dear [Recipient Name]:

We are writing about benefits you may be eligible to receive as part of a proposed settlement of two related class action lawsuits against Allianz Life Insurance Company of North America ("Allianz Life").  You are receiving this information because, according to our records, you are or were an owner of one or more annuities issued by Allianz Life Insurance Company between September 19, 2001 and November 21, 2006 or a designated beneficiary of such an annuity who elected a death benefit prior to [ANNUITY STATUS DATE], and thus  are eligible to participate in the proposed settlement.  The people and annuities covered by the proposed settlement are described in more detail in the accompanying Notice of Proposed Class Action Settlement ("Settlement Notice"), at pp. _____.

According to our records, the affected annuities which concern you are:

Purchaser(s) Name          Product Name          Policy Number

[List all annuities]

The parties believe the proposed settlement is in the best interests of the owners and beneficiaries.  The Court has preliminarily approved the proposed settlement, and directed that this letter and the enclosed Settlement Notice be sent to each class member (and in some cases other owners).  Before Allianz Life can make any settlement benefits available, however, the settlement must receive the Court's final approval.  A final settlement approval hearing ("Fairness Hearing") is scheduled for _____, 2014.  The purpose of this mailing is to provide you with information about the proposed settlement, the Fairness Hearing, and what actions, if any, you may take before the Court makes its ruling.

As explained in the enclosed Settlement Notice, the proposed settlement offers different types of Settlement Relief depending upon the status of your annuity (or annuities) as of {ANNUITY STATUS DATE}.  The enclosed

STIPULATION OF SETTLEMENT, EXHIBIT 1: Settlement Notice Cover Letter

Settlement Notice summarizes the proposed Settlement Relief, your rights regarding the proposed settlement, and how to exercise those rights.  Also enclosed is a change of address form, in case anyone affected by the proposed settlement has moved or plans to move anytime soon.

Even if you do nothing, this lawsuit and proposed settlement may affect your important legal rights.  Please read all of the enclosed materials carefully so that you understand your rights and the decisions you need to make.  If you have further questions, you may contact the Settlement Administrator at {1-8XX-XXX-XXXX} (or, if you are hearing-impaired, at 1-8YY-YYY-YYYY), by email at [email address]), or by mail at [mailing address]).  You can also view and print the full Settlement Agreement and other key documents from the lawsuit at the following website [INSERT URL].  If your questions cannot be answered by the Settlement Administrator, they will be forwarded to the lawyers who represent the Class, at no cost to you.  Please do not call the Court or the Clerk of the Court.

[Department Name]
Allianz Life Insurance Company of North America

[Form Number]                                                                                                [Revision Date]

# EXHIBIT 2

## CLASS SETTLEMENT NOTICE

*STIPULATION OF SETTLEMENT, EXHIBIT 2: SETTLEMENT NOTICE*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**If you purchased any of the following deferred annuities from Allianz Life Insurance Company of North America, while you were age 65 years or older, and between September 19, 2001 and November 21, 2006, or you subsequently acquired an interest in such purchased annuity, you may get monetary benefits from a proposed class action settlement:**

**5% Bonus PowerDex Elite, 10% Bonus PowerDex Elite, Accumulator Bonus Maxxx, Accumulator Bonus Maxxx Elite, Accumulator Classic, Accumulator X, Annuitizer, BonusDex, BonusDex Elite, Cash Bonus Elite, Cash Buffet, Dominator 5-10, FlexDex Bonus, FlexDex Multi-Choice, FlexDex Multi-Choice Elite, Ideal, Ideal Index, Ideal Index 75, Ideal Index 100, InCommanDex, MasterDex, MasterDex 5, MasterDex 10, Power 7, Power 7 Elite, PowerDex, PowerDex Elite, Powerhouse, PowerRate 5, PowerRate 5 Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice, and Total Security Annuity**

**The United States District Court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice because you are listed as a current or former owner (or a designated beneficiary who elected a death benefit) of a deferred annuity policy that is included in the proposed Settlement of two coordinated class action lawsuits against Allianz Life Insurance Company of North America ("Allianz Life"). The Court directed

that this Notice be sent to you because you may have a right to know about the proposed Settlement, and your potential rights and options, before the Court decides whether to approve it.

This Notice explains the lawsuits, the proposed Settlement, your potential legal rights under the Settlement, what Settlement benefits are included in the proposed Settlement, who is eligible for the proposed Settlement benefits, and when the Settlement benefits become available if the Court approves the proposed Settlement.

**You should consult your own tax advisor regarding the possible tax consequences to you of the proposed Settlement, including, without limitation, the tax implications of: (1) payments or credits provided under the Settlement; (2) increases or enhancements of annuitization payments; (3) changes in the amounts or the timing of withdrawals from your annuity; (4) whether the Settlement alters any tax required distributions under the annuities; and (5) any tax reporting obligations you may have. Tax obligations, and the determinations thereof, are the sole responsibility of the persons receiving benefits under the Settlement, and it is understood that the tax consequences may vary depending on the particular circumstances of each such person. Neither the Parties, nor their counsel, are making any representations or providing any advice concerning the possible tax implications of the Settlement for any person.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING IN RESPONSE TO THIS NOTICE | If you do nothing in response to this Notice, and the proposed Settlement is approved by the Court, you will be bound by the Release described in response to Question 13. The benefits potentially available to you under the proposed Settlement will depend, in part, on whether you have an active deferred Annuity, an Annuity that has an active Annuitization payment stream, or an Annuity that has been surrendered, and your status with respect to the Annuity. Each of the Settlement benefits is discussed in detail in response to Question 10 of this Notice. |

| | |
|---|---|
| **OBJECT** | If you do not like the proposed Settlement, you may write to the Court to object and explain why, by following the directions in this Notice.  The Court will consider all timely and validly submitted objections at the Fairness Hearing.  The deadline for any objection is [date].  Lodging an objection does not exclude you from the proposed Settlement.  If the proposed Settlement is approved despite your objection, you will be bound by the Release described in response to Question 13, which means you will give up any right to bring your own lawsuit relating to any of the claims, facts, circumstances or transactions that were or could have been raised in this case. |
| **SPEAK AT THE FAIRNESS HEARING** | You are not required to attend or speak at the Fairness Hearing.  If you have timely and properly objected to the Settlement, the Court will consider your objection without any requirement that you attend the Fairness Hearing.  But if you wish, you may write to the Court to request permission to speak at the Fairness Hearing, by following the directions in this Notice. The Fairness Hearing is presently scheduled for [date and time]. |
| **CONSULT WITH YOUR OWN ATTORNEY** | The lawyers appointed by the Court will represent the Settlement Class Members in this action, including with respect to this proposed Settlement, at no charge to you. If you want to hire your own attorney, at your own expense, however, you have the right to do so. |

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

| | |
|---|---|
| **BINDING EFFECT** | These two lawsuits, and the proposed Settlement if it becomes final, will have a binding effect on all Settlement Class Members. If the Settlement becomes final, you will give up all rights to sue Allianz Life, as well as certain other related parties, concerning the claims, facts, circumstances or transactions that were or could have been raised in this Action.  This is known as a "release" and is described further in this Notice in response to Question 13.   Regardless of whether the Settlement becomes final, however, the outcome of these two lawsuits, whether favorable to the Class or not, will be binding on all Settlement Class Members. |

- These rights and options -- and the procedures and deadlines to exercise them -- are explained in more detail below.  Please note, however, that this Notice is only a summary of the proposed Settlement.  For the complete terms and conditions of the proposed Settlement, you should read the agreement called the Stipulation of Settlement, which was filed with the Court and is available from the Settlement Administrator ([toll-free telephone]) or the official Settlement website, ([web address]).  *See*, pp. 24-25, below.

- The Court in charge of this case still has to decide whether to approve the Settlement. **Settlement benefits will be available only if and after the Court approves the Settlement and that approval order becomes final.  Please be patient.**

- If this Settlement Notice was not sent to your current address, please update your address by completing and returning the enclosed Change of Address Form, or by submitted an address update on-line at the Settlement website, at [address change URL].

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................... PAGE 6
    1.  Why did I get this Notice?
    2.  What are these two lawsuits about?
    3.  Why are these two lawsuits class actions?
    4.  Why is there a Settlement?

**WHO IS COVERED BY THE SETTLEMENT** ............................... PAGE 8
    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Class?
    7.  What if I do not wish to be involved in these cases?
    8.  What if a Class Member is deceased?
    9.  I'm still not sure if I am included in the Settlement.

**THE SETTLEMENT BENEFITS--WHAT YOU MAY GET** ........................... PAGE 11
    10. What benefits does the Settlement generally provide?
    11. What are the Settlement benefits?
    12. When would I get my Settlement benefits?
    13. What am I giving up to get Settlement benefits or stay in the Class?

**THE LAWYERS REPRESENTING YOU** ..................................... PAGE 17
    14. Do I have a lawyer in the case?
    15. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ........................................ PAGE 19
    16. How do I tell the Court that I don't like the Settlement?

**THE COURT'S FAIRNESS HEARING** ....................................... PAGE 21
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................... PAGE 23
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................. PAGE 23
    21. Are there more details about the Settlement?
    21. How do I get more information?

5

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

## BASIC INFORMATION

### 1. Why did I get this Notice?

You received this Notice because you are listed in Allianz Life's records as being a current or former owner (or a deceased owner's designated beneficiary who has elected a death benefit as of [ANNUITY STATUS DATE]) of an annuity policy that is included in the proposed Settlement of two class action lawsuits. The Court directed that the parties send you this Notice so that you know about the proposed Settlement, and about rights and options you may have under the proposed Settlement, before the Court decides whether to approve it. If the Court approves the Settlement, and it becomes final, Allianz Life will provide the Settlement Relief described in this Notice.

This Notice provides a summary of the two lawsuits, the proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and when they will be made available. This Notice is only a summary. If you wish to review the full terms and conditions of the Settlement, (the "Stipulation of Settlement"), you can obtain a copy by contacting the Settlement Administrator or visiting the Settlement website. *See*, pp. 24-25, below.

The Court in charge of the two cases is the United States District Court for the Central District of California, in Los Angeles, California, and the cases are known as *Negrete v. Allianz Life Insurance Company*, Case No. 05-cv-6838 CAS(MANx) and *Healey v. Allianz Life Insurance Company*, Case No. 05-cv-8908 CAS(MANx). The people who sued are called the Plaintiffs, and the company they sued, Allianz Life, is called the Defendant (referred to in this Notice as "Allianz Life").

### 2. What are these two lawsuits about?

On September 19, 2005, Vida F. Negrete, a conservator for Everett E. Ow, filed a class action lawsuit in the District court against Allianz Life, on behalf of Ow and all other persons age 65 and older who bought an Allianz Life deferred annuity. On December 22, 2005, Carolyn Y. Healey filed a similar class action lawsuit in the same court. Plaintiffs in these related lawsuits assert that Allianz Life conspired with a network of affiliated Field Marketing Organizations to induce class members to purchase deferred annuities issued by Allianz Life by means of misleading statements and omissions regarding of the benefits to be provided under those annuities or other improper sales tactics and that, after the issuance of the annuities, Allianz Life reduces benefits or assesses undisclosed or insufficiently disclosed charges, including charges associated with surrenders and annuitization.

Plaintiffs claim that the conduct described above violates the federal civil RICO statute, 18 U.S.C. § 1961, *et seq.*, the California Insurance Code, and certain California consumer protection laws, including §§ 17200 and 17500, and California's Financial Elder Abuse Act (Welf. & Inst. Code § 15610). Plaintiffs seek monetary relief arising out of Allianz Life's allegedly improper conduct in connection with the design, marketing, sale and administration of its Annuities to senior citizens in the form of restitution, compensatory, punitive, and other exemplary damages, as well as interest, legal fees and costs.

The Negrete and Healey Complaints are available for your review by contacting the Settlement Administrator or visiting the Settlement website. Also, the full public Court file for the action can be reviewed in the office of the Clerk of the Court. *See,* pp. 24-25, below.

Allianz Life disputes Plaintiffs' claims. Allianz Life denies that it did anything wrong in connection with the design, marketing, sale, or administration of the policies, and denies that it violated state or federal statutes. Allianz Life believes that the evidence is very clear that it did not make misleading statements and omissions regarding its annuities, and that it has and continues to deliver benefits meeting or exceeding those promised.

## 3. Why are these two related lawsuits class actions?

In a class action, one or more people, called Class Representatives or Named Plaintiffs (in this case Vida F. Negrete, as conservator for Everett E. Ow, and Carolyn Healey), sue on behalf of people who have similar claims. All these people together are a class. One court resolves the issues for all members of the class. United States District Judge Christina Snyder is in charge of these cases, and certified them as related class actions with overlapping memberships (the "Action").

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Allianz Life. Instead, both sides agreed to a settlement before the case proceeded to a trial. The Class Representatives and their attorneys think the Settlement is fair for and in the best interest of all members of the Class.

## WHO IS COVERED BY THE SETTLEMENT

To determine if you can get any Settlement benefits from this Settlement if the Court approves it, you first have to establish that you are a Class Member.

**5. How do I know if I am part of the Settlement Class?**

The Class certified by the Court in this lawsuit includes, subject to the exceptions listed in response to Question 6, the following: (a) all persons who, while age 65 or older and between September 19, 2001 and November 21, 2006, purchased one or more of the annuities listed below from Allianz Life either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy and (b) all persons to whom an ownership interest in such Settlement Annuities was subsequently assigned or transferred or who otherwise held any interest as an Owner and (c)  beneficiaries of such Settlement Annuities terminated by death on or before the Annuity Status Date:  5% Bonus PowerDex Elite, 10% Bonus PowerDex Elite, Accumulator Bonus Maxxx, Accumulator Bonus Maxxx Elite, Accumulator Classic, Accumulator X, Annuitizer, BonusDex, BonusDex Elite, Cash Bonus Elite, Cash Buffet, Dominator 5-10, FlexDex Bonus, FlexDex Multi-Choice, FlexDex Multi-Choice Elite, Ideal, Ideal Index, Ideal Index 75, Ideal Index 100, InCommanDex, MasterDex, MasterDex 5, MasterDex 10, Power 7, Power 7 Elite, PowerDex, PowerDex Elite, Powerhouse, PowerRate 5, PowerRate 5 Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice, and Total Security Annuity.

There are some exceptions to this definition, which are described in the next section of this Notice.  Subject only to these exceptions, the above group of persons (or entities) is referred to as the "Class" or the "Settlement Class Members."  The group of annuities described by this definition, purchased by the Settlement Class Members, is referred to as the "Settlement Annuities."

The proposed Settlement provides the relief described in this notice for the current owners of the Settlement Annuities, or, if deceased, designated beneficiaries who have made an election of benefits as of [ANNUITY STATUS DATE].  For surrendered annuities, current owner means the owner(s) as of the date of surrender.

**6. Are there exceptions to being included in the Class?**

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

Yes.  There are six categories of exceptions to being included in the Settlement Class.  If you fall within any of these categories (or you are a subsequent owner, co-owner or beneficiary of a Settlement Annuity owned by such excluded person), you are not a Class Member:

1. Officers, directors, or employees of Allianz Life; affiliates, legal representatives, attorneys, or assigns of Allianz Life; any judge, justice, or judicial official presiding over this lawsuit and the staff and immediate family of any such judge, justice, or judicial official; any person or entity hired to administer the terms of the Settlement.

2. Insurance agents who are or were appointed by Allianz Life.

3.  Those who validly excluded themselves from the Class, either after being sent a prior Class Notice in  2007 or those who elect to exclude themselves pursuant to a Special Notice delivered to a limited number of Settlement Class Members in connection with the Settlement Notice Package.  .

4. Those who purchased a Settlement Annuity that was rescinded or returned to Allianz Life without penalty as part of the exercise of the free-look provision in a Settlement Annuity.

5. The plaintiffs and class members in *Castello v. Allianz Life Ins. Co. of N. Am.*, Case No. MC03-20405 (Hennepin Cty., Minn.);

6. The plaintiffs and class members in *Iorio v. Allianz Life Ins. Co. of North America*, Case No. 05CV633JLS (CAB) (S.D. Cal.) to the extent those claims were extinguished by the Final Judgment and release in that action.

### 7.  What if I do not want to be involved in these cases?

In February 2007, after the Court granted Plaintiffs' motion for class certification, the Court required that a notice be sent to Settlement Class Members, which provided the recipients of that Class Notice an opportunity to exclude themselves from the cases. Some recipients of that Class Notice properly excluded themselves from the case at that time, and they should not be receiving this Settlement Notice.  The other recipients of the 2007 Class Notice remain part of these cases, and may be entitled to Settlement benefits as described in this Settlement Notice.

This Settlement Notice also is being sent to some current owners of policies where neither the current nor former owners of the policies were mailed a copy of the Class

Notice. As part of their Settlement package delivered with this Settlement Notice, these current owners are being sent a Special Notice that permits them to exclude themselves from this Action. To exclude themselves from the cases and the Settlement, such owners must submit a written, signed exclusion request to the Administrator (*see* address in Response to Question 21) postmarked no later than _____, 2014.

If you remain in these cases and the Settlement is approved by the Court, but you decide that you do not wish to participate in the Settlement, you may decide not to avail yourself of any of the Settlement benefits. You will, however, be bound by the rulings of the Court and by the Settlement release described in response to Question 13 of this Settlement Notice.

## 8. What if a Class Member is deceased?

If a Settlement Class Member is deceased, Settlement Relief may still be available, either to a successor owner of the Settlement Annuity or the designated death benefit beneficiaries under the Settlement Annuity. The Stipulation of Settlement, which is available from the Settlement Administrator or the Settlement website (*See*, pp. 24-25, below), fully describes the person(s) to whom Settlement Relief is payable in the event that a Settlement Class Member is deceased. In some instances, you may be required to provide acceptable proof of legal authority if you wish to receive Settlement Relief on behalf of another person or as the legal representative of the estate of a deceased person.

## 9. I'm still not sure if I am included in the Settlement.

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. You can contact the Settlement Administrator by mail, toll-free telephone, e-mail, or via the Settlement website. This contact information appears below. *See*, "Getting More Information", pp. 24-25, below.

If you are not sure whether you purchased one of the listed annuities or when it was purchased, you may be able to make this determination yourself by reviewing various documents that Allianz Life sent to you concerning your annuity. For example, the annual annuity statements from Allianz Life identify the name of the particular annuity product purchased ("Plan Name") and the date of issuance of the annuity ("Policy Date").

### THE SETTLEMENT BENEFITS--WHAT YOU MAY GET

## 10. What benefits does the Settlement generally provide?

The Settlement provides different benefits depending on the status of your annuity as of [ANNUITY STATUS DATE], 2014, *i.e.*, whether as of that date it was active and in a deferral status, had been fully surrendered, has an active Annuitization payment stream, or whether a designated beneficiary had elected a death benefit paid or payable.  You cannot obtain different Settlement Relief by changing the status of your annuity after the mailing of this notice.  **If you change the status of your annuity after this date, you will not be able to utilize the Settlement benefits.**

Each of the Settlement Annuities also falls into one of two general structural categories: (1) Single-Tier annuities; or (2) Two-Tier annuities.

