1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10                 WESTERN DIVISION

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, an individual, on Behalf of All Other Similarly Situated Persons,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>                    Defendant. | No. CV-05-6838-CAS(MANx)<br><br>CLASS ACTION<br><br>ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) DIRECTING DISTRIBUTION OF THE CLASS ACTION SETTLEMENT NOTICE, (3) SETTING A FINAL APPROVAL HEARING, AND (4) PRELIMINARILY ENJOINING PARALLEL PROCEEDINGS |
| CAROLYN Y. HEALEY, on Behalf of Herself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>                    Defendant. | No. CV-05-8908-CAS(MANx)<br><br>CLASS ACTION |

963941_1

This matter came before the Court on the motion for the preliminary approval of a proposed settlement ("the Motion"), the terms of which are set forth in Stipulation of Settlement, including the exhibits thereto (the "Settlement Agreement"), which was filed with the Motion. The Court has reviewed and considered the proposed settlement, the *Motion for Preliminary Approval of Proposed Class Action Settlement*, filed by Plaintiffs, the separate request by Defendant Allianz Life Insurance Company of North America ("Allianz Life") for entry of this *Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings* (hereafter, "Preliminary Approval Order"), the points and authorities and supporting declarations and exhibits submitted by Plaintiffs in support of preliminary settlement approval, and the record in this action.

The Settlement Agreement, a true and correct copy of which is attached as Exhibit A to the Declaration of Theodore Pintar in support of preliminary approval of the proposed settlement, is incorporated by reference and hereby made a part of this Preliminary Approval Order. The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

The Court hereby finds and concludes as follows:

**1.      The Action and Underlying Allegations**

(a)      The Action consists of two coordinated cases. On February 17, 2005, Plaintiff Everett E. Ow commenced an action against Allianz Life in the Superior Court of the State of California for the County of San Diego. On September 19, 2005, Vida F. Negrete, as conservator for Everett E. Ow, re-filed the action in this Court on behalf of a nationwide class of seniors who had purchased one or more Allianz Life deferred annuities. The action alleged violations of civil RICO (18 U.S.C. §§1961-1968), California's Elder Abuse Act, Unfair Competition Law, False Advertising

963941_1

Law, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. Allianz Life denied the allegations and asserted various affirmative defenses.

(b)     On December 22, 2005, Plaintiff Carolyn Healey filed suit against Allianz Life, alleging similar claims for relief. Along with the complaint, Plaintiff Healey filed a notice identifying the *Negrete* action as a related case. Plaintiff Healey amended her complaint on February 21, 2006. The *Negrete* and *Healey* actions were subsequently coordinated for purposes of pre-trial discovery and motion practice. Allianz Life denied the allegations and asserted various affirmative defenses.

(c)     On March 2, 2006, Plaintiffs moved for the appointment of Bonnett, Fairboum, Friedman & Balint, P.C. and Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP (now known as Robbins Geller Rudman & Dowd LLP), as Interim Co-Lead Counsel, which the Court granted on April 10, 2006. The order authorized the two firms to act on behalf of Plaintiffs and the proposed nationwide class.

(d)     On May 30, 2006, Plaintiffs filed their motion for class certification. On November 21, 2006, after the Parties had submitted briefing and oral argument on the motion, the Court entered an order granting in part and denying in part Plaintiffs' motion. The Court certified a nationwide RICO class of persons who, while age 65 or older, purchased one or more Allianz Life deferred annuities, and a California statewide class of persons who, while age 65 or older, purchased one or more Allianz Life deferred annuities based upon Plaintiffs' claims under the Unfair Competition Law, False Advertising Law and Elder Abuse Act.

(e)     The Parties vigorously litigated issues relating to Plaintiffs' claims over the next seven years in district and appellate courts, including this Court, the District of Minnesota, and the Courts of Appeals for the Eighth and Ninth Circuits. The Parties litigated, among other things, a motion to enjoin other proceedings involving overlapping annuity transactions, multiple motions for summary judgment, a motion for judgment on the pleadings, two motions for decertification, two interlocutory

- 2 -

1  appeals, motions *in limine* and *Daubert* motions.  A settlement was reached by the

2  Parties less than four weeks before trial was set to begin and only after extensive and

3  protracted settlement negotiations.

