JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VIDA F. NEGRETE, as Conservator for EVERETT E. OW, an individual, on Behalf of All Other Similarly Situated Persons,<br><br>     Plaintiff,<br><br> vs.<br><br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation,<br><br>     Defendant.<br><br>[Caption continued on following page.] | No. CV-05-6838-CAS(MANx)<br><br>CLASS ACTION<br><br>AMENDED [PROPOSED] FINAL ORDER: (1) APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING PAYMENT OF CLASS COUNSEL ATTORNEYS' FEES AND CLASS COUNSEL EXPENSES, (3) AWARDING SERVICE AWARDS TO CLASS REPRESENTATIVES, (4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE |

1   CAROLYN Y. HEALEY, on Behalf of  )  No. CV-05-8908-CAS(MANx)
      Herself and All Others Similarly  )
2   Situated,  )  <u>CLASS ACTION</u>
           )
3           Plaintiff,  )
           )
4     vs.  )
           )
5   ALLIANZ LIFE INSURANCE  )
     COMPANY OF NORTH AMERICA, a  )
6   Minnesota corporation,  )
           )
7           Defendant.  )
           )
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On August 27, 2014, this Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings (Doc. No. 1248) ("Preliminary Approval Order"), preliminarily approving the Settlement entered into by the parties in the above-captioned Action, and scheduling a hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of the Settlement Class, and free from collusion, whether the Settlement should be finally approved by the Court, and to consider an application by Class Counsel for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to the Class Representatives ("Fairness Hearing").

Plaintiffs subsequently filed a motion seeking final approval of the Settlement, and the Court held a Fairness Hearing on February 23, 2015.  The Court has considered: (i) the points and authorities submitted in support of the motion for final approval of the Settlement ("Final Approval Motion"); (ii) the points and authorities submitted in support of the application for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to Class Representatives ("Fee Application"); (iii) the declarations and exhibits submitted in support of said motions and applications; (iv) Allianz Life's separate request for final approval of the Settlement and entry of the Final Order in the Action based on the terms and conditions set forth in the Settlement; (v) the Settlement itself; (vi) the entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed August 22, 2014 (Doc. No. 1246); (vii) the full and fair Notice of Pendency of Class Action approved by the Court on February 20, 2007 (the "Litigation Class Notice"), which was provided to the members of the litigation class earlier certified by the Court; (viii) the relatively few members of the class certified by

1

the Court who requested exclusion pursuant to their right to do so in response to the Litigation Class Notice; (ix) the full and fair Settlement Class Notice provided to the Settlement Class Members of the proposed Settlement, the Fairness Hearing, and the Settlement Class Members' rights with respect to the Action and Settlement; (x) the Special Notice provided to certain members of the Settlement Class whose annuities were not identified as having been part of the Class certified by the Court; (xi) the existence of only 18 objectors to the Settlement, out of over 250,000 Settlement Class Members; (xii) the arguments advanced by objectors Stephen Madigan and Robin Gill at the fairness hearing; (xiii) the absence of any written objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715; (xiv) the oral presentations of Class Counsel and Counsel for Allianz Life at the Fairness Hearing; (xv) this Court's experiences and observations while presiding over the Action; (xvi) the Court's file herein; and (xvii) the relevant law including, but not limited to, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), and the factors set forth in *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

Based upon these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this *Final Order: (1) Approving Class Action Settlement, (2) Approving Payment of Class Counsel Attorneys' Fees and Class Counsel Expenses, (3) Awarding Service Awards to the Class Representatives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice* ("Final Order"), and good cause appearing:

IT IS HEREBY ORDERED AND DECREED, as follows:

1.      **Definitions.**  The capitalized terms used in this Final Order shall have the meanings and/or definitions given to them in the Stipulation of Settlement ("Settlement Agreement") (Doc. No. 1246-3), or if not defined therein, the meanings and/or definitions given to them in this Final Order.

2

1       2.      **Incorporation of Documents.**  This Final Order incorporates and makes

2   a part hereof:

3               (a)      the Parties' Settlement Agreement (including the exhibits thereto);

4   and

5               (b)      the Court's findings and conclusions contained in its Preliminary

6   Approval Order, dated August 27, 2014 (Doc. No. 1248).

7       3.      **Jurisdiction and Venue.**  The Court has personal jurisdiction over the

8   Parties, the Settlement Class Members (as defined at paragraph 4 below), including

9   objectors Stephen Madigan, Lowell Austin, Lawrence and Nancy Ventimiglia,

10  Sheldon Gottlieb, Evelyn Barenholz, William Blanchard, Robert and Sylvia Layfield,

11  Anna and John Zempleni, Robin Gill, Charles and Gay Wright, Wilfred and Ruth

12  Strunk, Pascuala Cabreros and Milagros Salmazan.  The Court has subject matter

13  jurisdiction over this action, including, without limitation, jurisdiction to approve the

14  Settlement, to settle and release all claims alleged in the action and all claims released

15  by the Settlement, including the Released Transactions (as defined in the Settlement

16  Agreement), to adjudicate the objections submitted to the proposed Settlement by

17  Settlement Class Members and to dismiss this Action with prejudice.  All Settlement

18  Class Members, by failing to exclude themselves according to the Court's prior orders

19  and the terms of the prior notices of the pendency of the Action, have consented to the

20  jurisdiction of this Court for purposes of this Action and the Settlement of this Action.

21  Jurisdiction is predicated upon, *inter alia,* 18 U.S.C. §§1964 and 1965, 28 U.S.C.

22  §§1331-1332, 1367, 1446, 1453 and other applicable law.  For jurisdictional bases

23  requiring a minimum amount in controversy, the amount in controversy exceeds the

24  minimum amount required for jurisdiction.  Venue in this District is appropriate under

25  28 U.S.C. §1391 and 18 U.S.C. §1965 and other applicable law.

26      4.      **Definition of the Class and Settlement Class Members.**   The

27  Settlement Class is defined in the Settlement Agreement as follows:

28

1    "Settlement Class" means, subject to the exclusions listed below, the following

2    persons: (a) all persons who, while 65 years of age or older and between

3    September 19, 2001 and November 21, 2006, purchased one or more Settlement

4    Annuities from Allianz Life either directly, or through surrender (in whole or part) of

5    an existing permanent life insurance policy or annuity, or by borrowing against an

6    existing permanent life insurance policy and (b) all persons to whom an ownership

7    interest in such Settlement Annuities was subsequently assigned or transferred or who

8    otherwise held any interest as an Owner and (c) Beneficiaries of such Settlement

9    Annuities terminated by death on or before the Annuity Status Date.  Excluded from

10   the Settlement Class are the following persons (and all subsequent owners, co-owners,

11   and Beneficiaries): (1) purchasers who exercised their right to rescind the purchase of

12   their annuity contract without penalty pursuant to the applicable "free look" provision

13   in their annuity contract (with respect to such a rescinded contract); (2) the plaintiffs

14   and class members in *Castello v. Allianz Life Ins. Co. of N. Am.,* Case No. MC03-

15   20405 (Hennepin Cty., Minn.) to the extent those claims were extinguished by the

16   Final Order Approving Settlement and Judgment and release in that action;

17   (3) plaintiffs and class members in *Iorio v. Allianz Life Ins. Co. of North America,*

18   Case No. 05CV633JLS (CAB) (S.D. Cal.) to the extent those claims were

19   extinguished by the Final Judgment and release in that action; (4) persons who

20   properly opted-out of the Action; (5) any officer, director, employee or agent of

21   Allianz Life; and (6) any judge, justice, or judicial official presiding over the Action

22   and the staff and immediate family of any such judge, justice, or judicial official.