The following products are Single-Tier annuities:

| | |
|---|---|
| 5% Bonus PowerDex Elite | Power 7 |
| Dominator 5-10 | Power 7 Elite |
| FlexDex Bonus | PowerDex |
| FlexDex Multi-Choice | PowerDex Elite |
| FlexDex Multi-Choice Elite | PremierDex |
| MasterDex | PremierDex 5 |
| MasterDex 5 | SelectDex Multi-Choice |

The following products are Two-Tier annuities:

| | |
|---|---|
| 10% Bonus PowerDex Elite | Ideal |
| Accumulator X | Ideal Index |
| Accumulator Classic | Ideal Index 75 |
| Accumulator Bonus Maxxx | Ideal Index 100 |
| Accumulator Bonus Maxxx Elite | InCommanDex |
| Annuitizer | MasterDex 10 |
| BonusDex | Powerhouse |
| BonusDex Elite | PowerRate 5 |
| Cash Bonus Elite | PowerRate 5 Elite |
| Cash Buffet | Total Security Annuity |

The proposed Settlement Relief differs, in some respects, for Single-Tier and Two-Tier annuities.  The various types of Settlement Relief are described below.  Please note, however, that none of these benefits will be available if the Court does not finally approve the proposed Settlement or the approval does not otherwise become final.  If as

of [ANNUITY STATUS DATE] your Settlement Annuity was either (1) partially surrendered, with a portion remaining in deferral, or (2) partially surrendered and partially Annuitized, refer to the Stipulation of Settlement or call the phone number at the bottom of this page to learn how your annuity is treated for purposes of the Settlement.

## 11. What are the Settlement benefits?

If the Court approves the proposed Settlement, the benefits that will be available will depend on which category (or categories) below apply to your Settlement Annuity as reflected in Allianz Life's corporate records as of [ANNUITY STATUS DATE], 2014. The available Settlement benefits for each category are summarized below. The terms of the Settlement Relief are set forth in full in the Stipulation of Settlement. You can get a copy from the Settlement Administrator, upon request, at no cost to you. You may request a copy by mail, toll-free telephone, or e-mail. You may also view and download a copy on the Settlement website. *See*, "Getting More Information", pp. 24-25, below.

If you are the Beneficiary of a Settlement Annuity which was in death benefit payment status on or before [ANNUITY STATUS DATE], and if, prior to that date: (1) you elected to receive your death benefit in a single payment or over less than five years, you may be eligible for Settlement Relief in the Fully Surrendered category; (2) you elected to receive your death benefit in a series of payments over more than five years, you may be eligible for Settlement Relief in the Annuitized category; and (3) you had not yet advised Allianz Life of which payment option for the death benefit you desired to use, Allianz Life will pay $50.00 as a Settlement Benefit, which will be split among all Beneficiaries of the annuity who had not advised Allianz Life of their desired death benefit payment option by [ANNUITY STATUS DATE].

### Category 1:  Active Annuities in Deferral
This category applies to any Settlement Annuity that was active and in deferral as of the [ANNUITY STATUS DATE], and remains so at the time that the Settlement becomes final and Settlement benefits first become available.  An annuity is "active and in deferral" if, as of [ANNUITY STATUS DATE], it (i) has not yet been partially or completely "annuitized" (meaning, the owner has not yet started to receive periodic payments from the annuity under a payout plan), (ii) has not been fully surrendered, and (iii) no death benefit has been paid or become payable (except if the Settlement Annuity was continued in effect by a surviving spouse).

### 1.   Single-Tier Annuities in Deferral
If you have a Single-Tier Settlement Annuity and you have not already annuitized, but

you wish to do so and you elect to receive annuity payments for the life of an annuitant (or two jointly) with a guarantee period of ten (10) years or longer, Allianz Life will, upon such an annuitization election, increase the accumulation value ("AV"), which is used to calculate the amount of each payment you will receive, by the amount of the applicable bonus shown in the table below, calculated at the time of annuitization. The amount of the bonus shall vary depending upon how many full years the annuity has been in force as of the date of annuitization (*i.e.*, the Policy Year), and shall be in accordance with the following chart:

| Policy Year | AV "Bonus" Amount |
|:-----------:|:-----------------:|
| 1-4.49 | 0% |
| 4.5-9.49 | 4.5% |
| 9.5 or later | 5.0% |

**2. Two-Tier Annuities in Deferral**

If you have an active and in-deferral Two-Tier Settlement Annuity, you may receive one, but not both, of the Settlement benefits described below. The first Settlement benefit is a Cash Surrender Value Credit Benefit. The second benefit is an Enhanced Partial Free Withdrawal Benefit. **A Settlement Relief Election Form is included with this Notice. IF YOU HAVE AN ANNUITY IN THIS CATEGORY, PLEASE PAY ATTENTION TO THE SETTLEMENT RELIEF ELECTION FORM. The election form must be completed and returned within 60 days, and you must select either the Cash Surrender Value Credit or the Enhanced Penalty-Free Withdrawal Benefit. If you do not return the Election Form asking for the Enhanced Penalty-Free Withdrawal Benefit, Allianz Life will make only the Cash Surrender Value Credit Benefit available to you. To use and receive the Cash Surrender Value Credit Benefit, you must submit a surrender request to Allianz Life for that annuity after the Implementation Date, which is when the Settlement becomes final, but before the expiration of 24 months after the Implementation Date.**

**A. Cash Surrender Value Credit:** If all of the current owners of a Two-Tier Settlement Annuity: (1) timely elect to receive the Cash Surrender Value Credit benefit; (2) do not elect to receive the Enhanced Partial Free Withdrawal Settlement benefit; or (3) do not timely make any election with respect to their Settlement Annuities, Allianz

Life will apply a credit to the cash surrender value of the Two-Tier Settlement Annuity if Allianz Life receives from the current owner(s) a request for a full surrender of that annuity between the Implementation Date, which will be posted on the Settlement Administrator's website, and 24 months after the Implementation Date.   The Administrator will send a notice to current owners of active and in-deferral policies who have elected, or been deemed to have elected, this relief reminding them of the date by which the full surrender request must be submitted.

The credit will be applied on the date that the annuity is recorded in Allianz Life's records as surrendered, and the amount of the credit will be 9.0% of the cash surrender value as of the date the surrender request is processed by Allianz Life.

This credit is not available for any Single-Tier Settlement Annuities, and is not available for Two-Tier Settlement Annuities surrendered prior to the Implementation Date or more than 24 months after the Implementation Date.   This credit is also not available if the Owner(s) of the Settlement Annuity are replacing the Settlement Annuity with another annuity issued by Allianz Life.

**B.  Enhanced Partial Free Withdrawal:**  If all the current owners of a Two-Tier Settlement Annuity elect to receive the Enhanced Partial Free Withdrawal Settlement benefit, Allianz Life will increase the contractually permitted yearly limit for penalty-free withdrawals in the amount of up to an additional 5% of the total premium paid for such Settlement Annuity per year for any five years after the Implementation Date.  The enhanced partial free withdrawals need not be taken in consecutive years.   The cumulative total additional penalty free withdrawals applicable to any Settlement Annuity by virtue of the Enhanced Partial Free benefit are capped at 25% of the amount of the total premium paid for the Settlement Annuity.

**Category 2:   Annuitized Annuities**
This category applies to any Settlement Annuity with an active Annuitization payment stream as of the [ANNUITY STATUS DATE].  Class Annuities which were terminated by death as of the [ANNUITY STATUS DATE] shall be considered to have been annuitized as of the [ANNUITY STATUS DATE] and eligible for the Settlement Benefits described in this category if the beneficiaries of the death benefit payable from such Settlement Annuity elected to receive the death benefit payable over five years or more and have an active Annuitization payment stream.

**A. Eligible Annuities With Qualifying Payout Option Elected**

For each Settlement Annuity in this category, if the annuity payments are being received

under a Qualifying Annuity Payout Option, all future periodic payments after the Settlement becomes final will be enhanced by 3.5%, starting with the first payment after the Implementation Date.   Qualifying Annuity Payout Options are those options permitted under the annuity contract (or otherwise permitted by Allianz Life), where the periodic annuity payments are to be paid for life of one or more annuitant with a guaranteed period of ten (10) years or longer.

### B. Eligible Annuities With Non-Qualifying Payout Option Elected

If the annuity payout option which was selected is not a Qualifying Annuity Payout Option, the person receiving the annuity payments will be given a one-time opportunity to convert to a Qualifying Annuity Payout Option and receive future annuity payments using an enhanced basis.  For persons making this payment option conversion, since the payments will be made over a longer period of time than the current payments, the amount of each individual payment may be less than the amount of the current payment.

If you have an annuity which is eligible for this Settlement Benefit, and you wish to consider further whether to change your annuitization payment option to receive this benefit, you must complete and return the enclosed Request for Individualized Quote form to Allianz Life postmarked no later than 30 days after the Final Settlement Date, which will be posted on the Administrator's website, listed in Response to Question 21. Upon the receipt of that request, Allianz Life will send you quotes comparing your current payments to the projected new payments.  You may then decide to keep your current payments unchanged or switch to the new payment option.  IF YOU DO NOT RETURN THE REQUEST FOR INDIVIDUALIZED QUOTE FORM POSTMARKED NO LATER THAN 30 DAYS AFTER THE FINAL SETTLEMENT DATE, YOU WILL NOT BE ABLE TO CHANGE YOUR PAYMENTS TO RECEIVE THIS SETTLEMENT BENEFIT.

Allianz Life will treat your acceptance of this settlement option for tax purposes as a termination of your existing annuitization agreement and the election of a new annuitization agreement with the proceeds, and may issue an IRS form 1099R with respect to the termination of your existing annuitization agreement.  Full termination of annuity contracts may be treated as taxable income to the extent the amount received exceeds the "investment in the contract."  Distributions from certain annuities may also be considered "investment income" for purposes of the newly elected Medicare tax on investment income."

You should consult with your tax adviser before requesting or accepting a new annuitization quote.

### Category 3:  Fully Surrendered Annuities

Settlement Relief for any Settlement Annuity that was fully surrendered as of [ANNUITY STATUS DATE] will be available only through a claim process ("the Claim Process").  The Claim Process has three categories in which you may seek relief: (1) the Misrepresentation Claim Category; (2) the Suitability Claim Category; and/or (3) the Financial Need Claim Category.

However, if you used the surrender proceeds paid by Allianz Life with respect to your Settlement Annuity to pay another insurance company or otherwise used the surrender proceeds, in whole or part, to purchase another annuity, your Settlement Annuity is not eligible to participate in the Claim Process.

Settlement Annuities that were terminated by death as of [ANNUITY STATUS DATE], with respect to which the beneficiaries elected to receive the death benefit payable over less than five years, shall be treated under the Settlement as fully surrendered and eligible to participate in the Claim Process with respect to the Misrepresentation Claim Category and/or Suitability Claim Category only.

To participate in the Claim Process, you must sign and submit the enclosed Claim Form and provide certain information.  IF YOU DO NOT SUBMIT THE CLAIM FORM POSTMARKED NO LATER THAN 30 DAYS AFTER THE FINAL SETTLEMENT DATE, WHICH WILL BE POSTED ON THE ADMINISTRATOR'S WEBSITE. YOU WILL NOT BE ABLE TO PARTICIPATE IN THE CLAIM PROCESS.  You may also submit documents or other sworn statements of persons who have personal knowledge concerning your claim.  The completed Claim Form and any supporting materials must be mailed to:

Negrete v. Allianz Life Insurance Company of North America
Settlement Administrator



Allianz Life may submit information concerning your Settlement Annuity and your claim.  All of the information submitted will be considered by a neutral Settlement Administrator.  A misrepresentation category claim will be approved if the information submitted, considered together, credibly demonstrates that a misrepresentation of fact

was made which misled the Settlement Annuity purchaser concerning the applicable surrender charges, right to annuitize, or other policy terms and which credibly shows how the alleged misrepresentation was material to the decision to purchase the annuity. A suitability category claim will be approved if the information submitted shows that the Settlement Annuity was unsuitable for the purchaser at the time it was issued.   A financial needs category claim will be approved if the information submitted demonstrates that the Claimants had, at the time of the full surrender of the annuity, a pressing financial hardship relating to medical expenses, housing maintenance or other need as described in the Stipulation of Settlement, which need could not have been met without surrendering the annuity.

If through the Claim Review Process it is determined that you are entitled to Settlement Relief, Allianz Life will first calculate the Formula Amount, which is the sum of:

1. The premium paid for the Settlement Annuity *minus* all of the amounts paid by Allianz Life with respect to the Settlement Annuity; *plus*
2. The amount equal to 5% of the total premium paid for the Surrendered Annuity. However, if Allianz Life has already paid out more than the amount of the premium it received for the Settlement Annuity, the amount of the 5% of the total premium paid shall be offset by and reduced by the amount paid by Allianz Life in excess of the amount of premium paid for the Settlement Annuity.

If a Claim is deemed to be entitled to Settlement Relief, Allianz Life will pay to you an amount equal to a percentage (as described for each category below) of the sum of the Formula Amount:

(a) For a Misrepresentation Category Claim: 70% of the Formula Amount;
(b) For a Suitability Category Claim: 50% of the Formula Amount;
(c) For a Financial Need Category Claim: 30% of the Formula Amount.

Notwithstanding the above, with respect to Settlement Annuities that were terminated by death as of [ANNUITY STATUS DATE], as to which the beneficiaries of the death benefit elected to receive the death benefit payable over less than five years, the Settlement benefit shall be 20% of the product of the Formula Amount.  Such Settlement Annuities may only be entitled to relief for claims in the Misrepresentation and Suitability categories; such Settlement Annuities may not participate in the Financial Need Claim Category.

If you canceled your annuity by returning it to Allianz Life within the free-look period applicable in the state in which it was purchased, you are not a Settlement Class Member

with respect to that annuity.   If your annuity was rescinded or otherwise canceled pursuant to a settlement with Allianz Life, you may participate but Allianz Life will have the right under the Settlement Stipulation to set off the value of that prior settlement against any award you would otherwise be entitled to receive under the Claims Review Process.

## 12.  When would I get my Settlement benefits?

The Court will hold a hearing on _____, 2014, called the Fairness Hearing, to decide whether to approve the proposed Settlement.   Settlement benefits will only be available if the Court approves the Settlement after that hearing.   If the Court approves the Settlement, and no one appeals the approval of the Settlement, Settlement benefits will first become available beginning 120 days after the Final Settlement Date (depending upon the benefits category).   If the Court approves the proposed Settlement, but someone appeals that ruling, Settlement benefits will not be provided, if at all, unless and until after the appeal is resolved in a manner that results in the final approval of the Settlement.

## 13.  What am I giving up to get Settlement benefits or stay in the Class?

If the Settlement becomes final, you will give up the right to start, continue with, maintain or participate in a lawsuit, arbitration, regulatory proceeding, remediation proceeding or other legal proceeding against Allianz Life and certain other parties relating to the facts, transactions, circumstances, and claims that were or could have been asserted in this case.   This includes, among other claims, any claim relating to the design, marketing, sale and issuance of the Settlement Annuities, the disclosure of surrender charges, statements in the Allianz Life brochures and Statements of Understanding, and any claim for benefits in excess of those guaranteed in your Settlement Annuity contracts.   Unless you have properly excluded yourself from this Action, the release will also preclude claims currently pending against Allianz Life with respect to the Settlement Annuities, including any claims being pursued with respect to your annuities by the putative class plaintiffs in the action *Jones v. Allianz Life Insurance Company of North America*, Civil Action No. 4 07 CV00000145 SWW, in the District Court for the Eastern District of Arkansas.

The exact description of what you will give up and what you will not give up under the Settlement is known as the "release".   The full text of the release can be found in the "Stipulation of Settlement", in Section IX.   You can view and download a copy from the Settlement website, or you can request a copy from the Settlement Administrator, at

no cost to you. You may request a copy by mail, toll-free telephone, or e-mail. *See*, "Getting More Information", pp. 24-25, below.

Regardless of the outcome of Settlement approval, being a Class Member means that the Court's orders, and any outcome in this lawsuit, whether favorable or unfavorable to the Class, will apply to you and legally bind you.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes. The Court previously appointed two law firms to represent the Class with respect to this lawsuit, including this proposed Settlement:

> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 2325 E. Camelback Road, #300, Phoenix, AZ 85016
> Telephone: (602) 274-1100, Facsimile: (602) 274-1199
>
> Robbins Geller Rudman & Dowd
> 655 West Broadway, Suite 1900, San Diego, CA 92101
> Telephone: (619) 231-1058, Facsimile: (619) 231-7423

Together, these lawyers are called Class Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer with regard to this case, you may hire one at your own expense.

### 15. How will the lawyers be paid?

The Settlement provides for Allianz Life's payment to Class Counsel of attorneys' fees and litigation expenses. No Class Member will be required to pay any attorneys' fees and litigation expenses to Class Counsel. Allianz Life has no obligation to pay the attorneys' fees or expenses of any attorneys other than Class Counsel.

At the Fairness Hearing, Class Counsel will ask the Court to approve payment by Allianz Life of up to $42.5 million in attorneys' fees and $4.9 million in out-of-pocket litigation expenses for their work (including the assistance of other counsel) during the eight years this lawsuit has been ongoing. The fees awarded would pay these lawyers for investigating the facts and law, fully litigating the lawsuit in preparation for the

March 4, 2014 trial date, and negotiating the Settlement.   The amount of fees and expenses to be awarded is determined by the Court, and the Court may award less than these amounts.

Class Counsel also will ask the Court to approve payment by Allianz Life of $10,000 for each of the two Class Representatives for their services on behalf of the Class.   Again, the amount to be awarded is determined by the Court, and the Court may award less than these amounts.

If the Settlement is approved as submitted, Allianz Life will separately pay the attorneys' fees, costs and litigation expenses, and any payments for the Class Representatives. Allianz Life will also separately pay the costs necessary to administer the Settlement. These amounts will not come out of, or impact or reduce the Settlement Relief for the Settlement Class Members.   The amounts awarded will be the sole compensation for the services with respect to these cases for Class Counsel, their associated counsel and the Class Representatives.   The Settlement Class Members will not be required under any circumstances to pay any amounts for Class Counsel's work in these cases.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 16.   How do I tell the Court that I don't like the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.   Plaintiffs and Allianz Life have a right to respond to your objections.   The Court will consider your views in connection with the Fairness Hearing described below.

To object, you must file with the Court and deliver to Class Counsel and Allianz Life's Counsel a written objection to the proposed Settlement of *Negrete v. Allianz Life Insurance Company of North America* and *Healey v. Allianz Life Insurance Company of North America*.   Your written objection must be signed and dated, and must include the following information:

1.   The abbreviated names and case numbers of these two lawsuits, (*Negrete v. Allianz*, Case No. 05 CV 6838 CAS (MANx) and *Healey v. Allianz*, Case No. 05-8908 CAS (MANx));
2.   Your name, address, and telephone number;
3.   The Settlement Annuity policy number (or numbers) in which you claim an

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

interest;

4. Why you object (the factual and legal reasons for your objection);

5. If you are represented by an attorney concerning your objection, your written objection must also include your attorney's name, address, and telephone number;

If you want to present evidence at the Fairness Hearing, your written objection must also identify any witness or witnesses you plan to present and you must enclose true and correct copies of any records or documents you plan to present.