4       (f)     To reach this Settlement, the Parties engaged in numerous, arm's-length

5  settlement meetings, including several mediation sessions with Robert J. Kaplan of

6  Judicate West Mediation Services, beginning in August 2013 and concluding in

7  February 2014.

8  **2.**     **The Background of the Settlement**

9       **(a)**     **Plaintiffs' Position**

10       (i)     Plaintiffs assert in this Action that Allianz Life's Settlement

11  Annuities are deceptively designed, high cost, illiquid and opaque investment

12  products. Plaintiffs further assert that Allianz Life misrepresented and otherwise failed

13  to disclose to consumers material facts concerning the costs and benefits associated

14  with its Settlement Annuities, including sales commissions and other expenses,

15  profits, spreads between Allianz Life's investment returns and policy owner benefits,

16  the bonus features of certain of its Settlement Annuities, the "Expense Recovery

17  Adjustment" applied by Allianz Life upon Annuitization, the surrender penalties,

18  surrender loads, and withdrawal provisions of the Settlement Annuities, the fixed

19  maturity dates of the Settlement Annuities, the interest credited to the Settlement

20  Annuities, and other material facts, which plaintiffs contend adversely impact the

21  post-sale benefits declared and to be declared or provided with respect to the

22  Settlement Annuities, including the continuing crediting of interest through rates and

23  index caps and the determination of annuitization benefits and death benefits, which

24  impact Plaintiffs contend can be expressed monetarily as a purchase-date damage.

25  Plaintiffs also allege that Allianz Life, and its agents, sales representatives and

26  marketing organizations engaged in various other inappropriate sales tactics, including

27  senior seminar selling and failing to adequately train or supervise individuals and

28  entities involved in marketing or selling its annuities.

(ii)    In the course of the Action, Class Counsel have reviewed over 2 million pages of documents, analyzed extensive data, and taken the depositions of numerous Allianz Life officers, employees, independent agents, other third parties and experts.  In addition, Plaintiffs have retained and consulted with a variety of experts concerning the merits of Plaintiffs' claims and the defenses raised by Allianz Life.

(iii)   Based upon the discovery, investigation and evaluation of the facts and the law, and notwithstanding their firm belief in the merits of their claims, Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as: (1) the benefits to Plaintiffs and the Class provided by this Settlement Agreement; (2) the risks and uncertainty of trial, especially in complex actions such as this, as well as the difficulties and delays inherent in any appeals which would likely follow the trial; and (3) the desirability of consummating this Settlement Agreement in order to provide relief to Plaintiffs and the Class, many of whom are elderly and in need of a prompt resolution.

**(b)    Defendant's Position**

(i)    Allianz Life expressly denies any and all wrongdoing alleged in the Action, including all versions of the Complaints and all other contentions and allegations made, recognized, explicitly or implicitly, or pursued during the course of the litigation, and does not admit or concede any claimed, actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Action.

(ii)    Allianz Life furthermore contends that the claims in the Action are barred, in whole or in substantial part, by the Final Judgment in favor of Allianz Life in *Mooney* v. *Allianz Life Insurance Company of North America,* Case No. 06-cv-00545, in the United States District Court for the District of Minnesota, and by the Final Judgments in *Iorio v. Allianz Life Insurance Company of North America,* Case No. 05-cv-0633, in the United States District Court for the Southern District of California, and in *Castello v. Allianz Life Insurance Company of North America,* Case

- 4 -

1   No. MC 03-020405, in the Fourth Judicial District, County of Hennepin, State of

2   Minnesota, by the doctrines of res judicata, collateral estoppel and merger and bar.

3          (iii)   Allianz Life contends that Plaintiffs' claims are not cognizable and

4   are otherwise improper as a matter of law, and that Plaintiffs would suffer failures of

5   proof at trial that would be fatal to their claims.

6          (iv)   Allianz Life contends that the language in its disclosures to seniors

7   was submitted to and agreed to by the California Insurance Department, and that such

8   language complies with all requirements of California law.