23   Settlement Class Members means and includes all persons included in the definition

24   of the Settlement Class, excluding however, all such persons who timely submitted a

25   completed written request for exclusion in response to the Special Notice distributed

26   after the filing of the Motion for Preliminary Approval.

27        The Settlement Annuities that are included in the Settlement Class are those

28   annuities described in the Settlement Agreement, some of which are Single-Tier

4

Settlement Annuities and others of which are Two-Tier Settlement Annuities (as defined in the Settlement Agreement).

The Settlement Class is hereby certified for settlement purposes.  All Settlement Class Members are subject to this Final Order and the Final Judgment to be entered by the Clerk of Court in accordance herewith.

5.   **Findings and Conclusions.**  Based on its familiarity with the nature of the case, the record, the procedural history, the parties and the work of their counsel, the Court finds that the Settlement was not the product of collusion and lacks any indicia of unfairness.  The Court finds the Settlement is fair, reasonable, and adequate to the Settlement Class in light of the complexity, expense, and likely duration of the Action (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the Action as a class action, through trial and appeal.  The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims.  In support of these findings and conclusions, the Court further specifically finds:

(a)   There is no evidence of collusion.  The proposed Settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation. The Action was extensively and vigorously litigated, up to the commencement of trial (as further described below), prior to any settlement.  Plaintiffs and Allianz Life engaged in intensive arms-length negotiations, over the course of multiple mediation sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate West, with extensive experience in mediating complex class action consumer and insurance cases. Extensive negotiations thereafter resulted in the proposed settlement reflected by the Settlement Agreement.  These negotiations were not the parties' first attempt at resolving the case.  Between 2007 and 2009, the parties engaged in mediation before Eric D. Green, of Resolutions LLC.  However, after multiple mediation sessions, the parties' negotiations stalled.  It was not until several years

1   later, and after extensive litigation on the factual and legal merits of plaintiffs' claims,

2   that the parties resumed negotiations and were able to successfully resolve this

3   litigation with the assistance of Mr. Kaplan.

4              (b)     The Settlement provides for substantial cash payments and/or other

5   monetary benefits to Settlement Class Members.   No portion of the substantial

6   Settlement Relief will be consumed by attorneys' fees, litigation expenses, notice

7   expenses, settlement administration expenses, or the requested service awards for the

8   Class Representatives, since such amounts are all separately provided for.  The Court

9   has considered the realistic range of outcomes in this matter, including the amount

10  Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the

11  case, the novelty and number of the complex legal issues involved, the risk that

12  Plaintiffs would receive less than the Settlement Relief or take nothing at trial, and the

13  risk of a reversal of any judgment based on a review of the Court's prior orders on

14  certification and decision not to give claim preclusion effect in this Action to the Final

15  Judgment in favor of Allianz Life in *Mooney v. Allianz Life Insurance Company of*

16  *North America*, Case No. 06-cv-00545 in the United States District Court for the

17  District of Minnesota.  The value of the Settlement to Settlement Class Members,

18  which Plaintiffs' expert, Terry M. Long, FSA, MAAA, estimates at $251 million, is

19  fair, reasonable and adequate in view of these factors.  The Settlement value is well

20  within a range of reasonableness.

21              (c)     Before reaching the Settlement, Plaintiffs and Allianz Life fully

22  and vigorously litigated their claims and defenses in extensive proceedings before this

23  Court and in the appellate courts, including:   (i) plaintiffs' motion for class

24  certification; (ii) two motions to decertify filed by Allianz Life; (iii) two separate

25  petitions by Allianz Life seeking permission to appeal the Court's class certification

26  rulings pursuant to Fed. R. Civ. P. 23(f); (iv) three summary judgment motions filed

27  by Allianz Life on plaintiffs' RICO and California state law claims; (v) Allianz Life's

28  motion for judgment on the pleadings; (vi) Allianz Life's motion to exclude the

declaration of Plaintiffs' financial expert, Dr. Craig McCann, based on the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993), and its progeny; (vii) 12 discovery motions, including motions to compel against Allianz Life and motions to compel or for sanctions against third party witnesses; and (viii) nearly 30 *in limine* and related evidentiary motions.  Over the nine-year life of the litigation, the parties filed approximately 76 different pre-trial motions.  These motions resulted in numerous published opinions, both from this Court and the Ninth Circuit.  Approximately 60 hearings, status conferences and pre-trial conferences were held over the course of the litigation.  The litigation was on the verge of trial when the parties finally reached agreement on the terms of the proposed Settlement.  A complete description of the procedural history of this action is included in the Joint Declaration of Theodore J. Pintar and Andrew S. Friedman in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards, filed November 7, 2014 (*see* Doc. No. 1260), and that description is incorporated herein and made a part hereof.

(d)     Before reaching the Settlement, Plaintiffs and Allianz Life also conducted extensive discovery, fully completing all fact and expert discovery.  The parties' discovery efforts can be summarized as follows:

(1)     Plaintiffs propounded a total of 143 document requests and reviewed over 3,000,000 pages of documents produced by Allianz Life in response and analyzed extensive actuarial and financial data produced by Allianz Life.  Plaintiffs also served 69 interrogatories and corresponding requests for admission.  In turn, Plaintiffs spent substantial time and effort responding to Allianz Life's document requests, interrogatories, and requests for admissions.  Over the course of the litigation Plaintiffs also issued more than 50 subpoenas requesting documents from non-party sales agents and FMOs contracted with Allianz Life.

(2)     Class Counsel retained and consulted with numerous experts to assist in the review and analysis of documents produced through discovery and to formulate expert opinions on a wide variety of issues.  Plaintiffs consulted with: (i) actuarial experts who analyzed the features, costs and pricing structure of the Allianz Life annuities; (ii) financial experts who prepared complex computer models for the purpose of proving damages and RICO causation; and (iii) a marketing expert, a regulatory expert and economists to address other issues raised by Plaintiffs' claims and defenses asserted by Allianz Life.  In total, Class Counsel retained and worked with 20 different experts and paid out-of-pocket costs associated with the experts totaling more than $3 million.

(3)     In addition to written discovery, Plaintiffs prepared for and conducted a total of 53 depositions of Allianz Life employees and former employees, agents, FMOs, and experts proffered by Allianz Life.  Plaintiffs prepared for and defended 34 depositions taken by Allianz Life of the class representatives, absent class members, and experts proffered by Plaintiffs.