Mail your written objection to the Court, and mail a copy of your objection to Class Counsel and Allianz Life's Counsel, at the addresses below. **TO BE CONSIDERED, YOUR OBJECTION MUST BE POSTMARKED NO LATER THAN [45-Days AFTER MAILING OF NOTICE].**

| Court | Clerk of the Court U.S. District Court Central District of California 312 North Spring Street Los Angeles, CA 90012 |
|---|---|
| Class Counsel | Andrew S. Friedman, Esq. Bonnett, Fairbourn, Friedman & Balint, P.C. 2325 E. Camelback Road, #300 Phoenix, AZ 85016 |
| Allianz Life' Counsel | James F. Jorden, Esq. Carlton Fields Jorden Burt PA 1025 Thomas Jefferson N.W. Suite 400 East Washington D.C. 20007 |

If you do not timely and properly submit your objection in accordance with all of the above requirements, you will not be treated as having filed a valid objection to the proposed Settlement.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing, called a Fairness Hearing, to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

## 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at _____ a.m. on _____, _____ __, 2014 at the United States Courthouse, Los Angeles, California, in the courtroom of the Honorable Christina A. Snyder, Courtroom 5 – 2nd Floor.  The Court is located at 312 North Spring Street, Los Angeles, CA 90012.

Sometimes, a Court will change the scheduled date or time for a hearing to a different date or time.  If this occurs, the changed hearing date or time will be posted on the Settlement website.  You can also contact the Settlement Administrator by toll-free telephone or e-mail to confirm the Fairness Hearing date and time if you plan to attend. If you have submitted a timely and valid request to speak at the hearing, you will be sent written notice of any changed hearing date or time.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are any objections, the Court will consider them at that time.  The Court may, but is not obligated to, permit people to speak at the hearing who, prior to the hearing, properly and timely requested to do so.  The Court will also consider how much to pay Class Counsel, and whether to approve the service award to the Class Representatives.  At or following the hearing, the Court will decide whether to approve the Settlement.  We do not know when that decision will be made by the Court. The Court will enter one or more written Orders containing its rulings on issues presented to it at the Fairness Hearing.  Copies of such Orders will be posted on the Settlement website.

## 18. Do I have to come to the hearing?

No.  Class Counsel and Counsel for Allianz Life will answer any questions the Court may have.  But you are welcome to come to the Fairness Hearing if you wish, at your own expense.  You may also pay your own lawyer to attend, but it is not necessary.

If you submit a written objection, you don't have to come to the Fairness Hearing to talk about it.  As long as you filed with the Court and mailed your written objection on time, in the manner described by this Notice, the Court will consider it.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing by following the

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

instructions in this section.  You are not required, however, to attend or speak at the Fairness Hearing.  The Court will determine who is permitted to speak at the Fairness Hearing, and for how long.

If you have submitted an objection on time and in the manner described in this Notice, you may ask the Court for permission to speak in support of that objection.  You will not be permitted to speak in support of an objection to the Settlement if you have not properly submitted a written objection.  You will also not be permitted to raise any new or different objection at the Fairness Hearing that was not raised in your previously submitted written objection.

If you wish to speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear in *Negrete v. Allianz Life Insurance Company of North America*; *Healey v. Allianz Life Insurance Company of North America*."  Your written "Notice of Intention to Appear" must be signed and dated, and must include the following information:

1. The abbreviated names and case numbers of these two lawsuits, (*Negrete v. Allianz*, Case No. 05 CV 6838 CAS (MANx) and *Healey v. Allianz*, Case No. 05-8908 CAS (MANx);
2. Your name, address, and telephone number;
3. The Settlement Annuity policy number (or numbers) in which you claim an interest;
4. Your attorney's name, address, and telephone number (if applicable).

If you want to present evidence at the Fairness Hearing, your letter must also identify any witness or witnesses you plan to present and you must enclose true and correct copies of any records or documents you plan to present.

Mail your "Notice of Intention to Appear" to the Court, and mail a copy to Class Counsel and Allianz Life's Counsel, at the addresses in response to Question 14 above (pp. 18-19), above.  **TO BE CONSIDERED, YOUR "NOTICE OF INTENTION TO APPEAR" MUST BE POSTMARKED NO LATER THAN [45 DAYS AFTER CLASS SETTLEMENT NOTICE].**

If an attorney intends to appear on your behalf, in addition to the foregoing "Notice of Intention to Appear", your attorney must file and serve on Class Counsel and Allianz Life's Counsel an entry of appearance in the action, by the same deadline.

Neither you nor your attorney may speak at the Fairness Hearing if you and/or your

attorney do not follow these procedures, or if you have excluded yourself from the class.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

If you do nothing, you will be eligible to receive any Settlement benefits to which you are entitled if the Settlement is approved and becomes final.

As described in response to Question 13 above, if the Settlement becomes final, you will also give up the right to start, continue with, maintain or participate in a lawsuit, arbitration, regulatory proceeding, remediation proceeding or other legal proceeding against Allianz Life and certain other parties relating to the facts, transactions, circumstances, and claims that were or could have been asserted in this case.

Regardless of the outcome of Settlement approval, being a Class Member means that the Court's orders, and any outcome in this lawsuit, whether favorable or unfavorable to the Class, will apply to you and legally bind you.

## GETTING MORE INFORMATION

### 21. Are there more details about the Settlement?

Yes. This Notice summarizes the proposed Settlement. More details are contained in an agreement between the Plaintiffs and Allianz Life called the Stipulation of Settlement. The full Stipulation of Settlement is on file with the Clerk of the Court. You can also view and download a copy from the Settlement website, or you can request a copy from the Settlement Administrator, at no cost to you. You may request a copy by mail, toll-free telephone, or e-mail. *See* below.

Here is the Settlement Administrator's contact information for any inquiry concerning the Settlement, or for requesting a copy of or viewing and downloading the Stipulation of Settlement:

### SETTLEMENT ADMINISTRATOR CONTACT INFORMATION

| By Mail | Negrete/Healey v. Allianz Life Class Action<br>[Settlement Administrator Name]<br>[Settlement Administrator Address] |
|---|---|
| By Toll-Free Telephone | 1-800 [toll-free number] |
| By E-Mail | [email address] |
| Website | [url] |

## 22. How do I get more information?

You can write, call toll-free, or e-mail the Settlement Administrator about any questions you may have, using the contact information above. The Settlement Administrator can answer many questions and can provide certain key documents from the Court's file in this lawsuit, upon request, at no cost to you, including the Stipulation of Settlement and the Court's order preliminarily approving the Settlement. The Settlement Administrator's hours of operation are [hours, days, holidays]. After hours, you can leave a message and you will receive a prompt response.

You can also visit the Settlement website, [url], which will provide information about the lawsuit, Settlement, and Settlement approval process, including key deadlines for submissions of forms, requests to exclude and objections, and where certain key documents from the Court's file in this lawsuit will be available for viewing, downloading, and printing.

If the Settlement Administrator cannot answer your inquiry to your satisfaction, it will be forwarded to the lawyers for the Class, who will personally respond to these inquiries in the order they are received, at no cost to you.

You can also view the contents of the entire public file for the lawsuit, and obtain copies (at your own expense) of any documents in the entire public file for the lawsuit, through the Clerk of Court's copy service at ABC Digital Solutions, 312 N. Spring Street, Suite G-8, Los Angeles, CA 90012. The hours of operation are 8:30 a.m. to 4:00 p.m., Monday through Friday.

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

Dated:  [Mailing Date]

QUESTIONS?  Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

# EXHIBIT 3

## CHANGE OF ADDRESS FORM

*STIPULATION OF SETTLEMENT, EXHIBIT 3: CHANGE OF ADDRESS FORM*

## CHANGE OF ADDRESS FORM

### *NEGRETE V. ALLIANZ LIFE* CLASS ACTION SETTLEMENT

**USE THIS FORM TO UPDATE ADDRESS INFORMATION FOR YOUR ANNUITY (OR ANNUITIES), OR IF YOU ARE UNSURE WHETHER ALLIANZ LIFE HAS YOUR CORRECT ADDRESS INFORMATION. YOU SHOULD COMPLETE AND RETURN THIS FORM AS SOON AS POSSIBLE TO ENSURE THAT FUTURE COMMUNICATIONS ARE PROPERLY ADDRESSED.   MAIL THE COMPLETED FORM TO [SETTLEMENT ADMINISTRATOR NAME AND ADDRESS].**

**I. Annuity Contract No(s).:** _____

**II. Person Completing this Form:**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
_____
_____

Relation to Settlement Annuity Owner(s): _____

Daytime Telephone No.    (_____) _____

**III. Annuity Purchaser(s):**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
_____

If the Annuity Purchaser is deceased, check here: ☐

**IV. Current Annuity Owner (If Co-Owner or Owner Other than the Purchaser):**

Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
                                 _____
                                 _____

Daytime Telephone No: _____

**V. Beneficiary (or Beneficiaries) Designated under the Annuity (if known):**

1. Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
                                 _____
                                 _____

2. Name: _____

Social Security Number: _____
(for identity verification purposes only)

Current Mailing Address: _____
                                 _____
                                 _____

Daytime Telephone No: _____

*[Please attach additional pages if necessary]*

_____        _____
Date                              Signature of Person Completing Form

**Please Note:**   For the protection of Allianz Life's policyholders and the Settlement Class

Members, you may be required to provide proof of your identity.  If you are submitting this form on someone else's behalf, please enclose proof of authority to act on that person's behalf.  If any further verification is required, you will be contacted by a representative of the Settlement Administrator, Rust Consulting, or by the attorneys for the Class.

# EXHIBIT 4

## SETTLEMENT RELIEF ELECTION FORM FOR TWO-TIER SETTLEMENT ANNUITIES IN DEFERRAL

*STIPULATION OF SETTLEMENT, EXHIBIT 4: SETTLEMENT RELIEF ELECTION FORM*
*Allianz Life Annuity Policy No.: [_____]*
*Current Owner(s): [LIST CURRENT OWNER(S) HERE]*

## Settlement Relief Election Form
## For Two-Tier Settlement Annuities in Deferral

Allianz Life has agreed to provide one of two different types of settlement relief for each Two-Tier Settlement Annuity which was in a deferred status as of _____, 2014. Two-Tier Settlement Annuities include Settlement Annuities with the following product names in Allianz Life's corporate records: 10% Bonus PowerDex Elite; Accumulator X; Accumulator Classic; Accumulator Bonus Maxxx; Accumulator Bonus Maxxx Elite; Annuitizer; Bonus Dex; Bonus Dex Elite; Cash Bonus Elite; Cash Buffet; Ideal; Ideal Index; Ideal Index 75; Ideal Index 100; InCommanDex; MasterDex 10; Powerhouse; PowerRate 5; PowerRate 5 Elite; and Total Security Annuity.

The purpose of this form is to provide the Current Owner(s) of these Settlement Annuities the opportunity to select which of the two settlement benefits to receive. The two settlement benefits are:

1. **Cash Surrender Value Credit Benefit**

   If Allianz Life receives a surrender form signed by all of the Current Owners of the Settlement Annuity as of [insert Annuity Status Date], which form is postmarked with a date between the Implementation Date and 24 months after the Implementation Date for a full and complete surrender of the Settlement Annuity, Allianz Life will apply a credit to the cash surrender value of the annuity in the amount of nine percent (9%) of the cash surrender value as of the date that Allianz Life processes the surrender request.

2. **Enhanced Penalty-Free Withdrawal Benefit**

   The Settlement Annuity contracts may provide that the Owner(s) of the Settlement Annuity may withdraw from the annuity a certain percentage of the total premium paid for the Settlement Annuity each year without any contractual penalty, subject to stated limits. For this settlement benefit Allianz Life will provide for any five years after the Implementation Date an increase in the contractually permitted

[POLICY NO.]

penalty-free yearly withdrawal amounts (which may also be described as partial surrenders in the Settlement Annuity contracts) of up to 5% of the total premium paid for each Settlement Annuity.   If the Settlement Annuity contract does not provide for any contractual penalty-free withdrawals, or permits such withdrawals subject to an aggregate limit but no annual limit, such Settlement Annuity shall be permitted yearly penalty-free withdrawals of up to 5% of the total premium paid for any five years after the Implementation Date.  The enhanced penalty-free withdrawals need not be taken in consecutive years.

If the Settlement Annuity is a qualified annuity under the U.S. Internal Revenue Code, and the aggregate amount of penalty-free withdrawals and Required Minimum Distributions taken as of the Implementation Date has reached the aggregate contractual limit for penalty free withdrawals, the Enhanced Penalty Free Withdrawal shall not be subject to any offset or reduction based on the amount of any Required Minimum Distribution taken from the Settlement Annuity under the U.S. Internal Revenue Code.

**Check the appropriate box below to make your selection.  You may select only one of the two settlement benefits.**

☐ **Cash Surrender Value Credit Benefit**

**OR**

☐ **Enhanced Penalty-Free Withdrawal Benefit**

If you have questions and wish to speak with someone about these settlement benefits to help you make this choice, you may call counsel for the class toll-free at (8xx) xxx-xxxx.  You will not be charged for this consultation.

**IMPORTANT NOTES:**

**TO MAKE YOUR ELECTION AS TO WHICH SETTLEMENT BENEFIT TO RECEIVE YOU MUST COMPLETE AND RETURN THIS ELECTION FORM TO ALLIANZ LIFE, POSTMARKED NO LATER THAN [INSERT**

[POLICY NO.]

DATE]. UNLESS THE ENHANCED PENALTY-FREE WITHDRAWAL BENEFIT IS TIMELY ELECTED BY ALL OF THE CURRENT OWNERS OF THE SETTLEMENT ANNUITY, THE CASH SURRENDER VALUE CREDIT BENEFIT WILL BE THE ONLY SETTLEMENT BENEFIT PROVIDED BY ALLIANZ LIFE WITH RESPECT TO THIS ANNUITY.

TO RECEIVE THE CASH SURRENDER VALUE CREDIT, THE ENHANCED PENALTY FREE WITHDRAWAL BENEFIT MUST NOT BE ELECTED AND THE SETTLEMENT ANNUITY MUST BE FULLY AND COMPLETELY SURRENDERED PURSUANT TO A SURRENDER FORM REQUEST POSTMARKED BETWEEN THE IMPLEMENTATION DATE AND 24 MONTHS AFTER THE IMPLEMENTATION DATE. SURRENDER REQUESTS RECEIVED PRIOR TO OR AFTER THIS PERIOD WILL NOT RECEIVE AN INCREASE IN THE SURRENDER VALUE.

ALL CURRENT OWNERS OF THE SETTLEMENT ANNUITY MUST SIGN BELOW FOR A SETTLEMENT ELECTION BENEFIT TO BE EFFECTIVE. IF ALL CURRENT OWNERS DO NOT AGREE AND SIGN BELOW THE CASH SURRENDER VALUE CREDIT BENEFIT WILL BE THE SOLE SETTLEMENT BENEFIT AVAILABLE FOR THIS SETTLEMENT ANNUITY.


_____          _____
SIGNATURE OF CURRENT OWNER                DATE


_____          _____
SIGNATURE OF CURRENT OWNER (if applicable)   DATE


_____          _____
SIGNATURE OF CURRENT OWNER (if applicable)   DATE


[POLICY NO.]

# EXHIBIT 5

## REQUEST FOR INDIVIDUALIZED QUOTE FORM

*STIPULATION OF SETTLEMENT, EXHIBIT 5: CONVERSION QUOTE REQUEST*

## REQUEST FOR INDIVIDUALIZED QUOTE

**Policy No.:** _____

**Payee Name:** _____

(the person currently receiving annuity payments)

**YES**, I wish to receive a new annuity payment plan quote for the above annuity, for the annuity payment option or options checked below, comparing the periodic payment amounts and payment schedules for my current option and each new option selected with the 3.5% basis increase. I understand that by returning this form, I am not committed to modify my annuity payment option, but will be able to accept or reject the new annuity payment plan after I review the confirming quote.

If you accept a new quote, Allianz Life will treat your acceptance for tax purposes as a termination of your existing annuitization agreement and the election of a new annuitization agreement with termination the proceeds, and may issue an IRS form 1099R. Full termination of annuity contracts may be treated as taxable income to the extent the amount received exceeds the "investment in the contract." Distributions from certain annuities may also be considered "investment income" for purposes of the newly elected Medicare tax on investment income."

The quotes will be based on contract values as of the date the quote is run. Such contract values may differ from the contract values as of the date of the request or as of the date a request for a new annuity payment option is implemented.

Please note that quotes may not be available until after the Implementation Date, which could mean a delay between your request and the quote.

You should consult with your tax adviser before requesting or accepting a new annuitization quote.

Please provide a quote for the following modified annuity payment option(s). Each of these options qualifies for settlement benefits under the *Negrete v. Allianz* class action settlement.

Q    **Installments for Life with a Guaranteed Period** – Allianz Life will pay equal installments as long as the Annuitant is living.  If the Annuitant dies before the guaranteed period has expired, annuity payments will continue until the end of the selected guaranteed period.

Guaranteed period:       ☐ 10 years   ☐ 15 years   ☐ 20 years
(Select one or more)

**TO BE CONSIDERED, THIS FORM MUST BE SIGNED AND DATED BELOW, BY THE PERSON CURRENTLY RECEIVING ANNUITY PAYMENTS, AND RETURNED TO ALLIANZ LIFE BY MAIL, POSTMARKED NO LATER THAN [30 DAYS AFTER THE FINAL SETTLEMENT DATE, WHICH WILL BE POSTED ON THE ADMINISTRATOR'S WEBSITE, [INSERT URL].**  After [postmark deadline], you will no longer be eligible for modification of your annuity payment option.

Date: _____    Signed:_____

# EXHIBIT 6

## CLAIMS REVIEW PROCESS CLAIM FORM

*STIPULATION OF SETTLEMENT, EXHIBIT 6: CLAIM REVIEW PROCESS CLAIM FORM*

# SETTLEMENT RELIEF CLAIM FORM
# FOR FULLY SURRENDERED ANNUITIES

[Recipient's Name]
[Address]
[City, St, Zip]

**If the address above is incorrect, please complete the Change of Address Form accompanying the Settlement Package:**

Annuity Policy Number: [Policy No. _____]
Current Owners:  [List the Names of all Current Owners]
Death Benefit Beneficiary:  [List Name of Death Benefit Beneficiary]

## I.    SHOULD I COMPLETE THIS FORM?

### a.  Owners

Annuity owners, you are eligible to complete this Claim Form only if *all* of the following apply to you:

1. You were the owner or one of the owners of a Settlement Annuity identified in the Class Settlement Notice; *and*
2. While an owner, you fully surrendered the Settlement Annuity to Allianz Life; *and*
3. None of the surrender proceeds paid by Allianz Life with respect to the Settlement Annuity were paid to another insurance company or otherwise used, in whole or in part, to purchase another annuity; *and*
4. You believe that you are entitled to settlement relief due to a misrepresentation, suitability or financial need issue as described in this Claim Form.