9          (v)   Allianz Life contends that its sales materials were not misleading

10  and that it completely fulfilled its obligations to all Settlement Class Members before

11  and after the sale of the products, including by providing benefits and value equal to

12  or in excess of that promised. Allianz Life disputes any contention that persons in the

13  Class purchased annuities without the appropriate and required disclosures of deferral

14  periods, withdrawal provision or other product features, including but not limited to

15  surrender charges, or that any Settlement Annuities sold to Settlement Class Members

16  were unsuitable or less valuable than represented.

17         (vi)   Allianz Life contends that Settlement Class Members have not

18  suffered any damage or loss as a result of the conduct alleged in the Action.

19         (vii)   Allianz Life contends that this case is not proper to be certified as a

20  contested class action for litigation purposes insofar as manageability, predominance

21  and considerations of procedural due process would not permit compliance with the

22  provisions and requirements of Federal Rule of Civil Procedure 23.  However, Allianz

23  Life does believe, in light of *Amchem Products, Inc.* v. *Windsor*, 521 U.S. 591,

24  117 S. Ct. 2231, 138 L. Ed. 2d 689, (1997), that such considerations do not apply to

25  certification of settlement classes, and that acceptable procedural safeguards have

26  been incorporated into this Agreement.

27         (viii)  Notwithstanding the forgoing, Allianz Life considers it desirable

28  for the Action to be settled and dismissed, because the Settlement will: (i) provide

- 5 -

substantial benefits to Allianz Life's policyholders; (ii) confer benefits on Allianz Life, including the avoidance of further expense and disruption of the management and operation of Allianz Life's business due to the pendency and defense of the Action; (iii) finally put to rest Plaintiffs' and the Class claims and the underlying matters; and (iv) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiffs and the Class on the claims alleged in the Action.

Accordingly, it is hereby **ORDERED AND DECREED AS FOLLOWS:**

**1.     Preliminary Approval of Proposed Class Settlement**

Plaintiffs' motion for preliminary approval of the settlement is GRANTED, and the Court hereby preliminarily approves the Settlement Agreement. The proposed settlement, as set forth in the Settlement Agreement, should be and is preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Court specifically finds that:

(a)     There is no evidence of collusion. The proposed settlement, as set forth in the Settlement Agreement, resulted from extensive arm's-length negotiations.  The Action was extensively and vigorously litigated, up to the commencement of trial (as further described below), prior to any settlement. Plaintiffs and Allianz Life engaged in intensive arm's-length negotiations, over the course of multiple mediation sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate West, with extensive experience in mediating complex class action consumer and insurance cases. Extensive negotiations thereafter resulted in the proposed settlement reflected by the Settlement Agreement.

(b)     The proposed settlement, as set forth in the Settlement Agreement, is sufficient to warrant dissemination of notice thereof to the Settlement Class Members and to conduct a fairness hearing thereon. The proposed settlement provides for substantial cash payments and/or other monetary benefits to Class Members, does not

- 6 -

include any coupon or *cy pres* relief, and provides settlement relief which is tailored to the different needs and interests of Settlement Class Members whose annuities are in different status conditions. Settlement Class Members, in most instances, have choices as to what settlement relief to accept, which provides the Settlement Class Members flexibility in adapting the settlement to their own particular financial planning and tax situations. No portion of the substantial Settlement Relief would be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the requested service awards for the Class Representatives, since such amounts are all separately paid by Allianz Life under the Settlement Agreement. The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, the risk that Plaintiffs would receive less than the Settlement Relief or take nothing at trial, and the risk of a reversal of any judgment based on a review of the Court's prior orders on certification and its decision not to give claim preclusion effect in this Action to the Final Judgment in favor of Allianz Life in *Mooney* v. *Allianz Life Insurance Company of North America,* Case No. 06-cv-00545, in the United States District Court for the District of Minnesota. The amount offered by the proposed settlement falls within the range of possible final approval in terms of these factors.

(c)     Before reaching the proposed settlement, Plaintiffs and Allianz Life fully and vigorously litigated their claims and defenses in extensive proceedings before this Court and in the appellate courts.

(d)     Before reaching the proposed settlement, Plaintiffs and Allianz Life also conducted extensive discovery, fully completing all fact and expert discovery, and engaged in extensive motion practice, including motions to certify and decertify the class, and motions for summary judgment.