(e)     During the course of this Action, Plaintiffs obtained discovery on and pursued numerous allegations and theories in addition to those specifically referenced in the Complaints.  Plaintiffs' contentions and allegations encompassed virtually all factual circumstances surrounding the design, marketing, sale and issuance of the Settlement Annuities, including alleged coercive and unfair sales tactics by sales representatives and marketing organizations, nondisclosure or inadequate disclosure of the consequence of surrender, and claims concerning numerous statements in Allianz-prepared brochures and statements of understanding. Plaintiffs' claims also focused on and sought damages based on allegations that, after the issuance of the annuities, Allianz Life reduced, failed to provide, and/or imposed charges on, benefits that Allianz Life declared and would in the future declare or provide, including credited interest and indexed interest, surrender proceeds, and annuitization benefits.  The extensive factual predicate for the Action is reflected in

1    the factual and legal contentions in numerous filings of the parties in this proceeding,

2    including but not limited to the Parties' Local Rule 16-2 disclosures in the Action, and

3    the parties' briefs and other submissions in connection with their motions for

4    summary judgment, Allianz Life's motion for judgment on the pleadings, Plaintiffs'

5    motion to certify, and Allianz Life's motions to decertify the nationwide and

6    California-only classes, as well as in the Parties' expert reports.  This settlement,

7    which provides surrender value or other liquidity relief to Settlement Class Members

8    who have surrendered their Settlement Annuities and those whose Settlement

9    Annuities are still in deferral, also encompasses allegations (assuming they were not

10   otherwise barred) that Allianz Life failed to provide disclosures required by the

11   California Insurance Code (and/or that the disclosures provided did not satisfy the

12   requirements of the Code).

13           (f)     Based upon this full litigation of relevant legal issues affecting this

14   Action, extensive investigation of the underlying facts in discovery, and full

15   preparation by the Parties for the trial in the Action, Plaintiffs and Allianz Life were

16   fully informed of the legal bases for the claims and defenses herein, and capable of

17   balancing the risks of continued litigation (both before this Court and on appeal) and

18   the benefits of the proposed Settlement.

19           (g)     The Settlement Class is and was at all times adequately represented

20   by the Class Representatives and Class Counsel, including in litigating the Action and

21   in entering into and implementing the Settlement, and has satisfied the requirements

22   of *Federal Rules of Civil Procedure,* Rule 23, and applicable law.  Class Counsel

23   submit that they have fully and competently prosecuted all causes of action, claims,

24   theories of liability, and remedies reasonably available to the Settlement Class

25   Members.   Further, both Class Counsel and Allianz Life's Counsel are highly

26   experienced trial lawyers with specialized knowledge in insurance and annuity

27   litigation, and complex class action litigation generally.  Class Counsel and Allianz

28   Life's Counsel are capable of properly assessing the risks, expenses, and duration of

1   continued litigation, including at trial and on appeal.  Class Counsel submit that the

2   Settlement is fair, reasonable and adequate for the Settlement Class Members.  Allianz

3   Life denies all allegations of wrongdoing and disclaims any liability with respect to

4   any and all claims alleged by Plaintiffs and the Settlement Class, including their

5   claims regarding the propriety of class certification.  Allianz Life contends that the

6   majority of the claims of the Settlement Class are barred by final judgments in other

7   cases and the doctrines of *res judicata,* collateral estoppel and merger and bar, but it

8   agrees that the proposed Settlement will provide substantial benefits to Settlement

9   Class Members.  Allianz Life considers it desirable to resolve the Action to finally put

10  Plaintiffs' and the Settlement Class' claims to rest and avoid, among other things, the

11  risks of continued litigation, the expenditure of time and resources necessary to

12  proceed through trial and any subsequent appeals, and interference with ongoing

13  business operations.

14          (h)     The selection and retention of the Administrator was reasonable

15  and appropriate.

16          (i)     As further addressed below and in this Court's Preliminary

17  Approval Order, through the mailing of the Litigation Class Notice in 2007, the

18  Special Notice and the Class Settlement Notice, each in the forms and manners

19  ordered by this Court, the Settlement Class has received the best practicable notice of

20  the pendency of this class action, of the Settlement, the Fairness Hearing, and of

21  Settlement Class Members' rights and options, including their rights to opt out (at the

22  time of the Litigation Class Notice or the Special Notice), to object to the Settlement,

23  and/or to appear at the Fairness Hearing in support of a properly submitted objection,

24  and of the binding effect of the orders and Judgment in this Action, whether favorable

25  or unfavorable, on all Settlement Class Members.  Said notices have fully satisfied all

26  notice requirements under the law, including the Federal Rules of Civil Procedure, and

27  all due process rights under the U.S. Constitution and California Constitution.

28

(j)     The response of the Settlement Class to the certification of a class in the Action and to the proposed Settlement (including Class Counsel's application for approval of Allianz Life's payment of Class Counsel Attorneys' Fees and Class Counsel Expenses and service awards to the Class Representatives) after full, fair, and effective notice thereof, strongly favors final approval of the Settlement.  Out of over 250,000 Class members, 6,399 valid requests for exclusion (affecting 9,218 Class Annuities) were received.  In response to the Class Settlement Notice mailed to the Class, as of February 23, 2015, only 18 Class Members filed objections to the Settlement.  These objections have been filed in the Action, considered by the Court, and are fully addressed below.

(k)     As set forth in the Settlement Agreement, Allianz Life has denied, and continues to deny, any wrongdoing or liability relating to the Action.  Allianz Life did not join in Plaintiffs' Final Approval Motion or Fee Application or the points and authorities and supporting papers filed in support of said motion and application. Notwithstanding, Allianz Life has separately requested final approval of the Settlement, dismissal of the Action with prejudice, and entry of judgment in the Action, on the terms and conditions set forth in the Settlement Agreement.

6.     **Prior Notices of Pendency of Class Action and of Right to Opt Out.** The Court finds that the Litigation Class Notice mailed to the Settlement Class Members was the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights, including their right to opt out of the classes at that juncture, and fully satisfied the requirements of due process and all other applicable provisions of law.  The Administrator also mailed a Special Notice providing an opportunity to opt out of the Action with respect to Settlement Annuities the owners of which had never received the Litigation Class Notice.  The Court finds that the Special Notice was, with respect to its recipients, the best notice practicable, was reasonable, due, adequate and sufficient notice, and was reasonably calculated,

1    under the circumstances, to apprise the Settlement Class Members of their rights,

2    including their right to opt out of the Class at that juncture, as set forth in the notice,

3    and fully satisfied the requirements of due process and all other applicable provisions

4    of law.