### b.  Designated Beneficiaries

Designated Beneficiaries, you are eligible to complete this form only if all of the following apply to you:

1. You were the designated beneficiary of a Settlement Annuity identified in the Class Settlement Notice;
2. The Settlement Annuity was terminated by the death of the owner and you elected a death benefit prior to [ANNUITY STATUS DATE]
3. You elected a death benefit payable over less than 5 years (including receipt as a single lump sum); *and*

1

4.    You believe that you are entitled to settlement relief due to a misrepresentation or suitability issue as described in this Claim Form. (Beneficiaries are not eligible to seek relief under the financial need category)

**II.    GENERAL INSTRUCTIONS**

1. <u>SEPARATE CLAIM FORMS NEEDED:</u>  A separate Claim Form is required for each surrendered Settlement Annuity for which settlement relief is sought. If you do not seek settlement relief for a surrendered annuity as to which you were an owner, you do not need to submit a Claim Form for that annuity.

2. <u>ALL OWNERS MUST SIGN:</u>  All persons who were owners of an annuity when it was surrendered must sign any Claim Form for that annuity. The Claim Form will not be considered for settlement relief unless all such listed owners sign the Form.

3. <u>AWARD PAYMENTS WHERE A SETTLEMENT ANNUITY HAS MULTIPLE CURRENT OWNERS/CLAIMANTS:</u>  If there are multiple Current Owners/Claimants with respect to a single Settlement Annuity, Allianz Life shall have the sole discretion to determine how the amount of any Claim Process Settlement Relief award amount is to be paid to each of the Current Owners/Claimants, based on the ownership and other information in its records, the terms of the applicable Settlement Annuity contract and its normal business practices.

4. <u>PERSONAL KNOWLEDGE REQUIRED:</u>  All Claim Forms must be supported by statements of one or more persons who have personal knowledge of the facts stated as a basis for an award of settlement relief. If the persons signing the Claim Form as the owners of the annuity do not have such personal knowledge, a separate statement must be submitted in support of the Claim Form from someone who has personal knowledge of the pertinent facts. *The information you provide in connection with your Claim Form will not be disclosed to persons other than the Settlement Administrator, Allianz Life agents and representatives, and, to the extent necessary for Allianz Life to evaluate and respond to a claim, the sales representative(s) who sold you your Settlement Annuity.*

5. <u>SUPPORTING DOCUMENTATION:</u>  A claim is more likely to be approved the greater the level of detail concerning the asserted misrepresentation(s) (such as including the location or dates of any meetings or communications), the role, if any, of the Allianz product consumer brochure or Statement of Understanding in the purchase decision process, and submission of copies of any documents reflecting the misrepresentation(s) or notes made by the Allianz Life agent or recipients of the misrepresentation(s). If a Claim Form is based, in whole or in part, upon alleged written misrepresentations, the failure to submit a copy of the alleged written misrepresentations will make it less likely that the Settlement Administrator will approve your claim for settlement relief.

2

Please make sure you send copies of documents—not originals. Any documents you attach will NOT be returned to you.

6. <u>SUBMISSIONS SWORN UNDER PENALTY OF PERJURY:</u> All Claim Forms, and any supporting factual statements from other persons, must be signed and attested to under penalty of perjury. It may be a criminal violation of state laws to submit a knowingly false statement, so make certain that all of the statements are accurate.

7. <u>DEADLINE FOR SUBMISSION:</u> To participate in the Claims Review Process, this Claim Form must be properly completed, signed and returned with any supporting information to the following address by U.S. mail bearing a postmark of not later than 30 days after the Final Settlement Date, which will be posted on the Settlement Administrator's website: [PROVIDE URL].

Negrete/Healey Class Action Settlement Administrator
[INSERT ADDRESS]

8. <u>TYPES OF CLAIMS WHICH MAY RESULT IN A PAYMENT:</u> If you are eligible to participate in the claims process with respect to a Settlement Annuity under Section I above, you may seek settlement relief in the Claim Process with respect to one or more of the following Claim Categories: (1) a claim that a misrepresentation(s) was made during the process of the sale of the surrendered Settlement Annuity, which misrepresentation was important in the decision to purchase, and which misled the purchaser into purchasing the Settlement Annuity ("Misrepresentation Claim"); (2) a claim that the surrendered Settlement Annuity was not suitable for the purchaser of the surrendered Settlement Annuity at the time of the application for the annuity ("Suitability Claim"); or (3) a claim that the surrender of the Settlement Annuity was necessitated by a pressing financial need for funds for the payment of medical expenses, payment for nursing home or in home medical care, the retention of the principal place of residence of the Current Owner of the surrendered Settlement Annuity or the payment of the Current Owner's necessary living expenses ("Financial Need Claim").

*An eligible Beneficiary may seek claims relief only for a Misrepresentation Claim or a Suitability Claim.*

You must identify the Claim Category(ies) for which you are seeking settlement relief in Section IV of this Claim Form, and then answer the questions in Section V of this Claim Form for each Claim Category in which you seek relief. Although you may seek settlement relief in more than one Claim Category, you may receive settlement relief in only one Claim Category. If you establish an entitlement to settlement relief in more than one Claim Category you will receive a settlement relief payment from the Claim Category that will provide you the largest payment under the terms of the settlement.

3

9. <u>COMPLETION OF THE CLAIM PROCESS</u>: You will be notified after a decision has been made with respect to your Claim and the Claim Process is completed.

10. <u>POTENTIAL TAX AND MEDICARE/MEDICAID CONSEQUENCES</u>: Accepting settlement relief in the Claim Process may have tax consequences, or may affect your ability to recover benefits under Medicare or Medicaid. Consult your personal financial and/or tax advisors concerning such consequences before submitting a claim or accepting a claim award.

11. <u>FREE LOOK CANCELLATIONS AND SETTLEMENTS</u>: If you canceled your annuity by returning it to Allianz Life within the free-look period applicable in the state in which it was purchased, you are not a Settlement Class Member with respect to that annuity. If your annuity was rescinded or otherwise canceled pursuant to a settlement with Allianz Life, you may participate but Allianz Life will have the right under this Agreement to set off the value of that prior settlement against any award you would otherwise be entitled to receive under the Claims Review Process. If you had a dispute with Allianz Life concerning your annuity and signed a written release in favor of Allianz Life resolving that dispute, depending on the scope of the release, you may not be able to participate in the Claim Process with respect to that annuity.

## III.    SELECTION OF CLAIM AND IDENTIFICATION OF POLICY

Check the appropriate box(s) to indicate the Claim Categories for which you seek settlement relief, and complete only the questions concerning the Claim Category(ies) selected.

Misrepresentation Claim (complete Part 2)
Suitability Claim (complete Part 3)
Financial Need Claim (complete Part 4)

## IV.    QUESTIONS YOU MUST ANSWER REGARDING YOUR CLAIM

### 1.   <u>Questions with Respect to Any Claim Category</u>

(a) State whether you have direct, personal knowledge of the facts concerning the claim, *i.e.*, facts concerning the misrepresentation, lack of suitability or financial need.

Yes

No

(b) State whether any of the surrender proceeds paid by Allianz Life with respect to the annuity were paid, in whole or in part, to another insurance company to purchase another annuity.

     Yes

     No

(c) If at any time you or anyone else to your knowledge received any payment, relief or benefit payment from Allianz Life as a result of a complaint or problem with the annuity, describe the complaint or problem, how the complaint or problem was brought to the attention of Allianz Life, and the amount of the payment, relief or benefit payment that was received..

_____

_____

_____

_____

_____

_____

_____

_____[add additional pages if necessary]

## 2. Misrepresentation Category Claim (Answer these questions only if you are seeking relief in this Category).

Do you believe that a misrepresentation was made to you (or the annuity purchaser, if you did not purchase the annuity) during the sales process for the surrendered Settlement Annuity?

     Yes

     No

If you answered Yes, you MUST provide the below requested information.  Please know that the greater the level of detail concerning the asserted misrepresentation, such as the location or dates of any meetings or communications, the individual who made (or document containing) the misrepresentation, the more likely the claim will be approved

for Settlement Relief. Copies of any documents reflecting the misrepresentations or notes made by the Allianz Life agent or recipients of the misrepresentation also make it more likely the claim will be approved. If the alleged misrepresentation was written, a copy of the alleged misrepresentation should be submitted with the claim.

(a) Describe the alleged misrepresentation, including who made the misrepresentation, whether it was oral or in writing, and where and when the alleged misrepresentation was made. There is room to continue your answer on the last page if you wish, or you may attach a written response separately.

_____

_____

_____

_____

_____

_____

_____[add additional pages if necessary]

(b) State how the alleged misrepresentation was important to you (or the Settlement Annuity purchaser, if you did not purchase the annuity) in deciding to purchase the annuity. There is room to continue your answer on the last page if you wish, or you may attach a written response separately.

_____

_____

_____

_____

_____

_____

_____[add additional pages if necessary]

(c) Describe how you (or the Settlement Annuity purchaser, if you did not purchase the annuity) were misled by the alleged misrepresentation. There is room to continue

6

your answer on the last page if you wish, or you may attach a written response separately.

_____

_____

_____

_____

_____

_____

_____[add additional pages if necessary]

### 3.   <u>Suitability Category Claim</u>

Do you believe that the surrendered Settlement Annuity was not suitable for you (or for the annuity purchaser, if you did not purchase the annuity) when it was purchased?

Yes

No

If you answered Yes, you MUST provide the following information for the annuity purchaser's household as of the date the Settlement Annuity was purchased:

**(a) Annual Gross Income**

Please state the annual gross income of the annuity purchaser's household, including income from all sources at the time of purchase: salary, wages, dividends, interest, capital gains, investment income, rental income, annuity income, pension or retirement plan payments, annuities, and social security.

_____

_____

**(b) Monthly Disposable Income**

Please state the monthly Disposable Income of the annuity purchaser's household at the time of purchase.  Monthly Disposable Income is calculated by taking your Annual Gross Income reported in the prior section minus (i) taxes, and (ii)

amounts expended annually for essential living expenses and dividing by 12. Essential Living expenses include medical expenses, payment for nursing home or in home medical care, retention of principal place of residence and necessary living expenses (food, housing, housing repairs or upkeep necessary for the dwelling to be safe, habitable or maintained in good condition and/or transportation necessary for medical care or employment).

_____

_____

### (c) Monthly Expenses

Please state the monthly essential living expenses of the annuity purchaser's household at the time of purchase.  Essential living expenses are defined as food, housing, housing repairs or upkeep necessary for the dwelling to be safe and habitable and/or transportation necessary for medical care or employment.

_____

_____

### (d) Liquid Assets

State the liquid assets of the annuity purchaser's household at the time of purchase.  Liquid assets include all property that is easily converted to cash, including, but not limited to, checking and savings accounts, bonds, stocks, and money market funds.

_____

_____

### (e) Net Worth

State the net worth of the annuity purchaser's household at the time of purchase, including the value of all household money, stocks, bonds, investments, annuities, certificates of deposit, real or personal property, or other assets of any kind or nature, minus any debts or liabilities.

_____

_____

**4.  Financial Need Category Claim  (Beneficiaries are not eligible to submit claims in this category)**

Do you believe that the surrender of your Settlement Annuity was necessitated by your pressing financial need for funds for the payment of medical expenses, payment for nursing home or in home medical care, the retention of your principal place of residence or the payment of necessary living expenses?

Yes

No

If you answered Yes, You MUST provide the following information as of the time of the surrender of the annuity for each applicable category.  If you have written documentation to support your statements, such as a copy of a hospital bill, please include it with your submission of the Claim Form.

**(a) Medical Expenses**

Explain and describe, and identify the dollar amount of, any of your medical expenses other than normal expenses that necessitated the surrender of the Settlement Annuity:

_____

_____

_____

_____

_____[add additional pages if necessary]

**(b) Nursing Home or Health Care Expenses**

Explain and describe, and identify the dollar amount of, any of your necessary nursing home or health care expenses that necessitated the surrender of the Settlement Annuity:

9

_____

_____

_____

_____

_____ [add additional pages if necessary]

### (c) Principal Residence Expenses

Explain and describe, and identify the dollar amount of, any expenses needed to retain your principal residence, other than normal mortgage expenses, that necessitated the surrender of the Settlement Annuity:

_____

_____

_____

_____

_____ [add additional pages if necessary]

### (d) Essential Living Expenses

Explain and describe, and identify the dollar amount of, any essential living expenses which you could not reasonably pay that necessitated the surrender of the Settlement Annuity. Essential living expenses are defined as food, housing, housing repairs or upkeep necessary for the dwelling to be safe and habitable and/or transportation necessary for medical care or employment.

_____

_____

_____

_____

_____ [add additional pages if necessary]

10

**(e) Annual Gross Income**

State your annual household gross income at the time you surrendered the Settlement Annuity, including income from all sources: salary, wages, dividends, interest, capital gains, investment income, rental income, annuity income, pension or retirement plan payments, annuities, and social security.

_____

_____

**(f) Net Worth**

State the net worth of your household at the time you surrendered the Settlement Annuity. Net worth includes the value of all of money, stocks, bonds, investments, annuities, Certificates of Deposit, real or personal property, or other assets of any kind or nature, minus any debts or liabilities.

_____

_____

**(g) Liquid Assets**

State the liquid assets of your household at the time you surrendered the Settlement Annuity, which includes all property that is easily converted to cash, including, but not limited to, checking and savings accounts, bonds, stocks, mutual funds, and money market funds.

_____

_____

**(h) Explanation of necessity**

Describe why the expenses you identified above could not have been paid without surrendering the Settlement Annuity.

11

_____

_____

_____

_____

_____ [add additional pages if necessary]

**(i) Reason for surrender**

Provide a description of why the Settlement Annuity was surrendered.

_____

_____

_____

_____

_____ [add additional pages if necessary]

## V.   **REQUIRED SIGNATURES**

### a.  **Signatures of Surrendering Owners**

If this document is being submitted as a Claim Form, all of the Owners listed on the first page of this Claim Form must sign and date the statement below.

**I declare under penalty of perjury under the applicable laws that the foregoing is true and correct.**

_____

Name of Owner (please print)

_____

Signature of Owner

Date: _____


_____
Name of Co-Owner (if applicable) (please print)


_____
Signature of Co-Owner  (if applicable)

Date:_____


_____
Name of Co-Owner (if applicable) (please print)


_____
Signature of Co-Owner (if applicable)

Date:_____


_____
Name of Co-Owner (if applicable) (please print)


_____
Signature of Co-Owner (if applicable)

Date:_____

      **b.** **Signatures of Designated Beneficiaries (if form is being submitted by Designated Beneficiary)**

If a Designated Beneficiary is submitting this Claim Form, the Designated Beneficiary must sign and date the statement below.

**I declare under penalty of perjury under the applicable laws that the foregoing is true and correct.**

_____

Name of Designated Beneficiary (please print)

_____

Signature of Designated Beneficiary

<u>Date:</u>_____

### c.  <u>Other Signatures</u>

*If the person completing this form is not the Surrendering Owner or the Designated Beneficiary, please identify your Name and Relationship to Surrendering Owner or Designated Beneficiary on whose behalf you are submitting the Claim, and submit proof of legal authority to act in such capacity:*

<u>Name:</u> _____

<u>Signature:</u> _____

<u>Date:</u> _____

Signature if a supporting statement

If this document is being submitted by someone other than a surrendering Owner, in support of a Claim Form, that person must sign and date the statement below.

**I declare under penalty of perjury under the applicable laws that the foregoing is true and correct.**

_____
Signature of Person Providing Information Other Than Current Owner

Date:_____

Relationship of the Person Providing Information to the Current Owner:

_____

Printed Name and Address of Person Providing Information Other Than Current Owner

_____

_____

_____

15

CONTINUATION PAGE

(Please continue any responses to the questions in this Claim Form below)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# EXHIBIT 7

## SPECIAL NOTICE REGARDING RIGHT TO REMAIN A CLASS MEMBER OR REQUEST EXCLUSION FROM CLASS

*STIPULATION OF SETTLEMENT, EXHIBIT 7: SPECIAL OPT OUT NOTICE*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, an individual, on Behalf of All Other Similarly Situated Persons, | ) ) ) ) ) |
| | No. CV-05-6838-CAS(MANx) |
| | CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation, | ) ) ) |
| Defendant. | ) ) ) ) ) |

| | |
|---|---|
| CAROLYN Y. HEALEY, on Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| | No. CV-05-8908-CAS(MANx) |
| | CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation, | ) ) ) |
| Defendant. | ) ) ) |

## SPECIAL NOTICE OF RIGHT TO REMAIN A SETTLEMENT CLASS MEMBER OR REQUEST EXCLUSION FROM CLASS ACTION

**This is an important legal notice mailed to you by order of the United States District Court for the Central District of California. This is not a solicitation.**

You have been identified as a potential member of the settlement class in the lawsuits *Negrete, et al. v. Allianz Life Insurance Company of North America* and

*Healey, et al. v. Allianz Life Insurance Company of North America.* The class definition, *subject to certain exclusions* described in the enclosed Notice Of Proposed Class Action Settlement And Fairness Hearing ("the Settlement Notice"), is:

(a) all persons who, while age 65 or older and between September 19, 2001 and November 21, 2006, purchased one or more of the annuities listed below (the "Settlement Annuities") from Allianz Life either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy and (b) all persons to whom an ownership interest in such Settlement Annuities was subsequently assigned or transferred or who otherwise held any interest as an Owner and (c) beneficiaries of Settlement Annuities terminated by death on or before the Annuity Status Date. The Settlement Annuities include the following fixed deferred annuity products: 5% Bonus PowerDex Elite, 10% Bonus PowerDex Elite, Accumulator Bonus Maxxx, Accumulator Bonus Maxxx Elite, Accumulator Classic, Accumulator X, Annuitizer, BonusDex, BonusDex Elite, Cash Bonus Elite, Cash Buffet, Dominator 5-10, FlexDex Bonus, FlexDex Multi-Choice, FlexDex Multi-Choice Elite, Ideal, Ideal Index, Ideal Index 75, Ideal Index 100, InCommanDex, MasterDex, MasterDex 5, MasterDex 10, Power 7, Power 7 Elite, PowerDex, PowerDex Elite, Powerhouse, PowerRate 5, PowerRate 5 Elite, PremierDex, PremierDex 5, SelectDex Multi-Choice, and Total Security Annuity.

If you fall within this definition, your legal rights may be affected by this class action lawsuit. Enclosed please find a detailed notice describing this lawsuit, a proposed settlement of the lawsuit, and the class members' rights.

Because your annuity purchase was not identified as having been subject to the Court's certification Order until after the date on which the prior Class Notice about this lawsuit was mailed to the class members, you have a special right to decide now whether to remain a class member or to request exclusion from the class. This special right to request exclusion applies only with respect to annuities whose owners were not mailed the prior Class Notice from the Court in this case.

## PLEASE READ THIS ENTIRE SPECIAL NOTICE AND THE ENCLOSED NOTICE REGARDING THE PROPOSED SETTLEMENT CAREFULLY.

### YOUR LEGAL RIGHTS MAY BE AFFECTED.

2

Case No.:  05 CV 0633 JLS (CAB)

## <u>Your Right to Remain a Settlement Class Member or Request Exclusion from Class Action</u>

In addition to your rights described in the enclosed notice regarding the proposed settlement, you have a special right to decide at this time whether you want to remain a class member or to request exclusion from this class action. The consequences of and procedures for making this decision are described below.