(e)     The parties also fully completed extensive trial preparations, in compliance with this Court's pre-trial orders, including *inter alia* the designation of

- 7 -

thousands of trial exhibits and many fact and expert witnesses, submission of objections to proposed trial exhibits, designations and cross designations of deposition testimony with accompanying objections, numerous motions *in limine* and motions directed to expert opinions and testimony.

(f)     Based upon this full litigation of relevant legal issues affecting this litigation, extensive investigation of the underlying facts in discovery, and full preparation by the Parties for the trial in the action, Plaintiffs and Allianz Life were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

(g)     The Settlement Class is and was at all times adequately represented by the Class Representatives and Class Counsel. Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members. Further, both Class Counsel and Allianz Life's Counsel are highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally. Class Counsel and Allianz Life's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal. Class Counsel submit that the Class Settlement is fair and reasonable for the Settlement Class Members. Allianz Life denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Settlement Class, including their claims regarding the propriety of class certification, but agrees that the proposed settlement will provide substantial benefits to Settlement Class Members. Allianz Life considers it desirable to resolve the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among other things, the risks of continued litigation, the expenditure of time and resources necessary to proceed through trial and any subsequent appeals, and further interference with ongoing business operations.

963941_1

**2.      Settlement Class**

The Settlement Class, as defined in Section II.A of the Settlement Agreement, is provisionally certified for settlement purposes only. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and applicable law concerning settlement classes, the Court finds that:

(a)      The proposed Settlement Class contains purchasers of well over 250,000 annuity policies, and satisfies the requirement that a class be sufficiently numerous such that the individual joinder of all members is impractical;

(b)      Plaintiffs' claims present legal and factual issues that are common to all members of the proposed Settlement Class because they are based on a common set of alleged material misrepresentations and omissions designed to further the alleged wrongful conduct;

(c)      The typicality requirement of Rule 23(a)(3) is satisfied because Plaintiffs and members of the proposed Settlement Class assert the same claims, all arising from the same alleged overarching fraudulent scheme;

(d)      Plaintiffs have fairly and adequately protected the interests of the proposed Settlement Class; and

(e)      The questions of law and fact presented by Plaintiffs' claims are common to the members of the proposed Settlement Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**3.      Class Counsel**

The Court appoints Bonnett, Fairboum, Friedman & Balint, P.C. and Robbins, Geller, Rudman & Dowd LLP as Class Counsel for the Settlement Class. Class Counsel have provided adequate representation as counsel for the Classes certified previously by the Court, and are adequate based upon their experience in other class action cases, and their extensive experience in this case, to provide adequate representation to the Settlement Class. For settlement purposes only, the Court also

- 9 -

1  appoints Carolyn Y. Healey and Vida Negrete (as conservator for Everett Ow's

2  interests) as the class representatives.

3  **4.    Fairness Hearing**

4       The Fairness Hearing will be held on January 5, 2015 at 10:00 a.m., in

5  Courtroom 5, Second Floor of the United States Courthouse, 312 North Spring Street,

6  Los Angeles, California, before the undersigned (or on such continued date(s) or

7  time(s) as the Court may hereafter direct).

8       If the Fairness Hearing is continued by the Court, the Parties shall promptly

9  serve written notice on any Class Member (or their attorney, if applicable) who has

10 submitted a timely and valid objection to the proposed settlement and notice of

11 appearance at the Fairness Hearing of the continued date and time for the Fairness

12 Hearing. Otherwise, the Court may continue the Fairness Hearing without notice to

13 the Class, except that any notice of such continuation shall be posted on the settlement

14 website. Continuance of the Fairness Hearing shall not extend or alter any deadline for

15 any objection, notice of appearance, or other action by any Class Member (or their

16 attorney if applicable), pursuant to the Agreement and this Preliminary Approval

17 Order, but all deadlines for the Parties to file papers in support of final settlement

18 approval (including response(s) to objections), or for Class Counsel to file papers in

19 support of an application for approval of Allianz Life's payment of an award of

20 attorneys' fees, costs and litigation expenses for Class Counsel and other counsel

21 providing services to the Settlement Class, and of the Class Representatives' service

22 awards shall be based on the continued Fairness Hearing date.