5        7.    **Requests for Exclusion.**  Lists of those persons and entities who have

6    timely and validly requested exclusion from the Class, according to the terms of the

7    Litigation Class Notice and the Special Notice, were filed with the Court in support of

8    final settlement approval as Exhibit O to the February 2, 2015 Declaration of

9    Andrew S. Friedman in Support of Reply Memorandum in Further Support of Motion

10   for Final Approval of Class Action Settlement and Motion for an Award of Attorneys'

11   Fees, Reimbursement of Expenses and Service Awards and as Exhibit F to the

12   February 2, 2015 Declaration of Kimberly Ness, and are incorporated herein and made

13   a part hereof.  The persons and Annuities on those lists are excluded from the

14   Settlement Class and such persons are therefore not Settlement Class Members, shall

15   not be bound by the Settlement or Final Order and Judgment in the Action, and shall

16   not receive any Settlement Relief.  All other persons to whom the Litigation Class

17   Notice or the Special Notice were mailed are included in the Settlement Class and

18   shall be bound by all proceedings, orders, and judgments in the Action, even if such

19   person was a party to or has previously initiated or subsequently initiates or

20   participates, directly or indirectly, in any individual or class litigation, administrative,

21   arbitration, remediation or regulatory proceeding or order or other process or

22   proceedings against Allianz Life relating to Settlement Annuities issued during the

23   Settlement Class Period.

24       8.    **Notice of Settlement.**  Based upon the declarations of counsel and the

25   Administrator, the Court finds that the Class Settlement Notice was mailed on

26   October 14, 2014 in the form and manner agreed to under the Settlement and

27   approved by the Court in the Preliminary Approval Order.  The Class Settlement

28   Notice provided fair and effective notice to the Settlement Class of the proposed

Settlement and the terms thereof, including but not limited to those terms related to the Class recovery and the Settlement Relief, the claims and parties released, the binding effect of the Settlement (if approved) on all Settlement Class Members, the provisions for payment of Class Counsel Attorneys' Fees and Class Counsel Expenses, Class Representatives' service awards and Class Counsel's intention to petition the Court for approval of the same in the maximum amounts permitted under the Settlement, the date, time, and place of the Final Approval Hearing, and Settlement Class Members' rights to object to the Settlement and to appear at the Fairness Hearing (on their own or through counsel of their own selection, at their own expense) in support of any timely and validly submitted objection, all as set forth in the Class Settlement Notice.  The Court finds that said form and manner of giving notice, including the steps taken for updating the Settlement Class notice mailing database, researching alternate mailing data, mailing of supplemental notices, re-mailing any returned notices, and receiving and responding to Settlement Class Member inquiries (including the support services to be provided by the Administrator and Class Counsel), constitute the best notice practicable, and were reasonably calculated, under the circumstances, to apprise the recipients of the Class Settlement Notice of the recipients' rights thereunder.  The Court further finds that the recipients of the Class Settlement Notice were afforded a reasonable period of time to exercise any rights they may have had pursuant to the Settlement and the Class Settlement Notice.

Based on the foregoing, the Litigation Class Notice, Special Notice and Class Settlement Notice, in the forms and manners approved by the Court, collectively fully satisfy the requirements of due process, the United States and California Constitutions, the *Federal Rules of Civil Procedure,* and all other applicable provisions of law.

9.   **Notices Pursuant to 28 U.S.C. § 1715.**  Based on the requirements of the Settlement Agreement and the declarations submitted in support of final settlement

13

approval, the Court finds that all notices and requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied. The Settlement Agreement was filed on August 22, 2014 (Doc. No. 1246-3). On August 29, 2014, Allianz Life served the notices required by 28 U.S.C. § 1715(b)[1]. That notice informed the appropriate federal and state officials that the Court had preliminarily approved the settlement and the date of the fairness hearing. More than ninety (90) days have passed since the service of the foregoing notices. No written objection or response to the Settlement were filed by any federal or state official, including any recipient of the foregoing notices. No federal or state official, including any recipient of the foregoing notices, appeared or requested to appear at the Fairness Hearing.

10. **Class Member Objections.** As set forth in detail *supra,* full and fair notice of Settlement Class Members' right to object to the Settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Agreement, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law.

As noted above, only 18 Class Members have filed objections to the Settlement. After consideration of the objections, the Court finds that the objections lack merit and should be overruled.

Nine Class Members question the amount or type of benefits offered by the proposed settlement. Mr. Madigan, as the representative of Eugene and Mildred Madigan, objects, claiming that the settlement provides little or no benefit. However,

---

[1] At oral argument, this Court erroneously stated that notice had been given to all state attorneys general based on its misunderstanding of Allianz's statement that no written objection has been received "from either the United States Attorney General or a single state attorney general or insurance commissioner, who were notified of the Settlement and provided an opportunity to object." (Doc. No. 1268-5) On further review of the record, it appears that notice of the Settlement was given to the Attorney General of the United States and to all state insurance commissioners but not directly to the state attorneys general. However it appears that the notice is compliant with 28 U.S.C. § 1715 because the state insurance commissioners who received notice of the Settlement have the primary regulatory or supervisorial responsibility with respect to Allianz and are therefore the "appropriate state officials" to whom notice is to be sent.

as noted above, the settlement provides a substantial level of benefits to Class Members.  Mr. Madigan objects, in particular, to the Cash Surrender Value Credit and Enhanced Penalty Free Withdrawal benefits of the Settlement, applicable to the two-tier annuities in deferral, which he contends provide no or insufficient value.

With the Cash Surrender Value Credit, Allianz Life will apply a credit of 9.0% of the cash surrender value to a full surrender request made within 24 months of the Implementation Date of the Settlement.  Plaintiffs' expert actuary, Terry M. Long, FSA, MAAA, estimates the value of the Cash Surrender Value Credit to be realized by the Settlement Class at $67,200,000.  This Settlement benefit enhances the liquidity of the two-tier annuities and provides substantial value to the Settlement Class, affording its members the option to receive significantly higher payments upon full surrender of their annuities.

The alternative benefit for two-tier annuities is the Enhanced Penalty Free Withdrawal, which increases the contractually permitted penalty-free withdrawal amounts in the amount of an additional 5% of the total premium paid per year for any five years after the Implementation Date.  Mr. Long estimates the value of the Enhanced Penalty Free Withdrawals as $113,500,000.  This Settlement benefit also enhances the liquidity of the two-tier annuities for those members of the Settlement Class who need or desire access to their account values but do not wish to surrender their annuities.

Thus, both benefits challenged by Mr. Madigan provide valuable economic relief to the Settlement Class.  Importantly, these particular Settlement benefits directly address central issues raised by plaintiffs' allegations in this litigation; namely, the alleged illiquidity of the Allianz Life's two-tier annuities and the alleged forfeitures associated with surrender.  The Court is fully apprised of the applicability and impact of the challenged features of the Allianz Life two-tier annuities based on the parties' extensive motion practice over the protracted course of this litigation,

1  including an evidentiary *Daubert* hearing with respect to the opinions of plaintiffs'

2  damages expert.

3      Mr. Madigan, who conceded that there was value in the settlement for the class,

4  also argues that the analysis submitted by Mr. Long overstates that value.  This

5  objection is overruled.  Mr. Long is a credentialed actuary with over 35 years of

6  actuarial or insurance experience.  He has valued the settlement benefits in numerous

7  class actions involving insurance products, including settlements presented to this

8  Court.  In conducting his analysis, Mr. Long also had access to and relied on actual

9  policyholder data contained in Allianz Life's business records.  Mr. Madigan's

10  objections do not raise meritorious challenges to Mr. Long's valuation or the

11  reasonableness and fairness of the settlement as a whole to the Class.  *See In re Skilled*

12  *Healthcare Grp., Inc. Sec. Litig.*, No. CV 09-5416 DOC RZx, 2011 WL 280991, at *6

13  (C.D. Cal. January 26, 2011) (overruling objections to a class action settlement "based

14  on little more than hypothesis or speculation").