**Your Right to Remain a Class Member:**
If you wish to remain a class member and to remain eligible to receive benefits under the proposed settlement, you do not need to respond to this Special Notice, but you should review the enclosed Settlement Notice, which describes the benefits of the Settlement and how you can obtain more information, and identifies the additional forms accompanying the Settlement Notice that you may need to complete to obtain relief depending on the status and type of your Settlement Annuity.

As stated in the Settlement Notice, if you decide to remain in the class, you will not have any personal obligation to pay legal fees or costs of the lawsuit. However, you will be bound by any judgment, decision, or final disposition rendered in this lawsuit, pursuant to the proposed settlement or otherwise, whether it is favorable or unfavorable to plaintiffs and the class, and you will give up the right to start, continue with, maintain or participate in a lawsuit, arbitration, regulatory proceeding, remediation proceeding or other legal proceeding against Allianz Life and certain other parties relating to the facts, transactions, circumstances, and claims that were or could have been asserted in this case. This includes among other claims, any claim relating to the disclosure of surrender charges, statements in the Allianz Life brochures and Statements of Understanding, and any claim for benefits in excess of those guaranteed in your Settlement Annuity contracts. Unless you have properly excluded yourself from this Action, the release will also preclude claims currently pending against Allianz Life with respect to the Settlement Annuities, including any claims being pursued with respect to your annuities by the putative class plaintiffs in the action *Jones v. Allianz Life Insurance Company of North America*, Civil Action No. 4 07 CV00000145 SWW, in the U.S. District Court for the Eastern District of Arkansas.

The exact description of what you will give up and what you will not give up under the settlement is known as the "release". The full text of the release can be found in the "Stipulation of Settlement", in Section IX. You can view and download a

3

copy from the settlement website, or you can request a copy from the Settlement Administrator, at no cost to you.  You may request a copy by mail, toll-free telephone, or e-mail. Please see the Settlement Notice, "Getting More Information", pp. 24-25.

Some class members may have individual damage claims that are not being pursued in this lawsuit, including damages for emotional distress, pain and suffering, loss of investment opportunity, or other consequential damages unique to each individual.  If you wish to pursue damages or claims such as these that are not being pursued in this lawsuit, you can exclude yourself from the class by following the directions below.

**Your Right to Request Exclusion from the Class:**
If you do not wish to remain a class member, you may request that the Court exclude you from the class.  Persons who exclude themselves from the class will not be entitled to share in any money or other benefits under any settlement or judgment favorable to the class and will not be bound by any judgment.  If you do not exclude yourself from the class by the deadline below, you will be bound by any result reached in the class action, pursuant to the proposed settlement or otherwise, whether favorable or unfavorable to plaintiffs and the class.

A request for exclusion must be made in writing and mailed to the Administrator at:

[insert address]

The Administrator will file all requests for exclusion with the Court.  The request for exclusion **MUST** include your name and address, and expressly state you request to be excluded from the class.  **A request for exclusion must be postmarked on or before [insert date 45 days after mailing date], 2014.**

### FOR FURTHER INFORMATION

Make sure you read this notice, and the enclosed notice regarding the proposed settlement, carefully and in their entirety, because your important legal rights may be affected.  If you have any questions about this notice, the enclosed notice regarding the proposed settlement, or this class action lawsuit, you may contact the Administrator by toll-free telephone at 1-800-xxx-xxxx, by email at [insert e-mail address], or by mail at [insert address].  You can also view or download a copy of

the proposed settlement, and other key documents from the case, on the settlement website, [insert URL].

You can view the contents of the entire public file for the lawsuit, and obtain copies (at your own expense) of any publicly available documents filed in the lawsuit, through the Clerk of Court's copy service at ABC Digital Solutions, 312 N. Spring Street, Suite G-8, Los Angeles, CA 90012.  The hours of operation are 8:30 a.m. to 4:00 p.m., Monday through Friday.  PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

Dated: [Mailing Date], 2014          Honorable Christina A. Snyder
                                     United States District Judge

Case No.:  05 CV 0633 JLS (CAB)

# EXHIBIT 8

## PROPOSED PRELIMINARY APPROVAL ORDER

1

2

3

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

15

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, on behalf of themselves and all others, similarly situated,<br><br>            Plaintiffs,<br><br>  v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC.,<br><br>            Defendant. | CASE NO. 05-CV-6838-CAS (MANx)<br><br>[CLASS ACTION]<br><br><br>**ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) DIRECTING DISTRIBUTION OF THE CLASS ACTION SETTLEMENT NOTICE, (3) SETTING A FINAL APPROVAL HEARING, AND (4) PRELIMINARILY ENJOINING PARALLEL PROCEEDINGS** |

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| CAROLYN Y. HEALEY, on behalf of themselves and all others, similarly situated,<br><br>            Plaintiffs,<br><br>  v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC.,<br><br>            Defendant. | CASE NO. 05-CV-8908-CAS (MANx)<br><br>[CLASS ACTION] |

32283610.11

This matter came before the Court on the motion for the preliminary approval of a proposed settlement ("the Motion"), the terms of which are set forth in Stipulation of Settlement, including the exhibits thereto (the "Settlement Agreement"), which was filed with the Motion.   The Court has reviewed and considered the proposed settlement, the *Motion for Preliminary Approval of Proposed Class Action Settlement and Related Orders*, filed by Plaintiffs, the separate request by Defendant Allianz Life Insurance Company of North America ("Allianz Life") for entry of this *Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings* (hereafter, "Preliminary Approval Order"), the points and authorities and supporting declarations and exhibits submitted by Plaintiffs in support of preliminary settlement approval, and the record in this action.   The Court has also heard and considered the oral arguments of Plaintiffs and Allianz Life at the hearing on preliminary settlement approval.

The Settlement Agreement, a true and correct copy of which is attached as Exhibit 1 to the Joint Declaration of Andrew S. Friedman and Theodore Pintar in support of preliminary approval of the proposed settlement, is incorporated by reference and hereby made a part of this Preliminary Approval Order.   The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

The Court hereby finds and concludes as follows:

**1.   The Action and Underlying Allegations**

(a)   The Action consists of two coordinated cases.   On February 17, 2005, Plaintiff Everett E. Ow commenced an action against Allianz Life in the Superior Court of the State of California for the County of San Diego.   On September 19,

2

32283610.11

1    2005, Vida F. Negrete, as conservator for Everett E. Ow, re-filed the action in this

2    Court on behalf of a nationwide class of seniors who had purchased one or more

3    Allianz Life deferred annuities. The action alleged violations of civil RICO (18

4    U.S.C. §§1961-1968), California's Elder Abuse Act, Unfair Competition Law, False

5    Advertising Law, breach of fiduciary duty, aiding and abetting breach of fiduciary

6    duty, and unjust enrichment. Allianz Life denied the allegations and asserted

7    various affirmative defenses.

8        (b) On December 22, 2005, Plaintiff Carolyn Healey filed suit against

9    Allianz Life, alleging similar claims for relief. Along with the complaint, Plaintiff

10   Healey filed a notice identifying the *Negrete* action as a related case. Plaintiff

11   Healey amended her complaint on February 21, 2006. The *Negrete* and *Healey*

12   actions were subsequently coordinated for purposes of pre-trial discovery and

13   motion practice. Allianz Life denied the allegations and asserted various affirmative

14   defenses.

15        (c) On March 2, 2006, Plaintiffs moved for the appointment of Bonnett,

16   Fairbourn, Friedman & Balint, P.C. and Lerach, Coughlin, Stoia, Geller, Rudman &

17   Robbins, LLP (now known as Robbins Geller Rudman & Dowd LLP), as Interim

18   Co-Lead Counsel, which the Court granted on April 10, 2006. The order authorized

19   the two firms to act on behalf of Plaintiffs and the proposed nationwide class.

20        (d) On May 30, 2006, Plaintiffs filed their motion for class certification.

21   On November 21, 2006, after the Parties had submitted briefing and oral argument

22   on the motion, the Court entered an order granting in part and denying in part

23   Plaintiffs' motion. The Court certified a nationwide RICO class of persons who,

24   while age 65 or older, purchased one or more Allianz Life deferred annuities, and a

25   California statewide class of persons who, while age 65 or older, purchased one or

26   more Allianz Life deferred annuities based upon Plaintiffs' claims under the Unfair

27   Competition Law, False Advertising Law and Elder Abuse Act.

28

32283610.11

(e)     The Parties vigorously litigated issues relating to Plaintiffs' claims over the next seven years in district and appellate courts, including this Court, the District of Minnesota, and the Courts of Appeals for the Eighth and Ninth Circuits.   The Parties litigated, among other things, a motion to enjoin other proceedings involving overlapping annuity transactions, multiple motions for summary judgment, a motion for judgment on the pleadings, two motions for decertification, two interlocutory appeals, motions *in limine* and *Daubert* motions.   A settlement was reached by the Parties less than four weeks before trial was set to begin and only after extensive and protracted settlement negotiations.

(f)     To reach this Settlement, the Parties engaged in numerous, arm's-length settlement meetings, including several mediation sessions with Robert J. Kaplan of Judicate West Mediation Services, beginning in August 2013 and concluding in February 2014.

## 2.     The Background of the Settlement

### (a)     Plaintiffs' Position

(i)     Plaintiffs assert in this Action that Allianz Life's Settlement Annuities are deceptively designed, high cost, illiquid and opaque investment products.   Plaintiffs further assert that Allianz Life misrepresented and otherwise failed to disclose to consumers material facts concerning the costs and benefits associated with its Settlement Annuities, including sales commissions and other expenses, profits, spreads between Allianz Life's investment returns and policy owner benefits, the bonus features of certain of its Settlement Annuities, the "Expense Recovery Adjustment" applied by Allianz Life upon Annuitization, the surrender penalties, surrender loads,  and withdrawal provisions of the Settlement Annuities, the fixed maturity dates of the Settlement Annuities, the interest credited to the Settlement Annuities, and other material facts, which plaintiffs contend adversely impact the post-sale  benefits declared and to be declared or provided with respect to the Settlement Annuities, including the continuing crediting of interest

4

32283610.11

through rates and index caps and the determination of annuitization benefits and death benefits, which impact Plaintiffs contend can be expressed monetarily as a purchase-date damage.  Plaintiffs also allege that Allianz Life, and its agents, sales representatives and marketing organizations engaged in various other inappropriate sales tactics, including senior seminar selling and failing to adequately train or supervise individuals and entities involved in marketing or selling its annuities.

(ii)    In the course of the Action, Class Counsel have reviewed over 2 million pages of documents, analyzed extensive data, and taken the depositions of numerous Allianz Life officers, employees, independent agents, other third parties and experts.  In addition, Plaintiffs have retained and consulted with a variety of experts concerning the merits of Plaintiffs' claims and the defenses raised by Allianz Life.

(iii)    Based upon the discovery, investigation and evaluation of the facts and the law, and notwithstanding their firm belief in the merits of their claims, Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as: (1) the benefits to Plaintiffs and the Class provided by this Settlement Agreement; (2) the risks and uncertainty of trial, especially in complex actions such as this, as well as the difficulties and delays inherent in any appeals which would likely follow the trial; and (3) the desirability of consummating this Settlement Agreement in order to provide relief to Plaintiffs and the Class, many of whom are elderly and in need of a prompt resolution.

**(b)    Defendant's Position**

(i)    Allianz Life expressly denies any and all wrongdoing alleged in the Action, including all versions of the Complaints and all other contentions and allegations made, recognized, explicitly or implicitly, or pursued during the course of the litigation, and does not admit or concede any claimed, actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.

32283610.11

(ii)     Allianz Life furthermore contends that the claims in the Action are barred, in whole or in substantial part, by the Final Judgment in favor of Allianz Life in *Mooney v. Allianz Life Insurance Company of North America*, Case No. 06-cv-00545 in the United States District Court for the District of Minnesota, and by the Final Judgments in *Iorio v. Allianz Life Insurance Company of North America*, Case No. 05-cv-0633 in the United States District Court for the Southern District of California, and in *Castello v. Allianz Life Insurance Company of North America*, Case No. MC 03-020405 in the Fourth Judicial District, County of Hennepin, State of Minnesota, by the doctrines of res judicata, collateral estoppel and merger and bar.

(iii)     Allianz Life contends that Plaintiffs' claims are not cognizable and are otherwise improper as a matter of law, and that Plaintiffs would suffer failures of proof at trial that would be fatal to their claims.

(iv)     Allianz Life contends that the language in its disclosures to seniors was submitted to and agreed to by the California Insurance Department, and that such language complies with all requirements of California law.

(v)     Allianz Life contends that its sales materials were not misleading and that it completely fulfilled its obligations to all Settlement Class Members before and after the sale of the products, including by providing benefits and value equal to or in excess of that promised.  Allianz Life disputes any contention that persons in the Class purchased annuities without the appropriate and required disclosures of deferral periods, withdrawal provision or other product features, including but not limited to surrender charges, or that any Settlement Annuities sold to Settlement Class Members were unsuitable or less valuable than represented.

(vi)     Allianz Life contends that Settlement Class Members have not suffered any damage or loss as a result of the conduct alleged in the Action.

(vii)     Allianz Life contends that this case is not proper to be certified as a contested class action for litigation purposes insofar as manageability,

6

predominance and considerations of procedural due process would not permit compliance with the provisions and requirements of Federal Rule of Civil Procedure 23. However, Allianz Life does believe, in light of *Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231 (1997), that such considerations do not apply to certification of settlement classes, and that acceptable procedural safeguards have been incorporated into this Agreement.

(viii) Notwithstanding the forgoing, Allianz Life considers it desirable for the Action to be settled and dismissed, because the Settlement will: (i) provide substantial benefits to Allianz Life's policyholders; (ii) confer benefits on Allianz Life, including the avoidance of further expense and disruption of the management and operation of Allianz Life's business due to the pendency and defense of the Action; (iii) finally put to rest Plaintiffs' and the Class claims and the underlying matters; and (iv) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the Action.

**Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:**

**1.** **Preliminary Approval of Proposed Class Settlement.** Plaintiffs' motion for preliminary approval of the settlement is GRANTED, and the Court hereby preliminarily approves the Settlement Agreement. The proposed settlement, as set forth in the Settlement Agreement, should be and is preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Court specifically finds that:

(a) There is no evidence of collusion. The proposed settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation. The Action was extensively and vigorously litigated, up to the commencement of trial (as further described below), prior to any settlement. Plaintiffs and Allianz Life engaged in intensive arms-length negotiations, over the course of multiple mediation sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate

7

1  West, with extensive experience in mediating complex class action consumer and

2  insurance cases.     Extensive negotiations thereafter resulted in the proposed

3  settlement reflected by the Settlement Agreement.

4       (b)   The proposed settlement, as set forth in the Settlement Agreement, is

5  sufficient to warrant dissemination of notice thereof to the Settlement Class

6  Members and to conduct a fairness hearing thereon.   The proposed settlement

7  provides for substantial cash payments and/or other monetary benefits to Class

8  Members, does not include any coupon or *cy pres* relief, and provides settlement

9  relief which is tailored to the different needs and interests of Settlement Class

10  Members whose annuities are in different status conditions.     Settlement Class

11  Members, in most instances, have choices as to what settlement relief to accept,

12  which provides the Settlement Class Members flexibility in adapting the settlement

13  to their own particular financial planning and tax situations.  No portion of the

14  substantial Settlement Relief would be consumed by attorneys' fees, litigation

15  expenses, notice expenses, settlement administration expenses, or the requested

16  service awards for the Class Representatives, since such amounts are all separately

17  paid by Allianz Life under the Settlement Agreement.   The Court has considered the

18  realistic range of outcomes in this matter, including the amount Plaintiffs might

19  receive if they prevailed at trial, the strength and weaknesses of the case, the novelty

20  and number of the complex legal issues involved, the risk that Plaintiffs would

21  receive less than the Settlement Relief or take nothing at trial, and the risk of a

22  reversal of any judgment based on a review of the Court's prior orders on

23  certification and decision not to give claim preclusion effect in this Action to the

24  Final Judgment in favor of Allianz Life in *Mooney v. Allianz Life Insurance*

25  *Company of North America*, Case No. 06-cv-00545 in the United States District

26  Court for the District of Minnesota.  The amount offered by the proposed settlement

27  falls within the range of possible final approval in terms of these factors.

28

8

(c)    Before reaching the proposed settlement, Plaintiffs and Allianz Life fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts.

(d)    Before reaching the proposed settlement, Plaintiffs and Allianz Life also conducted extensive discovery, fully completing all fact and expert discovery, and engaged in extensive motion practice, including motions to certify and decertify the class, and motions for summary judgment.

(e)    The parties also fully completed extensive trial preparations, in compliance with this Court's pre-trial orders, including *inter alia* the designation of thousands of trial exhibits and many fact and expert witnesses, submission of objections to proposed trial exhibits, designations and cross designations of deposition testimony with accompanying objections, numerous motions *in limine* and motions directed to expert opinions and testimony.

(f)    Based upon this full litigation of relevant legal issues affecting this litigation, extensive investigation of the underlying facts in discovery, and full preparation by the Parties for the trial in the action, Plaintiffs and Allianz Life were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

(g)    The Settlement Class is and was at all times adequately represented by the Class Representatives and Class Counsel.  Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members.  Further, both Class Counsel and Allianz Life's Counsel are highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally.   Class Counsel and Allianz Life's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Class Settlement is fair and

9

1   reasonable for the Settlement Class Members.  Allianz Life denies all allegations of
2   wrongdoing and disclaims any liability with respect to any and all claims alleged by
3   Plaintiffs and the Settlement Class, including their claims regarding the propriety of
4   class certification, but agrees that the proposed settlement will provide substantial
5   benefits to Settlement Class Members.  Allianz Life considers it desirable to resolve
6   the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among
7   other things, the risks of continued litigation, the expenditure of time and resources
8   necessary to proceed through trial and any subsequent appeals, and further
9   interference with ongoing business operations.

10  **2.      Settlement Class.**

11          The Settlement Class, as defined in Section II.A. of the Settlement
12  Agreement, is provisionally certified for settlement purposes only.  Pursuant to
13  Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and applicable law
14  concerning settlement classes, the Court finds that:

15          (a)     The proposed Settlement Class contains purchasers of well over
16  250,000 annuity policies, and satisfies the requirement that a class be sufficiently
17  numerous such that the individual joinder of all members is impractical:

18          (b)     Plaintiffs' claims present legal and factual issues that are common to all
19  members of the proposed Settlement Class because they are based on a common set
20  of alleged material misrepresentations and omissions designed to further the alleged
21  wrongful conduct;

22          (c)     The typicality requirement of Rule 23(a)(3) is satisfied because
23  Plaintiffs and members of the proposed Settlement Class assert the same claims, all
24  arising from the same alleged overarching fraudulent scheme;

25          (d)     Plaintiffs have fairly and adequately protected the interests of the
26  proposed Settlement Class; and

27          (e)     The questions of law and fact presented by Plaintiffs' claims are
28  common to the members of the proposed Settlement Class and predominate over any

10

32283610.11

1   questions affecting only individual members, and a class action is superior to other
2   available methods for the fair and efficient adjudication of the controversy.