23      At the Fairness Hearing, the Court will consider all matters set forth in the

24 Settlement Agreement, including: (a) whether the proposed settlement of the action

25 should be finally approved as fair, reasonable and adequate, on the terms set forth in

26 the Settlement Agreement; (b) whether judgment should be entered and the action

27 should be dismissed with prejudice, pursuant to the terms of the Settlement

28 Agreement; (c) the sufficiency of the notices to the Settlement Class of the proposed

- 10 -

settlement, the certification of the Settlement Class, and the Settlement Class Members' rights; (d) the adequacy of Class Counsel's and Class Representatives' representation of the Class; (e) whether Settlement Class Members should be bound by the release set forth in the Settlement Agreement; (f) whether Settlement Class Members should be subject to a permanent injunction as set forth in the Settlement Agreement; (g) an application by Class Counsel for approval of Allianz Life's payment of an award of Class Counsel's attorneys' fees and reimbursement of costs and litigation expenses, including the agreement among Class Counsel and other counsel providing services to the Settlement Class with respect to the division of any attorneys' fees awarded; and (h) an application for service approval of Allianz Life's payment of service awards to the Class Representatives for their efforts on behalf of the Settlement Class.

Class Counsel shall file and serve their motion for final approval of the Settlement Agreement on or before the date twenty-four (24) days prior to the Fairness Hearing. Class Counsel shall also, by the same deadline, file and serve any application for Court approval of Allianz Life's payment of Class Counsel's attorneys' fees and Class Counsel expenses and for any service awards for the Class Representatives.

Allianz Life's submissions in support of final approval of the Settlement Agreement shall be filed with the Court at least fourteen (14) days prior to the Fairness Hearing.

**5.      Prior Notices of Pendency of Class Action and of Right to Opt Out**

The Court hereby finds that the "Notice of Pendency of Class Action" in the Action, which was approved by this Court on February 20, 2007 (Docket No. 169) and mailed to the members of the litigation classes (the "Litigation Class Notice"), was the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Class Members of those classes of their rights, including their right to opt out of the Classes at that

- 11 -

1   juncture, as set forth in the notice, and fully satisfied the requirements of due process

2   and all other applicable provisions of law.

3     Certain annuities were not identified as having been subject to the Court's

4   Certification Order until after the date on which the Litigation Class Notice was

5   mailed and the Settlement Class Member owners of those annuities did not receive the

6   Litigation Class Notice at that time. The current owners of such annuities shall be

7   provided with a Special Notice permitting such Settlement Class Owners an

8   opportunity to opt-out of the Settlement Class. The Court finds that the proposed form

9   of such Special Notice attached to the Settlement Agreement as Exhibit 7 is

10  appropriate, and approves the proposed Special Notice for this purpose.

11    Other than the group receiving the Special Notice, the proposed settlement and

12  this Preliminary Approval Order do not create any additional right on the part of any

13  Settlement Class Member to exclude themselves from the classes earlier certified in

14  the Action or from the proposed Settlement Class.

15    Any Settlement Class Member who does not submit a timely, written request

16  for exclusion from the Settlement Class shall be bound by all proceedings, orders, and

17  judgments in the Action, even if such Settlement Class Member has previously

18  initiated or subsequently initiates individual litigation, administrative, arbitration,

19  remediation or regulatory proceeding or order or other proceedings against Allianz

20  Life relating to Settlement Annuities issued during the Settlement Class Period.

21    Allianz Life's Counsel and Class Counsel shall promptly furnish each other

22  with copies of any and all written requests for exclusion that might come into their

23  possession that are not otherwise provided by the Administrator.

24    No later than fifty-five (55) days after the mailing of the Class Settlement

25  Notice Package, the Administrator shall prepare and file with the Court a declaration

26  identifying any timely and validly submitted requests for exclusion and separately

27  identifying any untimely or otherwise invalid requests for exclusion submitted in

28  response to the 2007 Class Notice and the Special Notice.