15      Several of the objections express a desire for a better deal.  Mr. Austin claims

16  that the settlement relief is of no value to him.  Mr. and Mrs. Ventimiglia, along with

17  Dr. Gottlieb, Ms. Barenholz, Ms. Gill and Mr. and Mrs. Zempleni, ask the Court to

18  provide different and/or additional relief than that offered by the settlement.  Some of

19  these objectors believe they are entitled to a larger return.  But these are not valid

20  grounds  for objecting to a proposed class settlement.  "That the Objectors may have

21  made another bargain is beside the point; settling parties need not find the most ideal

22  terms." *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, &*

23  *Prods. Liab. Litig.*, No. 8:10 ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 94484,

24  at *261 (C.D. Cal. June 17, 2013).  The issue here is whether the benefits offered by

25  the settlement presented to the Court are fair, reasonable and adequate for the class as

26  a whole, and the Court finds that they are.

27      Ms. Gill's objection that the Settlement does not include injunctive relief fails

28  for several reasons.  First, Ms. Gill does not articulate specifically what "'post-sales'

predatory tactics" she would like to see enjoined, or how that relief would address any of plaintiffs' allegations in this Action.[2]  Second, in the Court's view, it would be difficult if not impossible to craft injunctive relief that is sufficiently precise or adequately well-defined to be enforceable given the complex factual predicate of this case and the multitude of potential future conduct and circumstances that might be covered.  The Court finds that injunctive relief would not have been effective because there is no way to foresee future behavior and it would be very difficult to fashion an injunction which would have effectively addressed the complex and diverse alleged sales practices alluded to (but not specified by) Ms. Gill.

Ms. Gill also objects to the Claim Process because it does not include an appeals process for determinations by the claims administrator.  This objection does not warrant rejection of the Settlement, as there is no requirement that settlements like the one here include an appeals process for class members' claims.  This is particularly true where, as here, the claims are being evaluated by an independent neutral.  *See, e.g.*, *In re Black Farmers Discrimination Litig.*, 950 F. Supp. 2d 196, 201 (D.D.C. 2013) (rejecting motion to modify settlement to make settlement administrator's decisions appealable and noting that "the parties clearly anticipated, and bargained for, the condition that . . . all decisions made by the Claims Administrator be final and unreviewable"); *Vanwagoner v. Siemens Indus., Inc.*, No. 2:13-CV-01303-KJM-EFB, 2014 U.S. Dist. LEXIS 67141, at *22 (E.D. Cal. May 13, 2014) (granting preliminary approval to settlement that included provisions that all claim-related disputes would "be resolved and decided by the Claims Administrator and the Claims Administrator's decision [would] be final and not subject to appeal"), *final approval granted*, 2014 U.S. Dist. LEXIS 174458 (E.D. Cal. Dec. 17, 2014).

---

[2]    The Court also notes that the only claim asserted for non-California residents like Ms. Gill is a claim under the federal RICO statutes. Injunctive relief of the sort proposed by Ms. Gill is not available under RICO.  *Religious Technology Center v. Wollersheim*, 796 F.2d 1076, 1082-89 (9th Cir. 1986) (civil RICO does not permit a private party to secure injunctive relief).

1    Mr. and Mrs. Layfield, Mr. Madigan, and Ms. Gill object to the settlement

2 notice as insufficient on the ground that it does not provide an opt-out right.

3 However, all class members (or predecessors-in-interest with respect to the Settlement

4 Annuities, where applicable) were given at least one opportunity to opt-out – either in

5 response to the Notice of Pendency in 2007 or in response to the Special Notice

6 package. It is not necessary to provide a second opt-out right to class members. Fed.

7 R. Civ. P. 23(e)(3) Notes of Adv. Comm. on 2003 Amendments ("The decision

8 whether to approve a settlement that does not allow a new opportunity to elect

9 exclusion is confided to the court's discretion."). Mr. and Mrs. Layfield assert that the

10 language in the notice relating to the relief options for two-tier annuities is confusing.

11 The Court disagrees. The language in the notice clearly explains Class Members'

12 options. Finally, contrary to Ms. Gill's assertion, the settlement notice need not

13 include a list of the deceased class members who received copies of the Notice of

14 Pendency in 2007. Fed. R. Civ. P. 23(c), (e).

15    Several class members object to the attorneys' fees sought by Class Counsel,

16 asserting that: (i) the settlement benefits will be reduced by attorneys' fees; (ii) the

17 amount of attorneys' fees is excessive in light of the relief available to them; and

18 (iii) the amount of the proposed attorneys' fee award has motivated Plaintiffs' counsel

19 to fabricate any risks associated with taking this case to trial in order get "easy money

20 for themselves." Mr. Blanchard's assertion that the attorneys' fee award will reduce

21 the benefits to class members is incorrect. Under the terms of the settlement, the

22 requested award is separate from and does not reduce the amount of benefits available

23 to Class Members. Mr. Madigan and the Ventimilgias generally contend that the

24 amount of attorneys' fees is excessive in light of the relief available to them. But, as

25 explained below, the amount of attorneys' fees sought is reasonable in relation to the

26 substantial benefits secured for Class Members. Plaintiffs' requested fee award

27 represents a modest lodestar of 1.27, or alternatively approximately 16.9% of the total

28 value of the Settlement benefits.

1    Ms. Gill's claims that the amount of the proposed attorneys' fee award has
2    motivated Plaintiffs' counsel to fabricate or overstate any risks associated with taking
3    this case to trial in order get "easy money for themselves" is contradicted by the
4    record.   Not only are Class Members eligible for benefits estimated at over
5    $250 million in value, but Class Counsel spent thousands of hours and millions of
6    dollars over the past nine years, while shouldering a substantial risk of non-recovery,
7    to achieve the Settlement.   The risks of non-recovery in this matter are real and
8    include, among others: (1) the inherent proof difficulties in any fraud-based claim,
9    which is magnified under the RICO statutes; (2) the additional risk of maintaining
10   class certification through trial; and (3) the fact that in *Mooney v. Allianz Life
11   Insurance Company of North America*, Case No. 06-CV-00545 (D. Minn.), a jury
12   returned a defense verdict for Allianz Life in a similar case involving the sale of
13   deferred annuities brought under a consumer fraud statute with less complicated proof
14   requirements than those faced by plaintiffs here under RICO.

15   Objectors Madigan and Gill also object to the proposed Settlement arguing that
16   the release and waiver provision is too broad because it: (i) releases all claims known
17   or unknown; and (ii) releases non-parties to the action.   This objection lacks merit.
18   Releases of this type are commonly approved.   *See Kelly v. Phiten USA, Inc.*, 277
19   F.R.D. 564, 571 (S.D. Iowa 2011) (approving settlement releasing all claims "that
20   were, have been, or could have been asserted in this Kelly Action and Phiten
21   Actions"); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 109 (2d Cir. 2005)
22   (concluding that district court did not err "by finding that the non-party banks could be
23   released from liability for conduct premised on the identical factual predicate of
24   claims alleged in this action"); *In re American Investors Life Ins. Co. Annuity Mktg. &
25   Sales Prac. Litig.*, 263 F.R.D. 226, 240-41 (E.D. Pa. 2009) (rejecting objection to
26   settlement release that release claims against American Investors sales agents finding
27   "the release of agents is a necessary component of the settlement agreement in order
28   to provide finality" because without such release, "dissatisfied policyholders could sue

1  the defendants' agents who would, in turn, look to the defendants for indemnity or

2  contribution").