3   **3.     Class Counsel.**

4        The Court appoints Bonnett, Fairbourn, Friedman & Balint, P.C. and Robbins,
5   Geller, Rudman & Dowd LLP as Class Counsel for the Settlement Class.   Class
6   Counsel have provided adequate representation as counsel for the Classes certified
7   previously by the Court, and are adequate based upon their experience in other class
8   action cases, and their extensive experience in this case, to provide adequate
9   representation to the Settlement Class.   For settlement purposes only, the Court also
10  appoints Carolyn Y. Healey and Vida Negrete (as conservator for Everett Ow's
11  interests) as the class representatives.

12  **4.     Fairness Hearing.**

13       The parties have requested a Fairness Hearing to be conducted on
14  _____, 2014, or as soon thereafter as the Court's and parties' calendars
15  permit.   The Fairness Hearing will be held on _____, 2014 at
16  _____, in Courtroom 5, Second Floor of the United States Courthouse, 312
17  North                        Spring                        Street
18  Los Angeles, California, before the undersigned, (or on such continued date(s) or
19  time(s) as the Court may hereafter direct).

20       If the Fairness Hearing is continued by the Court, the Parties shall promptly
21  serve written notice on any Class Member (or their attorney, if applicable) who has
22  submitted a timely and valid objection to the proposed settlement and notice of
23  appearance at the Fairness Hearing of the continued date and time for the Fairness
24  Hearing.   Otherwise, the Court may continue the Fairness Hearing without notice to
25  the Class, except that any notice of such continuation shall be posted on the
26  settlement website.   Continuance of the Fairness Hearing shall not extend or alter
27  any deadline for any objection, notice of appearance, or other action by any Class
28  Member (or their attorney if applicable), pursuant to the Agreement and this

11

1   Preliminary Approval Order, but all deadlines for the Parties to file papers in support
2   of final settlement approval (including response(s) to objections), or for Class
3   Counsel to file papers in support of an application for approval of Allianz Life's
4   payment of an award of attorneys' fees, costs and litigation expenses for Class
5   Counsel and other counsel providing services to the Settlement Class, and of the
6   Class Representatives' service awards shall be based on the continued Fairness
7   Hearing date.

8         At the Fairness Hearing, the Court will consider all matters set forth in the
9   Settlement Agreement, including:  (a) whether the proposed settlement of the action
10  should be finally approved as fair, reasonable and adequate, on the terms set forth in
11  the Settlement Agreement; (b) whether judgment should be entered and the action
12  should be dismissed with prejudice, pursuant to the terms of the Settlement
13  Agreement; (c) the sufficiency of the notices to the Settlement Class of the proposed
14  settlement, the certification of the Settlement Class, and the Settlement Class
15  Members' rights; (d) the adequacy of Class Counsel's and Class Representatives'
16  representation of the Class; (e) whether Settlement Class Members should be bound
17  by the release set forth in the Settlement Agreement; (f) whether Settlement Class
18  Members should be subject to a permanent injunction as set forth in the Settlement
19  Agreement; (g) an application by Class Counsel for approval of Allianz Life's
20  payment of an award of Class Counsel's attorneys' fees and reimbursement of costs
21  and litigation expenses, including the agreement among Class Counsel and other
22  counsel providing services to the Settlement Class with respect to the division of any
23  attorneys' fees awarded; and (h) an application for service approval of Allianz Life's
24  payment of service awards to the Class Representatives for their efforts on behalf of
25  the Settlement Class.

26        Class Counsel shall file and serve their motion for final approval of the
27  Settlement Agreement on or before the date twenty-four (24) days prior to the
28  Fairness Hearing. Class Counsel shall also, by the same deadline, file and serve any

12

32283610.11

1  application for Court approval of Allianz Life's payment of Class Counsel's
2  attorneys' fees and Class Counsel expenses and for any service awards for the Class
3  Representatives.

4      Allianz Life's submissions in support of final approval of the Settlement
5  Agreement shall be filed with the Court at least fourteen (14) days prior to the
6  Fairness Hearing.

7  **5.**　　**Prior Notices of Pendency of Class Action and of Right to Opt Out.**

8      The Court hereby finds that the "Notice of Pendency of Class Action" in the
9  Action, which was approved by this Court on February 20, 2007 (Docket No. 169)
10  and mailed to the members of the litigation classes (the "Litigation Class Notice"),
11  was the best notice practicable, was reasonable, due, adequate and sufficient notice,
12  and was reasonably calculated, under the circumstances, to apprise the Class
13  Members of those classes of their rights, including their right to opt out of the
14  Classes at that juncture, as set forth in the notice, and fully satisfied the requirements
15  of due process and all other applicable provisions of law.

16      Certain annuities were not identified as having been subject to the Court's
17  Certification Order until after the date on which the Litigation Class Notice was
18  mailed and the Settlement Class Member owners of those annuities did not receive
19  the Litigation Class Notice at that time.  The current owners of such annuities shall
20  be provided with a Special Notice permitting such Settlement Class Owners an
21  opportunity to opt-out of the Settlement Class.  The Court finds that the proposed
22  form of such Special Notice attached to the Settlement Agreement as Exhibit ___ is
23  appropriate, and approves the proposed Special Notice for this purpose.

24      Other than the group receiving the Special Notice, the proposed settlement
25  and this Preliminary Approval Order do not create any additional right on the part of
26  any Settlement Class Member to exclude themselves from the classes earlier
27  certified in the Action or from the proposed Settlement Class.

28

13

1    Any Settlement Class Member who does not submit a timely, written request

2  for exclusion from the Settlement Class shall be bound by all proceedings, orders,

3  and judgments in the Action, even if such Settlement Class Member has previously

4  initiated or subsequently initiates individual litigation, administrative, arbitration,

5  remediation or regulatory proceeding or order or other proceedings against Allianz

6  Life relating to Settlement Annuities issued during the Settlement Class Period.

7    Allianz Life's Counsel and Class Counsel shall promptly furnish each other

8  with copies of any and all written requests for exclusion that might come into their

9  possession that are not otherwise provided by the Administrator.

10    No later than fifty-five (55) days after the mailing of the Class Settlement

11  Notice Package, the Administrator shall prepare and file with the Court a declaration

12  identifying any timely and validly submitted requests for exclusion and separately

13  identifying any untimely or otherwise invalid requests for exclusion submitted in

14  response to the 2007 Class Notice and the Special Notice.

15  **6.    Notice of Settlement and of Right to Object/Appear.**

16    The Court hereby approves the proposed form and contents of the Settlement

17  Notice set forth in the Settlement Agreement and Exhibits ___ thereto, to be mailed

18  in the manner set forth in the Settlement Agreement (including pre-mailing address

19  verifications and the re-mailing of undeliverable notices), no later than forty-five

20  (45) days after the Court's execution of the Preliminary Approval Order.  Rust

21  Consulting, Inc., ("Administrator"), is hereby appointed as the Administrator for the

22  performance of the tasks provided in the Settlement Agreement to be performed by

23  the Administrator.   Settlement Notice shall be provided in accordance with this

24  Preliminary Approval Order and the Agreement.  Allianz Life is authorized to retain

25  the Administrator to assist in the implementation of the Settlement, and the

26  Administrator and Allianz Life are authorized to take the steps necessary to

27  implement the settlement tasks that the Settlement Agreement requires to occur prior

28  to the Fairness Hearing for which they are respectively responsible, including but

14

not limited to establishing post office boxes, a call center and related infrastructure for the receipt and processing of exclusion requests, objections and Settlement Class Member inquiries.

As further described below and in the Settlement Agreement, the Settlement Class Members shall be given notice of the right to object to the proposed Settlement (on their own or through counsel of their own selection at their own expense), the right to attend the Fairness Hearing, and the right to request leave of Court to appear and speak at the Fairness Hearing in support of a timely and properly submitted objection (on their own behalf or though counsel of their own selection at their own expense). The deadline for the exercise of such rights shall be forty--five (45) days after the date of mailing of the Class Settlement Notice Package.

In order to facilitate printing and dissemination of the Class Settlement Notice Package, the Administrator and Parties may change the format, but not the content, of the Class Settlement Notice, without further Court order, so long as the 14-point font size and legibility are not adversely impacted.   The Administrator and Parties may also, without further Court order, insert the information specified in the blank places provided in the Settlement Notice.

The Court finds that the manner of providing notice of the proposed settlement to the Settlement Class Members, as set forth in this Preliminary Approval Order, the Settlement Agreement, and the Class Settlement Notice, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights regarding the proposed settlement should it become final, including their rights to object to the proposed settlement and to request to appear at the Fairness Hearing concerning the proposed settlement, all as set forth in the Settlement Agreement, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of Federal Rule of Civil Procedure, the United States Constitution and its Amendments.  The Court also finds that the provisions of

32283610.11

the Settlement Agreement for updating the Settlement Class notice mailing database, researching alternate mailing data, re-mailing any returned notices, and receiving and responding to Settlement Class Member inquiries (including the support services to be provided by the Administrator and Class Counsel), constitute the best practicable methodology for maximizing the efficacy of the Class Settlement Notice, and such provisions are confirmed and made part of this Preliminary Approval Order.

The Court further finds that the Class Settlement Notice (and the Special Notice where applicable), and the mailing thereof, as provided in this Preliminary Approval Order and the Settlement Agreement, shall be the only notice to the Settlement Class Members of the proposed settlement required, and constitutes due and sufficient notice, including of the following: (a) the proposed Settlement Agreement, (b) the Fairness Hearing, (c) Settlement Class Members' rights with respect to the proposed Class Settlement (including their rights to object or to appear, including through counsel of their own selection at their own expense), (d) that the release will be binding on the Settlement Class Members if the proposed settlement is finally approved and becomes final, (e) that any judgment, whether favorable or unfavorable, will include and be binding upon all Settlement Class Members, (f) Class Counsel's application for approval of Allianz Life's payment of Class Counsel's attorneys' fees, Class Counsel's expenses, and service awards, and (g) the other matters set forth in the Settlement Agreement. The Court further finds that the Class Settlement Notice and the Special Notice and the manner of mailing the Class Settlement Notice Package as provided for in the Settlement Agreement and this Preliminary Approval Order fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable provisions of law.

16

**7.      Proof of Mailing of Settlement Notice.**

By the time of filing of the motion for final settlement approval, the Administrator shall provide, and Plaintiffs shall file proof, by affidavit or declaration, of the mailing of the Class Settlement Notice and the Special Notice in the form and manner provided in the Settlement Agreement and in this Preliminary Approval Order.

**8.      Communications with Settlement Class Members.**

Absent an order from a Court with jurisdiction over the Settlement, Allianz Life may not participate in or respond to inquiries from Settlement Class Members to Class Counsel regarding the proposed settlement, and shall not initiate communications with Settlement Class Members on matters specifically related to the Action or the Settlement Agreement.  However, Allianz Life has the right to communicate with, and to respond to inquiries directed to it, from Settlement Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Settlement Annuities, including responding to any complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies.  If Allianz Life receives any inquiry from a Settlement Class Member or other person entitled or potentially entitled to Settlement Relief relating to their settlement options or the rights of the person inquiring under the Settlement Agreement, Allianz Life shall not respond to the inquiry but shall refer the inquiring party either to the settlement call center or to Class Counsel, as agreed upon by the Parties. However, Allianz Life may respond to questions from Settlement Class Members, Owners and Beneficiaries as expressly provided for in the Settlement Agreement or in the ordinary course of business if Settlement Class Members initiate contact with Allianz Life and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.  Further, Allianz Life may communicate with agents and employees of Allianz Life and its auditors, rating agencies,

17

32283610.11

insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the proposed Settlement Agreement.

**9.     Objections and Appearances.**

    **(a)     Written Objections.**

Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, in any respect, including the provisions therein relating to Class Counsel attorneys' fees, and Class Counsel expenses, must file with the Court and deliver to counsel for both Parties a written statement of objection. Any such objection must be filed with the Court no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package and also must be mailed to Counsel for the Parties, properly addressed and postmarked no later than forty-five (45) days after the date of mailing of the Class Settlement Notices Package. The address for Counsel for the Parties are as follows:

> Andrew S. Friedman, Esq.
> Bonnett, Fairbourn Friedman & Balint, P.C.
> 2325 E. Camelback Road, Suite #300
> Phoenix, AZ 85016
>
> Roland C. Goss, Esq.
> Carlton Fields Jorden Burt, P.A.
> 1025 Thomas Jefferson Street, NW
> Suite 400 East
> Washington, DC 20007

To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action (*Negrete v. Allianz*, Case No. 05-CV-6838-CAS (MANx)), and must contain the following information: (i) the objector's name, address, and telephone number, and the annuity policy number(s) in which the objector claims an interest; (ii) the name, address, and telephone number of any

attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection.

If a Settlement Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and such attorney wishes to appear at the Fairness Hearing that attorney must, in addition to satisfying the foregoing requirements for timely and valid objections, also (1) file both an entry of appearance and a notice of intention to appear and participate at the Fairness Hearing with the Clerk of the Court no later than forty-five (45) days after the mailing of the Class Settlement Notice Package, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Fairness Hearing to Counsel for Allianz Life and Class Counsel, postmarked no later than forty-five (45) days after the mailing of the Class Settlement Notice Package.

**(b)    Appearance at the Fairness Hearing.**

Settlement Class Members do not need to appear at the Fairness Hearing in support of any objection.   A timely and validly submitted objection will be considered by the Court at the Fairness Hearing, without the necessity of any appearance by the objector.   Notwithstanding, any Settlement Class Member who timely and properly files and serves a written objection, as described *supra*, may upon request and with the Court's permission appear and speak at the Fairness Hearing in support of said objection, either in person or through a personal attorney hired at the Settlement Class Member's own expense, provided that a notice of the intention to appear in support of the objection (and in the case of an attorney, an entry of appearance) is filed no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package.   Copies of said entry of appearance and notice of intention to appear must be mailed to Counsel for the Parties, properly addressed and postmarked, no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package.

19

1    A Settlement Class Member who appears at the Fairness Hearing, either
2  personally or through counsel, will be permitted to argue only those matters that
3  were set forth in the timely and validly submitted written objection filed by such
4  Settlement Class Member.  No Settlement Class Member shall be permitted to raise
5  matters at the Fairness Hearing that the Settlement Class Member could have raised
6  in his/her written objection, but failed to do so, and all objections to the Settlement
7  Agreement that are not set forth in a timely and validly submitted written objection
8  are deemed waived.

9    **(c)  Waiver for Non-Compliance.**

10    Any Settlement Class Member who fails to comply with the applicable
11  provisions of the preceding paragraphs of this Paragraph 10, shall waive and forfeit
12  any and all rights he or she may have to object, appear, or speak, shall be barred
13  from appearing and speaking at the Fairness Hearing, and shall be bound by all the
14  terms of the Settlement Agreement and by all proceedings, orders and judgments in
15  the Action.

16    **(d)  The Parties' Response(s) to Objections.**

17    If either Class Counsel or Allianz Life's Counsel receive an objection to the
18  proposed settlement and/or notice of intention to appear from or on behalf of any
19  Settlement Class Member, they shall promptly provide copies of such objection
20  and/or notice of intention to appear to counsel for the other Party.  For the Court's
21  and Parties' convenience, Class Counsel or Allianz Life's Counsel shall include as
22  exhibits copies of all objections, entries of appearance, and notices of intention to
23  appear and participate at the Fairness Hearing received (timely and validly submitted
24  or otherwise) in their submissions at the time of filing of the motion for final
25  settlement approval.  The Parties shall file and serve on each other any written
26  response(s) to timely written objections no later than twenty-one (21) days prior to
27  the Fairness Hearing, and to any untimely objections or timely objections received
28  thereafter, as soon as practicable in advance of the Fairness Hearing.  At the time of

32283610.11

1  filing any such response, the Parties shall serve on each Settlement Class Member
2  (and their attorney if applicable) who has timely and validly submitted an objection
3  and a notice of appearance, a copy of any written response(s) addressing that
4  objector's objection.

5  **10.    Preliminary Injunction.**

6       All Settlement Class Members are hereby preliminarily enjoined from  filing,
7  commencing, prosecuting, intervening in, participating in, maintaining, individually,
8  as class members or otherwise, directly or indirectly through a representative or
9  otherwise, receiving any benefits from, or organizing or soliciting the participation
10 in, directly or indirectly, any lawsuit (including putative class actions), arbitration,
11 remediation, administrative or regulatory proceeding or order in any jurisdiction,
12 asserting any claims based on or relating to the claims or causes of action or the facts
13 and transactions alleged or pursued in the Actions or released by the Settlement
14 Agreement, including but not limited to the claims asserted in the action *Jones v.*
15 *Allianz Life Insurance Company of North America,* Civil Action No. 4 07
16 CV00000145 SWW, in the District Court for the Eastern District of Arkansas, in
17 which the plaintiffs are seeking to pursue claims on behalf of a putative class of
18 purchasers that partially overlaps the Class members and annuities at issue in this
19 Action; and from organizing Settlement Class Members into a separate class for
20 purposes of pursuing as a purported class action any lawsuit (including by seeking to
21 amend a pending complaint to include class allegations, or seeking class certification
22 in a pending action) asserting any claims released by this the Settlement Agreement.
23 Nothing in this paragraph, however, shall require any Settlement Class Member to
24 take any affirmative action with regard to other pending class action litigation in
25 which they may be absent class members.  Allianz Life reserves the right to file
26 motions or to take other actions to enforce the release provisions of the Settlement
27 Agreement and of this injunction, as it may deem appropriate.

28 **11.    Termination of Settlement.**

If either party elects to terminate the Settlement Agreement, pursuant to the provisions of Section XIII. of the Settlement Agreement, then this Preliminary Approval Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

In such event, (i) the proposed settlement and Settlement Agreement (except as specifically provided in Section XIII. of the Settlement Agreement) shall become null and void and be of no further force and effect (except the post-termination provisions of Section XIII.C.4); (ii) neither the Settlement Agreement nor the Court's orders regarding the proposed settlement or settlement approval or disapproval, including this Preliminary Approval Order, shall be used or referred to for any purpose whatsoever (except with respect to the post-termination provisions of Section XIII.C.4); and (iii) this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Allianz Life of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

**12. Use of Order.**

Whether or not the Settlement Agreement is terminated, this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Allianz Life of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any Party of any defenses or claims it or they may have, whether in this case or in any other lawsuit, arbitration, administrative or regulatory proceeding or examination, or in any other proceeding or action.

**13. Continuing Jurisdiction.**

22

32283610.11

For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Action, the proposed settlement, settlement approval, and settlement administration, to ensure the effectuation of the proposed settlement (should it be finally approved and that approval become final) and this Preliminary Approval Order. Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this Action including but not limited to the fairness of the proposed settlement, any objections to the proposed settlement, the method and manner under which Settlement Relief will be provided, the adequacy of representation of the Settlement Class by Class Counsel and/or the Class Representatives, the amount of Class Counsel attorneys' fees and Class Counsel expenses paid to Class Counsel, the amount of any service awards to be paid to the Class Representatives, any claim by any party relating to the representation by Class Counsel of any Plaintiff or Class Member in this Action, and all other issues related to the proposed settlement including any collateral challenges made regarding any matter related to this Action or the proposed settlement or the conduct of any party or Class Counsel relating to this Action or the proposed settlement.