- 12 -

**6.     Notice of Settlement and of Right to Object/Appear**

The Court hereby approves the proposed form and contents of the Settlement Notice set forth in the Settlement Agreement and Exhibits 1-10 thereto, to be mailed in the manner set forth in the Settlement Agreement (including pre-mailing address verifications and the re-mailing of undeliverable notices), no later than forty-five (45) days after the Court's execution of this Preliminary Approval Order. Rust Consulting, Inc., ("Administrator"), is hereby appointed as the Administrator for the performance of the tasks provided in the Settlement Agreement to be performed by the Administrator. Settlement Notice shall be provided in accordance with this Preliminary Approval Order and the Agreement. Allianz Life is authorized to retain the Administrator to assist in the implementation of the Settlement, and the Administrator and Allianz Life are authorized to take the steps necessary to implement the settlement tasks that the Settlement Agreement requires to occur prior to the Fairness Hearing for which they are respectively responsible, including but not limited to establishing post office boxes, a call center and related infrastructure for the receipt and processing of exclusion requests, objections and Settlement Class Member inquiries.

As further described below and in the Settlement Agreement, the Settlement Class Members shall be given notice of the right to object to the proposed Settlement (on their own or through counsel of their own selection at their own expense), the right to attend the Fairness Hearing, and the right to request leave of Court to appear and speak at the Fairness Hearing in support of a timely and properly submitted objection (on their own behalf or though counsel of their own selection at their own expense).  The deadline for the exercise of such rights shall be forty-five (45) days after the date of mailing of the Class Settlement Notice Package.

In order to facilitate printing and dissemination of the Class Settlement Notice Package, the Administrator and Parties may change the format, but not the content, of the Class Settlement Notice, without further Court order, so long as the 14-point font

963941_1

1   size and legibility are not adversely impacted. The Administrator and Parties may

2   also, without further Court order, insert the information specified in the blank places

3   provided in the Settlement Notice.

4          The Court finds that the manner of providing notice of the proposed settlement

5   to the Settlement Class Members, as set forth in this Preliminary Approval Order, the

6   Settlement Agreement, and the Class Settlement Notice, is the best notice practicable,

7   and is reasonably calculated, under the circumstances, to apprise the Settlement Class

8   Members of their rights regarding the proposed settlement should it become final,

9   including their rights to object to the proposed settlement and to request to appear at

10  the Fairness Hearing concerning the proposed settlement, all as set forth in the

11  Settlement Agreement, is reasonable and constitutes due, adequate, and sufficient

12  notice to all persons entitled to receive notice, and meets all applicable requirements

13  of Federal Rule of Civil Procedure, the United States Constitution and its

14  Amendments. The Court also finds that the provisions of the Settlement Agreement

15  for updating the Settlement Class notice mailing database, researching alternate

16  mailing data, re-mailing any returned notices, and receiving and responding to

17  Settlement Class Member inquiries (including the support services to be provided by

18  the Administrator and Class Counsel), constitute the best practicable methodology for

19  maximizing the efficacy of the Class Settlement Notice, and such provisions are

20  confirmed and made part of this Preliminary Approval Order.

21         The Court further finds that the Class Settlement Notice (and the Special Notice

22  where applicable), and the mailing thereof, as provided in this Preliminary Approval

23  Order and the Settlement Agreement, shall be the only notice to the Settlement Class

24  Members of the proposed settlement required, and constitutes due and sufficient

25  notice, including of the following: (a) the proposed Settlement Agreement; (b) the

26  Fairness Hearing; (c) Settlement Class Members' rights with respect to the proposed

27  Class Settlement (including their rights to object or to appear, including through

28  counsel of their own selection at their own expense); (d) that the release will be

- 14 -

binding on the Settlement Class Members if the proposed settlement is finally approved and becomes final; (e) that any judgment, whether favorable or unfavorable, will include and be binding upon all Settlement Class Members; (f) Class Counsel's application for approval of Allianz Life's payment of Class Counsel's attorneys' fees. Class Counsel's expenses, and service awards; and (g) the other matters set forth in the Settlement Agreement.  The Court further finds that the Class Settlement Notice and the Special Notice and the manner of mailing the Class Settlement Notice Package as provided for in the Settlement Agreement and this Preliminary Approval Order fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure*, and all other applicable provisions of law.

**7.      Proof of Mailing of Settlement Notice**

By the time of filing of the motion for final settlement approval, the Administrator shall provide, and Plaintiffs shall file proof, by affidavit or declaration, of the mailing of the Class Settlement Notice and the Special Notice in the form and manner provided in the Settlement Agreement and in this Preliminary Approval Order.