3       The remaining objections likewise lack merit.  Mr. and Mrs. Strunk object

4  because four of the five Allianz Life policies they own are not included within the

5  Class.  Because these four policies are not within the class definition, Mr. and Mrs.

6  Strunk do not have standing to object to the settlement with respect to these annuities.

7  *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir.

8  1994) (to have standing to object to an aspect of the settlement, the class member must

9  be aggrieved by the proposed action).

10       Ms. Gill's objections as to the adequacy of Class Counsel and her assertions as

11  to the purported conflicts between owners of single- and two-tier policies are also

12  overruled.  Class Counsel has at all times adequately represented the Class, and the

13  relief obtained on behalf of owners of single- and two-tier annuities is properly

14  tailored to the specific features of those types of policies.  Moreover, contrary to Ms.

15  Gill's assertions, Class Counsel conducted a thorough investigation into plaintiffs'

16  claims.  As noted above, over the past nine years Class Counsel performed a

17  tremendous amount of discovery and engaged in frequent and extensive motion

18  practice on a wide variety of procedural, legal and factual issues raised by plaintiffs'

19  claims.  Class Counsel vigorously pursued the class claims and were in an excellent

20  position to evaluate the strengths and weaknesses of the case.  As to Ms. Gill's

21  contention that plaintiffs' counsel inadequately represented the Class because they

22  focused their effort on Allianz's sales practices at the time of sale, rather than on

23  Allianz's post-sale tactics as to surviving spouses and death beneficiaries, it is

24  overruled.  Ms. Gill fails to identify with any specificity any actionable post-sale

25  practices of Allianz that were not but could have been pursued in a class action

26  context.

27       Ms. Gill incorrectly contends that Allianz failed to comply with the Class

28  Action Fairness Act's federal and state notification requirements 28 U.S.C. §1715.

On August 29, 2014, seven days after the Stipulation of Settlement was filed, counsel for Allianz Life mailed letters to the appropriate federal and state officials[3] advising them of the proposed class action settlement in this matter and the date of the Fairness Hearing.    Accompanying those letters were DVDs containing copies of the documentation required by the statute.  *See* Willis Decl. (Doc. No. 1268-1). After the Fairness Hearing in this matter was rescheduled, counsel for Allianz Life provided notification to the same federal and state officials of the rescheduled February 23, 2015 hearing date.  *See* Jorden Decl. (Doc. No. 1273-1).

Finally, that Mssrs. Cabreros and Salmazan are satisfied with their policies does not call into question the fairness of the Settlement.

11.    **Final Settlement Approval and Binding Affect.**   The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law. Therefore, the Settlement is approved.  The Settlement, this Final Order and the Judgment shall be forever binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, conservators, personal representatives, executors and administrators, predecessors, successors and assigns, and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

---

[3]    The CAFA notification material was addressed to the Attorney General of the United States (*see* 28 U.S.C. § 1715(a)(1))) and the insurance commissioners of all 50 states, the District of Columbia, American Samoa, Guam, Puerto Rico, and the Virgin Islands.  *See* 28 U.S.C. § 1715(a)(2) (defining the Appropriate State official as "the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person").

12.   **Implementation of Settlement.**  The Parties are directed to implement the Settlement according to its terms and conditions.  Allianz Life is authorized, at its sole option and in its sole discretion, in accordance with the terms of the Settlement Agreement, and without requiring further approval of the Court, to implement the Settlement before the Final Settlement Date (as defined in the Settlement Agreement).  As provided for in the Settlement Agreement, Allianz Life shall make available to Class Counsel data concerning the Settlement Annuities and the implementation of the Settlement which may be reasonably required to permit Class Counsel to determine that the Settlement is being implemented appropriately by Allianz Life.

13.   **Appeal and Implementation.**  Any Settlement Class Member who failed to timely and validly submit his or her objection to the Settlement, in the manner required by the Settlement, the Class Settlement Notice, and this Court's Preliminary Approval Order, has waived any objection.  Any Settlement Class Member seeking to appeal from the Court's rulings approving the Settlement must: (a) request a stay of implementation of the Settlement; and (b) post such bond if deemed appropriate by the Court.  Absent satisfaction of these requirements, Allianz Life is authorized, at its sole option and in its sole discretion, to proceed with the implementation of the Settlement, including before the Final Settlement Date, even if such implementation would moot any appeal.

14.   **Release.**  The Release set forth in Section IX.B of the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and forever discharges the Releasees from any claims or liabilities released by the Stipulation, including the Released Transactions (as those terms are defined in the Settlement Agreement).  This Release covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or other counsel representing Plaintiffs or Settlement Class Members in this Action, the settlement of this Action, the administration of such

1 Settlement, and the Released Transactions, except to the extent otherwise specified in

2 this Order and the Settlement Agreement.

3      In addition, each of the Releasees is deemed to have fully, finally, and forever

4 released, relinquished and discharged Class Counsel, Plaintiffs and each and all of the

5 Settlement Class Members, from all claims (including, without limitation, unknown

6 claims) arising out of, relating to, or in connection with, the institution, prosecution,

7 assertion, settlement or resolution of the Action or the Released Claims.

8      15.   **Permanent Injunction.** All Settlement Class Members are hereby

9 permanently enjoined from filing, commencing, prosecuting, intervening in,

10 maintaining, participating in, as class members or otherwise, directly or indirectly

11 through a representative or otherwise, receiving any benefits from, or organizing or

12 soliciting the participation in, directly or indirectly, any lawsuit (including putative

13 class action lawsuits), arbitration, administrative, remediation or regulatory

14 proceeding or order in any jurisdiction asserting any claims based on or relating to the

15 claims or causes of action or the facts alleged in the Actions or released by the

16 Settlement Agreement, including but not limited to the claims asserted in the action

17 *Jones v. Allianz Life Insurance Company of North America,* Civil Action No. 4 07

18 CV00000145 SWW, in the District Court for the Eastern District of Arkansas, in

19 which the plaintiffs are seeking to pursue claims on behalf of a putative class of

20 purchasers that partially overlaps the Settlement Class Members and annuities at issue

21 in this Action and from organizing Settlement Class Members into a separate class for

22 purposes of pursuing as a purported class action any lawsuit (including by seeking to

23 amend a pending complaint to include class allegations, or seeking class certification

24 in a pending action) asserting any claims released by the Settlement Agreement.

25 Nothing in this paragraph, however, shall require any Settlement Class Member to

26 take any affirmative action with regard to other pending class action litigation in

27 which they may be absent class members. Allianz Life has reserved the right to file

28 motions or to take other actions to enforce the release provisions of the Settlement

Agreement and of this injunction, as it may deem appropriate. The Court finds that issuance of this permanent injunction is necessary and appropriate in the aid of the Court's jurisdiction over the Action and its judgments.