**IT IS SO ORDERED.**

Dated: _____, 2014

_____
Honorable Christina A. Snyder
United States District Judge

283610

23

32283610.11

# EXHIBIT 9

## PROPOSED FINAL APPROVAL ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, on behalf of themselves and all others, similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC.,<br><br>                Defendant. | CASE NO. 05-CV-6838-CAS (MANx)<br><br>[CLASS ACTION]<br><br><br>**FINAL ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING PAYMENT OF CLASS COUNSEL ATTORNEYS' FEES AND CLASS COUNSEL EXPENSES, (3) AWARDING SERVICE AWARDS TO CLASS REPRESENTATIVES, (4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE** |
| CAROLYN Y. HEALEY, on behalf of themselves and all others, similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC.,<br><br>                Defendant. | CASE NO. 05-CV-8908-CAS (MANx)<br><br>[CLASS ACTION] |

Following a hearing on _____ 2014 ("Preliminary Approval Hearing"), this Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings, (Doc. No. ____) ("Preliminary Approval Order"), preliminarily approving the Settlement entered into by the parties in the above-captioned Action, and scheduling a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of the Settlement Class, and free from collusion, whether the Settlement should be finally approved by the Court, and to consider an application by Class Counsel for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to the Class Representatives ("Fairness Hearing").

Plaintiffs subsequently filed a motion seeking final approval of the Settlement, and the Court held a Fairness Hearing. The Court has considered: (i) the points and authorities submitted in support of the motion for final approval of the Settlement ("Final Approval Motion"); (ii) the points and authorities submitted in support of the application for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to Class Representatives ("Fee Application"); (iii) the declarations and exhibits submitted in support of said motions and applications; (iv) Allianz's separate request for final approval of the Settlement and entry of the Final Order in the Action based on the terms and conditions set forth in the Settlement; (v) the Settlement itself; (vi) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed ____, 2014 (Doc. Nos. ____); (vii) the full and fair Notice of Pendency of Class Action approved by the Court on February 20, 2007 (the "Litigation Class Notice"), which was provided to the members of the litigation class earlier certified by the Court; (viii) the relatively few members of the class

certified by the Court who requested exclusion pursuant to their right to do so in response to the Litigation Class Notice; (ix) the full and fair Settlement Class Notice provided to the Settlement Class Members of the proposed Settlement, the Fairness Hearing, and the Settlement Class Members' rights with respect to the Action and Settlement; (x) the Special Notice provided to certain members of the Settlement Class whose annuities were not identified as having been part of the Class certified by the Court; (xi) the absence of any objection by any Settlement Class Member to the Settlement [OR the existence of only ____ objections to the Settlement , out of ____ Settlement Class Members]; (xii) the absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715 **[or address any such objection]**; (xiii) the oral presentations of Class Counsel and Counsel for Allianz at the Preliminary Approval Hearing and Fairness Hearing; (xiv) this Court's experiences and observations while presiding over the Action; (xv) the Court's file herein; and (xvi) the relevant law including, but not limited to, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), and the factors set forth in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

Based upon these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this *Final Order: (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice* ("Final Order"), and good cause appearing:

**IT IS HEREBY ORDERED AND DECREED**, as follows:

1.     **Definitions.**  The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Stipulation of Settlement

3

("Settlement Agreement") (Doc. No. _____), or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

**2.     Incorporation of Documents.**  This Final Approval Order incorporates and makes a part hereof:

       A.     the Parties' Settlement Agreement (including the exhibits thereto); and

       B.     the Court's findings and conclusions contained in its Preliminary Approval Order dated [_____], 2014, (Doc. No. [_____]), ("Preliminary Approval Order").

**3.     Jurisdiction and Venue.**  The Court has personal jurisdiction over the Parties, the Settlement Class Members (as defined below at paragraph 4 below), including objectors **[Include if any Class objections]**, and any officials who submitted objections or responses pursuant to the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §1715) **[Include if any CAFA objection is received]**.  The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Transactions (as defined in the Settlement Agreement), to adjudicate any objections submitted to the proposed Settlement (including objections by Settlement Class Members or CAFA officials) **[Include only if objections are received]** and to dismiss this Action with prejudice.   All Settlement Class Members, by failing to exclude themselves according to the Court's prior orders and the terms of the prior notices of the pendency of the Action, have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action.  Jurisdiction is predicated upon, *inter alia*, 18 U.S.C. §§1964 and 1965, 28 U.S.C. §§1331-1332, 1367, 1446, 1453 and other applicable law.  For jurisdictional bases requiring a minimum amount in controversy, the amount in controversy exceeds the minimum amount

required for jurisdiction.   Venue in this District is appropriate under 28 U.S.C. §1391 and 18 U.S.C. §1965 and other applicable law.

**4.     Definition of the Class and Settlement Class Members.**        The "Settlement Class is defined in the Settlement Agreement as follows:

"Settlement Class" means, subject to the exclusions listed below, the following persons: (a) all persons who, while 65 years of age or older and between September 19, 2001 and November 21, 2006, purchased one or more Settlement Annuities from Allianz Life either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy and (b) all persons to whom an ownership interest in such Settlement Annuities was subsequently assigned or transferred or who otherwise held any interest as an Owner and (c) Beneficiaries of such Settlement Annuities terminated by death on or before the Annuity Status Date. Excluded from the Settlement Class are the following persons (and all subsequent owners, co-owners, and Beneficiaries): (1) purchasers who exercised their right to rescind the purchase of their annuity contract without penalty pursuant to the applicable "free look" provision in their annuity contract (with respect to such a rescinded contract); (2) the plaintiffs and class members in *Castello v. Allianz Life Ins. Co. of N. Am.*, Case No. MC03-20405 (Hennepin Cty., Minn.) to the extent those claims were extinguished by the Final Order Approving Settlement and Judgment and release in that action; (3) plaintiffs and class members in *Iorio v. Allianz Life Ins. Co. of North America*, Case No. 05CV633JLS (CAB) (S.D. Cal.) to the extent those claims were extinguished by the Final Judgment and release in that action; (4) persons who properly opted-out of the Action; (5) any officer, director, employee or agent of Allianz Life; and (6) any judge, justice, or judicial official presiding over the Action and the staff and immediate family of any such judge, justice, or judicial official.   Settlement Class Members means and includes all

5

persons included in the definition of the Settlement Class, excluding however, all such persons who timely submitted a completed written request for exclusion in response to the Special Notice distributed after the filing of the Motion for Preliminary Approval.

The Settlement Annuities that are included in the Settlement Class are those annuities described in the Settlement Agreement, some of which are Single-Tier Settlement Annuities and others of which are Two-Tier Settlement Annuities (as defined in the Settlement Agreement).

The Settlement Class is hereby certified for settlement purposes. All Settlement Class Members are subject to this Final Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

**5.     Findings and Conclusions.**   Based on its familiarity with the nature of the case, the record, the procedural history, the parties and the work of their counsel, the Court finds that the Settlement was not the product of collusion and lacks any indicia of unfairness.   The Court finds the Settlement is fair, reasonable, and adequate to the Settlement Class in light of the complexity, expense, and likely duration of the Action (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the Action as a class action, through trial and appeal.   The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims.   In support of these findings and conclusions, the Court further specifically finds:

A.     There is no evidence of collusion.   The proposed Settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation. The Action was extensively and vigorously litigated, up to the commencement of trial (as further described below), prior to any settlement.  Plaintiffs and Allianz Life engaged in intensive arms-length negotiations, over the course of multiple mediation

6

sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate West, with extensive experience in mediating complex class action consumer and insurance cases.   Extensive negotiations thereafter resulted in the proposed settlement reflected by the Settlement Agreement.

B.   The Settlement provides for substantial cash payments and/or other monetary benefits to Settlement Class Members.   No portion of the substantial Settlement Relief would be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the requested incentive awards for the Class Representatives, since such amounts are all separately provided for.   The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial, and the risk of a reversal of any judgment based on a review of the Court's prior orders on certification and decision not to give claim preclusion effect in this Action to the Final Judgment in favor of Allianz Life in *Mooney v. Allianz Life Insurance Company of North America*, Case No. 06-cv-00545 in the United States District Court for the District of Minnesota.   The value of the Settlement, $____ million, is fair, reasonable and adequate in view of these factors.   The Settlement value is well within a range of reasonableness.

C.   Before reaching the Settlement, Plaintiffs and Allianz Life fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts, including **[Full summary of procedural history to be inserted in final version submitted with final approval motion]**.

D.   Before reaching the Settlement, Plaintiffs and Allianz also conducted extensive discovery, fully completing all fact and expert discovery.   **[Fuller summary of discovery history to be inserted in final version submitted with final approval motion]**.

E.    During the course of this Action, Plaintiffs obtained discovery on and pursued numerous allegations and theories in addition to those specifically referenced in the Complaints.   Plaintiffs' contentions and allegations encompassed virtually all factual circumstances surrounding the design, marketing, sale and issuance of the Settlement Annuities, including alleged coercive and unfair sales tactics by sales representatives and marketing organizations, nondisclosure or inadequate disclosure of the consequence of surrender, and claims concerning numerous statements in Allianz-prepared brochures and statements of understanding.   Plaintiffs' claims also focused on and sought damages based on allegations that, after the issuance of the annuities, Allianz reduced, failed to provide, or and/or imposed charges on, benefits that Allianz declared and would in the future declare or provide, including credited interest and indexed interest, surrender proceeds, and annuitization benefits.   The extensive factual predicate for the Action is reflected in the factual and legal contentions in numerous filings of the parties in this proceeding, including but not limited to the Parties' Local Rule 16-2 disclosures in the Action, and the parties' briefs and other submissions in connection with their motions for summary judgment, Allianz's motion for judgment on the pleadings, Plaintiffs' motion to certify, and Allianz's motions to decertify the nationwide and California-only classes, as well as in the Parties' expert reports. This settlement, which provides surrender value or other liquidity relief to Settlement Class Members who have surrendered their Settlement Annuities and those whose Settlement Annuities are still in deferral, also encompasses allegations (assuming they were not otherwise barred) that Allianz failed to provide disclosures required by the California Insurance Code (and/or that the disclosures provided did not satisfy the requirements of the Code).

F.    Based upon this full litigation of relevant legal issues affecting this litigation, extensive investigation of the underlying facts in discovery, and full preparation by the Parties for the trial in the action, Plaintiffs and Allianz Life were

1    fully informed of the legal bases for the claims and defenses herein, and capable of

2    balancing the risks of continued litigation (both before this Court and on appeal) and

3    the benefits of the proposed Settlement.

4        G.    The Settlement Class is and was at all times adequately represented by

5    the Class Representatives and Class Counsel, including in litigating the Action and

6    in entering into and implementing the Settlement, and has satisfied the requirements

7    of *Federal Rules of Civil Procedure,* Rule 23, and applicable law.   Class Counsel

8    submit that they have fully and competently prosecuted all causes of action, claims,

9    theories of liability, and remedies reasonably available to the Settlement Class

10   Members.   Further, both Class Counsel and Allianz Life's Counsel are highly

11   experienced trial lawyers with specialized knowledge in insurance and annuity

12   litigation, and complex class action litigation generally.   Class Counsel and Allianz

13   Life's Counsel are capable of properly assessing the risks, expenses, and duration of

14   continued litigation, including at trial and on appeal.   Class Counsel submit that the

15   Settlement is fair, reasonable and adequate for the Settlement Class Members.

16   Allianz Life denies all allegations of wrongdoing and disclaims any liability with

17   respect to any and all claims alleged by Plaintiffs and the Settlement Class,

18   including their claims regarding the propriety of class certification, contends that the

19   majority of the claims of the Settlement Class are barred by final judgments in other

20   cases and the doctrines of *res judicata*, collateral estoppel and merger and bar, but

21   agrees that the proposed Settlement will provide substantial benefits to Settlement

22   Class Members.   Allianz Life considers it desirable to resolve the Action to finally

23   put Plaintiffs' and the Settlement Class' claims to rest and avoid, among other

24   things, the risks of continued litigation, the expenditure of time and resources

25   necessary to proceed through trial and any subsequent appeals, and interference with

26   ongoing business operations.

27       H.    The selection and retention of the Administrator was reasonable and

28   appropriate.

9

I.     As further addressed below and in this Court's Preliminary Approval Order, through the mailing of the Litigation Class Notice in 2007, the Special Notice and the Class Settlement Notice, each in the forms and manners ordered by this Court, the Settlement Class has received the best practicable notice of the pendency of this class action, of the Settlement, the Fairness Hearing, and of Settlement Class Members' rights and options, including their rights to opt out (at the time of the Litigation Class Notice or the Special Notice), to object to the Settlement, and/or to appear at the Fairness Hearing in support of a properly submitted objection, and of the binding effect of the orders and Judgment in this Action, whether favorable or unfavorable, on all Settlement Class Members. Said notices have fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution and California Constitution.

J.     The response of the Settlement Class to the certification of a class in the Action and to the proposed Settlement (including Class Counsel's application for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to the Class Representatives) after full, fair, and effective notice thereof, strongly favors final approval of the Settlement. Out of the **[insert number of mailed notices in all three categories]** notices of the pendency of this class action mailed to the members of the class certified by the Court, only [_____] valid requests for exclusion (affecting [_____] Class Annuities) were received.    In response to the [_____] Class Settlement Notices mailed to the Class, as of [date of filing final approval motion] (fourteen days after the deadline for objecting to the Settlement), **[insert summary or confirm absence of objections by Settlement Class Members].   [If any objections, add:   The(se) objection(s) (have) been filed in the Action, considered by the Court, and are fully addressed below.]**

K.     As set forth in the Settlement Agreement, Allianz Life has denied, and continues to deny, any wrongdoing or liability relating to the Action.   Allianz Life

did not join in Plaintiffs' Final Approval Motion or Fee Application or the points and authorities and supporting papers filed in support of said motion and application. Notwithstanding, Allianz Life has separately requested final approval of the Settlement, dismissal of the Action with prejudice, and entry of judgment in the Action, on the terms and conditions set forth in the Settlement Agreement.

**6.     Prior Notices of Pendency of Class Action and of Right to Opt Out.**

The Court  finds that the Litigation Class Notice mailed to the Settlement Class Members was the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights, including their right to opt out of the classes at that juncture, and fully satisfied the requirements of due process and all other applicable provisions of law.  The Administrator also mailed a Special Notice providing an opportunity to opt out of the Action with respect to Settlement Annuities the owners of which had never received the Litigation Class Notice.  The Court finds that the Special Notice was, with respect to its recipients, the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights, including their right to opt out of the Class at that juncture, as set forth in the notice, and fully satisfied the requirements of due process and all other applicable provisions of law.

**7.     Requests for Exclusion.**  A list of those persons and entities who have timely and validly requested exclusion from the Class, according to the terms of the Litigation Class Notice and the Special Notice, was filed with the Court in support of final settlement approval as Exhibit [_____] to the declaration of [_____] in support of final settlement approval, and is incorporated herein and made a part hereof.  The persons and Annuities on that list are excluded from the Settlement Class and such

11

persons are therefore not Settlement Class Members, shall not be bound by the Settlement or Final Order and Judgment in the Action, and shall not receive any Settlement Relief.   All other persons to whom the Litigation Class Notice or the Special Notice were mailed are included in the Settlement Class and shall be bound by all proceedings, orders, and judgments in the Action, even if such person was a party to or has previously initiated or subsequently initiates or participates, directly or indirectly, in any individual or class litigation, administrative, arbitration, remediation or regulatory proceeding or order or other process or proceedings against Allianz Life relating to Settlement Annuities issued during the Settlement Class Period.

8.     **Notice of Settlement.**   Based upon the declarations of counsel and the Administrator, the Court finds that the Class Settlement Notice was mailed on **[mailing date]**, 2014, in the form and manner agreed to under the Settlement and approved by the Court in the Preliminary Approval Order.   The Class Settlement Notice provided fair and effective notice to the Settlement Class of the proposed Settlement and the terms thereof, including but not limited to those terms related to the Class recovery and the Settlement Relief, the claims and parties released, the binding effect of the Settlement (if approved) on all Settlement Class Members, the provisions for payment of Class Counsel Attorneys' Fees and Class Counsel Expenses, Class Representatives' service awards and Class Counsel's intention to petition the Court for approval of the same in the maximum amounts permitted under the Settlement, the date, time, and place of the Final Approval Hearing, and Settlement Class Members' rights to object to the Settlement  and to appear at the Fairness Hearing (on their own or through counsel of their own selection, at their own expense) in support of any timely and validly submitted objection, all as set forth in the Class Settlement Notice.   The Court finds that said form and manner of giving notice, including the steps taken for updating the Settlement Class notice

1   mailing database, researching alternate mailing data, re-mailing any returned notices,
2   and receiving and responding to Settlement Class Member inquiries (including the
3   support services to be provided by the Administrator and Class Counsel), constitute
4   the best notice practicable, and were reasonably calculated, under the circumstances,
5   to apprise the recipients of the Class Settlement Notice of the recipients' rights
6   thereunder. The Court further finds that the recipients of the Class Settlement Notice
7   were afforded a reasonable period of time to exercise any rights they may have had
8   pursuant to the Settlement and the Class Settlement Notice.

9       Based on the foregoing, the Litigation Class Notice, Special Notice and Class
10  Settlement Notice, in the forms and manners approved by the Court, collectively
11  fully satisfy the requirements of due process, the United States and California
12  Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable
13  provisions of law.

14

15  **9.      Notices Pursuant to 28 U.S.C. § 1715.**  Based on the requirements of the
16  Settlement Agreement and the declarations submitted in support of final settlement
17  approval, the Court finds that all notices and requirements of the Class Action
18  Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.   The Settlement
19  Agreement was filed on [_____], 2014, (Doc. No. [_____]).  On **[notice date]**, Allianz
20  Life served the notices required by 28 U.S.C. § 1715(b).  On **[courtesy notice date]**,
21  Allianz Life further served a courtesy notice of the entry of the Preliminary
22  Approval Order, (Doc. No. [_____]), including notice of the date, time, and place of
23  the Fairness Hearing set forth therein.  More than ninety (90) days have passed since
24  the service of the foregoing notices.  No objection or response to the Settlement has
25  been filed by any federal or state official, including any recipient of the foregoing
26  notices.  No federal or state official, including any recipient of the foregoing notices,
27  has appeared or requested to appear at the Fairness Hearing.  **[Alternatively, if**
28

**applicable, order to address any response or objection by any federal or state official.]**

10.   **Class Member Objections.**  As set forth in detail *supra*, full and fair notice of Settlement Class Members' right to object to the Settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Agreement, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law.  No objections or requests to appear at the Fairness Hearing have been received, timely and validly submitted or otherwise.  No person has appeared at the Fairness Hearing to object to the Settlement.  **[Alternatively, if applicable, order to address any such objection.]**

11.   **Final Settlement Approval and Binding Affect.**  The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law.  Therefore, the Settlement is approved.  The Settlement, this Final Order and the Judgment shall be forever binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, conservators, personal representatives, executors and administrators, predecessors, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

12.   **Implementation of Settlement.**  The Parties are directed to implement the Settlement according to its terms and conditions.  Allianz Life is authorized, at its

14

sole option and in its sole discretion, in accordance with the terms of the Settlement Agreement, and without requiring further approval of the Court, to implement the Settlement before the Final Settlement Date (as defined in the Settlement Agreement).  As provided for in the Settlement Agreement, Allianz Life shall make available to Class Counsel data concerning the Settlement Annuities and the implementation of the Settlement which may be reasonably required to permit Class Counsel to determine that the Settlement is being implemented appropriately by Allianz Life.