**8.      Communications with Settlement Class Members**

Absent an order from a Court with jurisdiction over the Settlement, Allianz Life may not participate in or respond to inquiries from Settlement Class Members to Class Counsel regarding the proposed settlement, and shall not initiate communications with Settlement Class Members on matters specifically related to the Action or the Settlement Agreement. However, Allianz Life has the right to communicate with, and to respond to inquiries directed to it, from Settlement Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Settlement Annuities, including responding to any complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies. If Allianz Life receives any inquiry from a

- 15 -

Settlement Class Member or other person entitled or potentially entitled to Settlement Relief relating to their settlement options or the rights of the person inquiring under the Settlement Agreement, Allianz Life shall not respond to the inquiry but shall refer the inquiring party either to the settlement call center or to Class Counsel, as agreed upon by the Parties. However, Allianz Life may respond to questions from Settlement Class Members, Owners and Beneficiaries as expressly provided for in the Settlement Agreement or in the ordinary course of business if Settlement Class Members initiate contact with Allianz Life and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits. Further, Allianz Life may communicate with agents and employees of Allianz Life and its auditors, rating agencies, insurance commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the proposed Settlement Agreement.

**9.     Objections and Appearances**

    **(a)     Written Objections**

Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, in any respect, including the provisions therein relating to Class Counsel attorneys' fees, and Class Counsel expenses, must file with the Court and deliver to counsel for both Parties a written statement of objection. Any such objection must be filed with the Court no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package and also must be mailed to Counsel for the Parties, properly addressed and postmarked no later than forty-five (45) days after the date of mailing of the Class Settlement Notices Package. The address for Counsel for the Parties are as follows:

Andrew S. Friedman, Esq.
Bonnett, Fairboum Friedman & Balint, P.C.
2325 E. Camelback Road, Suite #300
Phoenix, AZ 85016

- 16 -

Roland C. Goss, Esq.
Carlton Fields Jorden Burt, P. A.
1025 Thomas Jefferson Street, NW
Suite 400
East Washington, DC 20007

To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action (*Negrete* v. *Allianz,* Case No. 05-CV-6838- CAS (MANx)), and must contain the following information: (i) the objector's name, address, and telephone number, and the annuity policy number(s) in which the objector claims an interest; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; and (iii) the factual basis and legal grounds for the objection.

If a Settlement Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and such attorney wishes to appear at the Fairness Hearing that attorney must, in addition to satisfying the foregoing requirements for timely and valid objections, also (1) file both an entry of appearance and a notice of intention to appear and participate at the Fairness Hearing with the Clerk of the Court no later than forty-five (45) days after the mailing of the Class Settlement Notice Package, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Fairness Hearing to Counsel for Allianz Life and Class Counsel, postmarked no later than forty-five (45) days after the mailing of the Class Settlement Notice Package.

**(b)** **Appearance at the Fairness Hearing**

Settlement Class Members do not need to appear at the Fairness Hearing in support of any objection. A timely and validly submitted objection will be considered by the Court at the Fairness Hearing, without the necessity of any appearance by the objector. Notwithstanding, any Settlement Class Member who timely and properly files and serves a written objection, as described *supra,* may upon request and with the Court's permission appear and speak at the Fairness Hearing in support of said

- 17 -

objection, either in person or through a personal attorney hired at the Settlement Class Member's own expense, provided that a notice of the intention to appear in support of the objection (and in the case of an attorney, an entry of appearance) is filed no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package. Copies of said entry of appearance and notice of intention to appear must be mailed to Counsel for the Parties, properly addressed and postmarked, no later than forty-five (45) days after the date of mailing of the Class Settlement Notice Package.