16. **Enforcement of Settlement.** Nothing in this Final Order shall preclude any action to enforce the Settlement or interpret the terms of the Settlement Agreement. Any action which seeks to enforce or interpret the terms of the Settlement, or which seeks to interpret or avoid in any way any legal consequences of or the effect of the Settlement Agreement, the Preliminary Approval Order, this Final Order, the Permanent Injunction contained in this Final Order or the Release contained in the Settlement Agreement shall be brought solely in this Court.

17. **Communications with Settlement Class Members.** Allianz Life may not be privy to or respond to inquiries from Settlement Class Members to Class Counsel regarding the Settlement. However, Allianz Life has the right to communicate with, and to respond to inquiries directed to it, from Settlement Class Members, Annuity Owners, and Annuity Beneficiaries, orally and/or in writing, regarding matters in the normal course of administering the Annuities, including responding to any complaints received through state agencies, state officials or otherwise, and may do so through any appropriate agents or agencies. If Allianz Life receives any inquiry relating to the merits of the Settlement or a Settlement Class Member's rights or options under the Settlement, from a Settlement Class Member or other Person entitled or potentially entitled to Settlement Relief, Allianz Life shall not respond to the inquiry but shall forward it to or refer the inquiring party to Class Counsel. However, Allianz Life may respond to questions from Settlement Class Members, Owners and Beneficiaries in the ordinary course of business if such Persons initiate contact with Allianz Life and ask for information about annuitizations, withdrawals, loans and other Annuity contract terms and benefits. With appropriate coordination with Class Counsel, Allianz Life and the Administrator may

communicate directly with Settlement Class Members as appropriate and necessary to implement the Settlement Agreement.

18. **Class Counsel Attorneys' Fees and Class Counsel Expenses.** The Court has fully assessed and finds fair and reasonable the payment by Allianz Life of Class Counsel Attorneys' Fees in the amount of $42,500,000 and Class Counsel Expenses in the amount of $4,517,720.33 as provided for in the Settlement Agreement. All such terms are the product of non-collusive, arms'-length negotiation conducted under the auspices of an experienced mediator. The Court notes in particular that approval of the Settlement agreement was not conditioned on the award of any attorneys' fees and costs, and that the terms of the Settlement Relief to the Class was reached through the involvement of an independent mediator after the certification of the litigation classes and before the parties discussed attorneys' fees and costs.

The Settlement contains a "clear-sailing" provision in which Allianz agrees "not to oppose" Class Counsel's application for an award of attorneys' fees. [4] Based on this provision the Court has applied heightened scrutiny of Class Counsel's fee request in accordance with the standards articulated by the Ninth Circuit in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011) and applied by district courts within this circuit. *See e.g., Weeks et al. v. Kellogg Co.*, No. CV 09-08102 (MMM) (RZx), 2011 U.S. Dist. LEXIS 155472 (C.D. Cal. Nov. 23, 2011). This heightened scrutiny includes a thorough review of the circumstances under which the Settlement was reached to ensure it is not the product of collusion and careful analysis of Class Counsel's lodestar, including the hours expended in light of the complexity and intensity of the litigation, counsel's hourly rates and the nature of the work performed by Class Counsel. Having presided over the entirety of this case, the

---

[4]    Notably, this provision of the Settlement did not disable Allianz from contesting or objecting to Class Counsel's application for reimbursement of their litigation expenses. Allianz Life in fact questioned certain costs sought by Class Counsel, which Class Counsel agreed to eliminate from their expense application.

1   Court is very familiar with the work of counsel and the contentious nature of this

2   proceeding.  The Court finds that the Settlement was not the product of collusion as

3   the case was fiercely litigated for over nine years and that the Settlement was reached

4   just weeks before trial.  In addition, it was the product of a number of mediations with

5   two separate mediators.  The parties also refrained from discussing attorneys' fees

6   until after they finalized the material terms of the relief to be provided to the

7   Settlement Class.  There is no evidence or credible allegation of collusion.

8          This Court has reviewed at length Class Counsel's submissions in support of

9   their application.  Based on those uncontradicted submissions, the Court finds Class

10  Counsel's hourly rates reasonable for complex class action litigation in Los Angeles.

11  The hourly rates are commensurate with the skill and experience of the participating

12  attorneys and their legal support.  Likewise, the amount of time devoted to the Action

13  (and to various segments of that action, such as in successfully certifying the litigation

14  classes, opposing Allianz Life's multiple summary judgment motions, motions to

15  decertify, and evidentiary motions) was reasonable, given Allianz Life's vigorous

16  defense of Plaintiffs' claims.  The evidence shows that Class Counsel exercised sound

17  billing practices in a complex case they had to litigate for years against first-rate

18  defense counsel.  The Court has observed the zealousness with which Class Counsel

19  prosecuted this Action for nearly a decade, and the exceptionally high quality of Class

20  Counsel's representation of the Settlement Class throughout that time.   The

21  representation was on a contingent-fee basis with no assurance that Class Counsel

22  would be compensated for their years of effort on behalf of the Class.  It was in this

23  challenging context that Class Counsel succeeded in negotiating a beneficial

24  Settlement for the Settlement Class Members.

25         Having reviewed and approved Class Counsel's hourly rates and time spent,

26  and fully familiar with the litigation and circumstances leading to the Settlement as

27  elaborated above, the Court finds, based on ample and uncontroverted evidence, that a

28  reasonable lodestar in this case is $33,535,616.40, and reasonable expenses, which

Class Counsel have fully documented, are $4,517,720.33.   According to their submissions, Class Counsel firms and attorneys have collectively devoted 77,333.33 hours of attorney and litigation support time to this litigation.   Class Counsel has submitted evidence supporting the total number of hours they devoted to this litigation.   In their submissions, Class Counsel provided detailed charts that segregate their time by individual attorney and support personnel, identifying the position of the attorney or support personnel, and their current hourly rates.   The charts further segregate each individual's time by nineteen separate litigation tasks.   *See* Doc. Nos. 1259-4, 1259-14, 1259-24, 1259-38.   Based upon their contemporaneous internal billing records, Class Counsel calculates a total lodestar of $33,535,616.40.   The Court has carefully reviewed the task-based summary of Class Counsel's time in this case, submitted by Class Counsel in addition to their overall time and expenses.   The Court finds that the role of Class Counsel is adequately set forth and described in Class Counsel's task-based summary and that the hours spent by Class Counsel were reasonable, appropriate and necessary to the effective and efficient prosecution of this complex and hotly contested litigation.   As noted above, this case involved a massive amount of discovery, including the review of 3 million pages of documents and 53 depositions.   Further, the parties filed 76 motions and prepared for trial.   The Court accepts the submissions of Class Counsel.

The Court also finds that the rates charged by Class Counsel, consistent with the hourly rates approved in *In re American Equity Annuity Practices and Sales Litig.*, No. CV-05-6735-CAS-MAN (C.D. Cal), *In re Midland National Life Insurance Co. Annuity Sales Practices Litigation*, No. 2:07-ml-01825-CAS-MAN (C.D. Cal.), and *Negrete v. Fidelity & Guarantee Life Ins. Co.*, No. 05-6837-CAS (MANx) (C.D. Cal.), are fair and reasonable and consistent with those charged by attorneys in this district.