**13.     Appeal and Implementation.**  Any Settlement Class Member who failed to timely and validly submit his or her objection to the Settlement, in the manner required by the Settlement, the Class Settlement Notice, and this Court's Preliminary Approval Order, has waived any objection.  Any Settlement Class Member seeking to appeal from the Court's rulings approving the Settlement must first:  (a) move to intervene upon a representation of inadequacy of counsel (if they did not object to the proposed Settlement under the terms of the Settlement Agreement); (b) request a stay of implementation of the Settlement; and (c) post such bond as deemed appropriate by the Court.  Absent satisfaction of all three of these requirements, Allianz Life is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Final Settlement Date, even if such implementation would moot any appeal.

**14.     Release.**  The Release set forth in Section [ _____ ] of the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Releasees from any claims or liabilities released by the Stipulation, including the Released Transactions (as those terms are defined in the Settlement Agreement).  This Release covers, without limitation, any and all claims for attorneys' fees and expenses, costs or

disbursements incurred by Class Counsel or other counsel representing Plaintiffs or Settlement Class Members in this Action, the settlement of this Action, the administration of such Settlement, and the Released Transactions, except to the extent otherwise specified in this Order and the Settlement Agreement.

In addition, each of the Releasees is deemed to have fully, finally, and forever released, relinquished and discharged Class Counsel, Plaintiffs and each and all of the Settlement Class Members, from all claims (including, without limitation, unknown claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

**15.   Permanent Injunction.**   All Settlement Class Members are hereby permanently enjoined from filing, commencing, prosecuting, intervening in, maintaining, participating in, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including putative class action lawsuits), arbitration, administrative, remediation or regulatory proceeding or order in any jurisdiction asserting any claims based on or relating to the claims or causes of action or the facts alleged in the Actions or released by the Settlement Agreement, including but not limited to the claims asserted in the action *Jones v. Allianz Life Insurance Company of North America*, Civil Action No. 4 07 CV00000145 SWW, in the District Court for the Eastern District of Arkansas, in which the plaintiffs are seeking to pursue claims on behalf of a putative class of purchasers that partially overlaps the Settlement Class Members and annuities at issue in this Action  and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by the Settlement Agreement.  Nothing in this paragraph, however, shall require any Settlement Class

1  Member to take any affirmative action with regard to other pending class action

2  litigation in which they may be absent class members. Allianz Life has reserved the

3  right to file motions or to take other actions to enforce the release provisions of the

4  Settlement Agreement and of this injunction, as it may deem appropriate. The Court

5  finds that issuance of this permanent injunction is necessary and appropriate in the

6  aid of the Court's jurisdiction over the Action and its judgments.

7

8  **16.    Enforcement of Settlement.**    Nothing in this Final Order shall preclude

9  any action to enforce the Settlement or interpret the terms of the Settlement

10  Agreement.   Any action which seeks to enforce or interpret the terms of the

11  Settlement, or which seeks to interpret or avoid in any way any legal consequences

12  of or the effect of the Settlement Agreement, the Preliminary Approval Order, this

13  Final Order, the Permanent Injunction contained in this Final Order or the Release

14  contained in the Settlement Agreement shall be brought solely in this Court.

15

16  **17.    Communications with Settlement Class Members.**    Allianz Life may

17  not be privy to or respond to inquiries from Settlement Class Members to Class

18  Counsel regarding the Settlement.    However, Allianz Life has the right to

19  communicate with, and to respond to inquiries directed to it, from Settlement Class

20  Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing,

21  regarding matters in the normal course of administering the Annuities, including

22  responding to any complaints received through state agencies, state officials or

23  otherwise, and may do so through any appropriate agents or agencies. If Allianz

24  Life receives any inquiry relating to the merits of the Settlement or a Settlement

25  Class Member's rights or options under the Settlement, from a Settlement Class

26  Member or other Person entitled or potentially entitled to Settlement Relief, Allianz

27  Life shall not respond to the inquiry but shall forward it to or refer the inquiring

28  party to Class Counsel.    However, Allianz Life may respond to questions from

17

Settlement Class Members, Owners and Beneficiaries in the ordinary course of business if such Persons initiate contact with Allianz Life and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits.  With appropriate coordination with Class Counsel, Allianz Life and the Administrator may communicate directly with Settlement Class Members as appropriate and necessary to implement the Settlement Agreement.

**18.    Class Counsel Attorneys' Fees and Class Counsel Expenses.**  The Court has fully assessed and finds fair and reasonable the payment by Allianz Life of Class Counsel Attorneys' Fees and Class Counsel Expenses in the amount, time and manner provided for in the Settlement Agreement.  All such terms are the product of non-collusive, arms'-length negotiation conducted under the auspices of an experienced mediator.  The Court notes in particular that approval of the Settlement agreement was not conditioned on the award of any attorneys' fees and costs, and that the terms of the Settlement Relief to the Class was reached through the involvement of an independent mediator after the certification of the litigation classes and before the parties discussed attorneys' fees and costs.

This Court has reviewed at length Class Counsel's submissions in support of their application.  Based on those uncontradicted submissions, the Court finds Class Counsel's hourly rates reasonable for complex class action litigation in Los Angeles. The hourly rates are commensurate with the skill and experience of the participating attorneys and their legal support.  Likewise, the amount of time devoted to the Action (and to various segments of that action, such as in successfully certifying the litigation classes, opposing Allianz Life's multiple summary judgment motions, motions to decertify, and evidentiary motions) was reasonable, given Allianz Life's vigorous defense of Plaintiffs' claims.  The evidence shows that Class Counsel exercised  sound billing practices in a complex case they had to litigate for years against first-rate defense counsel.  The Court has observed the zealousness with

1  which Class Counsel prosecuted this Action for nearly a decade, and the
2  exceptionally high quality of Class Counsel's representation of the Settlement Class
3  throughout that time.   The representation was on a contingent-fee basis with no
4  assurance that Class Counsel would be compensated for their years of effort on
5  behalf of the Class.  It was in this challenging context that Class Counsel succeeded
6  in negotiating a beneficial Settlement for the Settlement Class Members.

7      Having reviewed and approved Class Counsel's hourly rates and time spent,
8  and fully familiar with the litigation and circumstances leading to the Settlement as
9  elaborated above, the Court finds, based on ample and uncontroverted evidence, that
10 a reasonable lodestar in this case is $ ____ million, and reasonable expenses, which
11 Class Counsel have fully documented, are $____.

12     The Court further finds that the requested Attorneys' Fees and Expenses are
13 reasonable when the lodestar is cross-checked under a percentage-of-recovery
14 analysis.  Class Counsel Attorneys' Fees and Class Counsel Expenses are supported,
15 in addition, both (a) as a percentage of the overall benefit conferred on the
16 Settlement Class by the Settlement, $ ____ million, achieved solely through Class
17 Counsel's efforts (yielding a percentage of approximately ____%, well below the
18 25% benchmark recognized in the Ninth Circuit), and (b) under a lodestar multiplier
19 analysis (which yields a multiplier of only ____ in a case in which the Court could
20 easily find larger multiplier appropriate and warranted).

21     Moreover, Class Counsel does not receive a disproportionate share of the
22 Settlement.   The payment of Class Counsel Attorneys' Fees and Class Counsel
23 Expenses provided for in the Settlement Agreement came at no cost to the
24 Settlement Class and does not diminish the Settlement Relief afforded to the
25 Settlement Class.

26     Accordingly, given the foregoing factors and the result obtained for the Class,
27 the Court finds the negotiated Class Counsel Attorneys' fees and Class Counsel
28 Expenses to be reasonable, and approves payment to Class Counsel of attorneys'

fees in the total amount of $_____ million, plus litigation expenses, in the total amount of $ _____. The Court directs Allianz Life to pay these amounts to Class Counsel in accordance with the provisions of the Settlement Agreement. The Court further finds that such an award of reasonable attorneys' fees and litigation expenses is appropriate based on Allianz Life's contractual agreement to pay such fees and expenses set forth in the Settlement Agreement, the private attorney general doctrine and *California Code of Civil Procedure* §1021.5, and the Court's equitable powers under Federal and California law.

The payment of attorneys' fees and litigation expenses to Class Counsel approved and directed in this Final Approval Order shall be the sole award of fees and expenses to which Class Counsel or any other counsel for the Settlement Class Members and the Settlement Class are entitled from Allianz Life or Releasees with respect to the Action, the Settlement, or the administration of the Settlement. Allianz Life and Releasees shall have no obligation to pay attorneys' fees or costs or litigation expenses with respect to the Action, the Settlement, or the administration of the Settlement, to any other person, firm, or entity other than as provided in this Final Order. No Plaintiff, or any other Settlement Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action. No Plaintiff, or any other Settlement Class Member, shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from Allianz Life or any Releasee.

Class Counsel will determine the amount of fees and expenses approved by the Court to be paid to other Plaintiffs' Counsel. Disagreements, if any, between or among Plaintiffs' Counsel in the Action relating to the Court's award of fees and expenses, or of their individual shares of such an award, will be determined by the Court, which will retain sole and exclusive jurisdiction to resolve any such disagreements. Disagreements between or among Plaintiffs' Counsel will have no

impact on the effectiveness or the implementation of this Settlement, nor will such disagreements have any impact on or result in any increase of the obligations imposed upon Allianz Life by this Final Order.

**19.     Service Awards to Plaintiffs.**  The Court approves Allianz Life's payment of $10,000.00 service awards for each of the Plaintiffs, Vida F. Negrete, as Conservator for Everett Ow and Carolyn Y. Healey, to be paid by Allianz at the time and in the manner provided in the Settlement Agreement.   To the extent that any Plaintiff may become deceased prior to payment of these service awards, the Parties shall cooperate to ensure that any sums so awarded are distributed to his or her heirs.

Based on the declarations of Class Counsel and the Plaintiffs submitted in support of final settlement approval, Plaintiffs have actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class despite facing significant personal limitations.  Each has waived his or her right to pursue potential individual claims or relief in the Action.  Apart from these service awards, the Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement Relief available to the Settlement Class generally.  These service awards are approved to compensate the Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

The amount of these service awards shall not affect or reduce the Settlement Relief generally payable to any Settlement Class Member, including to Plaintiffs, under the Settlement, and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement and this Final Order.

**20.     Payment to the Administrator.** The Court further orders that in accordance with the Settlement Agreement, in addition to the payment of attorneys' fees,

litigation expenses and service awards addressed in Paragraphs 18 & 19, Allianz shall pay to the Administrator all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the contracts that such Administrator entered into for the performance of such work and any additional work requested by the Parties jointly.

21.   **Modification of Settlement Agreement.**  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, if such changes are consistent with this Final Order and do not limit the rights of Settlement Class Members or any other person entitled to Settlement Relief under the Settlement Agreement.

**22.**   **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Order and Final Judgment.  Without in any way affecting the finality of this Final Order or the Final Judgment, for the benefit of the Settlement Class and Allianz Life, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement Relief, including notices, payments, and benefits thereunder, the Class Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for exclusion from the Settlement Class, the adequacy of representation by Class Counsel and/or the Class Representatives, the amount of attorneys' fees and litigation expenses paid to Class Counsel, the amount of any service awards to be paid to the Class Representatives, any claim by any person or entity relating to the representation of the Settlement Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Final Order and Final Judgment,

22

any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

A. enforce the terms and conditions of the Settlement Agreement and resolve any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order and the Final Judgment (including, without limitation, determining whether a person is or is not a Settlement Class Member, and enforcing the permanent injunction that is a part of this Final Order and the Final Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and the Final Judgment;

B. interpret the Settlement Agreement and any Order entered by the Court in the Action;

C. enter such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and the Final Judgment, or to ensure the fair and orderly administration of the Settlement; and

D. preserve and protect the ability of the Settlement Class Members to exercise their rights under the Settlement Agreement, including their ability to receive the Settlement Relief to which they are entitled under the terms and provisions of the Settlement Agreement, except that this provision is not intended to afford Claimants in the Claim Process a right to ask this Court or any other court to review any determinations made in the Claim Process with respect to individual Claims, which determinations are final and binding on Claimants; and

E. enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; provided however, nothing in this

Paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

**23.   No Admissions.**   This Final Order and the Settlement Agreement, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and the Final Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Allianz Life based on principles of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law.  Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Allianz Life , to Plaintiffs, or the Settlement Class, or as a waiver by Allianz, of any applicable defense, including without limitation any applicable statute of limitation.

**24.   Disposition of Materials.**  Materials produced or created during the pendency of or related to the Action shall be disposed of as provided in the Settlement Agreement.

24

25. **Dismissal of Action.** This Action, including all individual and Settlement Class claims resolved in it, is hereby dismissed on the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

**WHEREFORE**, the Motion for Final Approval of the Settlement is **GRANTED** on the terms set forth in this Final Order, and the Parties and their counsel are directed to implement and consummate the Settlement according to its terms and provisions, as they are set forth in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 2014

_____
Honorable Christina A. Snyder
United States District Judge

# EXHIBIT 10

## PROPOSED FINAL JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, on behalf of themselves and all others, similarly situated, | CASE NO. 05-CV-6838-CAS (MANx) [CLASS ACTION] |
| Plaintiffs, | |
| v. | |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., | **FINAL JUDGMENT** |
| Defendant. | |
| CAROLYN Y. HEALEY, on behalf of themselves and all others, similarly situated, | CASE NO. 05-CV-8908-CAS (MANx) [CLASS ACTION] |
| Plaintiffs, | |
| v. | |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, INC., | |
| Defendant. | |

1

Based upon and subject to the class-wide settlement approved by the Court in this Action, ("Settlement", Docket No. ___), and the Final Order:  (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Service Awards To Class Representatives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice approving said settlement, ("Final Order", Docket No. ___)[1]:

IT IS HEREBY ORDERED AND ADJUDGED that

(1)     The Court has personal jurisdiction over all members of the Settlement Class (defined below), subject matter jurisdiction over the claims in the above captioned matters ("the Action"), and jurisdiction to approve the Settlement and the Settlement Stipulation dated _____ and all Exhibits thereto (the "Stipulation");

(2)     The certified Class subject to and bound by this Final Judgment ("Settlement Class") includes, subject to the exclusions listed below, the following persons: (a) all persons except those excluded below, who, while age 65 or older and between September 19, 2001 and November 21, 2006, purchased one or more Settlement Annuities (as defined in the Stipulation) from Allianz Life either directly, or through surrender (in whole or part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy; (b) all persons to whom an ownership interest in such Settlement Annuities was subsequently assigned or transferred or who otherwise held any interest as an Owner; and (c) Beneficiaries of such Settlement Annuities terminated by death on or before the Annuity Status Date. *Excluded from the Settlement Class* are the following persons (and all the subsequent owners, co-owners, and Beneficiaries of such persons' Settlement Annuities): (i) purchasers who exercised their right to rescind the purchase of their annuity contracts without penalty pursuant to the applicable "free

---

[1] The capitalized terms used in this Final Judgment, if not defined herein, shall have the meanings and/or definitions given to them in the Stipulation of Settlement ("Stipulation") (Doc. No. ----).

1   look" provision in their annuity contracts(with respect to such a rescinded contract);
2   (ii) the plaintiffs and class members in *Castello v. Allianz Life Ins. Co. of N. Am.*
3   Case No. MC03-20405 (Hennepin Cty., Minn.); (iii) the plaintiffs and class members
4   in *Iorio v. Allianz Life Ins. Co. of North America*, Case No. 05CV633JLS (CAB)
5   (S.D. Cal.) to the extent those claims were extinguished by the Final Judgment and
6   release in that action; (iv) persons who properly opted-out of the Action, whether
7   pursuant to the Special Notice mailed as part of the Settlement Notice Package or
8   earlier; (v) any officer, director, employee or agent of Allianz Life; and (vi) any
9   judge, justice, or judicial official presiding over the Action and the staff and
10  immediate family of any such judge, justice, or judicial official.

11       The Settlement Annuities that are included in the Settlement Class are those
12  annuities described in the Stipulation, some of which are Single-Tier Settlement
13  Annuities and others of which are Two-Tier Settlement Annuities (as defined in the
14  Stipulation).

15       (3)   Venue is proper in this Action;

16       (4)   This Action (including all individual claims and Settlement Class claims
17  presented thereby) is dismissed, with prejudice on the merits, without fees or costs to
18  any party except as provided in the Stipulation and the Court's Order awarding Class
19  Counsel Attorneys' Fees, Class Counsel Expenses, and Service Awards;

20       (5)   The Release set forth in Section IX of the Stipulation is incorporated into
21  this Judgment, and is effective as of the date of the Final Order and this Judgment,
22  forever discharging the Allianz Releasees from any claims or liabilities in accordance
23  with the provisions of Section IX of the Stipulation;

24       (6)   All Settlement Class Members and/or their representatives are barred
25  and enjoined from filing, commencing, prosecuting, maintaining, intervening in,
26  participating in, conducting, or continuing litigation as class members or otherwise,
27  or from receiving any benefits from any lawsuit, administrative, arbitration,
28

3

1  remediation or regulatory proceeding or order, or other legal proceeding in any

2  jurisdiction, in accordance with the provisions of Section IX of the Stipulation;

3        (7)   All Settlement Class Members, and all persons in active concert or

4  participation with any Settlement Class Member, from filing, commencing, or

5  prosecuting a lawsuit, arbitration, remediation or other legal proceeding as a class

6  action, a separate class, or group for purposes of pursuing a putative class action

7  (including by seeking to amend a pending complaint to include class allegations or by

8  seeking class certification in a pending action in any jurisdiction) on behalf of

9  Settlement Class Members, arising out of, based on, or relating to the claims, causes

10  of action, facts and/or circumstances relating thereto, in the Action or the Released

11  Transactions; and

12        (8)   All Settlement Class Members, and all persons in active concert or

13  participation with any Settlement Class Member, from organizing or soliciting the

14  participation of any Settlement Class Member in a separate class or group for

15  purposes of pursuing a putative class action, or any claim or lawsuit, arbitration,

16  remediation or other legal proceeding in any jurisdiction based on, arising out of, or

17  relating to the claims, causes of action and facts alleged in the Action or the Released

18  Transactions.

19

20  Dated: _____, 2014

21

22                               _____

                             Clerk of the U.S. District Court

23

24

25  _____

  Honorable Christina A. Snyder

26  United States District Judge

27

28

35030978.5

4