A Settlement Class Member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

**(c)      Waiver for Non-Compliance**

Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs of this Paragraph 9, shall waive and forfeit any and all rights he or she may have to object, appear, or speak, shall be barred from appearing and speaking at the Fairness Hearing, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

**(d)      The Parties' Response(s) to Objections**

If either Class Counsel or Allianz Life's Counsel receive an objection to the proposed settlement and/or notice of intention to appear from or on behalf of any Settlement Class Member, they shall promptly provide copies of such objection and/or notice of intention to appear to counsel for the other Party. For the Court's and Parties' convenience, Class Counsel or Allianz Life's Counsel shall include as exhibits copies of all objections, entries of appearance, and notices of intention to

- 18 -

appear and participate at the Fairness Hearing received (timely and validly submitted or otherwise) in their submissions at the time of filing of the motion for final settlement approval. The Parties shall file and serve on each other any written response(s) to timely written objections no later than twenty-one (21) days prior to the Fairness Hearing, and to any untimely objections or timely objections received thereafter, as soon as practicable in advance of the Fairness Hearing. At the time of filing any such response, the Parties shall serve on each Settlement Class Member (and their attorney if applicable) who has timely and validly submitted an objection and a notice of appearance, a copy of any written response(s) addressing that objector's objection.

**10.    Preliminary Injunction**

All Settlement Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts and transactions alleged or pursued in the Actions or released by the Settlement Agreement, including but not limited to the claims asserted in the action *Jones* v. *Allianz Life Insurance Company of North America*, Civil Action No. 4 07 CV00000145 SWW, in the District Court for the Eastern District of Arkansas, in which the plaintiffs are seeking to pursue claims on behalf of a putative class of purchasers that partially overlaps the Class members and annuities at issue in this Action; and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by this the Settlement Agreement.

- 19 -

Nothing in this paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members. Allianz Life reserves the right to file motions or to take other actions to enforce the release provisions of the Settlement Agreement and of this injunction, as it may deem appropriate.

**11.    Termination of Settlement**

If either party elects to terminate the Settlement Agreement, pursuant to the provisions of Section XIII of the Settlement Agreement, then this Preliminary Approval Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

In such event, (i) the proposed settlement and Settlement Agreement (except as specifically provided in Section XIII of the Settlement Agreement) shall become null and void and be of no further force and effect (except the post-termination provisions of Section XIII.C.4); (ii) neither the Settlement Agreement nor the Court's orders regarding the proposed settlement or settlement approval or disapproval, including this Preliminary Approval Order, shall be used or referred to for any purpose whatsoever (except with respect to the post-termination provisions of Section XIII.C.4); and (iii) this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Allianz Life of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

**12.    Use of Order**

Whether or not the Settlement Agreement is terminated, this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Allianz Life of any fault, wrongdoing, breach or liability, or

- 20 -

1  by or against Plaintiffs or the Settlement Class Members that their claims lack merit or
2  that the relief requested in their pleadings is inappropriate, improper or unavailable, or
3  as a waiver by any Party of any defenses or claims it or they may have, whether in this
4  case or in any other lawsuit, arbitration, administrative or regulatory proceeding or
5  examination, or in any other proceeding or action.

6  **13.     Continuing Jurisdiction**

7          For the benefit of the Settlement Class and to protect this Court's jurisdiction,
8  this Court retains continuing jurisdiction over the Action, the proposed settlement,
9  settlement approval, and settlement administration, to ensure the effectuation of the
10 proposed settlement (should it be finally approved and that approval become final)
11 and this Preliminary Approval Order. Without limiting the foregoing, the Court will
12 retain continuing jurisdiction over all aspects of this Action including but not limited
13 to the fairness of the proposed settlement, any objections to the proposed settlement,
14 the method and manner under which Settlement Relief will be provided, the adequacy
15 of representation of the Settlement Class by Class Counsel and/or the Class
16 Representatives, the amount of Class Counsel attorneys' fees and Class Counsel
17 expenses paid to Class Counsel, the amount of any service awards to be paid to the
18 Class Representatives, any claim by any party relating to the representation by Class
19 Counsel of any Plaintiff or Class Member in this Action, and all other issues related to
20 the proposed settlement including any collateral challenges made regarding any matter
21 related to this Action or the proposed settlement or the conduct of any party or Class
22 Counsel relating to this Action or the proposed settlement.

23          **IT IS SO ORDERED.**

24 DATED:  August 27, 2014      __ _____

25                                 THE HONORABLE CHRISTINA A. SNYDER
                                   UNITED STATES DISTRICT JUDGE
26
27
28

- 21 -

963941_1