The Court further finds that the requested Class Counsel Attorneys' Fees and Class Counsel Expenses are fully supported: (a) as a percentage of the overall benefit

1   conferred on the Settlement Class by the Settlement, the estimated value of which is

2   $251 million, achieved solely through Class Counsel's efforts (yielding a percentage

3   of approximately 16.9%, well below the 25% benchmark recognized in the Ninth

4   Circuit), and (b) under a lodestar multiplier analysis (which yields a multiplier of only

5   1.27 in a case in which the Court could easily find larger multiplier appropriate and

6   warranted).

7        Moreover, Class Counsel does not receive a disproportionate share of the

8   Settlement.   The payment of Class Counsel Attorneys' Fees and Class Counsel

9   Expenses provided for in the Settlement Agreement come at no cost to the Settlement

10  Class and does not diminish the Settlement Relief afforded to the Settlement Class.

11       Accordingly, given the foregoing factors and the result obtained for the Class,

12  the Court finds the negotiated Class Counsel Attorneys' fees and Class Counsel

13  Expenses to be reasonable, and approves payment to Class Counsel of attorneys' fees

14  in the total amount of $42,500,000, plus litigation expenses, in the total amount of

15  $4,517,720.33.  The Court directs Allianz Life to pay these amounts to Class Counsel

16  in accordance with the provisions of the Settlement Agreement.  The Court further

17  finds that such an award of reasonable attorneys' fees and litigation expenses is

18  appropriate based on Allianz Life's contractual agreement to pay such fees and

19  expenses set forth in the Settlement Agreement, the private attorney general doctrine

20  and *California Code of Civil Procedure* §1021.5, and the Court's equitable powers

21  under Federal and California law.

22       The payment of attorneys' fees and litigation expenses to Class Counsel

23  approved and directed in this Final Order shall be the sole award of fees and expenses

24  to which Class Counsel or any other counsel for the Settlement Class Members and

25  the Settlement Class are entitled from Allianz Life or Releasees with respect to the

26  Action, the Settlement, or the administration of the Settlement.  Allianz Life and

27  Releasees shall have no obligation to pay attorneys' fees or costs or litigation

28  expenses with respect to the Action, the Settlement, or the administration of the

Settlement, to any other person, firm, or entity other than as provided in this Final Order.  No Plaintiff, or any other Settlement Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action.  No Plaintiff, or any other Settlement Class Member, shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from Allianz Life or any Releasee.

Class Counsel will determine the amount of fees and expenses approved by the Court to be paid to other Plaintiffs' Counsel.  Disagreements, if any, between or among Plaintiffs' Counsel in the Action relating to the Court's award of fees and expenses, or of their individual shares of such an award, will be determined by the Court, which will retain sole and exclusive jurisdiction to resolve any such disagreements.  Disagreements between or among Plaintiffs' Counsel will have no impact on the effectiveness or the implementation of this Settlement, nor will such disagreements have any impact on or result in any increase of the obligations imposed upon Allianz Life by this Final Order.

19.  **Service Awards to Plaintiffs.**  The Court approves Allianz Life's payment of $10,000.00 service awards to each of the Plaintiffs, Vida F. Negrete, as Conservator for Everett Ow and Carolyn Y. Healey, to be paid by Allianz Life at the time and in the manner provided in the Settlement Agreement.  To the extent that any Plaintiff may become deceased prior to payment of these service awards, the Parties shall cooperate to ensure that any sums so awarded are distributed to his or her heirs.

Based on the declarations of Class Counsel submitted in support of final settlement approval, Plaintiffs have actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class despite facing significant personal limitations.  Each has waived his or her right to pursue potential individual claims or relief in the Action.  Apart from these service awards, the Plaintiffs will receive no settlement payments or benefits of any nature other than their share of the Settlement Relief available to the Settlement Class generally.  These

service awards are approved to compensate the Plaintiffs for the burdens of their active involvement in this litigation and their commitment and effort on behalf of the Class.

The amount of these service awards shall not affect or reduce the Settlement Relief generally payable to any Settlement Class Member, including to Plaintiffs, under the Settlement, and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement and this Final Order.

20. **Payment to the Administrator.** The Court further orders that in accordance with the Settlement Agreement, in addition to the payment of attorneys' fees, litigation expenses and service awards addressed in Paragraphs 18 & 19, Allianz Life shall pay to the Administrator all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the contracts that such Administrator entered into for the performance of such work and any additional work requested by the Parties jointly.

21. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, if such changes are consistent with this Final Order and do not limit the rights of Settlement Class Members or any other person entitled to Settlement Relief under the Settlement Agreement.

22. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, for the benefit of the Settlement Class and Allianz Life, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement

Relief, including notices, payments, and benefits thereunder, the Class Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for exclusion from the Settlement Class, the adequacy of representation by Class Counsel and/or the Class Representatives, the amount of attorneys' fees and litigation expenses paid to Class Counsel, the amount of any service awards to be paid to the Class Representatives, any claim by any person or entity relating to the representation of the Settlement Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Final Order and Final Judgment, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

(a)    enforce the terms and conditions of the Settlement Agreement and resolve any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order and the Final Judgment (including, without limitation, determining whether a person is or is not a Settlement Class Member, and enforcing the permanent injunction that is a part of this Final Order and the Final Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and the Final Judgment;

(b)    interpret the Settlement Agreement and any Order entered by the Court in the Action;

(c)    enter such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and the Final Judgment, or to ensure the fair and orderly administration of the Settlement;

(d)    preserve and protect the ability of the Settlement Class Members to exercise their rights under the Settlement Agreement, including their ability to receive

the Settlement Relief to which they are entitled under the terms and provisions of the Settlement Agreement, except that this provision is not intended to afford Claimants in the Claim Process a right to ask this Court or any other court to review any determinations made in the Claim Process with respect to individual Claims, which determinations are final and binding on Claimants; and

(e)     enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; provided however, nothing in this Paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

23.     **No Admissions.**  This Final Order and the Settlement Agreement, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and the Final Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Allianz Life based on principles of *res judicata,* collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion, release, injunction, or similar defense or counterclaim to the extent allowed by law.  Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, mediation positions, notes, drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession by any person, including but not limited to, of any liability or wrongdoing whatsoever on the part of Allianz

1   Life, to Plaintiffs, or the Settlement Class, or as a waiver by Allianz Life, of any

2   applicable defense, including without limitation any applicable statute of limitation.

3       24.   **Disposition of Materials.**   Materials produced or created during the

4   pendency of or related to the Action shall be disposed of as provided in the Settlement

5   Agreement.

6       25.   **Dismissal of Action.**   This Action, including all individual and

7   Settlement Class claims resolved in it, is hereby dismissed on the merits and with

8   prejudice, without an award of attorneys' fees or costs to any party except as provided

9   in this Order.

10      **WHEREFORE,** the Motion for Final Approval of the Settlement is

11  **GRANTED** on the terms set forth in this Final Order, and the Parties and their

12  counsel are directed to implement and consummate the Settlement according to its

13  terms and provisions, as they are set forth in the Settlement Agreement.

14      **IT IS SO ORDERED.**

15

16  DATED:  March 17, 2015

17                              HONORABLE CHRISTINA A. SNYDER
                                UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28